Eugene A. Spector
Jeffrey L. Kodroff
Jeffrey J. Corrigan (NY State Bar No. 2372654)
Jonathan M. Jagher
**SPECTOR ROSEMAN KODROFF**
**& WILLIS P.C.**
1818 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
jkodroff@srkw-law.com
jcorrigan@srkw-law.com
jjagher@srkw-law.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATSY DIAMOND, Individually and on Behalf of All Others Similarly Situated, : : : : : | |
| Plaintiff, : | MDL No. 2293 |
| v. : : : | |
| APPLE INC.; HACHETTE BOOK GROUP, INC.; HARPERCOLLINS PUBLISHERS, INC.; MACMILLAN PUBLISHERS, INC; PENGUIN GROUP (USA) INC.; and SIMON & SCHUSTER, INC., : : : : : : : : | |
| Defendants. : : | |

**MEMORANDUM OF LAW IN SUPPORT OF SPECTOR ROSEMAN KODROFF &**
**WILLIS, P.C.'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

## INTRODUCTION

Spector Roseman Kodroff & Willis, PC ("SRKW"), counsel for Plaintiff Patsy Diamond in the above-captioned action, respectfully submits this memorandum of law in support of its motion to appoint interim class counsel.  As the first filed case and clearly the leader of the issues presented, SRKW supports the appointment of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as an interim class counsel.  To the extent the Court determines that this complex class action requires that more than one firm be appointed as interim class counsel or that an executive committee be formed, SRKW respectfully requests that it be selected as one of the law firms in the leadership structure to jointly represent the Plaintiffs and the proposed Class.

## FACTUAL BACKGROUND

On August 9, 2011, in the Northern District of California, Hagens Berman filed the first nationwide class action complaint, *Anthony Petru, et al. v. Apple, Inc., et al.,* No. 11-cv-03892 ("*Petru"*), alleging an antitrust conspiracy involving five of the largest electronic book publishers in the United States and Apple, Inc.  The filing of the *Petru* action triggered the filing of an additional twenty-six actions, comprised of eleven actions filed in the Northern District of California (on behalf of thirty-eight plaintiffs) and fifteen in the Southern District of New York (on behalf of nineteen plaintiffs).

Two days after Hagens Berman filed the *Petru* action, on August 11, 2011, SRKW reached out to Hagens Berman to discuss the factual and legal claims presented and based on our research and investigation filed the second complaint in the Northern District of California, *Diamond v. Apple, Inc. et al.*, No. 11-cv-3954 ("*Diamond*").  *Diamond* was the third action filed nationwide.

1

On December 1, 2011, the Judicial Panel on Multidistrict Litigation ("JPML") heard oral argument on the related actions and on December 9, 2011 centralized the *In re: Electronic Books Antitrust Litig.*, MDL No. 2293 actions ("Centralized Actions") in this Court.  On December 14, 2011, this Court issued the "Notice of Pretrial Conference" (ECF No. 3), ordering that counsel seeking appointment to represent a consolidated putative class file their respective applications by December 19, 2011 at 10:00 a.m.

The Centralized Actions all allege violations of federal antitrust law, specifically that the five Publisher Defendants (Hachette Book Group, Inc., HarperCollins Publishers, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, Penguin Group (USA), and Simon & Schuster, Inc.) restrained trade by coordinating their pricing to directly set retail prices higher than had existed in the previously competitive electronic books ("eBooks") market.  The Centralized Actions all allege that Apple, Inc. ("Apple") facilitated changing the eBook pricing model and conspired with the Publisher Defendants to do so.  This conspiracy caused prices for eBooks to increase significantly.

This litigation is likely to be long and complex, involving extensive discovery, intricate issues of fact and law, and substantial damages.  Thus, in accordance with Rule 23(g) of the Federal Rules of Civil Procedure, it is imperative that class counsel are exceedingly competent and capable of recovering the maximum possible relief for the entire class.  Hagens Berman is the best choice to represent the class as interim class counsel as it has the background, experience, competencies, and resources to manage this antitrust class action.  Should the Court determine that more than one firm should be appointed as interim class counsel or appoints an executive committee to represent the proposed Class, SRKW respectfully submits that it also possesses the experience, competencies, and resources to manage this antitrust class action.

Attached hereto as Exhibit A is SRKW's firm resumé.  SRKW invites this Court to review the extensive experience that SRKW's attorneys have in complex antitrust class action litigation generally, and in cases of this kind in particular.  SRKW is an excellent choice to serve as co-lead class counsel or as an executive committee member if the Court appoints more than one firm (in addition to Hagens Berman) to serve as interim class counsel.

## ARGUMENT

### I.     Appointment of Class Counsel is Critical to the Management and Success of Complex Antitrust Litigation.

"[D]esignation of interim [class] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation, Fourth § 21.11 (Federal Judicial Center, West 2011).

