Cote, J

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br><br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>APPLE, INC.,  )<br>HACHETTE BOOK GROUP, INC.,  )<br>HARPERCOLLINS PUBLISHERS L.L.C.,  )<br>VERLAGSGRUPPE GEORG VON  )<br>  HOLTZBRINCK GMBH,  )<br>HOLTZBRINCK PUBLISHERS, LLC  )<br>  d/b/a MACMILLAN,  )<br>THE PENGUIN GROUP,  )<br>  A DIVISION OF PEARSON PLC,  )<br>PENGUIN GROUP (USA), INC., and  )<br>SIMON & SCHUSTER, INC.,  )<br>  )<br>Defendants.  )<br>  ) | Civil Action No. 12-cv-2826 (DLC) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2012

| | |
|---|---|
| IN RE ELECTRONIC BOOKS  )<br>ANTITRUST LITIGATION  )<br>  )<br>  )<br>  )<br>This document relates to:  )<br>  )<br>ALL ACTIONS  )<br>  ) | Civil Action No. 11-mc-02293 (DLC)<br><br><br>CLASS ACTION |

| | |
|---|---|
| THE STATE OF TEXAS;  )<br>THE STATE OF CONNECTICUT;  )<br>THE STATE OF ALASKA;  ) | |

THE STATE OF ARIZONA;                           )
THE STATE OF COLORADO;                          )
THE STATE OF ILLINOIS;                          )
THE STATE OF IOWA;                              )
THE STATE OF MARYLAND;                          )
THE STATE OF MISSOURI;                          )
THE STATE OF OHIO;                              )
THE COMMONWEALTH OF                             )
    PENNSYLVANIA;                             )
THE COMMONWEALTH OF                             )
    PUERTO RICO;                              )
THE STATE OF SOUTH DAKOTA;                      )
THE STATE OF TENNESSEE;                         )
THE STATE OF VERMONT; and                       )        Civil Action No. 12-cv-03394 (DLC)
THE STATE OF WEST VIRGINIA;                     )
                                               )
        Plaintiffs,                      )
                                               )
        v.                               )
                                               )
PENGUIN GROUP (USA) INC.;                       )
HOLTZBRINCK PUBLISHERS, LLC                     )
    d/b/a MACMILLAN;                          )
SIMON & SCHUSTER, INC.;                         )
SIMON & SCHUSTER DIGITAL                        )
    SALES, INC.; and                          )
APPLE INC.;                                     )
                                               )
        Defendants.                      )

---

## STIPULATED PROTECTIVE ORDER

       In the interests of (i) ensuring efficient and prompt resolution of these actions; (ii)

facilitating discovery by the parties litigating these actions; and (iii) protecting the confidential

information of Protected Persons from improper disclosure or use, all parties hereto have

stipulated to and respectfully request the Court to enter, pursuant to Fed. R. Civ. P. 26(c)(1)(G),

the provisions set forth below.  Upon good cause shown, the Court ORDERS as follows:

### A.   DEFINITIONS

1.   As used herein:

(a)   "Competitive Decisionmaking" means making or influencing important decisions regarding a firm's business operations, including development or implementation of competitive strategies, business plans, and third-party negotiations, but does not include the rendering of legal advice as to litigation or antitrust issues related to such decisions.

(b)   "Confidential" information means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any Document, transcript, or other material containing such information that has not been made public by the person claiming confidentiality.  Any materials, including advertising materials, that have been published or publicly disseminated are not Confidential.

(c)   "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(d)   "Document" means documents or electronically stored information as defined in Fed. R. Civ. P. 34(a).

(e)   "Highly Confidential" information means any Confidential information that the person claiming confidentiality reasonably and in good faith believes would place that person at risk of suffering a significant competitive or commercial disadvantage if it were disseminated to someone involved in Competitive Decisionmaking at a competitor or a firm with which the person claiming confidentiality transacts business.

(f)     "Investigation" means the pre-Complaint direct or indirect inquiry into the matters at issue in these actions by the U.S. Department of Justice and/or any state that is a plaintiff in this litigation.

(g)     "Investigation Materials" means documents, communication, or testimony that (i) any non-party provided to any party either voluntarily or under compulsory process in anticipation of or during the period of the Investigation until the filing of the government complaints in this litigation, including any document constituting or containing any communication between any party and any non-party during the period of the Investigation until the filing of the government complaints in this litigation, or (ii) that any defendant, or any affiliated person or entity, has provided to any plaintiff during the Investigation.

