# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>APPLE, INC., et al.,<br><br>        Defendants. | Civil Action No. 12-cv-2826 (DLC) |
| IN RE ELECTRONIC BOOKS<br>ANTITRUST LITIGATION | Civil Action No. 11-md-02293 (DLC) |
| This document relates to:<br><br>  ALL ACTIONS | <u>CLASS ACTION</u> |
| THE STATE OF TEXAS;<br>THE STATE OF CONNECTICUT; et al<br><br>        Plaintiffs,<br><br>        v.<br><br>PENGUIN GROUP (USA) INC. et al,<br><br>        Defendants. | Civil Action No. 12-cv-03394 (DLC) |

# <u>JOINT INITIAL REPORT</u>

Pursuant to section I(A) of the Standing Order for the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York ("Pilot Project Standing Order"), which, by order of this Court, governs pretrial procedures in this matter, all parties in the above-referenced actions submit this Initial Report. Unless explicitly stated, nothing in this Initial Report shall be construed to create, limit, or waive any rights, privileges, or defenses, including the attorney-client or any other applicable privileges and any defense based on lack of personal jurisdiction or improper venue.

If one or more of the proposed settlements pending before the Court is not approved or otherwise is not finalized, or if any settlement in one of the above-referenced actions does not dispose of all claims against all Settling Defendants for all plaintiffs in that action, the parties will meet and confer promptly to determine whether any provisions of this Initial Report should be amended.

1.    **DEFINITIONS**

Throughout this Initial Report, the following terms will be used:

(a)     "actions" refers collectively to all the above-captioned actions;

(b)     "DOJ Action" refers to United States v. Apple, Inc. et al, Civil Action No. 12-cv-2826 (DLC) and "DOJ" refers to the United States Department of Justice;

(c)     "Class Action" refers to the multidistrict litigation titled In re Electronic Books Antitrust Litigation, Civil Action No. 11-md-02293 (DLC);

(d)     "State Action" refers to Texas et al v. Penguin Group (USA) Inc., et al, Civil Action No. 12-cv-03394 (DLC) and "States" refers to the State Action Plaintiffs;

(e)     "ebook investigation" means DOJ's investigation, formal or informal, of

Defendants; the States' investigation, formal or informal, of Defendants; or any

other investigation, whether formal or informal, by any regulatory or

governmental authority relating to any of the activities or conduct alleged in the

DOJ Action or State Action;

(f)     "parties" refers collectively to all parties to the actions as of the date of this Initial

Report (even if any such party is or becomes a Settling Defendant) and those who

later join as parties, and "party" refers to any individual member of that group,

with (for the purposes of case management only) Penguin Group (USA), Inc. and

The Penguin Group, a Division of Pearson PLC being considered together as one

"party;" Holtzbrinck Publishers, LLC d/b/a Macmillan and Verlagsgruppe Georg

Von Holtzbrinck GmBH being considered together as one "party"; Simon &

Schuster, Inc. and Simon & Schuster Digital Sales, Inc. being considered together

a one "party"; all Class Action plaintiffs being considered together as one "party";

and all State Action plaintiffs being considered together as one "party";

(g)     "Plaintiffs" refers collectively to all Plaintiff parties in the actions as of the date of

this Initial Report and those who later join as Plaintiff parties, and "Plaintiff"

refers to any individual member of that group;

(h)     "Defendants" refers collectively to all Defendant parties in the actions as of the

date of this Initial Report (even if any such Defendant is or becomes a Settling

Defendant) and those who later join as Defendant parties, and "Defendant" refers

to any individual member of that group;

3

(i)     "Settling Defendants" refers collectively to those Defendants who have entered into a final and approved settlement with one or more Plaintiffs or whose proposed settlement with one or more Plaintiffs is pending with the Court, and "Settling Defendant" refers to any individual member of that group;

(j)     "Non-Settling Defendants" refers collectively to those Defendants who have no proposed settlement pending with the Court, and "Non-Settling Defendant" refers to any individual member of that group; and

(k)     "non-parties" refers collectively to persons or entities who were not parties in any of the actions as of the date of this Initial Report and have not since joined as parties, and "non-party" refers to any individual member of that group.

