**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————
                                                    )
IN RE ELECTRONIC BOOKS                              )
ANTITRUST LITIGATION                                )        Civil Action No. 11-md-02293 (DLC)
                                                    )
——————————————————————        )        ECF Case (electronically filed)
                                                    )
This document relates to:                           )
                                                    )
ALL ACTIONS                                         )
                                                    )
——————————————————————

**ANSWER OF DEFENDANT HARPERCOLLINS PUBLISHERS L.L.C. TO
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant

HarperCollins Publishers L.L.C. ("HarperCollins"), by and through its attorneys, hereby answers

the Consolidated Amended Class Action Complaint ("Complaint") as follows.[1]  Except as

specifically admitted, HarperCollins denies the allegations in the Complaint.  Unless otherwise

noted, all references to a specified paragraph refer to the numbered paragraphs in the Complaint.

1.       To the extent Paragraph 1 of the Complaint states one or more legal conclusions,

HarperCollins avers that no response is required.  To the extent a response may be required,

HarperCollins denies the allegations in Paragraph 1 of the Complaint as they relate to

HarperCollins, except admits that the Amazon Kindle is a handheld digital reader, that it was

introduced in November 2007 and that it replicates the appearance of ink on paper.

HarperCollins is without sufficient knowledge or information to form a belief as to the truth or

---

[1]       HarperCollins submits this Answer notwithstanding that it has reached a proposed settlement with
substantially all U.S. States and territories, including the District of Columbia, in their superior capacity
as *parens patriae*.  As a result of the proposed settlement, HarperCollins expects that all or substantially
all of the putative class members in this litigation will release all claims against HarperCollins and no
longer have standing to assert a claim.  Accordingly, HarperCollins submits this Answer without waiver
or prejudice and expressly reserves all rights and objections regarding its status in this action.

falsity of the allegations in Paragraph 1 of the Complaint as they relate to other Defendants and therefore denies the same.

2.      To the extent Paragraph 2 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint and therefore denies the same except admits that Amazon set the price of certain eBooks at or below $9.99, and HarperCollins charged Amazon a wholesale price at or above $9.99 for certain eBooks.

3.      To the extent Paragraph 3 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 3 of the Complaint as they relate to HarperCollins except admits concern over Amazon predatory pricing and its impact on physical books and brick-and-mortar bookstores, and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint as they relate to other Defendants and therefore denies the same.

4.      To the extent Paragraph 4 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 4 of the Complaint as they relate to HarperCollins except admits that it unilaterally switched to the agency model, and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint as they relate to other Defendants and therefore denies the same.

5.      HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint and therefore denies the

same, except admits that Paragraph 5 of the Complaint purports to contain language taken directly from a 2009 article in *The New Yorker*.

6.      To the extent Paragraph 6 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 6 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint as they relate to other Defendants and therefore denies the same.

7.      To the extent Paragraph 7 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 7 of the Complaint, except admits that HarperCollins publicly announced its intention to window eBooks in December 2009. HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint as they relate to other Defendants and therefore denies the same.

8.      To the extent Paragraph 8 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and therefore denies the same, except admits that the Apple iPad was introduced in January 2010; that Apple manufacturers the iPod, iPhone and iPad devices; and that Apple distributes digital media through its App Store and iTunes Store.  HarperCollins denies the allegations in the last two sentences of Paragraph 8 of the Complaint.

9.      To the extent Paragraph 9 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in the last sentence of Paragraph 9 of the Complaint as they relate to HarperCollins except admits that there were news reports about HarperCollins' and Apple's discussions in January 2010, and is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 of the Complaint as they relate to HarperCollins and therefore denies the same.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint as they relate to other Defendants and therefore denies the same.

10.      To the extent Paragraph 10 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 10 of the Complaint except admits that HarperCollins entered into an agreement in January 2010 under which Apple would distribute HarperCollins' eBooks under an agency model.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth of falsity of the allegations in Paragraph 10 of the Complaint as they relate to other Defendants and therefore denies the same.

11.      To the extent Paragraph 11 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 11 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint as they relate to other Defendants and therefore denies the same.

12.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint and therefore denies the same, except admits that Paragraph 12 purports to contain language taken directly from a July 22, 2010 article on Publishersmarketplace.com and a June 2, 2010 article on mayareynoldswriter.blogspot.com.

13.     To the extent Paragraph 13 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 13 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint as they relate to other Defendants and therefore denies the same.

14.     To the extent Paragraph 14 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 14 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint as they relate to other Defendants and therefore denies the same.

15.     To the extent Paragraph 15 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint and therefore denies the same, except admits that Paragraph 15 purports to contain language taken directly from a July 22, 2010 article on Publishersmarketplace.com.

16.     To the extent Paragraph 16 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 16 of the Complaint as they relate to HarperCollins, except admits that Apple announced the launch of the iPad on January 27, 2010; that the iPad includes an application to read eBooks; that Apple announced that it entered into agreements with a number of publishers, including HarperCollins; and that HarperCollins' agreement with Apple made it the seller of record and gave it the ability to set the price of its eBooks.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint as they relate to other Defendants and therefore denies the same.

17.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Complaint and therefore denies the same, except admits that Paragraph 17 of the Complaint purports to contain language taken directly from a conversation between Apple CEO Steve Jobs and Walt Mossberg of the *Wall Street Journal*.

18.     To the extent Paragraph 18 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint and therefore denies the same, except admits that Paragraph 18 of the Complaint purports to contain language taken directly from the book *Steve Jobs* by Walter Isaacson.

19.     To the extent Paragraph 19 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required,

HarperCollins denies the allegations in Paragraph 19 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint as they relate to other Defendants and therefore denies the same.

20.     To the extent Paragraph 20 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 20 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint as they relate to other Defendants and therefore denies the same.

21.     To the extent Paragraph 21 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 21 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint as they relate to other Defendants and therefore denies the same, except admits that Plaintiffs purport to bring claims and seek damages under federal and state antitrust laws.

22.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24.     To the extent Paragraph 24 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25.     To the extent Paragraph 25 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26.     To the extent Paragraph 26 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint and therefore denies the same.

