

## O'MELVENY & MYERS LLP

DOC #: _____

DATE FILED: 9/18/12

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
JAKARTA†
LONDON
LOS ANGELES

Times Square Tower
7 Times Square
New York, New York 10036

TELEPHONE (212) 326-2000
FACSIMILE (212) 326-2061
www.omm.com

NEWPORT BEACH
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

September 17, 2012

**VIA HAND DELIVERY AND ELECTRONIC MAIL**

Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, Room 1610
New York, New York 10007

**R E C E I V E D**

SEP 18 2012

CHAMBERS OF
DENISE COTE

**MEMO ENDORSED**

OUR FILE NUMBER
027559-230

WRITER'S DIRECT DIAL
(212) 326-2017

WRITER'S E-MAIL ADDRESS
afrackman@omm.com

Re:   ***United States v. Apple Inc., et al., 12-cv-02826 (DLC)***
<span style="color:red">also filed in 11-md-02293 (DLC)</span>

Dear Judge Cote:

     We write in response to Amazon's September 14 letter.  We disagree with Amazon and believe the case authority shows that this Court, where the MDL is pending, has jurisdiction over discovery disputes.  We enclose a courtesy copy of the notice we have filed in the Western District of Washington that sets forth the relevant case authority.

                    Respectfully submitted,

                    *Andrew J. Frackman /MMS*

                    Andrew J. Frackman
                    of O'MELVENY & MYERS LLP

Enclosure

cc: Counsel of Record (via electronic mail)

*This Court shall promptly address the discovery dispute in the event it is transferred from the Western District of Washington.*

*Denise Cote*
*Sept. 18, 2012*

† In association with Tumbuan & Partners

Chief Judge Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

IN RE ELECTRONIC BOOKS ANTITRUST
LITIGATION

Action Pending in:
United States District Court, Southern District
of New York (11-md-02293-DLC)

Case No. 12-mc-00186-MJP

**NOTICE OF MULTIDISTRICT
LITIGATION**

    Amazon.com, Inc. ("Amazon") moved on Friday to quash a non-party subpoena served on it by defendants in a consolidated multidistrict litigation ("MDL") pending before The Honorable Denise Cote in the Southern District of New York.  In a highly confidential submission, defendants requested permission from Judge Cote, also on Friday, to move to compel Amazon's compliance with that same subpoena.  Defendants respectfully request that this Court transfer Amazon's motion to Judge Cote so that it can be considered with related issues in the MDL.

    It is common for the court handling an MDL litigation to resolve discovery disputes arising from subpoenas served in other districts.  Federal law provides that an MDL judge may "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(b).  The

vast majority of federal courts to consider the issue have interpreted Section 1407(b) as

conferring jurisdiction on the MDL judge over disputes relating to non-party document

subpoenas. *See., e.g.*, *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 444 F.3d

462, 469 n. 4 (6th Cir. 2006) ("the rationale underlying the MDL statute . . . requires the

conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and

documents-only subpoenas"); *In re Welding Rod Prods. Liab. Litig.*, 406 F. Supp. 2d 1064,

1066–7 (N.D. Cal. 2005) (transferring motion to quash document subpoena to MDL judge, who

was "readily familiar with the underlying issues" and explaining that "most courts" apply

Section 1407(b) to document subpoenas); *In re Subpoenas Served on Wilmer, Cutler &*

*Pickering and Goodwin Proctor LLP*, 255 F. Supp. 2d 1, 2 (D.D.C. 2003) (remitting motion to

quash subpoena duces tecum to MDL judge, who was "already familiar with [the] massive

litigation" and had consented to hearing motions to quash).[1]  The sole case cited by Amazon,

*SEC v. CMKM Diamonds, Inc.*, 656 F.3d 829 (9th Cir. 2011), is inapposite because it did not

involve an MDL and has nothing to do with Section 1407(b).

      There are clear efficiencies in having a single court adjudicate discovery disputes in an

MDL such as this, involving 30 different actions from 3 different districts.  Furthermore, Judge

Cote has presided over these actions for approximately nine months, she is familiar with the

issues and parties in the case, and she already has presided over discovery disputes on related

---

[1]  Three years before the holding in *In re Welding*, another court in the Northern District of California held that Section 1407(b) does not apply to document subpoenas.  *See VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal. 2002).  But several courts have criticized and disagreed with the holding in *VISX*.  *See In re Welding*, 406 F. Supp. 2d at 1066 (explaining that *VISX*'s holding does not comport with the purpose of Section 1407 and is contrary to the weight of authority); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp.2d 270, 275 (D.D.C. 2002) (disagreeing with *VISX* because most courts have extended Section 1407 to the enforcement of document subpoenas); *HCA, Inc. v. U.S. ex rel. Pogue*, No. 3:02-MC-0047, 2002 WL 31953748, at *4 (M.D. Tenn. Nov. 21, 2002) (disagreeing with *VISX*'s holding because it contained "little analysis of the purpose of section 1407(b) or other case law" and finding the reasoning of contrary cases "more persuasive").

issues in the MDL—including another dispute between two parties that relates to Amazon. The parties, recognizing these efficiencies, agreed in their Initial Report that Judge Cote would "to the full extent allowed by law . . . hear any discovery disputes regarding non-party subpoenas served in connection with the actions, including motions to quash or modify and motions to compel." (Attached as Exhibit A.)  In reviewing this section of the draft Joint Initial Report at a status conference, Judge Cote confirmed that she was "happy" to "exercise jurisdiction over discovery disputes." (*See* Transcript of 6/22/2012 Status Conference (attached as Exhibit B) at 28:5–9.)  Accordingly, defendants, as required by Judge Cote's rules, have filed a pre-motion letter bringing the dispute with Amazon before the MDL court.

For these reasons, defendants respectfully request that this Court transfer the present dispute to Judge Cote to be considered as part of the MDL.

DATED:  September 17, 2012.

