

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/12

# Akin Gump
## Strauss Hauer & Feld LLP

DANIEL F. MCINNIS
202.887.4359/fax: 1.202.887.4288
dmcinnis@akingump.com

September 19, 2012

VIA EMAIL



RECEIVED
SEP 19 2012
CHAMBERS OF
DENISE COTE

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re: *In re: Electronic Books Antitrust Litig.*, Case No. 11-md-2293 (DLC)
**also filed in 12-cv-3394 (DLC)**

Dear Judge Cote:

We write regarding the Court's preliminary approval of the state settlement (DE 221) and its effect upon the schedule for class certification.

Presently, motions for class certification in the class plaintiff actions must be submitted by November 16, 2012.[1] (DE 183, ¶ 7.) However, we understand your Honor's view to be that in light of the state *parens patriae* actions, any potential, certifiable class may <u>only</u> consist of citizens from the state of Minnesota and individuals who affirmatively "opt out" of the state settlements and ongoing *parens patriae* litigation:

> So right now, the class action could only represent, and sort of that decision comes first. Then in the class action, right now they represent the citizens, the natural persons in Minnesota. And potentially whoever opts out of this settlement....

(Cote, J., Tr. of Sept. 10, 2012 Hearing, at 21:23—22:2.) We believe this is the correct view under Section 4c of the Clayton Act. *See* 15 U.S.C. § 15c(b)(3) ("The final judgment in an action under subsection (a)(1) shall be res judicata as to any claim under section 4 of this act by any person on behalf of whom such action was brought and who fails to give such notice within the period specified . . ."); *see also* H.R. Rep. 94-499, 1976 U.S.C.C.A.N. 2572, 2579(1975) (noting that the "alternative remedy" presented by a *parens* action "does not increase any defendant's liability" and that there is only one right of recovery for consumer injuries). But what this unavoidably means is that neither the

---

[1] Only the DOJ is scheduled to go to trial in June 2013, (DE 183, at ¶ 12), although the states have also requested a concurrent bench trial on the equitable relief requested in their complaint (DE 189). The issues discussed in this letter do not affect that trial date.


**Akin Gump**
Strauss Hauer & Feld LLP

The Honorable Denise L. Cote
September 19, 2012
Page 2

content nor size of a putative class may be determined until *after* the opt out process for the state settlement/*parens patriae* litigation is complete. Under the schedule recently approved by the Court, the opt out process shall not be complete for 90 days after preliminary approval (DE 221, at ¶ 11)—until December 17, 2012—close to the tail end of the class certification briefing period. Indeed, the Court will not hold a fairness hearing on the state settlements until February 8, 2013, a decision which could potentially again change the size and scope of any putative class.

Under the Second Circuit standard, any putative class must meet the four threshold requirements of Fed. R. Civ. P. 23(a): numerosity, commonality, typicality, and adequate representation by the class plaintiffs. *See In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 132 (2d Cir. 2001). We therefore anticipate that class briefing will delve heavily into these issues. As Penguin has already noted in prior correspondence, the commonality, typicality, and adequacy requirements are areas over which we would anticipate serious dispute in light of evidence that many putative class members fared better in terms of their eBook purchases under the agency model than they would have in the but-for world of Amazon-dominated pricing. Presumably anticipating these complexities, counsel for class plaintiffs have themselves recently sent a letter to the other parties seeking permission to change the composition of the named class representatives and have suggested they will seek relief from the Court on the issue unless an agreement can be reached.

It does not appear practical, or even feasible, to engage in what counsel for non-settling Defendants anticipate will be a data-intensive process of class certification briefing at all when the composition of the class, and the class representatives, are still moving targets. Penguin therefore respectfully asks that class certification briefing and decision thereon be postponed until after final settlements between the settling Defendants and the states are approved, or that the Court otherwise provide guidance on how it intends any such class certification process to proceed in light of the foregoing.

Sincerely,

Daniel Ferrel McInnis

cc: All counsel of record by electronic mail

*Denied.*
*Denise Cote*
*9/20/12*