Moreover, in complex antitrust matters such as this, one of the key organizational tools the district court has is to appoint seasoned lead counsel.  *See* Manual for Complex Litigation, Fourth §§ 10.224, 21.272.1 (Federal Judicial Center, West 2011).  Lead counsel is charged with the ultimate responsibility of acting for and in the best interest of the group throughout the entire litigation process.  *See id*. at § 21.272.  As such, it is the duty of the Court to appoint lead counsel who are fully capable and qualified to fairly and adequately represent all parties on their side. *See id.* at §§ 21.271, 21.272.

There is no question that SRKW will litigate this matter zealously, efficiently, and competently, in the best interests of each member of the class.  It has represented the interests of class members numerous times in the past, recovering hundreds of millions of dollars, if not more, on their behalf.

## II.   SRKW Satisfies the Requirements for Interim Class Counsel

It is well established that the appointment of lead counsel is appropriate in order to ensure efficient representation of the class.   The Federal Rules of Civil Procedure recognize the importance of appointing lead counsel to act on behalf of a putative class by expressly granting courts the power to appoint interim class counsel before determining whether to certify the action as a class action.   Rule 23(g)(1) provides for the appointment of class counsel at the time a class is certified, and Rule 23(g)(3) provides for the appointment of interim counsel on behalf of a putative class.   While neither Rule 23(g) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing interim class counsel, courts have held that the same factors that apply in choosing class counsel at the time of class certification apply in choosing interim class counsel.   *See Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel.   Presumably, the same factors apply, however."); *Hill v. The Tribune Co.*, No. 05-C-2602, et al., 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005) ("Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel").

Rule 23(g)(1)(A) provides that in selecting interim class counsel, the Court should consider the following factors: (l) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.   Fed. R. Civ. P. 23(g)(1)(A)(i-iv).   As set out in detail below, SRKW meets all the relevant criteria.

### A.  SRKW Has Performed Significant Work In Identifying and Investigating Potential Claims in This Action.

4

SRKW conducted a detailed preliminary investigation before coming to the determination that the Defendants engaged in anticompetitive conduct. SRKW began investigating the factual and legal background of the case in August 2010 over one year before the first complaint was filed. In the year preceding SRKW's filing of the *Diamond* complaint, SRKW conducted extensive reviews of the eBook industry, its pricing structure and public statements from Apple; tracked government investigations; and actively monitored consumer complaints. SRKW researched, charted and analyzed the eBook prices of each of the Publisher Defendants and identified the dramatic and coordinated increases in eBook prices that occurred with the adoption of the Agency pricing model. Based on this ongoing investigation, as well as discussions with counsel at Hagens Berman, SRKW determined that the claims presented were substantial and warranted filing the complaint.

### B. This Court Should Appoint SRKW as Interim Co-Lead Class Counsel or as an Executive Committee Member Based on Experience, Competence, and Integrity.

It is crucial to the success of this matter that this Court appoint seasoned class counsel. SRKW and its attorneys are prepared for the significant tasks ahead, such as class certification, proving liability, and securing the maximum possible recovery for the plaintiff class. *See* Exhibit A.

As set out in detail below, SRKW meets all the relevant criteria considered by courts in appointing interim class counsel. In *Linerboard*, where SRKW was selected as Co-Lead Counsel, the court stated:

> A district court needs to have broad discretion in coordinating and administering multi-district litigation. In multi-party, multi-case litigation, the district court's success is largely dependent on its ability to uncomplicate matters. The multiplicity of suits requires that the district court be allowed to combine procedures, appoint

> lead counsel, recognize steering committees of lawyers, limit and
> manage discovery, etc. to minimize expense to all litigants and to
> provide judicial efficiency. The district court's ultimate goal in
> multidistrict litigation is to ... promote the just and efficient
> conduct of such actions.

*In re Linerboard Antitrust Litig.*, 292 F. Supp.2d 644, 653 (E.D. Pa. 2003) (internal quotations

and citations omitted.)  In addition, Judge Paul Diamond, in the Eastern District of Pennsylvania,

applied these factors in selecting SRKW as Lead Counsel in *In re OSB Antitrust Litig.*, Master

File No. 06-CV-00826 (E.D. Pa.), in which settlements with nine defendants exceeded $120

million.  SRKW's track record is exemplary, as demonstrated by its successful role as lead or co-

lead counsel in numerous class action cases across the country.  In a recent antitrust case where

plaintiffs' counsel were unable to privately resolve a leadership structure, Judge DuBois

recognized SRKW's skills and experience and appointed SRKW as the sole Interim Class

Counsel.  *See In re Blood Reagents Antitrust Litigation*, MDL 09-2081 (E.D. Pa.).