(h)     "Protected Person" means any person or entity who has produced information or testified during an Investigation either voluntarily or in response to a civil investigative demand, or who produces any information or testifies in these actions voluntarily or in response to a discovery request or subpoena.

## B.     GENERAL PROVISIONS

2.      The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

3.      Nothing in this Order shall be construed to prevent counsel from advising their client with respect to this litigation based in whole or in part on materials containing Confidential or Highly Confidential information, provided counsel does not disclose such information itself except as provided in this Order.

4.     If at any time material containing Confidential or Highly Confidential information is subpoenaed by any court, arbitral, administrative, or legislative body, the party to whom the subpoena or other request is directed shall, to the extent permitted by law, give prompt written notice thereof to every Protected Person who has produced such material.

5.     This Order shall be binding on the parties to this action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

### C.     DESIGNATION OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

6.     Within five days of the Court's entry of this Order, each plaintiff shall send by e-mail, facsimile, or overnight delivery a copy of this Order to each Protected Person (or, if represented by counsel, the Protected Person's counsel) that provided Investigation Materials to it. Any non-party Protected Person who concludes that this Order does not adequately protect its confidential information shall have until fifteen days after the Court's entry of this Order to seek additional protection from the Court for its confidential information (the "Objection Period"). No government plaintiff shall produce any Investigative Materials received from non-party Protected Persons until after the Objection Period concludes. While a non-party Protected Person's petition is pending, no government plaintiff shall produce any Investigative Materials received from non-party Protected Persons that timely petitioned the Court for additional protection during the Objection Period.

7.     A Protected Person may designate as "Confidential" or "Highly Confidential" any Investigation Materials it, or any affiliated person or entity, has provided to a party in connection with an Investigation, or any information it hereafter provides during discovery in these actions, to the extent such information constitutes Confidential information as defined in subparagraph 1(b) or Highly Confidential information as defined in subparagraph 1(g) of this Order.  Such designations constitute a representation to the Court that such Protected Person (and counsel, if any) has a good faith belief that the information is not already in the public domain and that the information so designated constitutes Confidential information as defined in subparagraph 1(b) or Highly Confidential information as defined in subparagraph 1(g).

8.     So long as the Protected Person has made reasonable efforts to designate its Confidential and Highly Confidential information appropriately, any production of information without it being designated as Confidential or Highly Confidential will not thereby be deemed a waiver of any future claim of confidentiality concerning such information, which may thereafter be designated in compliance with paragraph 11 of this Order.  However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

9.     Designation of investigative deposition transcripts and documents produced during an Investigation is governed as follows:

(a)     All transcripts of depositions taken by any government plaintiff during an Investigation will be treated as Highly Confidential in their entirety for 30 days after the date the deponent or counsel for the deponent has received a copy of this Order from plaintiffs, regardless of whether the transcripts are produced to a party who has not previously had access to them

-6-

during the 30-day period after receiving a copy of this Order.  At any time during the 30-day

period, any deponent or counsel for the deponent may designate as Highly Confidential, in

compliance with paragraph 7 of this Order, any portion of the transcript, by page and line, and

any exhibits produced by the deponent or an affiliated entity.  Any portion of a transcript or any

exhibit not designated Highly Confidential during the 30-day period will be deemed

Confidential.  Government plaintiffs must transmit to all parties to which such transcripts are

produced such Highly Confidential designations at such time as the deposition transcripts are

produced in discovery in these actions.  To the extent transcripts of depositions covered by this

provision already have been produced to any other party, government plaintiffs must transmit

such Highly Confidential designations to all parties within 45 days of the entry of this Order by

the Court.

         (b)     All documents produced by Protected Persons to any government plaintiff

during its Investigation, or re-produced to a party who has not previously received a copy of the

documents during the 60-day period after receiving a copy of this Order, will be treated as if

designated as Highly Confidential in their entirety for 60 days after the date the Protected Person

has received of a copy of this Order from plaintiffs.  At any time during the 60-day period, any

Protected Person or counsel for the Protected Person may designate as Highly Confidential, in

compliance with paragraph 7 of this Order, any document or portion of a document produced to

any plaintiff by providing plaintiffs with page numbers or other means of easily identifying the

designated documents.  Any document or portion of a document not designated Highly

Confidential during the 60-day period will be deemed Confidential.  Government plaintiffs must

transmit to all parties to which such documents are produced such Highly Confidential

designations at such time as the documents are produced in discovery in these actions.  To the extent documents covered by this provision already have been produced to any other party, government plaintiffs must transmit such Highly Confidential designations to all such parties within 75 days of the entry of this Order by the Court.