Once any Defendant has received final judgment(s) or dismissal(s), or has reached final and approved settlement(s), in a manner that disposes of all claims against it in all the actions as to all Plaintiffs, that Defendant will no longer be considered a party, a Defendant, a Settling Defendant, or Non-Settling Defendant for purposes of this Initial Report, and is relieved of any obligations herein. However, in such a circumstance, if the time for discovery has not ended, any such former Defendant may continue to be served with discovery requests under those provisions of the Federal Rules of Civil Procedure relevant to non-parties, and each Defendant agrees to remain under the jurisdiction of this Court with respect to such discovery.

## 2.    SCHEDULE

Pursuant to Exhibit A(8) of the Pilot Project Standing Order, the parties have prepared proposed schedules for the actions. See Attachment A. (The disputed portions of the schedule are further discussed in Attachment B hereto, Parties' Current Disputes, at items 1-2.)

4

To the extent any dates in the proposed schedule (or, when ordered by the Court, any final schedule) are affected by any Court-ordered stay or extensions thereof, the parties will meet and confer to determine reasonable alternative dates applicable to any parties included under the stay, as necessary.

**3.      COORDINATION OF THE ACTIONS**

The parties agree that, to improve the efficiency of discovery in the actions, maintain the proposed schedule, and reduce the burden on any party or non-party responding to discovery requests, all parties will observe the following rules:

(a)      Party Participation in Discovery Meetings:  A representative of each party (including Settling Defendants) must attend and participate in discovery planning meetings or phone calls with other parties, when requested, as well as any meet-and-confer sessions convened to discuss a discovery dispute involving that party.

(b)      Discovery Shared with All Parties:  Except as otherwise provided in this Initial Report or other applicable stipulation, law, rule, or order:  (1) Parties who produce discovery in any of the actions must produce it to all parties, and (2) If a non-party produces discovery to a party in any of the actions, the receiving party must provide it promptly to all other parties.

(c)      Cross-Use of Discovery:  All initial disclosures and discovery produced in response to a discovery request or subpoena in any of the actions (even if that action is later stayed, settled, dismissed, or otherwise ceases to be active, or the producing party has settled or been dismissed from any of the actions), including

testimony of deposition witnesses, is deemed produced in and may be used,

subject to the Federal Rules of Evidence, in the other actions.

(d)    Court's Jurisdiction:  To the full extent allowed by law, this Court indicates its

intent to exercise jurisdiction to hear any discovery disputes regarding non-party

subpoenas served in connection with the actions, including motions to quash or

modify and motions to compel.

(e)    Foreign Documents and Witnesses:  See Attachment B, Parties' Current Disputes,

at item 3.

## 4.    INITIAL DISCLOSURES

The parties will dispense with the initial disclosures described in Federal Rule of Civil

Procedure 26(a)(1), and in place of such disclosures, will exchange the following information:

(a)    All Parties – Custodian Lists:  By June 20, 2012, each party must serve on all

other parties a list of all its employees (current and former) and agents (current

and former) who the party proposes to include as document custodians in the

actions (the "Custodian List").  For each individual listed, the Custodian List must

include: (i) the person's name; (ii) the person's employer and city, state, and

country of employment; (iii) the person's current title, if any, with that party and

any other title he or she has had with the party since November 1, 2007; (iv) a

statement as to whether the person is currently employed by or an agent of the

party and, if not, the person's last known phone number(s), address(es), and email

address(es); and (v) a brief statement explaining the nature of the person's

relevance to the actions or the relevance of the documents in his or her

possession.  If any party objects to the sufficiency of another party's Custodian

List, the parties will meet and confer in an attempt to resolve their disagreement,

consistent with the procedures described in section 10(b) of this Initial Report.  To

the extent any Defendant has been granted a stay by the Court, that Defendant's

Custodian List must be served within 21 days of the expiration of that stay or any

extension thereof.