27.     To the extent Paragraph 27 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint and therefore denies the same.

28.     To the extent Paragraph 28 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint and therefore denies the same.

29.     To the extent Paragraph 29 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required,

HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint and therefore denies the same.

30.     To the extent Paragraph 30 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Complaint and therefore denies the same.

31.     To the extent Paragraph 31 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32.     To the extent Paragraph 32 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33.     To the extent Paragraph 33 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34.     To the extent Paragraph 34 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint and therefore denies the same.

35.     To the extent Paragraph 35 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint and therefore denies the same.

36.     To the extent Paragraph 36 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint and therefore denies the same.

37.     To the extent Paragraph 37 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint and therefore denies the same.

38.     To the extent Paragraph 38 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint and therefore denies the same.

39.     To the extent Paragraph 39 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint and therefore denies the same.

40.     To the extent Paragraph 40 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required,

HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint and therefore denies the same.

41.     To the extent Paragraph 41 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint and therefore denies the same.

42.     To the extent Paragraph 42 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint and therefore denies the same.

43.     To the extent Paragraph 43 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44.     To the extent Paragraph 44 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Complaint and therefore denies the same.

45.     To the extent Paragraph 45 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the Complaint and therefore denies the same.

46.     To the extent Paragraph 46 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Complaint and therefore denies the same.

47.     To the extent Paragraph 47 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 47 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Complaint as they relate to other Defendants and therefore denies the same.

48.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Complaint and therefore denies the same, except admits that Apple manufactures certain mobile devices involving digital media, such as the iPad, which support eReader applications.

49.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint and therefore denies the same.

50.     HarperCollins admits the allegations in Paragraph 50 of the Complaint.

51.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Complaint and therefore denies the same.

52.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Complaint and therefore denies the same.

53.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Complaint and therefore denies the same.

54.     To the extent Paragraph 54 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 54 of the Complaint, except admits that the Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 4 and 15 and 28 U.S.C. §§ 1331 and 1337.

55.     To the extent Paragraph 55 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins admits the allegations in Paragraph 55 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Complaint as they relate to other Defendants and therefore denies the same.

56.     To the extent Paragraph 56 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Complaint and therefore denies the same.

57.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Complaint and therefore denies the

same, except admits that it has sold hardcover books for many years, including hardcover books appearing on the *New York Times* Bestseller list.

58.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Complaint and therefore denies the same, except admits that printed hardcover books may be sold at discounts off the list price.

59.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Complaint and therefore denies the same, except admits that HarperCollins generally sells and/or sold titles to retailers under a "wholesale model" (as described in the first two sentences of Paragraph 59).

60.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Complaint and therefore denies the same, except admits that, under certain contracts, HarperCollins sells and/or sold titles to retailers under a "wholesale model."

61.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations denies the allegations in Paragraph 61 of the Complaint and therefore denies the same, except admits that Amazon released the Kindle in November 2007; that the Kindle is a handheld digital reader for eBooks; that eBooks may be read on eReaders, personal computers, tablets and mobile phones; and that eBooks may be sold through eReaders and the web, among other methods.

62.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Complaint and therefore denies the same, except admits that HarperCollins, at one point in time, sold books through Amazon using a wholesale distribution model.

63.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Complaint and therefore denies the same, except admits that Sony introduced the Sony reader in 2006 and that Amazon's Kindle replicated the appearance of ink on paper.

64.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the Complaint and therefore denies the same, except admits that Amazon set the prices of certain eBook titles at or below $9.99.

65.     To the extent Paragraph 65 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the Complaint and therefore denies the same, except admits that Amazon offered certain HarperCollins titles to consumers at a price below what Amazon paid to HarperCollins.

66.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the Complaint and therefore denies the same.

67.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Complaint and therefore denies the same, except admits that Barnes & Noble introduced the Nook in 2009.

68.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Complaint and therefore denies the same, except admits that the price charged by Amazon was sometimes below the price Amazon paid to HarperCollins for that same book.

69.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Complaint and therefore denies the same.

70.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 70 of the Complaint and therefore denies the same, except admits that it sold hardcover books for many years, including hardcover books appearing on the *New York Times* Bestseller list.

71.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 71 of the Complaint and therefore denies the same, except admits that the list price for one or more HarperCollins titles may exceed $26 and that printed hardcover books may be sold at discounts off the list price.

72.     To the extent Paragraph 72 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 72 as they relate to HarperCollins except admits that Amazon's predatory pricing was disrupting HarperCollins' brick-and-mortar business, and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the Complaint as they relate to other Defendants and therefore denies the same.

73.     HarperCollins denies the allegations in Paragraph 73 as they relate to HarperCollins except admits that HarperCollins had concerns about Amazon exercising its market power, and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the Complaint as they relate to other Defendants and therefore denies the same.

74.     HarperCollins denies the allegations in Paragraph 74 as they relate to HarperCollins except admits that Amazon's predatory pricing threatened HarperCollins' overall business, and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Complaint as they relate to other Defendants and therefore denies the same.

75.     HarperCollins denies the allegations in Paragraph 75 as they relate to HarperCollins, except admits that HarperCollins was concerned about the effects of Amazon's predatory pricing on consumers' expectations and that Paragraph 75 of the Complaint purports to contain language taken directly from an article in *Psychology Today*.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the Complaint as they relate to other Defendants and therefore denies the same.

76.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Complaint and therefore denies the same, except admits that Apple entered the eBooks retail business.

77.     To the extent Paragraph 77 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 77 as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Complaint as they relate to other Defendants and therefore denies the same.

78.     To the extent Paragraph 78 states one or more legal conclusions, HarperCollins avers that no response is required.  HarperCollins denies the allegations in Paragraph 78 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to

17

form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Complaint as they relate to other Defendants and therefore denies the same.

79.     HarperCollins denies the allegations in Paragraph 79 of the Complaint, except admits that Rupert Murdoch is the CEO of News Corp.; that News Corp. is the parent of HarperCollins; and that Paragraph 79 of the Complaint purports to contain language taken directly from a February 2, 2010 News Corp. earnings call.

80.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 80 of the Complaint and therefore denies the same, except admits that Paragraph 80 of the Complaint purports to contain language taken directly from a News Corp. earnings call.