By  *s/Christopher B. Wells*
Christopher B. Wells, WSBA No. 08302
wellsc@lanepowell.com

By  *s/Michelle K. Peterson*
Michelle K. Peterson, WSBA No. 33598
petersonm@lanepowell.com

LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, WA  98101
(206) 223-7000

*Attorneys for Apple Inc.*

1

## CERTIFICATE OF SERVICE

2      The undersigned certifies under penalty of perjury under the laws of the State of

3  Washington, that on the 17th day of September, 2012, the document attached hereto was

4  presented to the Clerk of the Court for filing and uploading to the CM/ECF system.  In

5  accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court

6  will send e-mail notification of such filing to all CM/ECF participants and any non-CM/ECF

7  participants will be served in accordance with the Federal Rules of Civil Procedure.

8  Majorie Alison Walter
   KIPLING LAW GROUP PLLC
9  3601 FREMONT AVENUE N
   STE 414
10 SEATTLE, WA 98103
   206-545-0347
11 Email: walter@kiplinglawgroup.com

12 ☑      by **CM/ECF**
   ☐      by **Electronic Mail**
13 ☐      by **Facsimile Transmission**
   ☐      by **First Class Mail**
14 ☐      by **Hand Delivery**
   ☐      by **Overnight Delivery**
15

16 Michael E Kipling
   KIPLING LAW GROUP PLLC
   3601 FREMONT AVENUE N
17 STE 414
   SEATTLE, WA 98103
18 206-545-0345
   Fax: 206-545-0350
19 Email: kipling@kiplinglawgroup.com

20 ☑      by **CM/ECF**
   ☐      by **Electronic Mail**
21 ☐      by **Facsimile Transmission**
   ☐      by **First Class Mail**
22 ☐      by **Hand Delivery**
   ☐      by **Overnight Delivery**
23

24                                    *s/ Peter C. Elton*
                                       _____
25                                    Peter C. Elton

26

NOTICE OF MULTIDISTRICT LITIGATION - 4
CASE NO. 12-MC-00186-MJP

# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>APPLE, INC., et al., )<br><br>Defendants. ) | Civil Action No. 12-cv-2826 (DLC) |
| IN RE ELECTRONIC BOOKS )<br>ANTITRUST LITIGATION )<br><br>This document relates to: )<br><br> ALL ACTIONS ) | Civil Action No. 11-md-02293 (DLC)<br><br>CLASS ACTION |
| THE STATE OF TEXAS; )<br>THE STATE OF CONNECTICUT; et al )<br><br>Plaintiffs, )<br><br>v. )<br><br>PENGUIN GROUP (USA) INC. et al, )<br><br>Defendants. ) | Civil Action No. 12-cv-03394 (DLC) |

## JOINT INITIAL REPORT – REVISED JULY 6, 2012

Pursuant to section I(A) of the Standing Order for the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York ("Pilot Project Standing Order"), which, by order of this Court, governs pretrial procedures in this matter, all parties in the above-referenced actions submit this Initial Report. Unless explicitly stated, nothing in this Initial Report shall be construed to create, limit, or waive any rights, privileges, or defenses, including the attorney-client or any other applicable privileges and any defense based on lack of personal jurisdiction or improper venue.

If one or more of the proposed settlements pending before the Court is not approved or otherwise is not finalized, or if any settlement in one of the above-referenced actions does not dispose of all claims against all Settling Defendants for all plaintiffs in that action, the parties will meet and confer promptly to determine whether any provisions of this Initial Report should be amended.

The original Initial Report (filed June 15, 2012) included a number of objections and disputes by the parties (which are preserved in the record). Since that time, those objections and disputes have been adjudicated by the Court, and those rulings are reflected herein.

## 1. DEFINITIONS

Throughout this Initial Report, the following terms will be used:

(a) "actions" refers collectively to all the above-captioned actions;

(b) "DOJ Action" refers to United States v. Apple, Inc. et al, Civil Action No. 12-cv-2826 (DLC) and "DOJ" refers to the United States Department of Justice;

(c) "Class Action" refers to the multidistrict litigation titled In re Electronic Books Antitrust Litigation, Civil Action No. 11-md-02293 (DLC);

(d)     "State Action" refers to <u>Texas et al v. Penguin Group (USA) Inc., et al</u>, Civil

Action No. 12-cv-03394 (DLC) and "States" refers to the State Action Plaintiffs;

(e)     "ebook investigation" means DOJ's investigation, formal or informal, of

Defendants; the States' investigation, formal or informal, of Defendants; or any

other investigation, whether formal or informal, by any regulatory or

governmental authority relating to any of the activities or conduct alleged in the

DOJ Action or State Action;

(f)     "parties" refers collectively to all parties to the actions as of the date of this Initial

Report (even if any such party is or becomes a Settling Defendant) and those who

later join as parties, and "party" refers to any individual member of that group,

with (for the purposes of case management only) Penguin Group (USA), Inc. and

The Penguin Group, a Division of Pearson PLC being considered together as one

"party;" Holtzbrinck Publishers, LLC d/b/a Macmillan and Verlagsgruppe Georg

Von Holtzbrinck GmBH being considered together as one "party"; Hachette Book

Group, Inc., Hachette Digital, Inc., and Hachette Livre SA[1] being considered

together as one "party"; Simon & Schuster, Inc. and Simon & Schuster Digital

Sales, Inc. being considered together as one "party"; all Class Action plaintiffs

being considered together as one "party"; and all State Action plaintiffs being

considered together as one "party";

---

[1] Hachette Livre SA was only recently served in the Class Action and was not a party to either the first Joint Initial Report and ESI Report or defendants' motions to dismiss. Reference to Hachette Livre SA above is solely for definitional purposes; the company reserves all available rights and defenses.

(g)     "<u>Plaintiffs</u>" refers collectively to all Plaintiff parties in the actions as of the date of this Initial Report and those who later join as Plaintiff parties, and "<u>Plaintiff</u>" refers to any individual member of that group;

(h)     "<u>Defendants</u>" refers collectively to all Defendant parties in the actions as of the date of this Initial Report (even if any such Defendant is or becomes a Settling Defendant) and those who later join as Defendant parties, and "<u>Defendant</u>" refers to any individual member of that group;

(i)     "<u>Settling Defendants</u>" refers collectively to those Defendants who have entered into a final and approved settlement with one or more Plaintiffs or whose proposed settlement with one or more Plaintiffs is pending with the Court, and "<u>Settling Defendant</u>" refers to any individual member of that group;

(j)     "<u>Non-Settling Defendants</u>" refers collectively to those Defendants who have no proposed settlement pending with the Court, and "<u>Non-Settling Defendant</u>" refers to any individual member of that group; and

(k)     "<u>non-parties</u>" refers collectively to persons or entities who were not parties in any of the actions as of the date of this Initial Report and have not since joined as parties, and "<u>non-party</u>" refers to any individual member of that group.