SRKW is a highly regarded and successful law firm with a nationwide practice that

focuses on class actions and complex litigation, including antitrust, securities, and consumer

protection claims.  *See* Exhibit A.  Besides *Linerboard*, *OSB* and *Blood Reagents*, discussed

*supra*, SRKW attorneys have served as lead or co-lead counsel in numerous major antitrust

and/or health care fraud, consumer protection  and securities class actions, including *In re*

*Mercedes-Benz Antitrust Litig.*, Master File No. 99-4311 (D.N.J.) (Judge Walls), in which more

than $17 million was recovered on behalf of the class; *In re Flat Glass Antitrust Litig.*, MDL No.

1200 (W.D. Pa.), in which $120 million was recovered on behalf of the class; *In re SCOR*

*Holding (Switzerland) AG Litigation*, No. 04 Civ. 07897 (DLC) (S.D.N.Y.),  in which

settlements of $84.6 million were recovered on behalf of the class; *In re Pharmaceutical*

*Industry Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.), in which plaintiffs have

reached settlements exceeding $219 million; *New England Carpenters Health Benefits Fund v. First Databank, Inc. and McKesson Corp.*, C.A. 05-11148 (D. Mass) in which plaintiffs settled their claims against McKesson for $350 million; *In re Relafen Antitrust Litig.*, C.A. 01-12239 (D. Mass.), in which $75 million was recovered on behalf of the class; *In re TriCor Antitrust Litig.*, C.A. No. 05-360 (D. Del.), in which $65.7 million was recovered for a class of consumers and third party payors (in addition to a separate settlement amount recovered for certain insurance company opt-outs); and *Stop & Shop Supermarket Co. v. SmithKline Beecham Cop.*, C.A. No. 03-4578 (E.D. Pa.), in which $100 million was recovered for the class.

SRKW was appointed by Judge Anita Brody as Co-Class Counsel on behalf of nationwide classes of purchasers of baby products at Babies "R" Us stores in an antitrust case involving resale price maintenance. *McDonough v. Toys "R" Us, Inc. et al.* 2009 WL 2055168, *12, *26 (E.D.Pa. July 15, 2009)("BRU"). The decision to certify the class in BRU, as defendants stated in their petition to appeal under Rule 23(f) (which was denied), was unprecedented. In January 2011, SRKW and the defendants in BRU agreed on a settlement of over $35 million, which is pending final approval by the court.

SRKW's excellent reputation has been recognized on numerous occasions by courts that have appointed the firm as lead counsel in major class actions. *See In re OSB Antitrust Litig.*, Master File No. 06-CV-00826 (E.D. Pa.) (Judge Diamond's December 9, 2008 Order, page 5, approving Plaintiffs' request for attorneys' fees, attached hereto as Exhibit B) ("Counsel have represented their clients with consummate skill and efficiency, bringing this massive matter to conclusion in less than three years. Lead Class Counsel - Jeffrey Corrigan and the other lawyers from Spector Roseman Kodroff & Willis - performed brilliantly in this exceptionally difficult case."); *In re OSB Antitrust Litig.*, 2007 WL 2253418 at *4 (E.D. Pa. 2007) (opinion certifying

class of direct purchaser plaintiffs) ("[a]t the outset of this litigation, I appointed Spector

Roseman & Kodroff, P.C. Lead Counsel for the Direct Purchaser Plaintiffs... To date,

Lead...Counsel have vigorously and capably prosecuted this extremely demanding litigation.");

*In re Mercedes-Benz Antitrust Litig.*, Master File No. 99-4311 (D. N.J.) (at May 18, 2009 hearing

on distribution of settlement funds, Judge Walls stated: "I think that this is a fitting resolution of

what has been a very protracted course of litigation.  And I think overall you are to be

commended.") (7:4-6 of transcript attached hereto as Exhibit C); *In re Mercedes-Benz Antitrust*

*Litig.*, 213 F.R.D 180, 185 (D.N.J. 2003) (opinion certifying class) ("[p]laintiffs' counsel's

conduct of this case to date has led to a sophisticated and professional exposition of the issues to

the Court."); *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, C.A. No. 03-4578

(E.D. Pa. May 19, 2005) ("[h]ere, Plaintiffs' counsel are highly experienced in complex antitrust

litigation, as evidenced by the attorney biographies filed with the Court . . . They have obtained a

significant settlement for the Class despite the complexity and difficulties of this case."); *In re*

*Lupron Marketing and Sales Practices Litig.*, 345 F. Supp.2d 135, 137-38 (D. Mass. 2004)

("Counsel are among the most experienced lawyers the national bar has to offer in the

prosecution and defense of significant class actions."); *In re New York City Shoes Inc. Securities*

*Litig.*, C.A. No. 87-4677 (E.D. Pa.)("Co-lead counsel Eugene Spector is a skilled and respected

member of the bar who deftly managed this class action litigation.")   In sum, SRKW is fully

capable of representing the plaintiffs in this action.