10.    Confidential designation of deposition transcripts and documents produced during these actions is governed as follows:

(a)    Whenever discovery is sought from a non-party in these actions, a copy of this Order shall accompany the discovery request or subpoena.

(b)    All transcripts of depositions taken in these actions will be treated as if designated as Highly Confidential in their entirety for a period of 30 days after the date a full and complete copy of the transcript has been made available to the deponent.  The party who noticed the deposition is responsible for notifying the deponent that s/he may review the transcript and designate any Confidential or Highly Confidential testimony (or portions thereof) or exhibits.  At any time during the 30-day period, the deponent (or the deponent's counsel) may designate as Confidential or Highly Confidential, in accordance with paragraph 7 of this Order, any portion of the transcript and any deposition exhibits produced by the deponent or an affiliated entity.  Such designations (with reference to the page(s) and line(s) of the transcript) must be provided in writing to the party who noticed the deposition, who, in turn, shall be responsible for distributing those designations to all other parties within ten days of receiving them.  When a deponent's testimony discloses information contained in an exhibit designated by a different Protected Person as Confidential or Highly Confidential, all parties, as well as the deponent and his or her counsel, shall treat the exhibit and all testimony related to such an exhibit in accordance with the

-8-

exhibit's confidentiality designation until 30 days after the party that noticed the deposition provides to the Protected Person who so designated the exhibit the portion of the transcript relating to the exhibit, during which time the Protected Person may designate those portions of the testimony Confidential or Highly Confidential.  Such designations (with reference to the page(s) and line(s) of the transcript) must be provided in writing to the party who noticed the deposition, who, in turn, shall be responsible for distributing those designations to all other parties within ten days of receiving them.

(c)     A Protected Person who designates as Confidential or Highly Confidential any document or information produced in these actions must stamp or label each page containing Confidential or Highly Confidential information with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate.  Where Confidential or Highly Confidential material is produced in electronic format on a disk or other medium that contains Confidential or Highly Confidential information, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation may be placed on the disk or other medium as well as on each applicable page or image.

(d)     Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential or Highly Confidential information, or shall use any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in

printed form to any person described in subparagraph 15(h), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the applicable confidentiality designation and including the production number and designation associated with the native file.

11.     If a Protected Person inadvertently fails to designate any Investigation Materials, documents, or testimony as Confidential or Highly Confidential information, it may later so designate by notifying the parties in writing.  The parties shall take reasonable steps thereafter to treat such information as Confidential or Highly Confidential information, as appropriate.  No person or party, however, shall incur any liability for any disclosure that occurred prior to receipt of written notice of a belated designation.

12.     If a Protected Person inadvertently produces material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Protected Person's reasonable efforts to prescreen such material prior to production, the applicable privilege and/or protection shall not be waived if a request for return of such inadvertently produced material is made promptly after the producing Protected Person learns of its inadvertent production.  Upon such prompt notice, the parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) and any other applicable rules or orders.

13.     In the event of a disclosure of any Confidential or Highly Confidential information to any person or persons not authorized to receive such disclosure under this Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the

disclosure.  The disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.  Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential or Highly Confidential information.

14.     This Order does not preclude any plaintiff or defendant from raising with the Court at any evidentiary proceeding or trial in this case, after good faith efforts to resolve any disputes, whether any particular information designated as Confidential or Highly Confidential is appropriately designated.  No party concedes, by complying with the procedures set forth in this Order, that any information designated by any Protected Person as Confidential or Highly Confidential is in fact Confidential or Highly Confidential as those terms are defined in subparagraphs 1(b) and 1(g), respectively, of this Order, and a failure to challenge such designation shall not preclude a subsequent challenge thereto.

(a)     **Procedure for Challenge**.  Any party may, based on the good faith belief of counsel that any information designated as Confidential or Highly Confidential does not constitute Confidential or Highly Confidential information, notify the Protected Person (and all parties) in writing of disagreement with the designation.  Such challenge shall identify with particularity the document(s) or information that the objecting party contends should be designated differently, and shall state the grounds for the objection.  The objecting party shall confer either in person, in writing, or by telephone with the Protected Person (as well as any other interested party) within five days of making its objection, or such other time as the parties may agree, in a good faith effort to resolve the dispute.  The Protected Person shall have fourteen days