(b)     All Parties – Rule 26(a)(1)(A)(i) Disclosures:  All parties agree to produce to the

other parties the disclosures described in Federal Rule of Civil Procedure

26(a)(1)(A)(i) by July 2, 2012, except that the States and Class Plaintiffs may

limit their disclosures to information that is not duplicative of DOJ's disclosures,

and may produce that information by July 9, 2012.  To the extent any Defendant

has been granted a stay by the Court, that Defendant's disclosures as described in

this paragraph must be served within 21 days of the expiration of that stay or any

extension thereof.

(c)     Other DOJ and States Initial Productions:  DOJ and the States will use their best

efforts to produce to all other parties by June 22, 2012 or as soon as possible

thereafter:  (i) the civil investigative demands ("CIDs") regarding ebooks that

DOJ or the States served in connection with their ebooks investigations; (ii) the

transcripts and exhibits from any depositions taken by DOJ or the States pursuant

to those CIDs; (iii) a list of individuals interviewed by DOJ or the States during

their ebooks investigations, (iv) all documents produced to DOJ or the States by

parties or non-parties in response to those CIDs, unless the party or non-party

originally producing these documents informs DOJ and/or the States that it will instead agree to reproduce those documents to the other parties itself, in which case it must use its best efforts to reproduce them by June 22, 2012, and (v) any interrogatory responses and white papers received by DOJ or the States from the parties or non-parties relating to the ebooks investigations.

(d)     Other Non-Settling Defendant Initial Productions:  Each Non-Settling Defendant will use its best efforts to produce to all other parties by June 22, 2012 or as soon as possible thereafter, to the extent not already produced, and without waiving any objections to future foreign discovery:  (i) all documents and data previously produced (either voluntarily or involuntarily) to any regulatory or governmental authority outside the United States as part of any ebooks investigation, unless, despite the parties' compliance with the provisions relating to foreign discovery agreed to by Plaintiffs and Non-Settling Defendants (currently found at Attachment B, Parties' Current Disputes, at item 3), production of any portion of these documents or data cannot take place without violating an applicable foreign law or rule, in which case the Non-Settling Defendant must, subject to any applicable privilege, produce such portion promptly upon resolution of the issue, and (ii) to the extent maintained in the normal course of the Non-Settling Defendant's business, organizational charts and personnel directories for the Non-Settling Defendant as a whole and for each of its facilities or divisions involved with ebooks or print books (excluding textbooks), including but not limited to organizational charts showing the relationship of the company to any foreign

8

parent entities, from November 1, 2007 to the present (except for Macmillan, which disputes this provision; see Attachment B, Parties' Current Disputes, at item 4).

(e)     Other Settling Defendant Initial Productions:  Within 21 days of the expiration of any stay in the actions granted by the Court or extension thereof, each Settling Defendant will produce, to the extent not already produced and to the extent maintained in the normal course of the Settling Defendant's business, organizational charts and personnel directories for the Settling Defendant as a whole and for each of its facilities or divisions involved with ebooks or print books (excluding textbooks), including but not limited to organizational charts showing the relationship of the company to any foreign parent entities, from November 1, 2007 to the present.  See also Attachment B, Parties' Current Disputes, at item 5.

## 5.     DOCUMENT PRODUCTION, INCLUDING ESI

The parties have prepared a separate proposed order regarding the logistics of document discovery in the actions, which includes initial provisions for the collection and production of electronically stored information ("ESI").  See Attachment C.

## 6.     DISCOVERY LIMITATIONS

**Party Discovery**

(a)     Settling Defendants' Status:  See Attachment B, Parties' Current Disputes, at item 6.

(b)     <u>Effect of Stay</u>:  No discovery of any kind may be served on Settling Defendants during the pendency of any discovery stay issued by the Court.