81.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the Complaint and therefore denies the same.

82.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Complaint and therefore denies the same, except admits that Paragraph 82 of the Complaint purports to contain language taken directly from a February 4, 2010 blog post by John Sargent.

83.     To the extent Paragraph 83 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 83 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Complaint as they relate to other Defendants and therefore denies the same.

18

84.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the Complaint and therefore denies the same.

85.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Complaint and therefore denies the same.

86.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Complaint and therefore denies the same.

87.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 87 of the Complaint and therefore denies the same, except admits that, under the agency model, the retailer is paid a percentage of the retail price as a commission.

88.     To the extent Paragraph 88 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 88 of the Complaint and therefore denies the same.

89.     HarperCollins denies the allegations in Paragraph 89 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 89 of the Complaint as they relate to other Defendants and therefore denies the same.

90.     To the extent Paragraph 90 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required,

HarperCollins denies the allegations in Paragraph 90 as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 90 of the Complaint as they relate to other Defendants and therefore denies the same.

91.     HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 91 of the Complaint and therefore denies the same, except admits that Paragraph 91 of the Complaint purports to contain language taken directly from a letter sent by the CEO of Defendant Macmillan.

92.     HarperCollins admits the allegations in Paragraph 92 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 92 of the Complaint as they relate to other Defendants and therefore denies the same.

93.     HarperCollins admits the allegations in the first sentence of Paragraph 93 of the Complaint as they relate to HarperCollins, and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 93 of the Complaint as they relate to other Defendants and therefore denies the same.  HarperCollins denies the allegations in the second sentence of Paragraph 93 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 93 of the Complaint as they relate to other Defendants and therefore denies the same.

94.     To the extent Paragraph 94 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 94 of the Complaint as they relate to

HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the Complaint as they relate to other Defendants and therefore denies the same.

95.     To the extent Paragraph 95 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 95 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 95 of the Complaint as they relate to other Defendants and therefore denies the same.

96.     To the extent Paragraph 96 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 96 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 96 of the Complaint as they relate to other Defendants and therefore denies the same.

97.     To the extent Paragraph 97 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 97 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the Complaint as they relate to other Defendants and therefore denies the same.

98.     To the extent Paragraph 98 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required,

HarperCollins denies the allegations in Paragraph 98 of the Complaint as they relate to HarperCollins, except admits that Brian Murray, Ana Maria Allessi, Leslie Hulse, Charlie Redmayne and Kyran Cassidy are, or in the case of Charlie Redmayne were, employees of HarperCollins and that Rupert Murdoch is the Chairman and Chief Executive Officer of News Corp. HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Complaint as they relate to other Defendants and therefore denies the same.

99.     To the extent Paragraph 99 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required. To the extent a response may be required, HarperCollins denies the allegations in Paragraph 99 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Complaint as they relate to other Defendants and therefore denies the same.

100.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 100 of the Complaint and therefore denies the same.

101.    HarperCollins denies the allegations in the last sentence of Paragraph 101 of the Complaint to the extent they relate to HarperCollins. HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 101 of the Complaint as they relate to HarperCollins and therefore denies the same. HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 101 of the Complaint as they relate to other Defendants and therefore denies the same.

22

102.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 102 of the Complaint and therefore denies the same.

103.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 103 of the Complaint and therefore denies the same.

104.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 104 of the Complaint and therefore denies the same.

105.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 105 of the Complaint and therefore denies the same, except admits that Paragraph 105 purports to contain language taken directly from a *Wall Street Journal* article from December 8, 2009.

106.    HarperCollins denies the allegations in Paragraph 106 of the Complaint, except admits that, on December 10, 2009, HarperCollins announced its intention to delay the publication of certain eBooks.

107.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 107 of the Complaint and therefore denies the same.

108.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 108 of the Complaint and therefore denies the same.

109.    To the extent Paragraph 109 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 109 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 109 of the Complaint as they relate to other Defendants and therefore denies the same.

110.    To the extent Paragraph 110 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 110 as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 110 of the Complaint as they relate to other Defendants and therefore denies the same.

111.    To the extent Paragraph 111 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 111 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 111 of the Complaint as they relate to other Defendants and therefore denies the same.

112.    To the extent Paragraph 112 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 112 of the Complaint and therefore denies the same, except admits that Apple distributes digital content.

113.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 113 of the Complaint and therefore denies the same.

114.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 114 of the Complaint and therefore denies the same.

115.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 115 of the Complaint and therefore denies the same, except admits that Apple had a large installed user base and a considerable position in the distribution of digital music through its iPod device and iTunes Store.

116.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 116 and therefore denies the same, except admits that Amazon introduced the Kindle Fire Tablet in September 2011.

117.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 117 of the Complaint and therefore denies the same.

118.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 118 of the Complaint and therefore denies the same.

119.    To the extent Paragraph 119 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response is required, HarperCollins denies the allegations in Paragraph 119 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 119 of the Complaint as they relate to other Defendants and therefore denies the same.

120.    To the extent Paragraph 120 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response is required, HarperCollins denies the allegations in Paragraph 120 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 120 of the Complaint as they relate to other Defendants and therefore denies the same.

121.    To the extent Paragraph 121 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response is required, HarperCollins denies the allegations in Paragraph 121 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 121 of the Complaint as they relate to other Defendants and therefore denies the same.

122.    To the extent Paragraph 122 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response is required, HarperCollins denies the allegations in Paragraph 122 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 122 of the Complaint as they relate to other Defendants and therefore denies the same.

123.    HarperCollins admits the allegations in Paragraph 123 of the Complaint to the extent they relate to HarperCollins and refers to the cited article for a true and complete statement of its contents, except denies that it is a member of the "Agency 5," which is a

characterization by plaintiffs.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 123 of the Complaint as they relate to the other Defendants and therefore denies the same.

124.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 124 of the Complaint and therefore denies the same.  HarperCollins admits the allegations in the last three sentences of Paragraph 124 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the all allegations in Paragraph 124 of the Complaint as they relate to other Defendants and therefore denies the same.