Once any Defendant has received final judgment(s) or dismissal(s), or has reached final and approved settlement(s), in a manner that disposes of all claims against it in all the actions as to all Plaintiffs, that Defendant will no longer be considered a party, a Defendant, a Settling Defendant, or Non-Settling Defendant for purposes of this Initial Report, and is relieved of any obligations herein.  However, in such a circumstance, if the time for discovery has not ended,

4

any such former Defendant may continue to be served with discovery requests under those provisions of the Federal Rules of Civil Procedure relevant to non-parties, and each Defendant agrees to remain under the jurisdiction of this Court with respect to such discovery.

## 2.    SCHEDULE

The parties will follow the schedule ordered by the Court on June 25, 2012. Attachment A provides a schedule consistent with the Court's order along with interim dates agreed to by the parties.

To the extent any dates in the schedule (are affected by any Court-ordered stay or extensions thereof, the parties will meet and confer to determine reasonable alternative dates applicable to any parties included under the stay, as necessary, and, if necessary, seek approval of the Court.

## 3.    COORDINATION OF THE ACTIONS

The parties agree that, to improve the efficiency of discovery in the actions, maintain the proposed schedule, and reduce the burden on any party or non-party responding to discovery requests, all parties will observe the following rules:

(a)    Party Participation in Discovery Meetings:  A representative of each party (including Settling Defendants) must attend and participate in discovery planning meetings or phone calls with other parties, when requested, as well as any meet-and-confer sessions convened to discuss a discovery dispute involving that party.

(b)    Discovery Shared with All Parties:  Except as otherwise provided in this Initial Report or other applicable stipulation, law, rule, or order:  (1) Parties who produce discovery in any of the actions must produce it to all parties, and (2) If a non-

party produces discovery to a party in any of the actions, the receiving party must provide it promptly to all other parties.

(c) <u>Cross-Use of Discovery</u>: All initial disclosures and discovery produced in response to a discovery request or subpoena in any of the actions (even if that action is later stayed, settled, dismissed, or otherwise ceases to be active, or the producing party has settled or been dismissed from any of the actions), including testimony of deposition witnesses, is deemed produced in and may be used, subject to the Federal Rules of Evidence, in the other actions.

(d) <u>Court's Jurisdiction</u>: As confirmed by the Court at the June 22, 2012 conference, to the full extent allowed by law, the Court intends to exercise jurisdiction to hear any discovery disputes regarding non-party subpoenas served in connection with the actions, including motions to quash or modify and motions to compel.

(e) <u>Foreign Documents and Witnesses</u>:

   (1) Each party's litigation counsel in the actions will accept service of discovery requests on its behalf for documents or information located outside the United States if such documents or information are in the possession, custody, or control of the party, the party's subsidiary, or an affiliate of the party which the party controls or for which the party is authorized to accept service, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, the Hague Service Convention, or any other applicable convention, treaty, law, or rule. The party served with any such discovery request retains the

6

right to object to the request on any appropriate ground other than improper service.

(2)      Each party agrees to negotiate in good faith to establish a protocol for identifying the documents and information described in paragraph 3(e)(i) above that can be produced in these actions consistent with any applicable foreign laws or regulations concerning privacy or confidentiality or otherwise affecting their production in the United States, or any convention such as the Hague Evidence Convention, including reasonable steps to facilitate production, including but not necessarily limited to obtaining consents to disclosure from a limited number of custodians in senior management involved in relevant issues, and by meeting and conferring with other parties to narrow the scope of the documents and information requested for production.  If a party believes in good faith that, notwithstanding the process described in this paragraph, such documents or information cannot be produced in the United States without violating an applicable foreign law or regulation, it must promptly notify the other parties and meet and confer to reach a resolution of the issue.

(3)      Each party agrees that its litigation counsel in the actions will accept service of a deposition notice on its behalf for any witness who is a managing agent of a party, the party's subsidiary, or an affiliate of the party which the party controls or for which the party is authorized to accept service and who resides or is located outside the United States,

without requiring additional or different procedures to be followed

pursuant to the Hague Evidence Convention, the Hague Service

Convention, or any other applicable convention, treaty, law, or rule.  In

addition, each party agrees to make each such witness available for

deposition in New York, NY or another place in the United States

determined by agreement of the parties, and that deposition will be

conducted under applicable United States law.  The parties will use their

best efforts to schedule any such deposition to coincide with U.S. travel

planned by the witness.  The party served with any such deposition notice

retains the right to object to the notice on any appropriate ground other

than improper service.

4.    **INITIAL DISCLOSURES**

The parties will dispense with the initial disclosures described in Federal Rule of Civil

Procedure 26(a)(1), and in place of such disclosures, will exchange the following information:

(a)    <u>All Parties – Custodian Lists</u>:  By June 20, 2012, each party must serve on all

other parties a list of all its employees (current and former) and agents (current

and former) who the party proposes to include as document custodians in the

actions (the "Custodian List").  For each individual listed, the Custodian List must

include: (i) the person's name; (ii) the person's employer and city, state, and

country of employment; (iii) the person's current title, if any, with that party and

any other title he or she has had with the party since November 1, 2007; (iv) a

statement as to whether the person is currently employed by or an agent of the

party and, if not, the person's last known phone number(s), address(es), and email address(es); and (v) a brief statement explaining the nature of the person's relevance to the actions or the relevance of the documents in his or her possession. If any party objects to the sufficiency of another party's Custodian List, the parties will meet and confer in an attempt to resolve their disagreement, consistent with the procedures described in section 10(b) of this Initial Report. To the extent any Defendant has been granted a stay by the Court, that Defendant's Custodian List must be served within 21 days of the expiration of that stay or any extension thereof.