### C.  SRKW Is Knowledgeable of the Applicable Law.

As illustrated above, SRKW is a leading national firm with extensive experience in

prosecuting antitrust claims on behalf of consumers.  Indeed, as the attached firm resumé attests,

SRKW has experience in a variety of complex litigation matters.  This experience has provided

SRKW with extensive knowledge of the applicable law and thus favors SRKW for appointment of interim class counsel in a multi-firm structure or as an executive committee member.

**D.  SRKW Will Commit Substantial Resources In Representing the Class.**

Given the success of SRKW in prosecuting class actions, especially in the realm of antitrust litigation, there can be no doubt that SRKW has the resources to commit to this litigation.  SRKW is a well-established and successful law firm that has the personnel necessary to pursue a case of this magnitude, as it has demonstrated in the similar complex class actions outlined above.  The firm's resources are not merely financial, but also include substantial expertise and experience that will be an obvious benefit to the plaintiffs in this action.

SRKW has assigned an experienced team to prosecute this case, a team well-versed in antitrust litigation as well as other complex class action litigation.  SRKW can and will assign additional lawyers as needed.  The legal team has substantial experience in not just the traditional duties of counsel under the rules of civil procedure, but the tasks peculiar to complex litigation such as working with investigators and forensic accountants, handling depositions around the world, constructing electronic databases of discovery documents totaling millions of pages, supervising large teams of lawyers analyzing discovery documents, and finding and engaging highly qualified expert witnesses and consultants.

Interim class counsel (and an executive committee if ordered) will be responsible for the overall conduct of the litigation on behalf of the Plaintiffs.  In performing these duties, SRKW will work cooperatively with plaintiffs' and defendants' counsel, as it has done in many other cases, and has the resources necessary to handle complex litigation.  By way of example, SRKW served as Lead Counsel in the *OSB* antitrust case, which SRKW investigated, developed without the benefit of any government investigation, filed and successfully prosecuted.  As it has done so

often, SRKW developed and led an efficient organization of over 30 experienced and capable plaintiffs' firms against nine, billion-dollar defendants, which were represented by some of the top defense firms in the country.  After drafting and filing a comprehensive amended consolidated complaint, which survived a post-*Twombly* motion to dismiss, SRKW led the effort to review more than 13 million pages of documents produced in discovery, take more than 70 depositions, fully brief summary judgment and *Daubert* motions and fully prepare the case for trial, all in a little more than two years.  The exceptional results obtained for the class, $120 million in settlements, are the latest testament to how SRKW builds and leads an efficient and successful organization when acting as lead counsel.

SRKW is currently serving as sole Interim Class Counsel in *In re Blood Reagents Antitrust Litigation*, MDL 09-2081 (E.D. Pa.), a nation-wide, price-fixing class action into the market for blood reagents, which are used for testing blood.  In August 2010, Judge Jan DuBois denied defendants' motion to dismiss the consolidated amended complaint and in December 2010, he denied defendants' motion for reconsideration of that decision.

The ability of SRKW to draw from this experience will allow it to streamline the litigation and create efficiencies unavailable to other firms.  The resource factor under Rule 23(g) also favors appointment of SRKW as co-lead interim class counsel or as an executive committee member if the Court determines that more than one firm should be appointed as interim class counsel or that an executive committee shall be formed.

## CONCLUSION

For the foregoing reasons, SRKW respectfully requests that this Court appoint Hagens Berman as interim class counsel.  If the Court determines that more than one firm should be appointed as interim class counsel or that an executive committee shall be formed, SRKW

respectfully requests that it be selected as one of the law firms in the leadership structure to jointly represent the Plaintiffs and the proposed Class.


Dated: December 19, 2011             Respectfully Submitted,

                                      /s/ Jeffrey J. Corrigan
                                      Eugene A. Spector
                                      Jeffrey L. Kodroff
                                      Jeffrey J. Corrigan (NY State Bar No. 2372654)
                                      Jonathan M. Jagher
                                      **SPECTOR ROSEMAN KODROFF & WILLIS P.C.**
                                      1818 Market Street, Suite 2500
                                      Philadelphia, Pennsylvania 19103
                                      Telephone: (215) 496-0300
                                      Facsimile: (215) 496-6611
                                      espector@srkw-law.com
                                      jkodroff@srkw-law.com
                                      jcorrigan@srkw-law.com
                                      jjagher@srkw-law.com

                                      *Attorneys for Plaintiff,*
                                      *Patsy Diamond*