-11-

from receipt of the notification to move the Court for an order upholding the designation. The

burden of proving that the designation is proper under Rule 26(c)(1)(G) shall be upon the

designating Protected Person. The designated information shall be treated in accordance with its

Confidential or Highly Confidential designation under this Order until the Court rules on the

designating Protected Person's timely filed motion. If the Protected Person fails to move the

Court in accordance with this Paragraph, or if the Court finds the designation of Confidential or

Highly Confidential to have been inappropriate, the challenged designation shall be considered

rescinded. The parties thereafter shall not be required to treat the information as Confidential or

Highly Confidential under this Order. The parties' entry into this Order shall not preclude or

prejudice either the Protected Person or the objecting party from arguing for or against any

designation, establish any presumption that a particular designation is valid, or alter the burden of

proof that would otherwise apply in a dispute over discovery or disclosure of information. In

addition, nothing in this Order prohibits the objecting party from making its own motion to the

Court for de-designation of the Confidential or Highly Confidential document(s) in question, as

long as the objecting party informs the Protected Person of its intention to do so at the time the

objecting party makes its objection, or immediately thereafter, in which case the Protected Person

will no longer bear the burden to move the Court as described in this paragraph 14(a).

       (b)     If it comes to a Protected Person's attention that material it designated

Confidential or Highly Confidential does not qualify for protection at all, or does not qualify for

the level of protection asserted, that Protected Person must promptly notify all other parties in

writing of the identity of the improperly designated material and that it is withdrawing or

changing the designation.

**D.     DISCLOSURE OF CONFIDENTIAL INFORMATION AND HIGHLY
        CONFIDENTIAL INFORMATION**

15.     Except as otherwise authorized by this Order, information designated as

Confidential pursuant to this Order must not be disclosed to any person other than the individuals

set forth below and may be disclosed to and used by those individuals only in the manner

described below:

    (a)     the Court and all persons assisting the Court in this litigation, including

law clerks, court reporters, and stenographic or clerical personnel;

    (b)     United States Department of Justice attorneys, employees and independent

contractors retained by the United States Department of Justice to assist in the prosecution of this

litigation or otherwise assist in enforcement or monitoring of any settlement or final judgment

entered as a result of this litigation;

    (c)     attorneys and employees of, and independent contractors retained by, the

Attorney General's Office of any state plaintiff to assist in the prosecution of this litigation or

otherwise assist in enforcement or monitoring of any settlement or final judgment entered as a

result of this litigation;

    (d)     outside counsel acting for any private plaintiff in these actions and that

counsel's employees and independent contractors assisting such outside counsel in the

prosecution of this litigation, including the use of such materials in any comment period

regarding a proposed resolution of any portion of this litigation, to assist in the prosecution of

this litigation;

(e)     outside counsel acting for any defendant in these actions and that counsel's employees and independent contractors assisting such outside counsel in the defense of this litigation, including the use of such materials in any comment period regarding a proposed resolution of any portion of this litigation, to assist in the defense of this litigation;

(f)     authors, addressees, and recipients of particular information designated as Confidential or Highly Confidential solely to the extent that they have previously had lawful access to the particular information disclosed or to be disclosed;

(g)     persons (and their counsel) who are current employees of the Protected Person (or its parent, subsidiary, or affiliate) that produced the Confidential Information, or whom counsel for plaintiffs or defendants believes in good faith to have, or have had, prior access to the Confidential information, or who have been participants in a communication that is the subject of the Confidential information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated; provided that, unless and until counsel confirms that any such persons have or have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

(h)     testifying or consulting experts retained by a party to assist in the prosecution or defense of this litigation, including employees of the firm with which the expert or consultant is associated to the extent necessary to assist the expert's work in this litigation, provided that such experts and staff are not employed by, or involved in Competitive Decisionmaking for, any defendant;

(i)      for any defendant, to assist in the defense of this litigation, no more than one in-house counsel whose job responsibilities relating to trade books (print and/or electronic) are limited entirely to litigation management and who is not involved in Competitive Decisionmaking as to trade books:

        I.      Lisa Olle

        II.     Trina Hunn

        III.    Anthony Bongiorno

In the event that any of the above-listed in-house counsel acquires trade book job responsibilities other than litigation management or becomes involved in Competitive Decisionmaking as to trade books, such counsel will be reclassified as a subparagraph 15(j) in-house counsel.  In the event that any of the above-listed in-house counsel acquires business job responsibilities in addition to or in lieu of his/her legal responsibilities, such counsel no longer shall have access to any Confidential information; and

(j)      for any defendant, to assist in the defense of this litigation, no more than two in-house counsel who do not also have non-legal business roles:

        I.      Kyle Andeer

        II.     Sean Dillon

        III.    Alex Gigante

        IV.     Paul Sleven

        V.      Amy Wolosoff

        VI.     Carol Ross

        VII.    Elise Solomon

VIII.    David Hillman

In the event that any of the above-listed in-house counsel acquires business job responsibilities in addition to or in lieu of his/her legal responsibilities, such counsel no longer shall have access to any Confidential information.