(c)     <u>Consultation</u>:  Each Plaintiff must consult the other Plaintiffs, and each Defendant must consult the other Defendants, before serving any discovery request on a party for the purpose of ensuring that the parties do not serve unnecessarily duplicative requests and, for deposition notices, to allow Plaintiffs (or Defendants) to confer on the number of notices needed.

(d)     <u>Document Requests</u>:  Each party may serve unlimited number of document requests to any other party(-ies).  Settling Defendants may serve document requests only on Class Plaintiffs, any Non-Settling Defendant, or any other Settling Defendant.  Settling Defendants may be served with document requests by any Plaintiff, any Non-Settling Defendant, or any other Settling Defendant.

(e)     <u>Interrogatories</u>:  Each party except Settling Defendants may serve up to a total of 25 interrogatories to any one party, or divided among multiple parties.  <u>See</u> <u>also</u> Attachment B, Parties' Current Disputes, at item 7.

(f)     <u>Contention Interrogatories</u>:  <u>See</u> Attachment B, Parties' Current Disputes, at item 7.

(g)     <u>Requests for Admission</u>:  The parties must observe the limitations on length stated in section II(F) of the Pilot Project Standing Order.  <u>See</u> <u>also</u> Attachment B, Parties' Current Disputes, at item 8.

(h)     <u>Party Fact Depositions</u>:  For 30(b)(6) depositions, each 7-hour period of deposition (whether with a single witness or multiple witnesses, and whether on a

single noticed topic or multiple noticed topics) will count as one deposition against the total allotment for party depositions provided in this paragraph.  See also Attachment B, Parties' Current Disputes, at item 9.

(i)     Party Fact Depositions by Settling Defendants:  For purposes of the Class Action only, each Settling Defendant may depose up to 5 party fact witnesses pursuant to Federal Rule of Civil Procedure 30(b)(1) or party witnesses pursuant to Rule 30(b)(6) (the latter to be counted per 7-hour period of deposition, as stated in paragraph 6(g) above), except that Settling Defendants may not serve such notices to any Plaintiff other than Class Plaintiffs.  Settling Defendants may not serve any other party deposition notices in any of the actions.

(j)     Treatment of States:  Discovery requests directed to any of the States may be directed to any individual State or to the States as a whole.  For the latter, each such request will be counted as a single request, for purposes of the allotment of requests as provided herein, and the States may choose to provide a single joint response or multiple responses.  If the States choose to provide multiple responses, each State must clearly indicate which response it provides or joins.

(k)     Treatment of Class Action Plaintiffs:  Discovery requests directed to any of the Class Action Plaintiffs may be directed to any individual Class Action Plaintiff, or to the Class Action Plaintiffs as a whole.  For the latter, each such request will be counted as a single request, for purposes of the allotment of requests as provided herein, and the Class Action Plaintiffs may choose to provide a single joint response or multiple responses.  If the Class Action Plaintiffs choose to provide

multiple responses, each Class Action Plaintiff must clearly indicate which response he or she provides or joins.

(l) <u>Identical Requests</u>:  Each discovery request, even if identical to a request served on a different party, will count against the total allotment of such requests as provided herein, except as provided in subsections (j) and (k) above.

(m) <u>Exceptions</u>:  The limitations on the number of discovery requests set forth under this subheading ("Party Discovery") do not apply to (1) discovery requests made by a Plaintiff to another Plaintiff or a Defendant to a Non-Settling Defendant; (2) depositions taken solely to (i) establish the authenticity or admissibility of documents, (ii) lay the foundation for a possible objection to a claim of privilege, (iii) ascertain compliance with a subpoena, or (iv) lay foundation for a possible motion to compel; (3) depositions taken of individuals who provide declarations, affidavits, or affirmations, as described in section 7(n) below; and (4) depositions of witnesses on a party's trial witness list, as described in section 7(o) below.