125.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 125 of the Complaint and therefore denies the same, except admits that, under a retailer or wholesale model, HarperCollins sold its titles to retailers for a fixed price and allowed the retailers to set the price to consumers, and that Amazon sold some eBooks at or below $9.99, and that HarperCollins has used a wholesale model for both eBooks and print books.

126.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 126 of the Complaint and therefore denies the same, except admits that HarperCollins, at one point, entered into an agreement with Apple to sell eBooks under an agency model.

127.     HarperCollins denies the allegations in Paragraph 127 of the Complaint, except admits that HarperCollins' agency agreement with Apple allowed HarperCollins to set the price of eBooks.  HarperCollins is without sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in Paragraph 127 of the Complaint as they relate to other Defendants and therefore denies the same.

128.    To the extent Paragraph 128 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 128 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 128 in the Complaint and therefore denies the same.

129.    To the extent Paragraph 129 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 129 of the Complaint as they relate to HarperCollins, except admits that the agreement signed between HarperCollins and Apple in January 2010 contained a parity provision.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 129 of the Complaint as they relate to other Defendants and therefore denies the same.

130.    To the extent Paragraph 130 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 130 of the Complaint as they relate to HarperCollins, except admits that the agreement signed between HarperCollins and Apple in January 2010 contained a parity provision.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 130 of the Complaint as they relate to other Defendants and therefore denies the same.

131.    To the extent Paragraph 131 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 131 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 131 of the Complaint as they relate to other Defendants and therefore denies the same.

132.    To the extent Paragraph 132 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 132 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 132 in the Complaint as they relate to other Defendants and therefore denies the same.

133.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 133 of the Complaint and therefore denies the same, except admits that it unilaterally entered into an agency agreement with Apple for eBooks.

134.    To the extent Paragraph 134 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 134 of the Complaint, except admits that Paragraph 134 purports to contain language taken directly from an interview with Steve Jobs by Walt Mossberg of the *Wall Street Journal*.

135.    To the extent Paragraph 135 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is

without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 135 of the Complaint and therefore denies the same.

136.    To the extent Paragraph 136 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 136 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 136 in the Complaint as they relate to other Defendants and therefore denies the same.

137.    HarperCollins denies the allegations in Paragraph 137 of the Complaint as they relate to HarperCollins.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 137 of the Complaint as they relate to other Defendants and therefore denies the same.

138.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 138 of the Complaint and therefore denies the same, except admits that Paragraph 138 of the Complaint purports to contain language taken directly from *The New Yorker*.

139.    To the extent Paragraph 139 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 139 of the Complaint and therefore denies the same. HarperCollins denies the remaining allegations in Paragraph 139 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the

truth or falsity of the remaining allegations in Paragraph 139 of the Complaint as they relate to other Defendants and therefore denies the same.

140.    HarperCollins denies the allegations in Paragraph 140 of the Complaint as they relate to HarperCollins, except admits that Paragraph 140 of the Complaint purports to contain language taken directly from the *Wall Street Journal*.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 140 in the Complaint as they relate to other Defendants and therefore denies the same.

141.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 141 of the Complaint and therefore denies the same, except admits that Paragraph 141 of the Complaint purports to contain language taken directly from MSNBC.

142.    To the extent Paragraph 142 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 142 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 142 of the Complaint as they relate to other Defendants and therefore denies the same.

143.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 143 of the Complaint and therefore denies the same.

144.    To the extent Paragraph 144 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 144 of the Complaint as they relate to HarperCollins, except

admits that Paragraph 144 of the Complaint purports to contain language taken directly from an article in *The New Yorker*.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 144 in the Complaint as they relate to other Defendants and therefore denies the same.

145.    To the extent Paragraph 145 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 145 of the Complaint as they relate to HarperCollins, except admits that Paragraph 145 of the Complaint purports to contain language taken directly from an e-mail by Michael Cader.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 145 of the Complaint as they relate to other Defendants and therefore denies the same.

146.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 146 of the Complaint and therefore denies the same.

147.    To the extent Paragraph 147 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 147 of the Complaint as they relate to HarperCollins, except admits that representatives from HarperCollins met with Amazon on January 20, 2010. HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 147 of the Complaint as they relate to other Defendants and therefore denies the same.

148.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 148 of the Complaint and therefore denies

the same, except admits that Paragraph 148 purports to cite to a January 30, 2010 article from the *New York Times* and a letter from John Sargent.

149.    To the extent Paragraph 149 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 149 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 149 of the Complaint as they relate to other Defendants and therefore denies the same.

150.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 150 of the Complaint and therefore denies the same, except admits that Paragraph 150 of the Complaint purports to cite to a January 30, 2010 article from the *New York Times*.

151.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 151 of the Complaint and therefore denies the same, except admits that Paragraph 151 purports to contain language taken directly from a message posted on Amazon's website and that HarperCollins entered into an agency agreement with Amazon.

152.    To the extent Paragraph 152 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 152 of the Complaint as they relate to HarperCollins, except admits that Brian Murray, Ana Maria Alessi, and Leslie Hulse are employees of HarperCollins and that they met with representatives from Amazon on January 20, 2010.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the

allegations in Paragraph 152 of the Complaint as they relate to other Defendants and therefore denies the same.

153.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 153 of the Complaint and therefore denies the same, except admits that the American Booksellers Association Fifth Annual Winter Institute took place February 3 through February 5, 2010 in San Jose and that one or more HarperCollins employees attended.

154.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 154 of the Complaint and therefore denies the same.

155.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 155 of the Complaint and therefore denies the same.

156.    To the extent Paragraph 156 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 156 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 156 of the Complaint as they relate to other Defendants and therefore denies the same.

157.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 157 of the Complaint and therefore denies the same, except admits that Paragraph 157 of the Complaint purports to contain language taken directly from a message posted on Amazon's website on April 1, 2010.

158.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 158 of the Complaint and therefore denies the same, except admits that Paragraph 158 of the Complaint purports to contain language taken directly from a letter sent by Penguin.

159.     HarperCollins denies the allegations in Paragraph 159 of the Complaint, except admits that it negotiated with Amazon to reach an agency agreement by early April 2010. HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 159 of the Complaint as they relate to other Defendants and therefore denies the same.