(b)    <u>All Parties – Rule 26(a)(1)(A)(i) Disclosures</u>: All parties agree to produce to the other parties the disclosures described in Federal Rule of Civil Procedure 26(a)(1)(A)(i) by July 2, 2012, except that the States and Class Plaintiffs may limit their disclosures to information that is not duplicative of DOJ's disclosures, and may produce that information by July 9, 2012. To the extent any Defendant has been granted a stay by the Court, that Defendant's disclosures as described in this paragraph must be served within 21 days of the expiration of that stay or any extension thereof.

(c)    <u>Other DOJ and States Initial Productions</u>: DOJ and the States will use their best efforts to produce to all other parties by June 22, 2012 or as soon as possible thereafter: (i) the civil investigative demands ("CIDs") regarding ebooks that DOJ or the States served in connection with their ebooks investigations; (ii) the transcripts and exhibits from any depositions taken by DOJ or the States pursuant

9

to those CIDs; (iii) a list of individuals interviewed by DOJ or the States during their ebooks investigations, (iv) all documents produced to DOJ or the States by parties or non-parties in response to those CIDs, unless the party or non-party originally producing these documents informs DOJ and/or the States that it will instead agree to reproduce those documents to the other parties itself, in which case it must use its best efforts to reproduce them by June 22, 2012, and (v) any interrogatory responses and white papers received by DOJ or the States from the parties or non-parties relating to the ebooks investigations.

(d)    <u>Other Non-Settling Defendant Initial Productions</u>:  Each Non-Settling Defendant will use its best efforts to produce to all other parties by June 22, 2012 or as soon as possible thereafter, to the extent not already produced, and without waiving any objections to future foreign discovery:  (i) all documents and data previously produced (either voluntarily or involuntarily) to any regulatory or governmental authority outside the United States as part of any ebooks investigation, unless, despite the parties' compliance with the provisions relating to foreign discovery stated in section 3(e) above,  production of any portion of these documents or data cannot take place without violating an applicable foreign law or rule, in which case the Non-Settling Defendant must, subject to any applicable privilege, produce such portion promptly upon resolution of the issue, and (ii) to the extent maintained in the normal course of the Non-Settling Defendant's business, organizational charts and personnel directories for the Non-Settling Defendant as a whole and for each of its facilities or divisions involved with ebooks or print

10

books (excluding textbooks), including but not limited to organizational charts showing the relationship of the company to any foreign parent entities, from November 1, 2007 to the present. (Plaintiffs and Macmillan continue to discuss Macmillan's production of organizational charts in connection with the development of custodian lists. Plaintiffs will notify Macmillan by July 16, 2012 whether they believe that they require additional materials pursuant to subsection (ii) beyond those already produced. If Plaintiffs do seek any such additional materials, the parties will promptly meet and confer to resolve the issue.)

(e)     <u>Other Settling Defendant Initial Productions</u>:  Within 21 days of the expiration of any stay in the actions granted by the Court or extension thereof, each Settling Defendant will produce the initial disclosures applicable to Non-Settling Defendants, described above in subsections (a), (b), and (d).

## 5.     DOCUMENT PRODUCTION, INCLUDING ESI

The parties have prepared a separate proposed order regarding the logistics of document discovery in the actions, which includes initial provisions for the collection and production of electronically stored information ("ESI").  <u>See</u> Attachment B.

## 6.     DISCOVERY LIMITATIONS

**<u>Party Discovery</u>**

(a)     <u>Settling Defendants' Status</u>:  At all times during the pendency of the actions, Settling Defendants will accept service of and respond to discovery requests, including deposition notices, pursuant to those Federal Rules of Civil Procedure governing party discovery, with the limitations set forth in the Initial Report.

11

Settling Defendants will not require different or additional service of discovery requests by subpoena or otherwise rely upon or seek the protections of those provisions of the Federal Rules of Civil Procedure relating to discovery on non-parties, including Rule 45.

(b)     <u>Effect of Stay</u>:  No discovery of any kind may be served on Settling Defendants during the pendency of any discovery stay issued by the Court, with the exception of requests for transactional sales data.

(c)     <u>Consultation</u>:  Each Plaintiff must consult the other Plaintiffs, and each Defendant must consult the other Defendants, before serving any discovery request on a party for the purpose of ensuring that the parties do not serve unnecessarily duplicative requests and, for deposition notices, to allow Plaintiffs (or Defendants) to confer on the number of notices needed.

(d)     <u>Document Requests</u>:  Each party may serve an unlimited number of document requests to any other party(-ies).  Settling Defendants may serve document requests only on Class Plaintiffs, any Non-Settling Defendant, or any other Settling Defendant.  Settling Defendants may be served with document requests by any Plaintiff, any Non-Settling Defendant, or any other Settling Defendant.

(e)     <u>Interrogatories</u>:  Each party except Settling Defendants may serve up to a total of 25 interrogatories (to any one party, or divided among multiple parties), with no more than 10 of those interrogatories being contention interrogatories.  For purposes of the Class Action only, Class Plaintiffs may serve up to a total of 25 additional interrogatories on the Settling Defendants (to any one party, or divided

12

among multiple parties) and Settling Defendants may serve up to a total of 25 interrogatories on Class Plaintiffs and/or Non-Settling Defendants (to any one party, or divided among multiple parties). Settling Defendants may not serve, and may not be served with, any other interrogatories in any of the actions.

(f)    <u>Contention Interrogatories</u>: Interrogatories of the kind described in Southern District of New York's Local Rule 33.3(b) may be served beginning 60 days before the end of fact discovery.

(g)    <u>Requests for Admission</u>: Each party except Settling Defendants may serve up to a total of 25 requests for admission (to any one party, or divided among multiple parties), except for requests for admission made pursuant to Federal Rule of Civil Procedure 36(a)(1)(B) relating to the genuineness or admissibility of documents, which are unlimited. For purposes of the Class Action only, Class Plaintiffs may serve up to a total of 25 additional requests for admission on the Settling Defendants (to any one party, or divided among multiple parties) and each of the Settling Defendants may serve up to a total of 25 requests for admission on Class Plaintiffs and/or Non-Settling Defendants (to any one party, or divided among multiple parties). Settling Defendants may not serve, and may not be served with, any other requests for admission in any of the actions. The parties must observe the limitations on length stated in section II(F) of the Pilot Project Standing Order.