16.    Except as otherwise authorized by this Order, information designated as Highly Confidential pursuant to this Order must not be disclosed to any person other than the individuals set forth in subparagraphs 15(a) through (i) of this Order, and may be disclosed to and used by those individuals only in connection with this litigation.

17.    Before any information designated as Confidential or Highly Confidential may be disclosed to any person described in paragraph 15 of this Order, he or she must first read this Order or must have otherwise been instructed on his or her obligations under the Order by this Court or counsel for a party, and any person described in subparagraphs 15(h), 15(i), or 15(j) of this Order shall have executed the agreement included as Appendix A hereto.  Counsel for the party making the disclosure must retain the original of such executed agreement for a period of at least one year following the final resolution of these actions.  Each individual described in paragraph 15 of this Order to whom information designated as Confidential or Highly Confidential is disclosed must not disclose that Confidential or Highly Confidential information to any other individual, except as provided in this Order.

18.    Before disclosure of Confidential or Highly Confidential information is made to any person or persons not authorized to receive the information under the provisions of paragraphs 15 or 16 of this Order, the party wishing to make the disclosure shall give at least five days' advance notice in writing, via e-mail and facsimile, to the Protected Person who provided

-16-

the Confidential or Highly Confidential information, stating the name(s), address(es), and

employer(s) of the person(s) to whom the disclosure will be made.  The notice shall identify with

particularity the document(s) or specific part(s) of the information to be disclosed, including the

production number(s) of the document(s).  If, within the five-day period, an objection is made

regarding a disclosure, disclosure of the Confidential or Highly Confidential information shall

not be made pending a ruling by the Court.  The Court will grant the motion and permit access

upon such terms as it deems proper, unless the Protected Person objecting to the proposed

disclosure shows good cause why the proposed disclosure should not be permitted.  Before any

information designated as Confidential or Highly Confidential may be disclosed to any person

described in this paragraph, he or she shall have first read this Order or shall have otherwise been

instructed in his or her obligations under the Order by counsel for a party.  Additionally, before

any information designated as Confidential or Highly Confidential may be disclosed to any

person (and their counsel) described in this paragraph, he or she shall have executed the

agreement included as Appendix A hereto.  Counsel for the party making the disclosure must

retain the original of such executed agreement for a period of at least one year following the final

resolution of these actions.

   19. Notwithstanding the provisions of paragraphs 15, 16, 17, and 18 of this Order,

nothing in this Order:

    (a) limits a Protected Person's use or disclosure of its own information

designated as Confidential or Highly Confidential;

(b)     prevents disclosure of Confidential or Highly Confidential information to any current employee of the Protected Person that designated that information as Confidential or Highly Confidential;

(c)     prevents disclosure of Confidential or Highly Confidential information with the consent of the Protected Person that designated the Confidential or Highly Confidential information;

(d)     prevents disclosure by a party of Confidential or Highly Confidential information (i) that is or has become publicly known through no fault of that party; (ii) that is lawfully acquired by or known to that party independent of receipt in discovery in this action; (iii) previously produced, disclosed and/or provided to that party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of this Court; or

(e)     prevents the United States or any plaintiff state, subject to taking appropriate steps to preserve the further confidentiality of such information, from disclosing information designated as Confidential or Highly Confidential (i) for the purpose of securing compliance with a Final Judgment in these actions or (ii) for law enforcement purposes, or as may be required by law.

### E.     USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION IN LITIGATION

20.     If any material designated as Confidential or Highly Confidential by any party or Protected Person under this Order is included in any pleading, motion, exhibit, or other paper to be filed with the Court, the party seeking to file such material shall follow the procedures set forth in Rule 4.A of this Court's Individual Practices in Civil Cases and shall simultaneously

disclose to the designating Protected Person the Confidential or Highly Confidential information included in the material so filed. Nothing in this Order shall restrict the parties or any interested member of the public from challenging the filing of any Confidential or Highly Confidential material under seal.