**Non-Party Discovery**

(n) <u>Joint Requests Only</u>:  No discovery request (whether a document request, deposition notice, or other) may be served on any non-party except by joint subpoena of the Plaintiffs collectively or Defendants collectively.

(o) <u>Limitations</u>:  If the identity of the particular non-party witness to be deposed is not stated in the subpoena and the non-party offers the deposition of more than one witness in response to the subpoena, each 7-hour period of deposition will count as one deposition against the total allotment for non-party depositions

provided in this paragraph.  See also Attachment B, Parties' Current Disputes, at item 10.

(p)     Contact with Subpoenaed Non-Parties:  Each party must provide the other parties with:  (1) a copy of the party's written communications (including email) with any non-party containing any substantive content concerning the subpoena or the subpoenaed non-party's response to or compliance therewith, within 24 hours of the communication; (2) a written record of any oral or written modifications to the subpoena, within 24 hours of the modification; (3) notice that the party has received any documents or data from the non-party in response to the subpoena, within 24 hours of receipt; and (4) a copy of such documents or data, promptly upon receipt.

**Further Discovery Stipulations**

(q)     Accounting of Discovery Requests/Subpoenas:  From time to time, the parties must meet and confer on the calculation of the number of allotted discovery requests and subpoenas that each believes has been used.

(r)     Withdrawal of Deposition Notices:  Upon giving reasonable notice, a party (including Plaintiffs collectively or Defendants collectively) may withdraw a deposition notice at any time prior to the deposition, and that deposition will not count against the party for purposes of the number of depositions allotted herein.

(s)     Rights Reserved:  Nothing in this section prohibits a party or non-party from objecting to or moving to quash or modify any particular discovery request or subpoena it receives, or from seeking a protective order from the court, on any

appropriate ground, including that the discovery requests noticed to it are cumulative or unfairly burdensome.  In addition, for good cause shown, any party may seek relief from the Court from the limitations set forth under this section heading ("Discovery Limitations").

## 7.  FACT DEPOSITIONS

### Attendance & Scheduling

(a)     All parties may attend any deposition noticed in any of the actions.  Parties must provide reasonable notice of the number and identity of attendees prior to each scheduled deposition.

(b)     Parties noticing a deposition must make reasonable efforts to choose a date for the deposition that is convenient for the witness and, when possible, all attending parties.

(c)     Depositions conducted solely to inquire of a witness regarding document or data location, management, or preservation may be taken at any time during the fact discovery period beginning 30 days after the filing of this Initial Report.  All other fact depositions may be taken starting on the date provided in the case schedule.

### Time

(d)     Except for the depositions described in paragraph 7(e) below, depositions will proceed for no more than 7 hours of on-the-record time.

  i.  Any party who noticed the deposition (including Plaintiffs collectively or Defendants collectively, for non-party depositions) is entitled to question the witness for 6 of the 7 hours of on-the-record time, or an equivalent

portion of any deposition scheduled to last more or less than 7 hours on-the-record.

ii. A Plaintiff noticing a deposition may cede some or all of its examination time to another Plaintiff, and the deposition will count against the allotment of depositions provided in section 6 above for only the noticing Plaintiff. A Defendant noticing a deposition may cede some or all of its examination time to another Defendant, and the deposition will count against the allotment of depositions provided in section 6 above for only the noticing Defendant.

iii. During the time remaining after the noticing party or parties have finished their examination, any other parties attending the deposition (including the party defending the deposition, or, if none, the witness's counsel) may question the witness, with a reasonable division of this time to be determined among them.

iv. For non-party depositions noticed by the Plaintiffs collectively or Defendants collectively, the member parties of the noticing group must meet and confer to determine how the allotted time for the deposition will be used among them.