160.     To the extent Paragraph 160 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 160 of the Complaint as they relate to HarperCollins, except admits that Brian Murray sent an e-mail to Russ Grandinetti and David Naggar of Amazon on February 9, 2010 that said in part "I know you have many discussions going on right now." HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 160 of the Complaint as they relate to other Defendants and therefore denies the same.

161.     To the extent Paragraph 161 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 161 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 161 of the Complaint as they relate to other Defendants and therefore denies the same.

162.    To the extent Paragraph 162 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 162 of the Complaint and therefore denies the same.

163.    To the extent Paragraph 163 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 163 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 163 of the Complaint as they relate to other Defendants and therefore denies the same.

164.    To the extent Paragraph 164 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 164 of the Complaint as they relate to HarperCollins except admits that Charlie Redmayne and David Naggar met in April 2010 in London.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 164 of the Complaint as they relate to other Defendants and therefore denies the same.

165.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 165 of the Complaint and therefore denies the same, except admits that it entered into an agreement with Amazon to sell books under the agency distribution model.

166.    To the extent Paragraph 166 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins

denies the allegations in Paragraph 166 of the Complaint as they relate to HarperCollins, except admits that HarperCollins entered into agreements with Sony and Barnes & Noble to distribute eBooks under an agency model.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 166 of the Complaint as they relate to other Defendants and therefore denies the same.

167.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 167 of the Complaint and therefore denies the same.

168.    To the extent Paragraph 168 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 168 of the Complaint and therefore denies the same.

169.    To the extent Paragraph 169 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 169 of the Complaint.

170.    To the extent Paragraph 170 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 170 of the Complaint and therefore denies the same.

171.    To the extent Paragraph 171 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in the first sentence of Paragraph 171 of the Complaint as they relate to HarperCollins.  HarperCollins is without sufficient knowledge or information to form a belief as

37

to the truth or falsity of the remaining allegations in Paragraph 171 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of all the allegations in Paragraph 171 of the Complaint as they relate to other Defendants and therefore denies the same.

172.    To the extent Paragraph 172 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 172 of the Complaint and therefore denies the same.

173.    To the extent Paragraph 173 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 173 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 173 of the Complaint as they relate to other Defendants and therefore denies the same.

174.    To the extent Paragraph 174 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 174 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 174 of the Complaint as they relate to other Defendants and therefore denies the same.

175.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 175 of the Complaint and therefore denies the same.

176.     HarperCollins admits the allegations in Paragraph 176 of the Complaint.

177.     HarperCollins admits the allegations in Paragraph 177 of the Complaint.

178.     HarperCollins admits the allegations in Paragraph 178 of the Complaint.

179.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 179 of the Complaint and therefore denies the same.

180.     HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 180 of the Complaint and therefore denies the same, except admits that Paragraph 180 of the Complaint purports to contain language taken directly from the BISG website.

181.     To the extent Paragraph 181 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 181 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 181 of the Complaint as they relate to other Defendants and therefore denies the same.

182.     To the extent Paragraph 182 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 182 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 182 of the Complaint as they relate to other Defendants and therefore denies the same.

183.    To the extent Paragraph 183 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 183 of the Complaint and therefore denies the same.

184.    To the extent Paragraph 184 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 184 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 184 of the Complaint as they relate to other Defendants and therefore denies the same.

185.    To the extent Paragraph 185 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 185 of the Complaint and therefore denies the same, except admits that Paragraph 185 of the Complaint purports to cite a date from a 2010 survey by ChangeWave.

186.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 186 of the Complaint and therefore denies the same.

187.    To the extent Paragraph 187 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in first sentence of Paragraph 187 of the Complaint as they relate to HarperCollins.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 187 of the Complaint as they

relate to HarperCollins and as to the truth or falsity of all the allegations in Paragraph 187 of the Complaint as they relate to other Defendants and therefore denies the same.

188.    To the extent Paragraph 188 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in the first sentence of Paragraph 188 of the Complaint as they relate to HarperCollins.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 188 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of all the allegations in Paragraph 188 of the Complaint as they relate to other Defendants and therefore denies the same.

189.    HarperCollins denies the allegations in Paragraph 189 of the Complaint, except admits that HarperCollins determines the price for its eBook titles.

190.    To the extent Paragraph 190 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in the first sentence of Paragraph 190 of the Complaint.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 190 of the Complaint and therefore denies the same.

191.    To the extent Paragraph 191 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 191 of the Complaint and therefore denies the same, except admits that the United States Department of Justice, Office of the Attorney General for the State of Texas

and Office of the Attorney General for the State of Connecticut, the European Commission and the Office of Fair Trade commenced investigations.

192.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 192 of the Complaint and therefore denies the same, except admits that Office of the Attorney General for the State of Texas commenced an investigation of HarperCollins and that Paragraph 192 of the Complaint purports to contain language taken directly from an industry newsletter referred to as Publishers Lunch.

193.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 193 of the Complaint and therefore denies the same, except admits that Office of the Attorney General for the State of Connecticut has commenced an investigation of HarperCollins and that Paragraph 193 purports to contain language taken directly from the website for the Office of the Attorney General for the State of Connecticut.

194.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 194 of the Complaint and therefore denies the same, except admits that Paragraph 194 purports to contain language taken directly from the website for the Office of the Attorney General for the State of Connecticut.

195.    HarperCollins admits that Paragraph 195 of the Complaint purports to contain language taken directly from an Associated Press article. HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 195 of the Complaint and therefore denies the same.

196.    HarperCollins admits the allegations in Paragraph 196 of the Complaint and refers to the quoted announcement for its true and complete contents.

197.    HarperCollins admits the allegations in Paragraph 197 of the Complaint and refers to the Assistant Attorney General's comments for its true and complete statement.

198.    HarperCollins denies the allegations in Paragraph 198 of the Complaint, except admits the European Commission's investigation is in the process of settling.

199.    To the extent Paragraph 199 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 199 of the Complaint, except admits that an eBook is an e-text; that an eBook is sometimes, but not always, the digital equivalent of a print book; that eBooks may be restricted by a DRM system; and that consumers may purchase eBooks without going to a physical bookstore location.