(h)    <u>Party Fact Depositions</u>: Plaintiffs (collectively) and Non-Settling Defendants (collectively) may notice the deposition of up to 60 party fact witnesses pursuant to Federal Rule of Civil Procedure 30(b)(1) or party witnesses pursuant to Rule

30(b)(6), including any witnesses controlled by a Settling Defendant. If no Settling Defendant remains a party to any of the actions, or if the Court finds that Settling Defendants have entered into sufficiently broad settlement(s) such that the interests of most eBook consumers in the country are represented by the settlement(s), the number of party fact witnesses that may be noticed by Plaintiffs (collectively) and Non-Settling Defendants (collectively) will be 40. For 30(b)(6) depositions, each 7-hour period of deposition (whether with a single witness or multiple witnesses, and whether on a single noticed topic or multiple noticed topics) will count as one deposition against the total allotment for party depositions provided in this paragraph.

(i)  Party Fact Depositions by Settling Defendants: For purposes of the Class Action only, each Settling Defendant may depose up to 5 party fact witnesses pursuant to Federal Rule of Civil Procedure 30(b)(1) or party witnesses pursuant to Rule 30(b)(6) (the latter to be counted per 7-hour period of deposition, as stated in paragraph 6(g) above), except that Settling Defendants may not serve such notices to any Plaintiff other than Class Plaintiffs. Settling Defendants may not serve any other party deposition notices in any of the actions.

(j)  Treatment of States: Discovery requests directed to any of the States may be directed to any individual State or to the States as a whole. For the latter, each such request will be counted as a single request, for purposes of the allotment of requests as provided herein, and the States may choose to provide a single joint

14

response or multiple responses. If the States choose to provide multiple responses, each State must clearly indicate which response it provides or joins.

(k)    Treatment of Class Action Plaintiffs: Discovery requests directed to any of the Class Action Plaintiffs may be directed to any individual Class Action Plaintiff, or to the Class Action Plaintiffs as a whole. For the latter, each such request will be counted as a single request, for purposes of the allotment of requests as provided herein, and the Class Action Plaintiffs may choose to provide a single joint response or multiple responses. If the Class Action Plaintiffs choose to provide multiple responses, each Class Action Plaintiff must clearly indicate which response he or she provides or joins.

(l)    Identical Requests: Each discovery request, even if identical to a request served on a different party, will count against the total allotment of such requests as provided herein, except as provided in subsections (j) and (k) above.

(m)    Exceptions: The limitations on the number of discovery requests set forth under this subheading ("Party Discovery") do not apply to (1) discovery requests made by a Plaintiff to another Plaintiff or a Defendant to a Non-Settling Defendant; (2) depositions taken solely to (i) establish the authenticity or admissibility of documents, (ii) lay the foundation for a possible objection to a claim of privilege, (iii) ascertain compliance with a subpoena, or (iv) lay foundation for a possible motion to compel; (3) depositions taken of individuals who provide declarations, affidavits, or affirmations, as described in section 7(n) below; and (4) depositions of witnesses on a party's trial witness list, as described in section 7(o) below.

15

**Non-Party Discovery**

(n) <u>Joint Requests Only</u>: No discovery request (whether a document request, deposition notice, or other) may be served on any non-party except by joint subpoena of the Plaintiffs collectively or Defendants collectively.

(o) <u>Limitations</u>: Plaintiffs (collectively) and Defendants (collectively) each may (i) serve no more than two subpoena duces tecum on any particular non-party, with the total number of non-parties subpoenaed to remain unlimited, and (ii) depose up to 35 non-party witnesses, pursuant to subpoenas ad testificandum or otherwise. If the identity of the particular non-party witness to be deposed is not stated in the subpoena and the non-party offers the deposition of more than one witness in response to the subpoena, each 7-hour period of deposition will count as one deposition against the total allotment for non-party depositions provided in this paragraph.

(p) <u>Contact with Subpoenaed Non-Parties</u>: Each party must provide the other parties with: (1) a copy of the party's written communications (including email) with any non-party containing any substantive content concerning the subpoena or the subpoenaed non-party's response to or compliance therewith, within 24 hours of the communication; (2) a written record of any oral or written modifications to the subpoena, within 24 hours of the modification; (3) notice that the party has received any documents or data from the non-party in response to the subpoena, within 24 hours of receipt; and (4) a copy of such documents or data, promptly upon receipt.

16

**Further Discovery Stipulations**

(q)   <u>Accounting of Discovery Requests/Subpoenas</u>:  From time to time, the parties must meet and confer on the calculation of the number of allotted discovery requests and subpoenas that each believes has been used.

(r)   <u>Withdrawal of Deposition Notices</u>:  Upon giving reasonable notice, a party (including Plaintiffs collectively or Defendants collectively) may withdraw a deposition notice at any time prior to the deposition, and that deposition will not count against the party for purposes of the number of depositions allotted herein.

(s)   <u>Rights Reserved</u>:  Nothing in this section prohibits a party or non-party from objecting to or moving to quash or modify any particular discovery request or subpoena it receives, or from seeking a protective order from the court, on any appropriate ground, including that the discovery requests noticed to it are cumulative or unfairly burdensome.  In addition, for good cause shown, any party may seek relief from the Court from the limitations set forth under this section heading ("Discovery Limitations").

## 7.  FACT DEPOSITIONS

**Attendance & Scheduling**

(a)   All parties may attend any deposition noticed in any of the actions.  Parties must provide reasonable notice of the number and identity of attendees prior to each scheduled deposition.

(b)   Within one week of service of any party deposition notice, the noticed party must notify all other parties that the noticed deposition date is acceptable or offer an

alternative date within 7 days of the of the noticed date. Parties noticing a deposition must make reasonable efforts to choose a date for the deposition that is convenient for the witness and, when possible, all attending parties.

(c)      Depositions conducted solely to inquire of a witness regarding document or data location, management, or preservation may be taken at any time during the fact discovery period beginning 30 days after the filing of this Revised Joint Initial Report. All other fact depositions may be taken starting on the date provided in the case schedule.