21. The provisions of this Order govern the disclosure of Confidential and Highly Confidential information in pre-trial proceedings only. This Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, responses to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, and other information hereafter furnished, directly or indirectly, by or on behalf of any party or Protected Person in connection with the above-captioned litigation, including but not limited to documents or electronic files exchanged, deposition transcripts, deposition exhibits, and all copies, extracts, excerpts, summaries, compilations, designations and portions of any of the foregoing. The disclosure of Confidential or Highly Confidential information at trial shall be subject to separate order of the Court.

22. Nothing in this Order shall prohibit plaintiff states from filing an amended complaint, consistent with the Court's Individual Practices in Civil Cases, which will remove the confidentiality designation over Investigation Materials, or portions thereof, previously filed under seal by the plaintiff states in their initial complaint.

F. **PROCEDURES UPON TERMINATION OF LITIGATION**

23. The obligations imposed by this Order survive the termination of this litigation unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after receiving notice of the entry of an order, judgment, or

decree terminating this litigation as to all parties, all persons having received information designated as Confidential or Highly Confidential must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the person's counsel if represented by counsel) that produced it, or destroy all such Confidential or Highly Confidential material and certify that fact in writing to the party or Protected Person.  Counsel for plaintiffs and defendants will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that plaintiffs' employees and defendants' counsel and such counsel's employees do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential or Highly Confidential to any person except pursuant to Court order or agreement with the Protected Person that produced the information designated as Confidential or Highly Confidential.  All Confidential or Highly Confidential materials returned to the parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph.  Nothing in this Paragraph, however, restricts the rights of the parties under paragraph 19 of this Order, or the rights of the United States or any plaintiff state to retain and use Confidential or Highly Confidential materials for law enforcement purposes or as otherwise required by law.

## G.    RIGHT TO SEEK MODIFICATION

24.    Nothing in this Order limits any party or Protected Person from seeking further or additional protections of any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this action or any other proceeding.

-20-

So ordered.

Denise Cote

May 9, 2012

**AGREED TO:**

Dated: May 7, 2012

By: _____

Daniel McCuaig
U.S. Department of Justice
Antitrust Division
Litigation III
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
(202) 307-0520
daniel.mccuaig@usdoj.gov
*On behalf of the United States*

By: _____

Eric Lipman (EL6300)
Gabriel Gervey
David Ashton
Assistant Attorneys General
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711
(512) 463-1579
eric.lipman@texasattorneygeneral.gov
*On Behalf of the Plaintiff States*

By: _____

W. Joseph Nielsen
Gary M. Becker (GB8259)
Assistant Attorneys General
Office of the Attorney General of Connecticut
55 Elm Street
Hartford, CT 06106
(860) 808-5040
Joseph.Nielsen@ct.gov
*On Behalf of the Plaintiff States*

By: _____

Steve W. Berman (*Pro Hac Vice*)
Jeff Friedman
Shana Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

-21-

(206) 623-7292
steve@hbsslaw.com
*On Behalf of the Class Plaintiffs*

By: _____

Shepard Goldfein
Clifford H. Aronson
PaulM. Eckles
C. Scott Lent
Matthew M. Martino
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
shepard.goldfein@skadden.com
*On behalf of Defendant HarperCollins Publishers
L.L.C.*

By: _____

James W. Quinn
Yehuda L. Buchweitz
Weil, Gotshal & Magnes LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
james.quinn@weil.com

Helene D. Jaffe
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
hjaffe@proskauer.com

Martha E. Gifford
Law Office of Martha E. Gifford
137 Montague Street #220
Brooklyn, NY 11201
(718) 858-7571
giffordlaw@mac.com
*On behalf of Defendants Simon & Schuster, Inc. and
Simon & Schuster Digital Sales, Inc.*

-22-

(206) 623-7292
steve@hbsslaw.com
*On Behalf of the Class Plaintiffs*

By:    _____

Shepard Goldfein
Clifford H. Aronson
PaulM. Eckles
C. Scott Lent
Matthew M. Martino
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
shepard.goldfein@skadden.com
*On behalf of Defendant HarperCollins Publishers
L.L.C.*

By:    _____

James W. Quinn
Yehuda L. Buchweitz
Weil, Gotshal & Magnes LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
james.quinn@weil.com

Helene D. Jaffe
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
hjaffe@proskauer.com

Martha E. Gifford
Law Office of Martha E. Gifford
137 Montague Street #220
Brooklyn, NY 11201
(718) 858-7571
giffordlaw@mac.com
*On behalf of Defendants Simon & Schuster, Inc. and
Simon & Schuster Digital Sales, Inc.*