(e)   Depositions may proceed for longer than 7 hours of on-the-record time when (1) more than one party has served a notice for the same party witness's deposition, or both Plaintiffs (collectively) and Defendants (collectively) have served a subpoena for the same non-party witness's deposition, in which case the

witness will sit for one deposition of a length to be determined by the parties, after consideration of the burden on the witness; (2) a witness is designated to serve as a 30(b)(6) witness and also has been served with a deposition notice in his or her individual capacity, in which case the witness will sit for one deposition of a length to be determined by the parties; (3) an agreement for a longer duration is reached between the party taking the deposition and the party defending the deposition (or, if the witness is not represented by any party, the witness's counsel), in light of all parties' recognition that depositions of some fact witnesses may reasonably require more than one day and their agreement to negotiate such extensions of deposition time in good faith; or (4) by order of the Court.

**Questioning & Objections**

(f)        In the event of multiple notices for the same deposition, the noticing parties will meet and confer to determine the order of examination and appropriate reservation of time.  The order of notices does not create any presumption as to the order of examination or amount of time reserved for questioning by the noticing parties (subject to any limitations herein).

(g)        An objection or motion to strike made by any party at a deposition will be preserved for all other parties and need not be explicitly joined.

**Logistics & Costs**

(h)        The parties will meet and confer to determine if they can reasonably agree on use of a single national court reporting service or otherwise share costs.

(i)     The first party to notice the deposition will be responsible for arranging for the deposition space, court reporter, and (if necessary) videographer.

(j)     Each party is responsible for ordering and paying for its own copies of the transcripts or video from the court reporter or videographer, unless the parties agree to share these costs.

**30(b)(6) Depositions**

(k)     A party served with a notice for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) may designate one person to testify on more than one noticed topic, or may designate more than one witness to testify on a single noticed topic.

(l)     For a witness who may act both as an individual and 30(b)(6) witness, the parties will make reasonable efforts to address all topics relevant to the witness in one deposition.

**Additional Depositions**

(m)     On the date set forth in the case schedule, each party must serve on the others a preliminary list of fact witnesses that, in the good-faith assessment of the party, it will call to testify at trial in its case-in-chief.  For each such witness under that party's control, the party will make reasonable efforts to secure the witness's attendance at a deposition promptly, if so noticed by any party pursuant to this Initial Report.

(n)     Any person not serving as a party's external legal counsel in the actions who submits a declaration, affidavit, or affirmation in support of any motion, letter to

court, or other submission by a party in one or more of the actions, at any time, may be deposed thereafter by any party.

(o)     Any witness appearing on a party's final trial witness list who has not previously been deposed in the actions and who was not previously identified as a potential witness may be deposed prior to trial (or, if the parties agree, during trial).

## 8.   EXPERTS

(a)     The parties will make all disclosures required by Federal Rule of Civil Procedure 26(a)(2), as modified or limited herein, at the times and in the manner provided below and in the schedule found at Attachment A.  The term "expert" as used herein refers to a witness a party may use to present evidence under Federal Rule of Evidence 702, 703, or 705.

(b)     Expert Identity and Subject Matter:  On the date provided in the case schedule, each party that intends to offer the testimony of one or more experts must disclose to the other parties:  (i) each expert's name and employer or associated organization, and (ii) the general subject matter of the expert's expected testimony.

(c)     Opening Expert Reports and Summaries:  On the date provided in the case schedule, each party that intends to offer the testimony of one or more experts, excluding any testimony described in Federal Rule of Civil Procedure 26(a)(2)(D)(ii), must serve an expert report (or, as applicable, a summary for each expert in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)), provided, however, that the term "considered" as used in Federal Rule of Civil

Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon"

for purposes of this section 8.

(d)   <u>Rebuttal Expert Reports and Summaries</u>:  On the date provided in the case

schedule, each party must serve any rebuttal expert reports responding to one or

more of the opening expert reports, pursuant to Federal Rule of Civil Procedure

26(a)(2)(D)(ii), or rebuttal summaries in compliance with Rules 26(a)(2)(B) or

(C).  No further expert reports or summaries are allowed without leave of Court.