200.    To the extent Paragraph 200 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 200 of the Complaint and therefore denies the same.

201.    To the extent Paragraph 201 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in the first two sentences of Paragraph 201 of the Complaint and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the remaining portion of Paragraph 201 and therefore denies the same.

202.    To the extent Paragraph 202 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 202 of the Complaint as they relate

43

to HarperCollins and is without sufficient knowledge or information to a form a belief as to the truth or falsity of the allegations in Paragraph 202 of the Complaint as they relate to other Defendants and therefore denies the same.

203.    To the extent Paragraph 203 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 203 of the Complaint as they relate to HarperCollins, except admits that HarperCollins has not required an agency distribution agreement for internet sales of its print books.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 203 of the Complaint as they relate to other Defendants and therefore denies the same.

(a)    To the extent Paragraph 203(a) of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 203(a) of the Complaint and therefore denies the same, except admits that Paragraph 203(a) of the Complaint purports to show a "screen capture" from Amazon.com.

(b)    To the extent Paragraph 203(b) of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 203(b) of the Complaint, except admits that the chart in Paragraph 203(b) of the Complaint accurately reflects the prices charged by HarperCollins for those eBooks during the week of August 7, 2011.

(c)      To the extent Paragraph 203(c) of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 203(c) of the Complaint and therefore denies the same, except admits that Paragraph 203(c) of the Complaint purports to show "screen captures" from Amazon.com.

204.    To the extent Paragraph 204 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 204 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to a form a belief as to the truth or falsity of the allegations in Paragraph 204 of the Complaint as they relate to other Defendants and therefore denies the same.

205.    To the extent Paragraph 205 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 205 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to a form a belief as to the truth or falsity of the allegations in Paragraph 205 of the Complaint as they relate to other Defendants and therefore denies the same.

206.    HarperCollins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 206 of the Complaint and therefore denies the same, except admits that Apple, Amazon, Barnes & Noble and Sony at one time acted as resellers of HarperCollins' eBooks and set the prices of those eBooks, and that Paragraph 206 of the Complaint purports to contain language taken directly from John Sargent's "corporate blog."

45

207.    HarperCollins denies the allegations contained in Paragraph 207 of the Complaint as they relate to HarperCollins, except admits that HarperCollins, in some cases, sells and/or sold eBooks under an agency distribution model under which HarperCollins typically set the price and paid a commission to the agent, and that Paragraph 207 purports to contain language taken directly from John Sargent.  HarperCollins is without sufficient knowledge or information to a form a belief as to the truth or falsity of the allegations in Paragraph 207 of the Complaint as they relate to other Defendants and therefore denies the same.

208.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 208 of the Complaint and therefore denies the same.

209.    HarperCollins admits the allegations in Paragraph 209 of the Complaint as they relate to HarperCollins and refers to the referenced agreements for true and complete statements of their contents.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 209 of the Complaint as they relate to other Defendants and therefore denies the same.

210.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 210 of the Complaint and therefore denies the same.

211.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 211 of the Complaint and therefore denies the same, except admits that HarperCollins' agreements with Apple and Amazon provided for a thirty percent commission to be paid to the agent.

212.    To the extent Paragraph 212 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins admits the allegations in Paragraph 212 of the Complaint as they relate to HarperCollins and refers to the referenced agreements for a true and complete statement of their contents.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 212 of the Complaint as they relate to other Defendants and therefore denies the same.

213.    To the extent Paragraph 213 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins admits the allegations in Paragraph 213 of the Complaint as they relate to HarperCollins and refers to the referenced agreements for a true and complete statement of their contents.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 213 of the Complaint as they relate to other Defendants and therefore denies the same.

214.    To the extent Paragraph 214 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins admits the allegations in Paragraph 214 of the Complaint as they relate to HarperCollins and refers to the referenced agreements for a true and complete statement of their contents.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 214 of the Complaint as they relate to other Defendants and therefore denies the same.

215.    To the extent Paragraph 215 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be

required, HarperCollins admits the allegations in Paragraph 215 of the Complaint as they relate to HarperCollins and refers to the referenced agreements for a true and complete statement of their contents.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 215 of the Complaint as they relate to other Defendants and therefore denies the same.

216.    To the extent Paragraph 216 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins admits the allegations in Paragraph 216 of the Complaint as they relate to HarperCollins and refers to the referenced agreements for a true and complete statement of their contents.  HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 216 of the Complaint as they relate to other Defendants and therefore denies the same.

217.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 217 of the Complaint and therefore denies the same.

218.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 218 of the Complaint and therefore denies the same, except admits that Paragraph 218 of the Complaint purports to contain language taken directly from a letter by Michael Selleck.

219.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 219 of the Complaint and therefore denies the same, except admits that Paragraph 219 of the Complaint purports to contain language taken directly from a message authored by BISG.

220.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 220 of the Complaint and therefore denies the same, except admits that Paragraph 220 of the Complaint purports to contain language taken directly from Apple's user agreement.

221.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 221 of the Complaint and therefore denies the same, except admits that Paragraph 221 of the Complaint purports to contain language taken directly from Amazon Kindle's License Agreement and Terms of Use.

222.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 222 of the Complaint and therefore denies the same, except admits that Paragraph 222 of the Complaint purports to contain "screen captures" from Amazon.com.

223.    HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 223 of the Complaint and therefore denies the same, except admits that Paragraph 223 of the Complaint purports to contain an image taken from Amazon.com.

224.    To the extent Paragraph 224 states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins admits the allegations in the first sentence of Paragraph 224 of the Complaint as they relate to HarperCollins, is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 224 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth

or falsity of all the allegations in Paragraph 224 as they relate to other Defendants and therefore denies the same.

225.     To the extent Paragraph 225 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 225 of the Complaint, except admits that Plaintiffs purport to be "direct purchasers" and purport to bring this action on behalf of a class and for damages under the Sherman Act.

226.     To the extent Paragraph 226 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 226 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 226 of the Complaint as they relate to other Defendants and therefore denies the same.

227.     To the extent Paragraph 227 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 227 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 227 of the Complaint as they relate to other Defendants and therefore denies the same.