**Time**

(d)      Except for the depositions described in paragraph 7(e) below, depositions will proceed for no more than 7 hours of on-the-record time.

     i.    Any party who noticed the deposition (including Plaintiffs collectively or Defendants collectively, for non-party depositions) is entitled to question the witness for 6 of the 7 hours of on-the-record time, or an equivalent portion of any deposition scheduled to last more or less than 7 hours on-the-record.

     ii.    A Plaintiff noticing a deposition may cede some or all of its examination time to another Plaintiff, and the deposition will count against the allotment of depositions provided in section 6 above for only the noticing Plaintiff. A Defendant noticing a deposition may cede some or all of its examination time to another Defendant, and the deposition will count

18

against the allotment of depositions provided in section 6 above for only
the noticing Defendant.

iii. During the time remaining after the noticing party or parties have finished
their examination, any other parties attending the deposition (including the
party defending the deposition, or, if none, the witness's counsel) may
question the witness, with a reasonable division of this time to be
determined among them.

iv. For non-party depositions noticed by the Plaintiffs collectively or
Defendants collectively, the member parties of the noticing group must
meet and confer to determine how the allotted time for the deposition will
be used among them.

(e) Depositions may proceed for longer than 7 hours of on-the-record time when
(1) more than one party has served a notice for the same party witness's
deposition, or both Plaintiffs (collectively) and Defendants (collectively) have
served a subpoena for the same non-party witness's deposition, in which case the
witness will sit for one deposition of a length to be determined by the parties, after
consideration of the burden on the witness; (2) a witness is designated to serve as
a 30(b)(6) witness and also has been served with a deposition notice in his or her
individual capacity, in which case the witness will sit for one deposition of a
length to be determined by the parties; (3) an agreement for a longer duration is
reached between the party taking the deposition and the party defending the
deposition (or, if the witness is not represented by any party, the witness's

counsel), in light of all parties' recognition that depositions of some fact witnesses may reasonably require more than one day and their agreement to negotiate such extensions of deposition time in good faith; or (4) by order of the Court.

## Questioning & Objections

(f)    In the event of multiple notices for the same deposition, the noticing parties will meet and confer to determine the order of examination and appropriate reservation of time. The order of notices does not create any presumption as to the order of examination or amount of time reserved for questioning by the noticing parties (subject to any limitations herein).

(g)    An objection or motion to strike made by any party at a deposition will be preserved for all other parties and need not be explicitly joined.

## Logistics & Costs

(h)    The parties will meet and confer to determine if they can reasonably agree on use of a single national court reporting service or otherwise share costs.

(i)    The first party to notice the deposition will be responsible for arranging for the deposition space, court reporter, and (if necessary) videographer.

(j)    Each party is responsible for ordering and paying for its own copies of the transcripts or video from the court reporter or videographer, unless the parties agree to share these costs.

**30(b)(6) Depositions**

(k)     A party served with a notice for deposition pursuant to Federal Rule of Civil
        Procedure 30(b)(6) may designate one person to testify on more than one noticed
        topic, or may designate more than one witness to testify on a single noticed topic.

(l)     For a witness who may act both as an individual and 30(b)(6) witness, the parties
        will make reasonable efforts to address all topics relevant to the witness in one
        deposition.

**Additional Depositions**

(m)     On the date set forth in the case schedule, each party must serve on the others a
        preliminary list of fact witnesses that, in the good-faith assessment of the party, it
        will call to testify at trial in its case-in-chief.  For each such witness under that
        party's control, the party will make reasonable efforts to secure the witness's
        attendance at a deposition promptly, if so noticed by any party pursuant to this
        Initial Report.

(n)     Any person not serving as a party's external legal counsel in the actions who
        submits a declaration, affidavit, or affirmation in support of any motion, letter to
        court, or other submission by a party in one or more of the actions, at any time,
        may be deposed thereafter by any party.

(o)     Any witness appearing on a party's final trial witness list who has not previously
        been deposed in the actions and who was not previously identified as a potential
        witness may be deposed prior to trial (or, if the parties agree, during trial).

8.    **EXPERTS**

(a)    The parties will make all disclosures required by Federal Rule of Civil Procedure 26(a)(2), as modified or limited herein, at the times and in the manner provided below and in the schedule found at Attachment A.  The term "expert" as used herein refers to a witness a party may use to present evidence under Federal Rule of Evidence 702, 703, or 705.

(b)    <u>Expert Identity and Subject Matter</u>:  On the date provided in the case schedule, each party bearing the burden on an issue and that intends to offer the testimony of one or more experts on that issue must disclose to the other parties:  (i) each expert's name and employer or associated organization, and (ii) the general subject matter of the expert's expected testimony.

(c)    <u>Opening Expert Reports and Summaries</u>:  On the date provided in the case schedule, each party bearing the burden on an issue and that intends to offer the testimony of one or more experts on that issue, excluding any testimony described in Federal Rule of Civil Procedure 26(a)(2)(D)(ii), must serve an expert report (or, as applicable, a summary for each expert in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)), provided, however, that the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this section 8.

(d)    <u>Rebuttal Expert Reports and Summaries</u>:  On the date provided in the case schedule, each party must serve any rebuttal expert reports responding to one or more of the opening expert reports, pursuant to Federal Rule of Civil Procedure

22

26(a)(2)(D)(ii), or rebuttal summaries in compliance with Rules 26(a)(2)(B) or

(C).  No further expert reports or summaries are allowed without leave of Court.

(e)     Associated Documents and Data:  Within 2 business days of service of any expert

report, the serving party must produce to all other parties a copy of all documents

or data referred to therein, except for any documents or data that have been

produced previously in the actions, which can instead be referred to by Bates

number.  To the extent the disclosures in an expert report include, rely upon, or

describe exhibits, information, or data processed or modeled by a computer at the

direction of an expert in the course of forming the expert's opinions, the party

offering the expert's opinions must produce machine-readable copies of the data

along with the appropriate programs, software, and instructions, except that no

party need produce programs, software, or instructions that are commercially

available at a reasonable cost.  No party need produce databases, programs, and

software that (i) are used in the ordinary course of a party's business and (ii) are

not practicable to copy, as long as the party offering the expert's opinion provides

timely and reasonable access for purposes of replication or analysis of disclosed

results.