By: _____
    Joel M. Mitnick
    Alexandra Shear
    Sidley Austin LLP
    787 Seventh Avenue
    New York, NY 10019
    (212) 839-5300
    ashear@sidley.com
    *On behalf of Defendants Holtzbrinck Publishers, LLC*
    *d/b/a Macmillan and Verlagsgruppe Georg von*
    *Holtzbrinck GmbH*

By: _____
    Walter B. Stuart
    Samuel J. Rubin
    Freshfields Bruckhaus Deringer US LLP
    601 Lexington Avenue
    New York, NY 10022
    (212) 277-4000
    walter.stuart@freshfieldscom
    *On behalf of Defendants Hachette Book Group, Inc.*
    *and Hachette Digital, Inc.*

By: _____
    Daniel Ferrel McInnis
    David A. Donohoe
    Allison Sheedy
    Akin Gump Strauss Hauer & Feld, LP
    1333 New Hampshire Ave., NW
    Washington, DC 20036
    (202) 887-4000
    dmcinnis@akingump.com
    *On behalf of Defendants Penguin Group (USA), Inc.*
    *and the Penguin Group*

By: _____
    Daniel S. Floyd (*Pro Hac Vice*)
    Gibson, Dunn & Crutcher, LLP
    333 South Grand Avenue
    Los Angeles, CA 90071
    (213) 229-7000
    dfloyd@gibsondunn.com
    *On behalf of Defendant Apple, Inc.*

-23-

By: _____

Joel M. Mitnick
Alexandra Shear
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
ashear@sidley.com
*On behalf of Defendants Holtzbrinck Publishers, LLC*
*d/b/a Macmillan and Verlagsgruppe Georg von*
*Holtzbrinck GmbH*

By: _____

Walter B. Stuart
Samuel J. Rubin
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
New York, NY 10022
(212) 277-4000
walter.stuart@freshfieldscom
*On behalf of Defendants Hachette Book Group, Inc.*
*and Hachette Digital, Inc.*

By: _____

Daniel Ferrel McInnis
David A. Donohoe
Allison Sheedy
Akin Gump Strauss Hauer & Feld, LP
1333 New Hampshire Ave., NW
Washington, DC 20036
(202) 887-4000
dmcinnis@akingump.com
*On behalf of Defendants Penguin Group (USA), Inc.*
*and the Penguin Group*

By: _____

Daniel S. Floyd (*Pro Hac Vice*)
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
dfloyd@gibsondunn.com
*On behalf of Defendant Apple, Inc.*

-23-

By: _____

Joel M. Mitnick
Alexandra Shear
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
ashear@sidley.com
*On behalf of Defendants Holtzbrinck Publishers, LLC*
*d/b/a Macmillan and Verlagsgruppe Georg von*
*Holtzbrinck GmbH*

By: _____

Walter B. Stuart
Samuel J. Rubin
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
New York, NY 10022
(212) 277-4000
walter.stuart@freshfieldscom
*On behalf of Defendants Hachette Book Group, Inc.*
*and Hachette Digital, Inc.*

By: _____

Daniel Ferrel McInnis
David A. Donohoe
Allison Sheedy
Akin Gump Strauss Hauer & Feld, LP
1333 New Hampshire Ave., NW
Washington, DC 20036
(202) 887-4000
dmcinnis@akingump.com
*On behalf of Defendants Penguin Group (USA), Inc.*
*and the Penguin Group*

By: _____

Daniel S. Floyd (*Pro Hac Vice*)
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
dfloyd@gibsondunn.com
*On behalf of Defendant Apple, Inc.*

By: _____
    Joel M. Mitnick
    Alexandra Shear
    Sidley Austin LLP
    787 Seventh Avenue
    New York, NY 10019
    (212) 839-5300
    ashear@sidley.com
    *On behalf of Defendants Holtzbrinck Publishers, LLC*
    *d/b/a Macmillan and Verlagsgruppe Georg von*
    *Holtzbrinck GmbH*

By: _____
    Walter B. Stuart
    Samuel J. Rubin
    Freshfields Bruckhaus Deringer US LLP
    601 Lexington Avenue
    New York, NY 10022
    (212) 277-4000
    walter.stuart@freshfieldscom
    *On behalf of Defendants Hachette Book Group, Inc.*
    *and Hachette Digital, Inc.*