(e)   <u>Associated Documents and Data</u>:  Within 2 business days of service of any expert

report, the serving party must produce to all other parties a copy of all documents

or data referred to therein, except for any documents or data that have been

produced previously in the actions, which can instead be referred to by Bates

number.  To the extent the disclosures in an expert report include, reply upon, or

describe exhibits, information, or data processed or modeled by a computer at the

direction of an expert in the course of forming the expert's opinions, the party

offering the expert's opinions must produce machine-readable copies of the data

along with the appropriate programs, software, and instructions, except that no

party need produce programs, software, or instructions that are commercially

available at a reasonable cost.  No party need produce databases, programs, and

software that (i) are used in the ordinary course of a party's business and (ii) are

not practicable to copy, as long as the party offering the expert's opinion provides

timely and reasonable access for purposes of replication or analysis of disclosed

results.

(f)    <u>Expert Discovery Limitations</u>:  The provisions of Federal Rule of Civil Procedure 26(b)(4)(C), as modified or limited herein, will apply to expert discovery in the actions.  No expert or party is required to produce or describe on a privilege log and no party may seek discovery of by any method (including by deposition): (1) any communication between an expert (including his or her assistants, employees, or agents) and a party offering the testimony of such expert (including the party's employees, agents, consultants, and counsel, and their employees or agents); (2) any communication between an expert and his or her employees, assistants, or agents; (3) drafts of any report, exhibit, study, work paper, computation, calculation, compilation, or any other material prepared by, for, or at the direction of an expert, regardless of the form in which the draft is recorded; or (4) any notes or other writings made by, for, or at the direction of an expert. Nothing in this paragraph relieves an expert or party from the duty to identify the facts, data, and assumptions that the expert relied upon in forming his or her opinions.

(g)    <u>Depositions</u>:  The parties have not waived expert depositions.  An expert may be deposed for up to 2 days (14 hours of on-the-record time).

(h)    <u>Finality of Expert Evidence</u>:  Subject to the duty to correct under Federal Rule of Civil Procedure 26(a)(2)(E) and Rule 26(e)(2), no expert report, summary, or other expert evidence may be supplemented, and no expert evidence may be offered or admitted that has not been timely and properly disclosed, except by leave of Court.

9.    **STAY OF DISCOVERY**

   (a)    The parties recognize this Court's May 1, 2012 order staying the actions as

against Hachette Book Group, Inc. and HarperCollins Publishers LLC until July

11, 2012 and the Court's extension of that order to Simon & Schuster, Inc.

Settling Defendants have expressed their intention to seek an extension of this

stay.  The other parties reserve their rights to object to any further stay.

10.   **DISPUTES & MOTIONS**

   (a)    <u>Current or Anticipated Disputes</u>:  The parties request that the Court hear argument

on certain disputes at the Initial Conference on June 22, 2012, set forth in

Attachment B.

   (b)    <u>Future Discovery Disputes</u>:  If further discovery disputes arise between the

parties, the parties must follow the procedures for seeking resolution of such

disputes set forth in sections II(B) and (C) of the Pilot Project Standing Order,

except that a party need not seek permission of the Court to provide a reply

dispute letter, but does not prevent the Court from resolving the dispute prior to

receiving that reply.

   (c)    <u>Non-Discovery Motions</u>:  Section 3(A) of this Court's Individual Practices in

Civil Cases (which dispenses with the pre-motion conference requirement for all

motions except discovery motions), and not section III(A) of the Pilot Project

Standing Order, governs non-discovery motion practice in the actions.  Otherwise,

section III of the Pilot Project Standing Order governs non-discovery motion

practice in the actions.

(d)     <u>Rule 56.1 Statements</u>:  Pursuant to section III(D) of the Pilot Project Standing

Order, the parties seek an order from the Court stating that no party shall file a

Statement of Material Facts as described in Southern District of New York Local

Rule 56.1 when moving for summary judgment under Federal Rule of Civil

Procedure 56.