228.     To the extent Paragraph 228 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 228 of the Complaint, except admits

that Plaintiffs purport to bring this case as a class action under Federal Rule of Civil Procedure 23.

229.    To the extent Paragraph 229 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 229 of the Complaint and therefore denies the same.

230.    To the extent Paragraphs 230 and 230(a) through 230(g) of the Complaint state one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraphs 230 and 230(a) through 230(g) of the Complaint.

231.    To the extent Paragraph 231 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 231 of the Complaint.

232.    To the extent Paragraph 232 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 232 of the Complaint, except admits that Plaintiffs have retained "able and experienced class action litigators."

233.    To the extent Paragraph 233 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 233 of the Complaint.

234.    To the extent Paragraph 234 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be

required, HarperCollins denies the allegations in Paragraph 234 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 234 of the Complaint as they relate to other Defendants and therefore denies the same.

235.    To the extent Paragraph 235 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 235 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 235 of the Complaint as they relate to other Defendants and therefore denies the same.

236.    To the extent Paragraph 236 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 236 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 236 of the Complaint as they relate to other Defendants and therefore denies the same.

237.    To the extent Paragraph 237 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 237 of the Complaint and therefore denies the same, except admits that Paragraph 237 of the Complaint purports to contain language taken directly from Apple's iBookstore terms and conditions.

238.   To the extent Paragraph 238 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 238 of the Complaint, except admits that Plaintiffs purport to bring this case as a class action under Federal Rule of Civil Procedure 23.

239.   Paragraph 239 does not contain factual allegations to which a response is required, as it states only that Plaintiffs may not be direct purchasers and California law may not apply. To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 239 of the Complaint and therefore denies the same.

240.   To the extent Paragraphs 239 and 239(a) through 239(bb) of the Complaint state one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraphs 239 and 239(a) through 239(bb) of the Complaint and therefore denies the same, except admits that Plaintiffs purport to bring this case as a class action under Federal Rule of Civil Procedure 23 and seek to certify the classes described above.

241.   Answering Paragraph 241 of the Complaint, HarperCollins incorporates by reference Paragraphs 1 through 240 of the Answer as if fully set forth herein.  Paragraph 241 of the Complaint does not contain allegations to which a response is required.

242.   To the extent Paragraph 242 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins is without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 242 of the Complaint and therefore denies the same.

243.    To the extent Paragraph 243 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins admits the allegations in Paragraph 243 of the Complaint.

244.    To the extent Paragraph 244 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 244 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 244 of the Complaint as they relate to other Defendants and therefore denies the same.

245.    To the extent Paragraph 245 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 245 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 245 of the Complaint as they relate to other Defendants and therefore denies the same.

246.    HarperCollins denies the allegations in Paragraph 246 of the Complaint as they relate to HarperCollins, except admits that, under certain agreements, HarperCollins sets or set the retail price for its eBooks and that Plaintiffs purport to bring this action on behalf of a class.

247.    To the extent Paragraph 247 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 247 of the Complaint as they relate

to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 247 of the Complaint as they relate to other Defendants and therefore denies the same.

248.    Answering Paragraph 248 of the Complaint, HarperCollins incorporates by reference Paragraphs 1 through 247 of the Answer as if fully set forth herein.  Paragraph 248 of the Complaint does not contain allegations to which a response is required.

249.    To the extent Paragraph 249 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 249 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 249 of the Complaint as they relate to other Defendants and therefore denies the same.

250.    To the extent Paragraph 250 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 250 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 250 of the Complaint as they relate to other Defendants and therefore denies the same.

251.    Answering Paragraph 251 of the Complaint, HarperCollins incorporates by reference Paragraphs 1 through 250 of the Answer as if fully set forth herein.  Paragraph 251 of the Complaint does not contain allegations to which a response is required.

252.    To the extent Paragraph 252 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be

required, HarperCollins denies the allegations in Paragraph 252 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 252 of the Complaint as they relate to other Defendants and therefore denies the same.

253.    To the extent Paragraph 253 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 253 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 253 of the Complaint as they relate to other Defendants and therefore denies the same.

254.    To the extent Paragraph 254 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 254 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 254 of the Complaint as they relate to other Defendants and therefore denies the same.

255.    To the extent Paragraph 255 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 255 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 255 of the Complaint as they relate to other Defendants and therefore denies the same.

256.    To the extent Paragraph 256 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 256 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 256 of the Complaint as they relate to other Defendants and therefore denies the same.

257.    To the extent Paragraph 257 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 257 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 257 of the Complaint as they relate to other Defendants and therefore denies the same.

258.    To the extent Paragraph 258 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 258 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 258 of the Complaint as they relate to other Defendants and therefore denies the same.

259.    To the extent Paragraph 259 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 259 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 259 of the Complaint as they relate to other Defendants and therefore denies the same.

260.    To the extent Paragraph 260 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 260 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 260 of the Complaint as they relate to other Defendants and therefore denies the same.

261.    To the extent Paragraph 261 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 261 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 261 of the Complaint as they relate to other Defendants and therefore denies the same.

262.    To the extent Paragraph 262 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 262 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 262 of the Complaint as they relate to other Defendants and therefore denies the same.

263.    To the extent Paragraph 263 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 263 of the Complaint as they relate

to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 263 of the Complaint as they relate to other Defendants and therefore denies the same.

264.    To the extent Paragraph 264 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 264 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 264 of the Complaint as they relate to other Defendants and therefore denies the same.

265.    To the extent Paragraph 265 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 265 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 265 of the Complaint as they relate to other Defendants and therefore denies the same.

266.    To the extent Paragraph 266 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 266 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 266 of the Complaint as they relate to other Defendants and therefore denies the same.

267.    To the extent Paragraph 267 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be

required, HarperCollins denies the allegations in Paragraph 267 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 267 of the Complaint as they relate to other Defendants and therefore denies the same.

268.     To the extent Paragraph 268 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 268 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 268 of the Complaint as they relate to other Defendants and therefore denies the same.

269.     To the extent Paragraph 269 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 269 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 269 of the Complaint as they relate to other Defendants and therefore denies the same.