(f)     Expert Discovery Limitations:  The provisions of Federal Rule of Civil Procedure

26(b)(4)(C), as modified or limited herein, will apply to expert discovery in the

actions.  No expert or party is required to produce or describe on a privilege log

and no party may seek discovery of by any method (including by deposition):

(1) any communication between an expert (including his or her assistants,

employees, or agents) and a party offering the testimony of such expert (including the party's employees, agents, consultants, and counsel, and their employees or agents); (2) any communication between an expert and his or her employees, assistants, or agents; (3) drafts of any report, exhibit, study, work paper, computation, calculation, compilation, or any other material prepared by, for, or at the direction of an expert, regardless of the form in which the draft is recorded; or (4) any notes or other writings made by, for, or at the direction of an expert. Nothing in this paragraph relieves an expert or party from the duty to identify the facts, data, and assumptions that the expert relied upon in forming his or her opinions.

(g)   <u>Depositions</u>:  The parties have not waived expert depositions.  An expert may be deposed for up to 2 days (14 hours of on-the-record time).

(h)   <u>Finality of Expert Evidence</u>:  Subject to the duty to correct under Federal Rule of Civil Procedure 26(a)(2)(E) and Rule 26(e)(2), no expert report, summary, or other expert evidence may be supplemented, and no expert evidence may be offered or admitted that has not been timely and properly disclosed, except by leave of Court.

9.   **STAY OF DISCOVERY:**  The parties recognize this Court has stayed the actions as against Hachette Book Group, Inc., Hachette Digital, Inc., Hachette Livre SA, HarperCollins Publishers LLC, Simon & Schuster, Inc. and Simon & Schuster Digital Sales, Inc., through August 10, 2012.

24

## 10.   DISPUTES & MOTIONS

(a)   <u>Future Discovery Disputes</u>:  If discovery disputes arise between the parties, the parties must follow the procedures for seeking resolution of such disputes set forth in this Court's Individual Practices in Civil Cases at section 2(c).

(b)   <u>Non-Discovery Motions</u>:  Section 3(A) of this Court's Individual Practices in Civil Cases (which dispenses with the pre-motion conference requirement for all motions except discovery motions), and not section III(A) of the Pilot Project Standing Order, governs non-discovery motion practice in the actions.  Otherwise, section III of the Pilot Project Standing Order governs non-discovery motion practice in the actions.

(c)   <u>Rule 56.1 Statements</u>:  If any party intends to file a motion for summary judgment under Federal Rule of Civil Procedure 56, that party will notify all other parties in the relevant action(s) sufficiently in advance to determine whether the parties will recommend to the Court, pursuant to section III(D) of the Pilot Project Standing Order, that no party will file a Statement of Material Facts as described in Southern District of New York Local Rule 56.1.

## 11.   ADR/MEDIATION

By the date set forth in the case schedule, the parties will contact the chambers of the Honorable Kimba Wood to schedule settlement discussions to begin no later than Fall 2012.

## 12.   TRIAL

(a)   <u>Magistrate Trial</u>:  The parties do not consent to trial by magistrate.

    (b)    <u>Pretrial Order</u>:  The parties do not consent to waive the pretrial order.  The

pretrial order shall be drafted as stated in the Court's June 25, 2012

Scheduling Order.

Attachment A:  Schedule
Attachment B:  Joint Electronic Discovery Submission No. 1 (Revised)

**STIPULATED AND AGREED TO:**

Dated: July 6, 2012           By:    *Carrie A. Syme*

                              Mark W. Ryan
                              Daniel McCuaig
                              Carrie A. Syme
                              U.S. Department of Justice
                              Antitrust Division
                              450 Fifth Street, NW, Suite 4000
                              Washington, DC 20530
                              (202) 532-4753
                              mark.w.ryan@usdoj.gov
                              *On behalf of the United States*

By: _____

Eric Lipman (EL6300)
Gabriel Gervey
David Ashton
Assistant Attorneys General
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711
(512) 463-1579
eric.lipman@texasattorneygeneral.gov

*On Behalf of the Plaintiff States*

27

By: _____

W. Joseph Nielsen
Gary M. Becker (GB8259)
Assistant Attorneys General
Office of the Attorney General of Connecticut
55 Elm Street
Hartford, CT 06106
(860) 808-5040
Joseph.Nielsen@ct.gov

*On Behalf of the Plaintiff States*

28

By: _____

Steve W. Berman (*Pro Hac Vice*)
Jeff Friedman
Shana Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

*On Behalf of the Class Plaintiffs*

By: _____

Kit A. Pierson (pro hac vice)
Jeffrey Dubner (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue NW
Suite 500, West Tower
Washington, D.C. 20005
(202) 408-4600
kpierson@cohenmilstein.com

*On Behalf of the Class Plaintiffs*

By:  _Paul M. Eckles_

Shepard Goldfein
Clifford H. Aronson
Paul M. Eckles
C. Scott Lent
Matthew M. Martino
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
shepard.goldfein@skadden.com

*On behalf of Defendant HarperCollins Publishers
L.L.C.*

By: _____

James W. Quinn
Yehudah L. Buchweitz
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
james.quinn@weil.com
yehudah.buchweitz@weil.com

Helene D. Jaffe
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
hjaffe@proskauer.com

Martha E. Gifford
Law Office of Martha E. Gifford
137 Montague Street #220
Brooklyn, NY 11201
(718) 858-7571
giffordlaw@mac.com
*On behalf of Defendants Simon & Schuster, Inc.*
*and Simon & Schuster Digital Sales, Inc.*

32

By: _____

Joel M. Mitnick
John J. Lavelle
Alexandra Shear
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
jmitnick@sidley.com
jlavelle@sidley.com
ashear@sidley.com

*On behalf of Defendants Holtzbrinck Publishers,*
*LLC d/b/a Macmillan and Verlagsgruppe Georg*
*von Holtzbrinck GmbH*

33

By: _____

Walter B. Stuart
Samuel J. Rubin
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
New York, NY 10022
(212) 277-4000
walter.stuart@freshfields.com

*On behalf of Defendants Hachette Book Group, Inc.*
*and Hachette Digital, Inc.*

34

By:

Daniel Ferrel McInnis
David A. Donohoe
Allison Sheedy
Gregory J. Granitto
Akin Gump Strauss Hauer & Feld, LP
1333 New Hampshire Ave., NW
Washington, DC 20036
(202) 887-4000
dmcinnis@akingump.com