By: _____
    Daniel Ferrel McInnis
    David A. Donohoe
    Allison Sheedy
    Akin Gump Strauss Hauer & Feld, LP
    1333 New Hampshire Ave., NW
    Washington, DC 20036
    (202) 887-4000
    dmcinnis@akingump.com
    *On behalf of Defendants Penguin Group (USA), Inc.*
    *and the Penguin Group*

By: *[signature]*
    Daniel S. Floyd (*Pro Hac Vice*)
    Gibson, Dunn & Crutcher, LLP
    333 South Grand Avenue
    Los Angeles, CA 90071
    (213) 229-7000
    dfloyd@gibsondunn.com
    *On behalf of Defendant Apple, Inc.*

**SO ORDERED:**

Dated at New York, New York, this ___ day of _____, 2012.

BY THE COURT:

_____
THE HONORABLE DENISE COTE
UNITED STATES DISTRICT JUDGE

APPENDIX A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>APPLE, INC.,<br>HACHETTE BOOK GROUP, INC.,<br>HARPERCOLLINS PUBLISHERS L.L.C.,<br>VERLAGSGRUPPE GEORG VON<br>        HOLTZBRINCK GMBH,<br>HOLTZBRINCK PUBLISHERS, LLC<br>        d/b/a MACMILLAN,<br>THE PENGUIN GROUP,<br>        A DIVISION OF PEARSON PLC,<br>PENGUIN GROUP (USA), INC., and<br>SIMON & SCHUSTER, INC.,<br><br>        Defendants. | Civil Action No. 12-cv-2826 (DLC) |

| | |
|---|---|
| IN RE ELECTRONIC BOOKS<br>ANTITRUST LITIGATION | Civil Action No. 11-mc-02293 (DLC) |
| This document relates to:<br><br>  ALL ACTIONS | <u>CLASS ACTION</u> |

| | |
|---|---|
| THE STATE OF TEXAS;<br>THE STATE OF CONNECTICUT;<br>THE STATE OF ALASKA;<br>THE STATE OF ARIZONA;<br>THE STATE OF COLORADO;<br>THE STATE OF ILLINOIS;<br>THE STATE OF IOWA;<br>THE STATE OF MARYLAND;<br>THE STATE OF MISSOURI; | |

-25-

THE STATE OF OHIO;                          )
THE COMMONWEALTH OF                         )
    PENNSYLVANIA;                          )
THE COMMONWEALTH OF                         )
    PUERTO RICO;                           )
THE STATE OF SOUTH DAKOTA;                  )
THE STATE OF TENNESSEE;                     )
THE STATE OF VERMONT; and                   )     Civil Action No. 12-cv-03394 (DLC)
THE STATE OF WEST VIRGINIA;                 )
                                           )
        Plaintiffs,                    )
                                           )
        v.                             )
                                           )
PENGUIN GROUP (USA) INC.;                   )
HOLTZBRINCK PUBLISHERS, LLC                 )
    d/b/a MACMILLAN;                       )
SIMON & SCHUSTER, INC.;                     )
SIMON & SCHUSTER DIGITAL                    )
    SALES, INC.; and                       )
APPLE INC.;                                 )
                                           )
        Defendants.                    )
_____ )

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as _____ by _____.

I hereby certify that:

    1.    I have read the Protective Order entered in the above-captioned actions, and understand its terms.

    2.    I agree to be bound by the terms of the Protective Order entered in the above-captioned actions.  I agree to use the information provided to me only for the purpose of this litigation.

    3.    I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned actions will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.      If I am an in-house counsel for any party who qualifies for access to Confidential material under paragraph 15 of the Protective Order, I represent to the Court that I have no non-legal business responsibilities.  In the event that I acquire non-legal business responsibilities, I agree that I will no longer have access to any Confidential information, and that I will take appropriate steps to notify counsel for the parties that I can no longer be provided access to any Confidential information.

5.      If I am an in-house counsel for any party who qualifies for access to Highly Confidential material under paragraph 16 of the Protective Order, I represent to the Court that my job responsibilities related to trade books are limited entirely to litigation management.  In the event that I acquire any trade book job responsibilities beyond litigation management, I agree that I will no longer have access to any Highly Confidential information, and that I will take appropriate steps to notify counsel for the parties that I can no longer be provided access to any Highly Confidential information.

6.      I submit to the jurisdiction of the United States District Court for the Southern District of New York solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned actions and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

7.      I make this certificate this _____ day of _____, 201_ .


_____
(SIGNATURE)

-27-