**11.     ADR/MEDIATION**

At this time, the Plaintiffs and Non-Settling Defendants agree that alternative dispute

resolution, including mediation, would not be fruitful.  The parties agree, however, to

revisit the issue during or after discovery, or at the direction of the Court.

**12.     TRIAL**

(a)     <u>Trial-Ready Date</u>:  See the proposed schedules in Attachment A.

(b)     <u>Magistrate Trial</u>:  The parties do not consent to trial by magistrate.

(c)     <u>Pretrial Order</u>:  The parties do not consent to waive the pretrial order.

Attachment A:  Proposed Schedules
Attachment B:  Parties' Current Disputes
Attachment C:  Joint Electronic Discovery Submission No. 1

**STIPULATED AND AGREED TO:**

Dated: June 15, 2012            By:     _Carrie A Syme_
                                        Mark W. Ryan
                                        Daniel McCuaig
                                        Carrie A. Syme
                                        U.S. Department of Justice
                                        Antitrust Division
                                        450 Fifth Street, NW, Suite 4000
                                        Washington, DC 20530
                                        (202) 532-4753
                                        mark.w.ryan@usdoj.gov
                                        *On behalf of the United States*

22

By: _____

Eric Lipman (EL6300)
Gabriel Gervey
David Ashton
Assistant Attorneys General
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711
(512) 463-1579
eric.lipman@texasattorneygeneral.gov

*On Behalf of the Plaintiff States*

By: _____
W. Joseph Nielsen
Gary M. Becker (GB8259)
Assistant Attorneys General
Office of the Attorney General of Connecticut
55 Elm Street
Hartford, CT 06106
(860) 808-5040
Joseph.Nielsen@ct.gov

*On Behalf of the Plaintiff States*

By: _____

Steve W. Berman (*Pro Hac Vice*)
Jeff Friedman
Shana Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

*On Behalf of the Class Plaintiffs*

By: _____

Kit A. Pierson (pro hac vice)
Jeffrey Dubner (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue NW
Suite 500, West Tower
Washington, D.C. 20005
(202) 408-4600
kpierson@cohenmilstein.com

*On Behalf of the Class Plaintiffs*

By: _____

Shepard Goldfein
Clifford H. Aronson
Paul M. Eckles
C. Scott Lent
Matthew M. Martino
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
shepard.goldfein@skadden.com

*On behalf of Defendant HarperCollins Publishers L.L.C.*

By: _____

James W. Quinn
Yehudah L. Buchweitz
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
james.quinn@weil.com
yehudah.buchweitz@weil.com

Helene D. Jaffe
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
hjaffe@proskauer.com

Martha E. Gifford
Law Office of Martha E. Gifford
137 Montague Street #220
Brooklyn, NY 11201
(718) 858-7571
giffordlaw@mac.com
*On behalf of Defendants Simon & Schuster, Inc.
and Simon & Schuster Digital Sales, Inc.*

By: _____

John J. Lavelle
Joel M. Mitnick
Alexandra Shear
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
jlavelle@sidley.com
ashear@sidley.com

*On behalf of Defendants Holtzbrinck Publishers,*
*LLC d/b/a Macmillan and Verlagsgruppe Georg*
*von Holtzbrinck GmbH*

29

By: _____

Walter B. Stuart
Samuel J. Rubin
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
New York, NY 10022
(212) 277-4000
walter.stuart@freshfieldscom

*On behalf of Defendants Hachette Book Group, Inc.*
*and Hachette Digital, Inc.*

By:

Daniel Ferrel McInnis
David A. Donohoe
Allison Sheedy
Gregory J. Granitto
Akin Gump Strauss Hauer & Feld, LP
1333 New Hampshire Ave., NW
Washington, DC 20036
(202) 887-4000
dmcinnis@akingump.com

*On behalf of Defendants Penguin Group (USA),*
*Inc. and the Penguin Group*

31

By: _____

Daniel S. Floyd (*Pro Hac Vice*)
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
dfloyd@gibsondunn.com

*On behalf of Defendant Apple, Inc.*