270.     To the extent Paragraph 270 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 270 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 270 of the Complaint as they relate to other Defendants and therefore denies the same.

271.    To the extent Paragraph 271 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 271 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 271 of the Complaint as they relate to other Defendants and therefore denies the same.

272.    To the extent Paragraph 272 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 272 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 272 of the Complaint as they relate to other Defendants and therefore denies the same.

273.    To the extent Paragraph 273 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 273 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 273 of the Complaint as they relate to other Defendants and therefore denies the same.

274.    To the extent Paragraph 274 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 274 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 274 of the Complaint as they relate to other Defendants and therefore denies the same.

275.    To the extent Paragraph 275 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 275 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 275 of the Complaint as they relate to other Defendants and therefore denies the same.

276.    To the extent Paragraph 276 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 276 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 276 of the Complaint as they relate to other Defendants and therefore denies the same.

277.    To the extent Paragraph 277 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 277 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 277 of the Complaint as they relate to other Defendants and therefore denies the same.

278.    To the extent Paragraph 278 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 278 of the Complaint as they relate

to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 278 of the Complaint as they relate to other Defendants and therefore denies the same.

279.     To the extent Paragraph 279 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 279 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 279 of the Complaint as they relate to other Defendants and therefore denies the same.

280.     To the extent Paragraph 280 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 280 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 280 of the Complaint as they relate to other Defendants and therefore denies the same.

281.     To the extent Paragraph 281 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 281 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 281 of the Complaint as they relate to other Defendants and therefore denies the same.

282.     Answering Paragraph 282 of the Complaint, HarperCollins incorporates by reference Paragraphs 1 through 281 of the Answer as if fully set forth herein.  Paragraph 282 of the Complaint does not contain allegations to which a response is required.

283.     To the extent Paragraph 283 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 283 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 283 of the Complaint as they relate to other Defendants and therefore denies the same.

284.     To the extent Paragraph 284 of the Complaint states one or more legal conclusions, HarperCollins avers that no response is required.  To the extent a response may be required, HarperCollins denies the allegations in Paragraph 284 of the Complaint as they relate to HarperCollins and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 284 of the Complaint as they relate to other Defendants and therefore denies the same.

285.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, HarperCollins hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

HarperCollins admits that Plaintiffs purport to seek the relief set forth in the Complaint's "Prayer for Relief."  The "Prayer for Relief," however, consists of legal conclusions and does not contain allegations to which a response is required.  To the extent a response is required, HarperCollins denies the allegations in the "Prayer for Relief."

## AFFIRMATIVE DEFENSES

Plaintiffs' claims are barred by the following defenses.  HarperCollins pleads each of these defenses to preserve its rights, and in doing so, does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. To the contrary, several of these defenses negate elements of Plaintiffs' affirmative claims, as to which Plaintiffs bear the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against HarperCollins are barred because HarperCollins was not a part of any contract, combination or conspiracy in restraint of trade.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' class claims are barred, in whole or in part, because this action is not properly maintainable as a class action, or because Plaintiffs otherwise fail to meet the prerequisites of Rule 23 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any cognizable antitrust injury as a result of HarperCollins' conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact as a result of HarperCollins' conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any and all of HarperCollins' actions challenged by Plaintiffs were lawful, justified, and procompetitive, constitute bona fide business practices, were the result of intervening causes and business and economic conditions, and were carried out in furtherance of HarperCollins' legitimate business interests.

## SIXTH AFFIRMATIVE DEFENSE

Without admitting in any way that any Plaintiff or putative class member has a claim against HarperCollins, HarperCollins alleges that any amounts that HarperCollins owes to any Plaintiff or putative class member should be off-set by any amounts that the Plaintiff or putative class member owes to HarperCollins.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the relief sought is broader than what is necessary to remedy the harm alleged.

## EIGHTH AFFIRMATIVE DEFENSE

The state law claims asserted in the Complaint are barred because this Court lacks subject matter jurisdiction to decide them.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims cannot be maintained as a class action because class counsel are not the superior representatives of consumers in each of the States and territories.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of a putative class, will be extinguished, in whole or in part, by any judgment on or releases of the claims brought by certain states in their *parens patriae* capacity in *The State of Texas, et al. v. Hachette Book Group, Inc.*, et al., Case No. 1:12-cv-06625-DLC, and it is inequitable to allow both sets of overlapping claims to proceed simultaneously.  HarperCollins has or will have settled the claims of consumers in at least 55 of 56 sovereign jurisdictions with the Attorneys General or equivalent authorities in each jurisdiction in their superior standing as *parens patriae*.  On September 14, 2012, the Court entered an Order Preliminarily Approving Proposed Settlements with these 55 sovereign jurisdictions.  As part of the proposed settlements, consumers in these jurisdictions will release

all claims against HarperCollins.  Plaintiffs' claims will be barred by the doctrines of release and *res judicata*, and the putative class will not have standing to state a claim.

## ADDITIONAL DEFENSES

HarperCollins adopts and incorporates by reference any affirmative defense asserted by any other Defendant in this action to the extent that such affirmative defense applies to HarperCollins.  HarperCollins has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available.  HarperCollins reserves the right to amend this Answer to add, delete, or modify additional defenses based on legal theories that may or will be divulged through clarification of the Complaint, through discovery, through change or clarification of the governing law or through further legal analysis of Plaintiffs' positions in this litigation.

Dated: September 14, 2012           By:      /s/ Shepard Goldfein

Shepard Goldfein
Clifford H. Aronson
Paul M. Eckles
C. Scott Lent
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
shepard.goldfein@skadden.com
*On behalf of Defendant HarperCollins*
*Publishers L.L.C*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on September 14, 2012, I electronically filed the foregoing

document using the CM/ECF system which will send notification of such filing to the e-mail

addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.


Dated: September 14, 2012                              /s/ Shepard Goldfein
                                                       Shepard Goldfein
                                                       SKADDEN, ARPS, SLATE, MEAGHER &
                                                       FLOM LLP
                                                       Four Times Square
                                                       New York, NY 10036
                                                       Tel:  (212) 735-3000
                                                       Fax: (212) 735-2000