*On behalf of Defendants Penguin Group (USA),*
*Inc. and the Penguin Group*

By: _____
Daniel S. Floyd (*Pro Hac Vice*)
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
dfloyd@gibsondunn.com

*On behalf of Defendant Apple, Inc.*

# Exhibit B

1

1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2
3    UNITED STATES OF AMERICA,
3
4                      Plaintiff,
4
5            v.                              12 Civ. 2826 (DLC)
5
6    APPLE, INC., et al.,
6
7                      Defendants.
7
8    ------------------------------x
8
9    THE STATE OF TEXAS, et al.,
9
10                     Plaintiffs,
10
11           v.                              12 Civ. 3394 (DLC)
11
12   PENGUIN GROUP, (USA), INC., et
12   al.,
13
13                     Defendants.
14
14   ------------------------------x
15
15
16                                       June 22, 2012
16                                       3:20 p.m.
17   Before:
17
18                      HON. DENISE L. COTE,
18
19                                       District Judge
19
20
21
22
23
24
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

```
 1                          APPEARANCES
 1
 2    HAGENS BERMAN, LLP
 2         Attorneys for Class Action Plaintiffs, 12 MD 2293
 3    BY:  JEFF FRIEDMAN
 3         -and-
 4    COHEN, MILSTEIN, SELLERS & TOLL
 4    BY:  KIT PIERSON
 5         DOUG RICHARDS
 5
 6    U.S. DEPARTMENT OF JUSTICE
 6    BY:  MARK W. RYAN
 7         DANIEL McCUAIG
 7         LAWRENCE BUTERMAN
 8         CARRIE SYME
 8
 9    PLAINTIFF'S COUNSEL IN  12 CIV. 3394
10    OFFICE OF THE TEXAS ATTORNEY GENERAL
10    BY:  GABRIEL GERVEY
11
11    OFFICE OF THE CONNECTICUT ATTORNEY GENERAL
12    BY:  W. JOSEPH NIELSEN
12         GARY M. BECKER
13
13    OFFICE OF THE OHIO ATTORNEY GENERAL
14    BY:  EDWARD OLSZEWSKI
14
15    ERIC T. SCHNEIDERMAN
15         Attorney General of the State of New York
16    BY:  LINDA GARGIULO
16         Assistant Attorney General
17
17    GIBSON, DUNN & CRUTCHER
18         Attorneys for Defendant Apple
18    BY:  DANIEL FLOYD
19         DANIEL SWANSON
19            -and-
20    O'MELVENY & MEYERS
20    BY:  RICHARD PARKER
21         ANDREW FRACKMAN
21
22    FRESHFIELDS BRUCKHAUS DERINGER
22         Attorneys for Defendant Hachette Book Group
23    BY:  WALTER STUART
23         SAMUEL RUBIN
24         BRYAN BLOOM
24
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300
```

```
 1                      APPEARANCES
 1
 2   AKIN, GUMP, STRAUSS, HAUER & FELD
 2        Attorneys for Defendant Penguin
 3   BY:  DANIEL McINNIS
 3        ALISON SHEEDY
 4
 4   WEIL, GOTSHAL & MANGELS, LLP
 5        Attorneys for Defendant Simon & Schuster
 5   BY:  YEHUDAH BUCKWEITZ
 6
 6   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
 7        Attorneys for Defendant Harper Collins
 7   BY:  PAUL ECKLES
 8        SHEPARD GOLDFEIN
 8        SCOTT LENT
 9
 9   SIDLEY AUSTIN, LLP
10        Attorneys for Defendant Holtzbrink Publishers (MacMillan)
10   and Verlagsgruppe
11   BY:  JOEL MITNICK
11        JOHN LAVELLE
12        ALEXANDRA SHER
12
13
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1    would still be aggressive.  They are imposing upon themselves

2    to take an enormous amount of discovery in a very short time

3    frame and what I've Dunn here, if the parties agree, is to give

4    you a June trial date and require you to do expert discovery

5    while you are doing fact discovery, to do damages discovery

6    while you are doing liability discovery -- I know that doesn't

7    apply to the Department of Justice but if the other plaintiffs

8    want to be tried here they've got to step up to the plate and

9    do this.

10        So, I think it's interesting to hear you say you want

11   a very speedy trial but I think I have met your request with my

12   option A.  And I hope you give it very serious consideration.

13        MR. FLOYD:  And please don't take any of my comments

14   as in any way not recognizing that or being disrespectful.

15   Partly I wanted you to understand the thinking behind it

16   including the thinking behind why we felt like having a DOJ

17   trial only in front of you first.  And so, I understand and I

18   take your comments very seriously and we will respond

19   appropriately.

20        THE COURT:  Thank you.

21        Okay.  I think it would be more helpful that we not

22   talk about the schedule.  Let's go to specifics and then we

23   will take a break after we deal with specifics.  Everybody got

24   a chance to talk about the schedule -- the proposed schedule

25   with each other, however you would like to have those

1   discussions, then I will come back and we will set a final

2   schedule.

3           Let's go through these three documents then, the joint

4   initial report, attachment B and attachment C, and I will just

5   walk through them and give you my thoughts.  Starting with the

6   joint initial report, page 6, subparagraph D -- I am pausing so

7   everyone has a chance to find the document -- you make an

8   assumption here about my intent to exercise jurisdiction over

9   discovery disputes and you are right and I'm happy to do so.

10          Page 14 I have a proposal and, again, I really want to

11  commend counsel.  You have Dunn so much work and have been so

12  thoughtful about how to coordinate with each other and manage

13  this very complex process.  You have Dunn an excellent job.

14          With respect to deposition notices, I have a proposal

15  for your consideration.  Somebody serves a notice.  Within one

16  week the deponent, through counsel, must respond yes to that

17  date or no with an alternative and the alternative has to be

18  within seven days of the notice date either seven days earlier

19  or seven days later, a two-week window around the notice date.

20  That's the presumption.

21          So, within a week of serving the notice you will know,

22  roughly, when you are going to have the deposition.  Not that

23  there can't be exceptions but consider that as another protocol

24  for you to follow.

25          Page 21, discovery disputes.  I saw that you were --

                    SOUTHERN DISTRICT REPORTERS, P.C.

                            (212) 805-0300