

Davis Wright
Tremaine LLP

1633 Broadway
New York, NY 10019-6708

**Elizabeth A. McNamara**
212-603-6437 tel
212-489-8340 fax

lizmcnamara@dwt.com

February 18, 2013

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street – Room 1610
New York, New York 10007-1312

Re:   In re: Electronic Books Antitrust Litig. No. 11-md-02293 (DLC)

Dear Judge Cote:

We represent non-party Walter Isaacson and this letter responds to the February 13, 2013 letter from counsel for Class Plaintiffs which seeks to enforce two subpoenas directed to Mr. Isaacson, author of the *Steve Jobs* biography (the "Biography"): a document subpoena dated May 21, 2012 [Attachment A] that broadly requests "all communications" with Steve Jobs "relating to the sale of music, books, eBooks or applications for mobile devices" and a deposition subpoena dated February 6, 2013 [Attachment B] with no limitation on scope of inquiry (together the "Subpoenas"). As broadly defined, the demands could reach confidential information and Plaintiffs have not even tried to meet (nor could they) the Second Circuit's exacting standard for obtaining confidential information from a journalist. If more narrowly confined to Apple's eBook negotiating strategy, as Plaintiffs' letter suggests, any unpublished communications were on a non-confidential basis. Yet, even on this second attempt Plaintiffs still fail to meet the demanding three part test required by the Second Circuit.[1]

Plaintiffs do not identify any *unpublished* information that is of *any* relevance to this case – let alone of *likely* relevance to a *significant* issue. Beyond noting that counsel for Mr. Isaacson could not confirm or deny the existence of such information, Plaintiffs do not provide the Court with any basis to believe that any such unpublished information even exists.[2] Nor do they explain any relevance beyond the conclusory observation that "Mr. Jobs' statements to Mr. Isaacson are directly relevant to core issues in dispute". But such an entirely speculative inquiry based on nothing more than an expectation of some conclusory relevance does not justify setting aside the newsgatherer's privilege. Indeed, even though we do not have access to Attachment B to Plaintiffs' letter (filed under seal), it is apparent from un-redacted portions of the other attachments to Plaintiffs' letter, that Plaintiffs can already glean the sought-after information from the documents already in the case and from other witnesses (including Mr. Cue and Mr. Murdoch). Accordingly, to the degree the Subpoenas seek unpublished information, they should be quashed as Plaintiffs have utterly failed to meet the standard set by the Second Circuit.

Instead, Plaintiffs seem to really be seeking the testimony of Mr. Isaacson concerning the *published* statements Mr. Isaacson attributes to Mr. Jobs in the Biography. But, even here, Plaintiffs do not establish the relevance of such testimony to a significant issue in the case or that the information is not obtainable from other sources. The statements at issue here are readily distinguishable from *U.S. v. Treacy*, where a district court required a reporter to authenticate published statements attributed to defendant Treacy. In

---

[1] The fact that Mr. Jobs shared some information off-the-record is not inconsistent with the fact that Mr. Jobs exercised no editorial control over the book, as Plaintiffs suggest. As for the standard for forcing a reporter to reveal confidential information, *see*, *United States v. Cutler*, 6 F.3d 67, 71 (2d Cir. 1993). As for non-confidential information, the Second Circuit requires litigants to satisfy a three-part test which requires a showing that the materials "are of [1] likely relevance to a [2] significant issue in the case and are [3] not reasonably obtainable from other available sources." *U.S. v. Treacy*, 639 F.3d 32, 42 (2d Cir. 2011), *citing Gonzales v. NBC*, 194 F.3d 29, 36 (2d Cir. 1999).

[2] For example, Plaintiffs offer no evidence that any particular document is missing and likely in the possession of Mr. Isaacson; and no reason to believe that Mr. Jobs shared substantively unique unpublished documents or information with Mr. Isaacson. Instead, logic dictates that anything of real interest would have been published.

Hon. Denise L. Cote
February 18, 2013
Page 2

*Treacy*, unlike here, the statements that the reporter had attributed to defendant *Treacy* were alleged to have been made in "furtherance of the alleged conspiracy" and the very act of making the false exculpatory statements evidenced his "consciousness of guilt". 639 F.3d at 39. Here, the fact that Mr. Jobs made the published statements to Mr. Isaacson is not relevant to any independent issue and is hardly in furtherance of any conspiracy. Moreover, the statements attributed to Jobs in the Biography are but one of many alternate means by which Plaintiffs can demonstrate Apple's eBook negotiating strategy. Indeed, Plaintiffs all but concede that the information is obtainable from other sources: they acknowledge that the communications produced in the litigation evidence Apple's strategy surrounding eBook negotiations but merely lack the same "direct narrative" and "clear admissions" they attach to the statements in the Biography. Likewise, they admit that other witnesses like Mr. Cue can testify to Mr. Jobs' views, but they attempt to discount or discredit that testimony (yet notably fail to establish that Mr. Cue has refused or has been unable to testify concerning Apple or Mr. Jobs' negotiation strategies).

        The picayune differences between the evidence already available to Plaintiffs and what Plaintiffs seek by way of their Subpoenas cannot swing the balance in Plaintiffs' favor. Mr. Isaacson's recollections concerning the published Jobs statements are hardly unique or the best evidence. We have already informed the Court that Mr. Isaacson has no recordings of those statements. Accordingly, the evidentiary quality of any testimony that Mr. Isaacson could possibly offer concerning the published statements is easily equivalent to the testimony that many others either have or will provide – including, most obviously, Apple employees who had contemporaneous conversations with Mr. Jobs about eBooks.[3] This stands in contrast to the situation presented in *Gonzales v. N.B.C.*, where the Court placed heavy emphasis on the fact that NBC possessed video out-takes of defendant, reasoning that no alternatives were reasonably available because video recordings: "provide unimpeachably objective evidence." *Id.*, 194 F.3d at 36.

        There is a real danger that it will become standard operating procedure for parties litigating against Apple to subpoena Mr. Isaacson in order to go through his files. In setting out the standard that must be met to overcome the privilege as to non-confidential materials, that is the very result the Second Circuit intended to avoid: "If the parties to any lawsuit were free to subpoena the press at will, it would likely become standard operating procedure for those litigating against an entity that had been the subject of press attention to sift through press files in search of information supporting their claims." *Gonzales*, 194 F.3d at 35.[4]

        In sum, we respectfully ask that the subpoenas be quashed. If your Honor intends to grant any part of Plaintiffs' application, Mr. Isaacson respectfully requests a hearing on the issue.

                                        Respectfully yours,

                                        *Elizabeth A. McNamara*

                                        Elizabeth A. McNamara
                                                                by CKF

cc:      All Counsel of Record (by e-mail)

---

[3] Apple executives such as Eddy Cue, whom Plaintiffs identify as the lead negotiator for Apple on eBooks, are *at least* equivalent, if not superior, sources than Mr. Isaacson. Indeed, we understand that there are several Apple employees and even some non-parties who can provide testimony as to statements by Mr. Jobs on Apple's entry into the e-Book market, pricing strategies, most favored nations clauses.

[4] At least two district court judges have barred the use of statements Mr. Jobs made to journalists in cases in which Apple is a party. In *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 11-CV-01846, N.D.C.A. Judge Koh determined to exclude all statements made in the Biography on relevance grounds – i.e., that that case (like this case) was not about Mr. Jobs or what he may have said to his biographer. [Attachment C] In *Apple Inc. v. Motorola, Inc.*, No. 1:11-cv-08540, N.D. Ill., May 31, 2012, at p. 7, Judge Posner (sitting as a district court) ruled that interviews that Mr. Jobs gave were inadmissible hearsay ("But [plaintiff] hasn't pointed to an exception that permits admission of [reporter's] out-of-court statement, which is being offered for the truth of the matter asserted: that he asked Jobs about [topic] and this is how Jobs replied.") [Attachment D]

# ATTACHMENT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIG. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11-md-2293 (DLC) |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of New York          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Walter Isaacson
     1314 28th Street N.W., Washington, DC 20007-3121

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

| Place:  HAGENS BERMAN SOBOL SHAPIRO LLP<br>1629 K Street NW, Suite 300<br>Washington, DC 20006 | Date and Time:<br><br>06/20/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    05/21/2012

| *CLERK OF COURT* | |
|---|---|
| | OR   Jeff D. Friedman  by dgd |
| _____ | _____ |
| Signature of Clerk or Deputy Clerk | Attorney's signature |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Class Plaintiffs
_____, who issues or requests this subpoena, are:

Jeff D. Friedman - HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202, Berkeley, CA 94710; Telephone: (510) 725-3000; Facsimile: (510) 725-3001
jefff@hbsslaw.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-md-2293 (DLC)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*          Walter Isaacson

was received by me on *(date)*          05/21/2012          .

☑ I served the subpoena by delivering a copy to the named person as follows:          Walter Isaacson, c/o

counsel Elizabeth McNamara, Davis Wright Tremaine LLP, 1633 Broadway, 27th Floor, New York, NY 10019

_____          on *(date)*          05/23/2012          ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____          .

My fees are $ _____ for travel and $ _____ for services, for a total of $          0.00          .

I declare under penalty of perjury that this information is true.

Date:          05/23/2012          _____

          *Server's signature*

          Brian R. Miller, Paralegal
          *Printed name and title*

          HAGENS BERMAN SOBOL SHAPIRO
          715 Hearst Avenue, Suite 202
          Berkeley, CA 94710
          Telephone: (510) 725-3000
          *Server's address*

Additional information regarding attempted service, etc:

Firm authorized to accept service for Walter Isaacson per May 23, 2012, e-mail from Carolyn Foley (Davis Wright
Tremaine) to Jeff Friedman (Hagens Berman).

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A – WALTER ISAACSON

### I.      DEFINITIONS

1.      The following rules of construction shall apply to all discovery requests:

(a)      The terms "ALL" and "EACH" shall be construed as all and each;

(b)      The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)      "CONCERNING" means RELATING TO, referring to, describing, evidencing or constituting;

(d)      "INCLUDING" shall be construed to mean "without limitation"; and

(e)      The use of the singular form of any word includes the plural and vice versa.

2.      "APPLE" means Apple Inc., a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, CA 95014. Apple is a leading manufacturer of mobile devices designed to distribute, store, and display digital media. Examples of such devices include the Apple iPad device, a tablet computer which supports several eReader applications, including the Kindle App, and Apple's proprietary app, iBookstore.

3.      "COMMUNICATIONS" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, audio recordings, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "COMMUNICATION BETWEEN" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

4.      "DOCUMENT" or "DOCUMENTS" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the

1

foregoing, the term "DOCUMENTS" includes both hard copy DOCUMENTS as well as electronically stored data files including e-mail, instant messaging, shared network files and databases. With respect to electronically stored data, "DOCUMENTS" also includes, without limitation, any data on magnetic or optical storage media (*e.g.*, servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

   5. "EBOOKS" means an e-text that forms the digital media equivalent of a conventional print book, sometimes restricted with a digital rights management (DRM) system.

   6. The terms "RELATING TO" and "WITH RESPECT TO" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluation, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   7. The terms "YOU" and "YOUR" mean the responding party, its predecessors, successors, subsidiaries, departments, divisions, joint ventures and/or affiliates, including, without limitation, any organization or entity which the responding party manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding party.

## II. INSTRUCTIONS

   1. These requests call for the production of all responsive DOCUMENTS that are within the possession, custody or control of YOU.

   2. If any DOCUMENT covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld

DOCUMENT: date, author, recipients, general subject matter; and legal basis upon which the DOCUMENT has been withheld.

3.     With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

4.     Please produce all DOCUMENTS maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed. YOU are also requested to immediately meet and confer regarding the manner in which YOU shall produce DOCUMENTS stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

5.     Please organize electronic DOCUMENTS produced for inspection in the same manner that YOU store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize DOCUMENTS for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.).

6.     To the extent responsive DOCUMENTS reside on databases and other such systems and files, YOU are requested to produce the relevant database in useable form and/or permit access for inspection, review and extraction of responsive information.

7.     At YOUR election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto a USB 3.0 external hard drive).

8.      These requests require production of paper DOCUMENTS in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If YOU choose the former method, the DOCUMENTS are to be produced in the boxes, file folders, binders and other containers in which the DOCUMENTS are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

9.      DOCUMENTS stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

10.     Each document request, and each subpart thereof, shall be separately set forth and accorded a separate answer.  Each response shall first set forth verbatim the document request to which it is responsive, followed by YOUR response.

11.     No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

12.     If YOU object to any document request or subpart thereof, the objection shall state with specificity all grounds.  Any ground not stated shall be waived.

13.     If YOU are unable to answer any document request, the reasons for YOUR inability to answer shall be separately stated in detail for each document request.

14.     Failure to provide information in response to these document requests will be deemed a waiver of YOUR right to produce such evidence at trial.  Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to this Request.

15.     These requests shall be deemed continuing so as to require further and supplemental production in accordance with Federal Rule of Civil Procedure 26(e).

4

### III.   DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS with Steve Jobs concerning Apple's potential and actual entry into the eBook sales market.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS relating to Apple entering or potentially entering the eBook market.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS with Steve Jobs concerning most-favored-nation clauses.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS with Steve Jobs concerning Apple's pricing strategy relating to the sale of music, books, eBooks, or applications for mobile devices.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS with Steve Jobs relating to the sale of eBooks.

010260.11  521777 V1

# ATTACHMENT B

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| In re Electronic Books Antitrust Litig. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   11-md-2293 (DLC) |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | Southern District of New York      ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  WALTER ISAACSON, 1314 28th Street N.W., Washington, DC 20007-3121
   c/o Elizabeth A. McNamara; Davis Wright Tremaine LLP, 1633 Broadway, 27th Floor, New York, NY 10019

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave NW, Suite 500<br>Washington, DC 20005  West | Date and Time:<br><br>03/08/2013 9:00 am |
|---|---|

   The deposition will be recorded by this method:   videography and stenography

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/06/2013

         CLERK OF COURT

                                              OR

   _____                    _____
      Signature of Clerk or Deputy Clerk                     Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_      Class Plaintiffs
_____ , who issues or requests this subpoena, are:

JEFF D. FRIEDMAN
Hagens Berman Sobol Shapiro LLP; 715 Hearst Avenue, Suite 202, Berkeley, CA 94710
jefff@hbsslaw.com; (510) 723-3000

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  11-md-2293 (DLC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  _____

was received by me on *(date)*  _____  .

☐ I served the subpoena by delivering a copy to the named individual as follows:  _____

_____

_____  on *(date)*  _____  ; or

☐ I returned the subpoena unexecuted because:  _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$  _____  .

My fees are $  _____  for travel and $  _____  for services, for a total of $  ____0.00____  .

I declare under penalty of perjury that this information is true.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ) | MINUTE ORDER AND CASE |
| v. | ) | MANAGEMENT ORDER |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., A | ) | |
| Korean business entity; SAMSUNG | ) | |
| ELECTRONICS AMERICA, INC., a New York | ) | |
| corporation; SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| Defendants. | ) | |
| | ) | |

Clerk:  Martha Parker Brown
Reporter:  Lee-Anne Shortridge
Length of hearing: 2 hrs 35 min

Plaintiff Attorneys: Harold McElhinny, Michael Jacobs, Mark Selwyn, and William Lee
Defense Attorneys: Charles Verhoeven, Victoria Maroulis, Kevin Johnson, Charlie Price, and
Michael Zeller.

A case management conference was held on July 18, 2012.  A pre-trial conference is set for
July 24, 2012 at 1:30 p.m.  At the case management conference on July 18, 2012, the following
rulings were made orally:

FINAL PRETRIAL CONFERENCE: The topics to be covered at the conference on July 24, 2012
will be the design patent claim construction, the verdict form, the jury instructions, and any issues
regarding the parties' July 23, 2012 filings.

VERDICT FORM: The parties shall file a joint proposed verdict form by July 23, 2012 at noon.

JURY INSTRUCTIONS: The Court will file a proposed set of preliminary jury instructions by
Monday, July 23, 2012 so that the parties may comment on, and finalize the instructions at the July
24, 2012 pretrial conference.

JURORS: The Court will empanel 10 jurors.  Each side may exercise up to 4 peremptory
challenges.

VOIR DIRE: The Court will conduct voir dire.  The Court will allow 20 minutes of attorney voir
dire for each side.

OPENING STATEMENT/CLOSING ARGUMENTS: The parties shall have 1.5 hours each for
opening statements.  The parties shall have 2.0 hours each for closing arguments.

REPRESENTATIVE PRODUCTS: The parties shall meet and confer in an attempt to reach an
agreement on the use of representative products so that the number of accused devices may be
narrowed for trial.  The parties shall file a notice by Monday July 23, 2012 at noon, indicating
whether they have been able to reach an agreement on these issues.

United States District Court
For the Northern District of California

**WITNESSES:** The parties are required to submit revised witness lists by July 23, 2012 at noon. Each side must limit the number of witnesses on its list to 50 witnesses. Each side shall also limit the number of depositions designations to 45 witnesses and no more than 25 hours of deposition. Depositions conducted after the close of discovery without the authorization of Judge Grewal or stipulation of the parties is not admissible. When the witness is a party's employee, the Court prefers the presentation of live testimony. Rule 30(b)(6) witnesses and managing agent testimony may be presented by deposition.

**EXHIBITS:** The parties shall stipulate to a joint exhibit list of no more than 100 exhibits. Both parties must agree on the exhibits' admissibility for the exhibit to be added to the joint exhibit list. Each side may also have individual exhibit lists of no more than 200 exhibits each. The parties shall serve and file their new lists by Monday, July 23, 2012 at noon.

**PROCEDURE FOR OBJECTIONS:** The following procedure of notification regarding witnesses, exhibits, and demonstratives shall be employed at trial. The parties are required to give notice, by 7:00 p.m. two days before the trial day, of the witnesses, exhibits, and demonstratives it intends to use. By 2:00 p.m. the next day, the opposing party shall designate the exhibits it intends to use during cross-examination. Exhibits not disclosed by this procedure will not be admitted during the trial, unless the party seeking to use the un-disclosed exhibit shows good cause. Objections to witnesses, exhibits, or demonstratives shall be filed no later noon the day before the witness is to testify.

**SAMSUNG'S ADDITIONAL EVIDENTIARY OBJECTIONS:**
- Samsung's motion to exclude evidence that Michael Wagner's opinions were excluded in the Motorola case is GRANTED.
- Samsung's motion to exclude Apple's offer to license its declared-essential patents produced after the close of discovery is DENIED. Samsung is allowed to take no more than 2 hours of deposition regarding the late produced letter.
- Samsung's motion to exclude evidence related to the Galaxy S (i9000) and Galaxy Ace is DENIED.
- Samsung's motion to exclude reference to and testimony regarding irreparable harm to Apple is DENIED without prejudice. The Court will make a case-by-case determination regarding whether specific evidence is admissible.

**THE FJC PATENT VIDEO:** The Court will show the FJC Patent video to the jury. The parties shall meet and confer and craft a joint statement to be read to the jury that explains that design patents are entitled to the same presumptions and protections as utility patents. The parties shall file the statement by July 23, 2012 at noon.

**TRANSLATIONS:** The parties shall meet and confer and attempt to resolve any remaining issues regarding translations of documents. The parties must provide redlines to show word or phrase objections. The parties shall file a statement by Wednesday, July 25, 2012 at 10:00 a.m. if they are unable to resolve the dispute.

**POST VERDICT PROCEEDINGS:** The parties shall meet and confer and propose a schedule for post-verdict proceedings. The parties shall file a preliminary statement by August 1, 2012 proposing post-verdict proceedings.

**MOTIONS IN LIMINE:** After reviewing the parties' briefing, considering the parties' oral arguments and the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403 ("FRE 403"), the Court made the following rulings on the motions in limine on the record.

United States District Court
For the Northern District of California

1. Apple's motion in limine #1, to exclude Apple design model 035, and photos of it, because it's not related to scope of D'889, is DENIED, for the reasons stated on the record.

2. Apple's motion in limine #2, to exclude non-prior art Apple or Samsung design patents is GRANTED, for the reasons stated on the record.

3. Apple's motion in limine #3, to exclude evidence or argument regarding claimed prior art devices that do not qualify as prior art, is GRANTED in part and DENIED in part, for the reasons stated on the record. The motion is GRANTED in that the following may not be introduced as prior art references under 35 U.S.C. § 102: KR30-0452985; Sharp Softbank; KU990Viewty; LG KS20; and the internal Samsung documents; the LG Chocolate; and the F300. The motion is DENIED in all other respects. In other words, the LG KE 750 Prada may be admissible as a prior art reference under 35 U.S.C. § 102. All the evidence identified in this paragraph is admissible for other purposes, including to rebut an allegation of copying.

4. Apple's motion in limine #4, to exclude the use of partial or misleading views (i.e. a single two-dimensional view) of designs, or deposition testimony that involves the use of partial or misleading views, is DENIED, without prejudice, for the reasons stated on the record.

5. Apple's motion in limine #5, to exclude evidence that Samsung received legal advice regarding the parties at issue in this case, is GRANTED, for the reasons stated on the record.

6. Apple's motion in limine #6, to exclude evidence of how other courts or tribunals have construed or ruled on any Apple or Samsung patents, is GRANTED, for the reasons stated on the record.

7. Apple's motion in limine #7, to exclude any evidence or arguments regarding statements made by Steve Jobs to Walter Isaacson in his biography, is GRANTED, for the reasons stated on the record.

8. Apple's motion in limine #8, to exclude evidence or argument as to parties' corporate behavior or financial circumstances is DENIED, for the reasons stated on the record. While Samsung may reference the number of hours worked by individuals who manufactured Apple products, as this evidence is relevant to Apple's capability to meet demand, Samsung may not make reference to alleged working condition abuses.

9. Apple's motion in limine #9, to exclude Samsung from offering profits calculations based on a tax agreement with the IRS is DENIED, for the reasons stated on the record.

10. Apple's motion in limine #10, to exclude evidence of Apple's acquisition of "Fingerworks," is GRANTED, for the reasons stated on the record.

11. Samsung's motion in limine #1, to exclude evidence or argument not tied to the specific IP rights claimed by Apple in this action, is GRANTED in part and DENIED in part, for the reasons stated on the record. The motion is GRANTED with respect to evidence related to Apple Brand, and evidence that Samsung shared confidential business information, but is DENIED with respect to evidence of media coverage of Apple

United States District Court
For the Northern District of California

products and evidence of copying of Apple's designs.  Evidence related to Steve Jobs will generally be excluded unless it is specifically relevant to the IP rights at issue in the case, although the Court will make that determination on a case-by-case basis.

12.    Samsung's motion in limine #2, to exclude out-of-court third-party statements about purported similarities or purported confusion, is DENIED in part and GRANTED in part, for the reasons stated on the record.  The consumer confusion surveys Samsung seeks to exclude show that Samsung was on notice of potential consumer confusion, which is relevant to knowledge, intent, and willfulness for Apple's trade dress and design infringement claims.  The survey evidence is also admissible to establish consumer confusion, which is relevant to Apple's trade dress claims.  Apple has established either that the statements are not hearsay or are admissible under a hearsay exception.  Although this evidence is generally admissible, there is one survey that is not admissible for all purposes.  Because the TV ad survey cited by Samsung relates to the Tab 7.0, a product no longer being asserted in the case, evidence of consumer confusion is not relevant to any of Apple's claims.  However, this specific consumer confusion survey can be used to establish intent, willfulness, and knowledge.

13.    Samsung's motion in limine #3, to exclude accused devices, contentions, theories, and witnesses not timely disclosed in infringement contentions or interrogatory responses is DENIED in part and GRANTED in part, for the reasons stated on the record.  Samsung's motion to exclude Apple's utility patent infringement claims against the Epic 4G Touch, Skyrocket, Gravity Smart, and Galaxy S Showcase i500 is GRANTED.  The motion is DENIED in all other respects.

14.    Samsung's motion in limine #4, to exclude reference to findings or rulings in other proceedings not involving the patents at issue in this case, is GRANTED, for the reasons stated on the record.

15.    Samsung's motion in limine #5, to exclude disputes and rulings in this action, including discovery disputes and the preliminary injunction ruling is GRANTED in part and DENIED in part.  (1) With respect to this Court and the Federal Circuit's rulings on the preliminary injunction, the Court concludes that this evidence is of limited probative value, and the prejudicial effect to Samsung would greatly outweigh any relevance for the jury.  On the one hand, the Federal Circuit in *In re Seagate* explained that "willful infringement in the main must find its basis in prelitigation conduct." 497 F.3d 1360, 1374 (Fed. Cir. 2007).  Moreover, the Federal Circuit also recognized that "whether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case." *Id.*  While the Court agrees that the litigation conduct at issue could be somewhat probative of Samsung's willfulness, because "in the main" the basis of willful infringement must occur in prelitigation, the evidence is of limited value.  On the other hand, there is a strong likelihood that the jury would give undue weight to the rulings of this Court and the Federal Circuit, when the jury is, in fact, the final arbiter of the factual questions in this case.  Moreover, admitting these rulings into evidence would likely confuse the issues and waste time because it would likely devolve into a litigation within a litigation where the parties present evidence regarding what evidence was before which tribunal.  The parties would also have to distinguish the different standards of proof in a preliminary injunction motion versus at trial.  Accordingly, the evidence of the preliminary injunction rulings are excluded on the basis of FRE 403.  (2) Similarly, the evidence that Samsung was sanctioned for withholding documents of relating to copying and consumer surveys, and source code is

United States District Court
For the Northern District of California

also arguably probative of willfulness, but suffers from the same issues related to the preliminary injunction rulings.  The discovery sanctions are litigation related conduct, which does not serve as the main basis for a willful infringement finding.  In comparison to the limited probative value of the discovery sanctions, the unfair prejudice to Samsung and the risk of confusion of the issues for the jury is high.  The jury may simply assume that Samsung is liable based on discovery misconduct, instead of based on the merits of the action.  In light of this, the Court weighs the probative value of the evidence against the danger of unfair prejudice and determines that this evidence of discovery misconduct should be excluded under Federal Rule of Evidence 403.  (3) Finally, evidence of Samsung's failures to disclose accurate financial data in discovery is relevant for Apple's damages claim.  This evidence is relevant because it calls into doubt the veracity of the calculations and data relied upon by Samsung in its damages calculations.  In weighing the evidence under FRE 403, the prejudicial effect of the disclosing to the jury discovery conduct is outweighed by the probative value of the evidence of the financial data errors.  Therefore, evidence of Samsung's failures to disclose accurate financial data in discovery is admissible.   These rulings have no bearing on the adverse inference jury instruction motion before Judge Grewal.

16.  Samsung's motion in limine #6, to exclude generalizations regarding the operation of accused Samsung products is DENIED, for the reasons stated on the record.

17.  Samsung's motion in limine #7, to exclude resized or altered photos of samsung products in side-by-side product comparisons is DENIED, without prejudice, for the reasons stated on the record.

18.  Samsung's motion in limine #8, to exclude any evidence of pre-filing notice other than identified in Apple's interrogatory response and provisionally exclude Mr. Musika's opinions on pre-filing damages unless and until Apple makes a *prima facie* showing of entitlement to such damages, is DENIED, for the reasons stated on the record.

19.  Samsung's motion in limine #9, to exclude evidence of Samsung's overall revenues, profits, wealth and value and evidence or argument that Samsung has paid lower taxes than it should have, is DENIED, for the reasons stated on the record.  However, Samsung's motion is GRANTED to the extent Samsung seeks to exclude any argument that the tax arrangement with the United States government is a form of tax evasion.

20.  Samsung's motion in limine #10, to exclude evidence and argument that Apple is presently licensed to the declared essential patents-in-suit, is GRANTED, for the reasons stated on the record.

The following pretrial schedule remains as set:

| July 23, 2012 | File revised verdict forms, a statement regarding narrowed accused devices, revised witness lists, and revised joint and separate exhibit lists |
|---|---|
| July 24, 2012 at 1:30 p.m. | Final Pretrial Conference (Jury Instructions and Verdict Form) |
| July 25, 2012 | File and serve objections to counterdesignations of deposition testimony and file statement regarding status of translation disputes |

Case No.: 11-CV-01846-LHK
MINUTE ORDER AND CASE MANAGEMENT ORDER

United States District Court
For the Northern District of California

| July 27, 2012 | Deliver Jury Books to the Court |
| July 30, 2012 at 9:00 a.m. | Jury Trial |

**IT IS SO ORDERED.**

Dated: July 19, 2012

LUCY H. KOH
United States District Judge

United States District Court
For the Northern District of California

Case No.: 11-CV-01846-LHK
MINUTE ORDER AND CASE MANAGEMENT ORDER

1         UNITED STATES DISTRICT COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3           SAN JOSE DIVISION

4

5

6   APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
    CORPORATION,                )
                                )  SAN JOSE, CALIFORNIA
7              PLAINTIFF,       )
                                )  JULY 18, 2012
8        VS.                    )
                                )  PAGES 1-146
9   SAMSUNG ELECTRONICS CO.,    )
    LTD., A KOREAN BUSINESS     )
10  ENTITY; SAMSUNG             )
    ELECTRONICS AMERICA,        )
11  INC., A NEW YORK            )
    CORPORATION; SAMSUNG        )
12  TELECOMMUNICATIONS          )
    AMERICA, LLC, A DELAWARE    )
13  LIMITED LIABILITY           )
    COMPANY,                    )
14                              )
              DEFENDANTS.       )
15  _____

16          TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE LUCY H. KOH
17        UNITED STATES DISTRICT JUDGE

18

19

20        APPEARANCES ON NEXT PAGE

21

22

23

24  OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                 CERTIFICATE NUMBER 9595
25

2

```
 1

 2     A P P E A R A N C E S:

 3     FOR PLAINTIFF        MORRISON & FOERSTER
       APPLE:               BY:  HAROLD J. MCELHINNY,
 4                               MICHAEL A. JACOBS,
                                 RACHEL KREVANS
 5                          425 MARKET STREET
                            SAN FRANCISCO, CALIFORNIA  94105
 6

 7     FOR COUNTERCLAIMANT WILMER, CUTLER, PICKERING,
       APPLE:               HALE AND DORR
 8                          BY:  WILLIAM F. LEE
                            60 STATE STREET
 9                          BOSTON, MASSACHUSETTS  02109

10                          BY:  MARK D. SELWYN
                            950 PAGE MILL ROAD
11                          PALO ALTO, CALIFORNIA  94304

12     FOR THE DEFENDANT:   QUINN, EMANUEL, URQUHART,
                            OLIVER & HEDGES
13                          BY:  CHARLES K. VERHOEVEN
                            50 CALIFORNIA STREET, 22ND FLOOR
14                          SAN FRANCISCO, CALIFORNIA  94111

15                          BY:  VICTORIA F. MAROULIS,
                                 KEVIN P.B. JOHNSON
16                          555 TWIN DOLPHIN DRIVE
                            SUITE 560
17                          REDWOOD SHORES, CALIFORNIA  94065

18                          BY:  MICHAEL T. ZELLER,
                                 WILLIAM C. PRICE
19                          865 SOUTH FIGUEROA STREET
                            10TH FLOOR
20                          LOS ANGELES, CALIFORNIA  90017

21     FOR INTERVENOR       RAM, OLSON,
       REUTERS:             CEREGHINO & KOPCZYNSKI
22                          BY:  KARL OLSON
                            555 MONTGOMERY STREET, SUITE 820
23                          SAN FRANCISCO, CALIFORNIA  94111

24

25
```

5

```
 1      SAN JOSE, CALIFORNIA              JULY 18, 2012
 2                    P R O C E E D I N G S
 3                (WHEREUPON, COURT CONVENED AND THE
 4      FOLLOWING PROCEEDINGS WERE HELD:)
 5                THE CLERK:  CALLING CASE NUMBER
 6      C-11-01846 LHK, APPLE INCORPORATED VERSUS SAMSUNG
 7      ELECTRONICS COMPANY LIMITED, ET AL.
 8                (PAUSE IN PROCEEDINGS.)
 9                MR. MCELHINNY:  GOOD AFTERNOON, YOUR
10      HONOR.  HAROLD MCELHINNY AND MICHAEL JACOBS ON
11      BEHALF OF APPLE.  AND I WOULD ALSO LIKE TO
12      INTRODUCE MY PARTNER, RACHEL KREVANS, WHO WILL BE
13      JOINING US IN PART OF THE TRIAL.
14                MS. KREVANS:  GOOD AFTERNOON, YOUR HONOR.
15                THE COURT:  GOOD AFTERNOON.
16                MR. LEE:  GOOD AFTERNOON, YOUR HONOR.
17      BILL LEE AND MARK SELWYN FROM WILMER HALE FOR
18      APPLE.
19                MR. VERHOEVEN:  GOOD AFTERNOON, YOUR
20      HONOR.  CHARLES VERHOEVEN, AND WITH ME ARE MY
21      PARTNERS, KEVIN JOHNSON, MICHAEL ZELLER,
22      WILLIAM PRICE, AND VICTORIA MAROULIS FROM QUINN,
23      EMANUEL ON BEHALF OF SAMSUNG.
24                THE COURT:  OKAY.  GOOD AFTERNOON.
25                MR. OLSON:  GOOD AFTERNOON, YOUR HONOR.
```

154

1            THE COURT:  THERE'S NO DISPUTE, SO THAT

2     ONE IS GRANTED.

3            MOTION IN LIMINE NUMBER 6, IT'S KIND OF

4     THE FLIP SIDE OF SAMSUNG'S, THAT'S GRANTED, AND

5     THAT'S JUST EXCLUDING HOW OTHER COURTS AND

6     TRIBUNALS HAVE RULED AND CONSTRUED THE PATENTS.

7            NOW, WITH REGARD TO STEVE JOBS, IT'S THE

8     SAME THING.  I DON'T SEE HOW THIS IS RELEVANT.

9     UNDER A 403 ANALYSIS, I DON'T THINK IT COMES IN.  I

10    REALLY DON'T THINK THIS IS A TRIAL ABOUT STEVE JOBS

11    EITHER WAY.  ALL RIGHT?  SO THAT MOTION IS GRANTED.

12            WITH REGARD TO -- NOW, APPLE'S CORPORATE

13    BEHAVIOR OR FINANCIAL CIRCUMSTANCES, I THINK JUST

14    AS SAMSUNG'S FINANCES COME IN, SO DO APPLE'S, AND I

15    THINK BECAUSE THE CAPACITY OF APPLE TO MEET THE

16    DEMAND IS RELEVANT, WHAT THE EMPLOYEES ARE WORKING,

17    HOW MANY HOURS THEY'RE WORKING, I THINK THAT'S

18    RELEVANT.  IT COMES IN.

19            NOW, THERE IS ONE ASPECT OF THIS WHICH

20    MAY BE LIKE THE TAX EVASION ALLEGATION.  I MEAN, IF

21    THERE IS ANY ALLEGATION OF MISTREATMENT, IF APPLE'S

22    GOTTEN BAD PRESS ON THAT, I DON'T THINK THAT THAT'S

23    RELEVANT.

24            I'M NOT SURE IF THAT WAS -- SOME OF THESE

25    MOTIONS ARE VERY VAGUE, SO IT'S REALLY DIFFICULT TO

# ATTACHMENT D

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

————————

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE INC. (f/k/a NeXT COMPUTER, INC.), | ) ) ) | |
| *Plaintiffs,* | ) ) | No. 1:11-cv-08540 |
| v. | ) ) | Judge Richard A. Posner. |
| MOTOROLA, INC. and MOTOROLA MOBILITY, INC., | ) ) ) | |
| *Defendants.* | ) | |

**ORDER OF MAY 31, 2012**

On May 15, the parties filed motions in limine related to the liability trials for Apple's patents ('002, '263, '647, '949) and Motorola's patents ('559 and '898). On May 21, the parties also submitted joint memoranda outlining their objections to those exhibits that will be included in the binders to be given to the jury in the two liability trials.

I will now rule on the motions in limine and jury binder exhibit objections related to the liability trial on Apple's patents. The parties shall remove exhibits from the binders in accordance with my rulings. Moreover, all exhibits with respect to which I sustain objections (whether they are my own sua sponte objections or the parties') will be stricken from the record unless the exhibit is admissible for another purpose. A similar ruling for the liability trial on Motorola's patents will be forthcoming.

## Motions in Limine
### Apple's motion in limine no. 1 to preclude argument or evidence not included in Motorola's expert reports or answers to interrogatories. [dkt 866]

Apple's motion is unobjectionable as a general principle, and granted as such. (This applies *mutatis mutandis* to limit Apple's argument and evidence to argument and evidence properly disclosed beforehand as well). But the parties disagree about whether four particular Motorola arguments have been sufficiently disclosed to be allowed in.

First, regarding the '949, Motorola's expert Dezmelyk disclosed in the claim charts attached to his expert report all seven of the items of prior art whose combination Apple complains about. They will not be excluded.

Second, regarding the '647, Motorola may not refer to the Sidekick handbook (exhibit MX-50) as invalidating prior art. Motorola's expert Dr. Clark has not opined on whether the handbook discloses "linking actions to the detected structures" under the court's construction of the term, so Dr. Clark's opinion that the Sidekick handbook anticipates '647—an opinion premised on Apple's construction of the term, which I rejected, is irrelevant. Apple will not be permitted to broaden the interpretation of that term sufficiently to render Dr. Clark's validity opinion concerning the Sidekick handbook relevant. But Apple's expert Mowry states that "prior to the invention of the '647 Patent, the user would need to visually search in files or documents" and "upon finding a useful piece of information, the user still had to copy-and-paste this information into whatever field or application the user wished to in order to use the information." And Dr. Clark has offered the Sidekick in rebuttal as prior art that contradicts assertions of the novelty of the '647. Dr. Clark may refer to the Sidekick handbook to establish the state of the technology at the time of the '647 invention to rebut the quoted opinion of Apple's expert Mowry. Therefore, the handbook is not excluded, but may not be used in Motorola's invalidity case in chief.

Third, also regarding the '647 patent, Motorola may not deny that the Apple devices lack an "action processor," but may offer Dr. Clark's opinion on whether the processor in the Apple devices performs the "linked actions" described in claim 1 of the '647.

Fourth, regarding the '002 patent, Motorola may in rebuttal to Apple's infringement arguments direct the jury's attention to application programming windows created by various programs preloaded on the devices at issue, including the FM radio player specifically mentioned by Apple in this motion. I reject Apple's argument that the applications that Motorola may intend to use in rebuttal were insufficiently disclosed and would unfairly prejudice Apple. Apple's expert had access to the accused devices and has opined that *none* of the layers appearing above the notification panel are application programming windows, which implies that he had considered all applications preloaded on the accused devices (though this opinion appears in Snoeren's March 22, 2012 report, not his March 1, 2012 report).

## Apple's motion in limine no. 2 concerning Motorola's incorrect analysis of the law of obviousness under 35 U.S.C. § 103 [dkt. 867]

An invention cannot be patented "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter *as a whole* would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a) (emphasis added). Since obviousness precludes a claim from being patented only if the claim as a whole was obvious at the time of invention, a claim that includes elements well-known at the time of invention, or even a claim composed solely of such elements, is nonetheless patentable as long as the *combination* of those elements described by the claim was not obvious. Apple asks me to forbid Motorola to assert or imply the contrary. Certainly Motorola will not be permitted to assert or imply that. But Apple's motion misconstrues the arguments that Motorola apparently wants to make. As indicated by the deposition questions asked by Motorola that Apple quotes in its motion, and by Motorola's opposition to Apple's motion [dkt. 929], Motorola does not seek to argue that a claim is invalid as obvious merely because it includes elements that were not "inventive" taken alone. Rather, Motorola asked at deposition (and presumably will ask at trial) whether certain elements are or are not inventive because to show obviousness it must demonstrate that none of the elements taken alone is inventive *and* that their combination is not inventive. Establishing that a given individual element—such as for example the "tap for next item" heuristic in claim 1 of Apple's '949 patent—is not inventive is therefore directly relevant to Motorola's burden of proving obviousness.

## Apple's motion in limine no. 3 to exclude certain documents not disclosed in Motorola's notice of prior art [dkt 868]

Apple's motion to exclude various Motorola exhibits as undisclosed prior art is denied. Several of the exhibits—MX-27, 29, 30, 62, and 69—relate to prior art references that Motorola has disclosed (VCOS and the Perspective system).  Contrary to Apple's contentions, these exhibits are not themselves prior art—the jury may not rely on them to invalidate Apple's patents; but they are nevertheless relevant to provide context for Motorola's disclosed prior art. Assuming that Motorola lays a proper foundation at trial, I will permit Motorola to introduce these documents.

Apple also challenges MX-1, 3, 4, 8, 83, 84, and 86 as improper prior art or alternatively as being irrelevant. Motorola counters that it's not introducing these exhibits as invalidating references, but rather to show the "state of the art" at time Apple's patents were invented. They are indeed admissible for this limited purpose. If they can't be

used to invalidate, then they're not prior art that Motorola needed to disclose; and they are relevant for background and context—to help the jury adopt the mindset of one skilled in the art at the time of invention.

Finally, Motorola's challenge to MX-14 and MX-65 is moot; Apple has voluntarily withdrawn those exhibits.

**Apple's motion in limine no. 4 to exclude certain declarations as hearsay or improper expert testimony. [dkt. 869]**

Apple's motion is denied in part and granted in part.

Motorola may introduce Dr. Cohen's deposition taken in the 710 ITC investigation (MX-34, MX-58) to refresh her memory. It is admissible as a recorded recollection, Fed. R. Evid. 803(5), and is subject to the limitations of that hearsay exception.

Motorola may not rely on testimony of Dr. Ellett, a librarian, to establish the date of public availability for the Koved prior art reference. Determining that date requires specialized knowledge, and Motorola should have submitted Dr. Ellett's declaration pursuant to the expert report schedule. Dr. Ellett's declaration (MX-35) is therefore excluded.

**Apple's motion in limine no. 5 to exclude under Fed. R. Evid. 403 all evidence concerning Jefferson Han and the Han demonstration. [dkt. 881]**

Apple's motion is denied. Since Motorola must establish that claim 1 as a whole was obvious, 35 U.S.C. § 103(a), and Han's February 2006 demonstration (MX-85) of a multi-touch computer interface is relevant to the obviousness of many elements in claim 1 even if it doesn't disclose any heuristics, the demonstration is probative of relevant issues in the case. Apple hasn't stipulated that all elements of claim 1 other than the heuristics were obvious at the time of invention. Therefore the Han demonstration and the exhibits related to it (MX-81, 82, 87, 88, 90, 94, 98, 104, 112–19) will not be excluded on this basis.

Apple's motion to exclude source code produced by Mr. Han (MX-91) is also denied. Han testified in his deposition (which I will consider since offered against Apple, despite Apple's improper interference with the deposition as described in my April 21 order) that the source code was used in Han's device as of January 2006, and an "equivalent" version was used in the device during the February 2006 demonstration; both events predate the claimed priority date of the '949 and are probative of the same obviousness questions addressed by the Han demonstration itself.

**Apple's motion in limine no. 6 to exclude evidence of Apple's attempts to recruit Jefferson Han. [dkt. 870]**

Apple's motion is granted. Apple's attempts to recruit Han are not directly indicative of its copying Han's technology into its devices, and any circumstantial relevance is outweighed by the risk of juror confusion and unnecessary complication of the '949 validity issues. All mention of Apple's recruitment of Han must be eliminated from Motorola's exhibits (MX-82, 89, 92, 93, 95–97, 99, 100–03, 105, 106, 108–11) pursuant to Fed. R. Evid. 403.

Apple contends in its joint memorandum that MX-94 and MX-98 fall within this motion, but it has not explained how either email relates to Han's recruitment, and the relationship is not obvious from the face of either email. Motorola needn't modify or omit these exhibits to comply with my ruling.

**Apple's motion in limine no. 7 to exclude evidence concerning any alleged ability, cost, and effort to design around Apple's asserted patents [dkt 880]**

Apple asks me to preclude Motorola from introducing evidence at the liability trial concerning any alleged design-arounds to Apple's inventions. The ease or difficulty of designing around a patented invention is most obviously relevant to the issue of damages, which will be tried (if at all) in a separate trial after the liability trial. And I won't allow either party to allude to alleged design-arounds of the other party's patented inventions merely to imply to the jury that those inventions aren't particularly impressive; I won't let the parties turn the trials into popularity contests.

But it is possible that design-arounds could be relevant to liability. For instance, if Motorola argues that Apple's patents are invalid because obvious, and Apple responds by asserting so-called "secondary considerations" such as commercial success supposedly attributable to the patented invention or the failure of competitors to find a way of performing the functionality performed by the patented invention, then the availability of alternatives to the patented invention becomes relevant; and an invent-around is by definition an alternative.

If Motorola seeks to introduce irrelevant evidence on this point or any other, Apple may object at that time. But this motion of Apple's is too broad, and I deny it.

**Apple's motion in limine no. 8 to exclude evidence or argument regarding third-party applications not preinstalled in the accused products [dkt 871]**

Apple asks me to bar Motorola from introducing evidence of third-party application programs that when installed on its accused devices are capable of generating windows that partially obstruct the devices' notification window. The pertinence of all this to the litigation is that Apple's '002 patent claims a notification window (like the notification bar at the top or bottom of a computer screen, and roughly analogous to a car's dashboard), one important element of which is that it can't be partially obstructed by windows generated by application programs. Such partial obstruction might be irritating or inconvenient to users who want an unobstructed view of the system information displayed by the notification window. If Motorola's devices' notification window doesn't have this feature of not being partially obstructed by windows generated by application programs, then Apple cannot show that the notification window infringes its patent.

Apple's argument, derived from my April 13, 2012 order, is that Motorola cannot avoid a finding of infringement by showing that application programs, created by third parties, that consumers can add to its devices are able to generate windows that partially obstruct the notification window: if the device is infringing as shipped, then the existence of third-party modifications that remove the infringing feature (the "non-obstructability" feature) doesn't save the infringer.

Apple is correct. One feature of the patented invention is the non-obstructability feature. If the accused devices have that feature (a question that the jury will resolve), and if they meet every other element of the asserted claim, then they are infringing even if the patented feature can be deactivated, whether by the manufacturer, the user, or a third-party developer. In my April 13 order I gave the example of a car made and sold with an antilock brake system that is alleged to infringe a patent on brakes that don't lock up the vehicle's wheels when applied. Suppose that the vehicle is made and sold with the infringing brake system but also comes with a switch on the dashboard that allows the driver to turn off the feature. That switch does not render the car noninfringing; nor can Motorola avoid infringement by showing that it designed its devices so as to make it possible for third parties to deactivate the non-obstructability feature by writing programs that can partially obstruct the notification window.

Motorola points out, correctly, that my April 13 order merely denied summary judgment to Motorola; Apple had not even moved for summary judgment. But the question I resolved in that order—whether a device that includes a patented functionality can avoid a finding of infringement if it was designed so that the patented function-

ality can be turned off—was a pure question of law, and I will not permit Motorola to
re-argue that question to the jury. So the third-party applications Apple wants me to bar
Motorola from bringing up at trial could not be the basis for a decision on infringe-
ment—they're irrelevant to that issue. But they could prejudice Apple by confusing the
jury, which might have difficulty in a two-week, four-patent trial keeping straight the
distinction between third-party programs and programs preinstalled by Motorola and
shipped on its devices. So I grant Apple's motion: on the '002 patent, Motorola may not
bring in evidence or argument based on programs that don't ship on its products.

But I distinguish between those third-party programs and the program that was writ-
ten by Motorola's expert witness Dr. Cooper for purposes of this litigation. Cooper was
able to write an application program that generates windows that partially obstruct the
notification window; Apple also wants me to bar Motorola from introducing testimony
or argument related to that program. Like the third-party applications, Cooper's pro-
gram is irrelevant to infringement. But Motorola, in its opposition to Apple's motion
(dkt 935), disclaims any reliance on the program to show noninfringement. Rather it ar-
gues that the program might help to explain the issues for the jury. Motorola's descrip-
tion of how the program would be relevant for this purpose is far from pellucid, but it
would be premature for me to rule on it at this point. If Motorola does introduce the
program, or argument or testimony based on it, and if it is not relevant to the issues at
trial, Apple may object at that time.

So Apple's motion is granted except as to Cooper's program.

### Apple's motion in limine no. 9 to exclude hearsay or evidence that cannot be authen-ticated [dkt 872]

Apple asks me to exclude various Motorola exhibits. The following Apple objections
are granted:

**MX-81**: This blog post by David Pogue purports to quote Steve Jobs. The post is an
out-of-court statement by Pogue that recounts yet another out-of-court statement by
Jobs. It is hearsay within hearsay, and so Motorola must point to an exception for each
layer of hearsay if it is to be admitted. Fed. R. Evid. 805. Jobs is a party opponent, so his
statement is not actually hearsay. Fed. R. Evid. 801(d)(2). But Motorola hasn't pointed to
an exception that permits admission of Pogue's out-of-court statement, which is being
offered for the truth of the matter asserted: that he asked Jobs about Jefferson Han's
work and this is how Jobs replied. The blog post is inadmissible hearsay.

**MX-82**: Apple's hearsay objection is granted. To the extent this blog post describes
statements by Jefferson Han, it is inadmissible as hearsay. The author's reaction to the

Steve Jobs demonstration is likewise inadmissible hearsay. It's being offered for the truth of the matter asserted—that when tech-savvy audience members saw Jobs demonstrating the iPhone at Macworld Expo, it reminded them of Han's multi-touch demonstration—and, because it includes "calculated narration." To explain, a statement doesn't qualify as a present-sense impression if the speaker had a chance to think about what to say before making the utterance, so that the statement doesn't have the (perceived) indicia of reliability that underlies the present-sense impression exception. The distinction is between "calculated interpretations of events [and] near simultaneous perceptions." *United States v. Woods*, 301 F.3d 556, 562 (7th Cir. 2002) ("The calculated narration consideration is based on the rule's requirement that the statement be 'made *while* the declarant was perceiving the event'. Fed. R. Evid. 803(1) (emphasis added). See *Cody v. Harris*, 409 F.3d 853, 860 (7th Cir. 2005).

**MX-117**: Apple's objection to this email chain between Jefferson Han and Bill Buxton is granted. Buxton's email asserts that Apple lawyers had called him, and their "intent was clearly to get information that would enable them to modify and tweak the claims of their provisional patent applications" for the '949. Motorola is offering this exhibit for the truth of what Buxton asserts—that Apple was worried about the '949 being anticipated by Han's multi-touch work. Motorola fails to point to a relevant hearsay exception, so this exhibit must be excluded.

**MX-296 and MX-298**: Motorola may not introduce Apple's claim construction brief or excerpts from the *Markman* hearing transcript. Attorney argument is not admissible evidence. The cases upon which Motorola relies do not involve an attorney's statements to the court. I grant Motorola's objections to these exhibits.

And the following objections are overruled:

**MX-11, 26, 28, and 31**: Apple's authentication and hearsay objections are overruled. Apple's authentication argument is belied by the parties' stipulation regarding third-party publications produced by the parties in discovery. I've already overruled its hearsay objections to the accuracy of the dates listed on the documents (in my order of May 25).

**MX-19 and MX-333**: Apple's hearsay objections are overruled. John Lynch and Thomas Bonura were designated as 30(b)(6) corporate representatives, so Lynch's ITC testimony and Bonura's ITC deposition are not hearsay. Fed. R. Evid. 801(d)(2)(C); cf. Fed. R. Civ. P. 32(a)(3).

**MX-285, 295, 308, and 309**: These exhibits are excerpts from expert reports or expert declarations. If introduced as direct evidence, they would be hearsay. But Motorola

plans to use them for impeachment purposes only, which is permissible, and won't be submitting these exhibits to the jury. Apple's objections are overruled.

Apple has voluntarily withdrawn **MX-68**.

## Apple's motion in limine no. 10 to exclude testimony and evidence on the next-item heuristic [dkt 873]

Apple asks me to forbid Motorola to present evidence or argument regarding the "tap for next item" heuristic of its '949 patent based on either the Westerman dissertation or the Han presentation at the 2006 TED conference in Monterey.

According to my claims construction, Apple's patent covers only heuristics for performing the "next item" function—that is, moving from one item in a set on a computer to the next item, as when flipping through photographs in the iPhone's photo album application—that perform the function when the user taps on the right side of the screen; and it does not cover heuristics that perform the function by having the user tap directly on the next item itself (which is like clicking on an icon to open the associated program), even if that next item is located on the right side of the screen. Apple had argued that tapping directly on the next item to switch to it *is* covered, and Motorola's expert witness had pointed to the Westerman and Han references as prior art that contained the same heuristic under that interpretation. Since I've now rejected that interpretation, Apple wants me to forbid Motorola to bring up those references with regard to the "tap for next item" heuristic.

Motorola acknowledges that the references do not disclose the patented heuristic as I've interpreted it, but argues that the references are still relevant because they show that the "next item" function is present in those references (though it's performed by a method different than the method claimed by Apple's '949 patent), and so they relate to obviousness by showing that one skilled in the art during the pertinent time-frame might have wanted to include a next-item function and so might have needed to come up with a heuristic for performing that function. (A "heuristic" in this context is a set of instructions for the computer to perform a given function, such as the next-item function, upon receiving certain input from the user, such as a tap on the right side of the screen or on the graphical representation of the next item itself.)

Motorola's argument is persuasive. Apple's motion is denied.

## Apple's motion in limine no. 11 [dkt 874] was granted in my May 25, 2012 order.

**Motorola's omnibus motion in limine [dkt 876]**

This motion contains several discrete and unrelated motions:

1.  Motorola's motion to preclude reference to prior ITC litigations involving the '263 and '647 patents (and to which Motorola was not a party) is granted. The ITC's determinations are irrelevant and likely to prejudice the jury. It bears noting that in my May 25 order I granted Apple's motion in limine no. 11, which among other things sought to preclude Motorola from discussing related litigation involving Apple's '002 patent. In its own motion Apple referred to this unrelated litigation as an "irrelevant matter," yet here opposes Motorola's argument that the ITC litigation is irrelevant. Surely that cannot be.

2.  Motorola's motion to preclude Apple from referring to '949 as "the Jobs patent" is granted in accordance with my May 25 order.

3.  Motorola's motion to preclude documents relating to Apple's Zephr project—AX-116 and AX-117—is denied. Apple may introduce these documents in response to suggestions by Motorola that Apple copied Jefferson Han's demonstration. They are certainly relevant, and Motorola's argument that they are prejudicial is based on the premise that Apple will use them to try to argue for an earlier conception date for the '949 patent—a purpose that Apple has disclaimed.

4.  Motorola's motion to exclude images from AX-27 of products that don't come preinstalled with Kindle Reader, as well as any evidence about such products, is moot per Apple's agreement.

5.  Apple has voluntarily withdrawn AX-30, 31, 122, 123, and 127, and agreed to substitute the official public source code in place of the current AX-34 and AX-35, mooting Motorola's motion to preclude introduction of third-party technical documents regarding the '002 patent.

6.  Motorola asks me to preclude introduction of screenshots (some with annotations) from its various expert reports. These photographs may be used as demonstrative exhibits, but not as direct evidence of infringement (and anyway they would be hearsay). AX-27, 115, and 136 are therefore excluded. AX-115, a summary of source code in diagram form prepared by Apple expert Dr. Mowry, is admissible under Fed. R. Evid. 1006 (summaries of voluminous writings used to prove their content).

**Motorola's motion in limine to preclude Apple's '263 expert from testifying about alleged functionality in Motorola's accused products not contained in his expert reports [dkt 877]**

I do not quarrel with Motorola's wanting to preclude Dr. Nathaniel Polish from testifying about matters not contained in his expert reports. Fed. R. Civ. P. 26(a)(2)(B)(i). That part of the motion is granted. But the motion seeks specifically to preclude Dr. Polish from offering testimony that Motorola's products contain a realtime API that communicates explicit response-time constraints to the realtime signal processing subsystem; Motorola argues that he failed to offer such an opinion in his expert reports. This matter has already been resolved in Apple's favor.  As I said in my April 9 summary judgment order, "if either the playback clock or the video-processing constraints are communicated to the hardware accelerator via a realtime API, Apple has a plausible claim that Motorola's devices infringe the 'realtime signal processing subsystem' claim in the patent. Apple's expert Dr. Polish has identified 'OMX codec node' and the 'PVMF Node API' as realtime APIs that do that." At his deposition, Dr. Polish reiterated the point made in his report (and echoed in my order): "I identified flow control as the basic mechanism that the timing constraints are communicated….[T]he flow control is coming across that API." Motorola's motion is denied.

**Motorola's motion in limine to preclude evidence of alleged secondary considerations and/or copying [dkt 878]**

Motorola asks me to forbid Apple to introduce, as evidence relevant to the so-called secondary considerations of obviousness or copying by Motorola, media reports praising Apple's products, evidence of the products' general commercial success, and internal competitive analysis of those products by Motorola. I largely addressed this issue in my order of May 25, and I repeat the relevant language from that order here:

"Apple will not be permitted to present media articles or equivalent publicity praising features of the iPhone or iPad (or the Apple company, Steve Jobs, or Apple products in general) unless they mention (or can be shown to be referring to) claim elements that Apple alleges Motorola infringes or that Motorola argues were anticipated or obvious and that are actually in dispute. If the articles or other publicity do not praise an element in suit, they are irrelevant to any legal issue in the case, and can only confuse the jury. If Apple believes that any of its exhibits comply with this standard, it has until May 30 to re-submit these exhibits, with discussion of asserted claim elements highlighted.

More broadly, I forbid Apple to insinuate to the jury that this case is a popularity contest and that jurors should be predisposed to render a verdict for Apple if they like Apple products or the Apple company or admire Steve Jobs, or if they dislike Motorola or Google. The overall quality of the products involved in the litigation is irrelevant to the legal issues. This prohibition applies *mutatis mutandis* to Motorola, and in accordance with that prohibition I granted Apple's motion in limine number 11. I also grant Apple's motions in limine numbers 15 and 16."

In accordance with my May 25 order, I forbid Apple to introduce either press reports, evidence of commercial success, or Motorola's competitive analyses unless the reports or analyses bear directly on the value attributed (by the press or by Motorola) specifically to the asserted claims of Apple's patents, rather than to Apple's devices or particular features of them in general; nor may Apple's experts or attorneys make conclusory pronouncements that general praise or commercial success of Apple products shows the nonobviousness of particular patented inventions absent a direct and substantial connection between the evidence and the invention. Evidence not directed at the particular claims asserted is irrelevant to this litigation and can only confuse the jury.

On May 30, Apple re-submitted 17 exhibits that it contended are directly pertinent to asserted claim elements with the pertinent language highlighted. Favorable discussions of the iPhone generally, or of its fluid touchscreen interface and media and notification capabilities, especially if made far after the date of the patent (the relevant date for determining obviousness) are not enough. I therefore exclude Apple's resubmitted exhibits AX-61, 64, 65, 67, 68, 73, 80, 90, 129, 348, 349, 351, 354, 363, and 366. Exhibits AX-105 and AX-338, which discuss "data detectors," do have a plausible connection to the specific functionality of the '647 patent at issue in this litigation. I am sending copies of the exhibits to the parties, indicating which portions are to be redacted. I order them to do the redaction and return the redacted exhibits to me.

**Motorola's motion in limine to preclude Apple's '002 expert from supplementing his infringement positions by relying on opinions given only in Motorola's expert's rebuttal reports [dkt 879]**

Motorola asks me to forbid Apple's expert witness on the '002 patent, Dr. Snoeren, to testify at direct examination on opinions not included in his own expert report but instead drawn from the rebuttal report of Motorola's expert, Dr. Cooper. The material at issue relates to the "permissions system" of the Android operating system on Motorola's devices; the permissions system governs whether windows opened by pro-

grams on the devices are opened on top of (that is, obstructing) or beneath (obstructed by) other windows.

Fed. R. Civ. P. 26(a)(2)(B)(i) required Snoeren to include in his report "a complete statement of all opinions the witness will express and the basis and reasons for them," and Rule 37(c)(1) provides that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." I don't find that Snoeren's failure was either substantially justified or harmless.

Motorola's motion is granted. On direct examination Snoeren's testimony will be limited to the material contained in his report, as required by Rules 26 and 37.

### Objections to Apple's Jury Binder Exhibits in the Apple Liability Trial

1. The parties have made several objections to exhibits based on foundation. Fed. R. Evid. 901. I cannot rule on these objections prior to trial, and they are preserved to the extent discussed in the joint memorandum documenting the parties objections submitted May 21.

2. I have just granted in this order Motorola's motion in limine [dkt 878] to preclude certain evidence of alleged secondary considerations and/or copying. Pursuant to that grant, all exhibits documenting praise of Apple's devices that do not mention the specific components at issue in the '002, '263, '647, and '949 patents are excluded. I therefore exclude exhibits AX-61, 65, 66, 67, 68, 71, 74, 75, 77, 78, 80, 129, 347, 349, 356, 360, 366, 367, and 371. These exhibits shall be removed from the binders given to the jury.

3. My ruling on Motorola's omnibus motion [dkt 876] affects various exhibits in Apple's jury binder. Pursuant to that ruling, AX-27 is excluded, and AX-116 is not excluded.

4. I resolve Motorola's other objections to Apple's jury binder exhibits as follows:

AX 41–42:  Motorola's hearsay objection is sustained. These demonstratives relating to the Android system (prepared in the context of a parallel litigation) may not be offered for the truth of their assertions.

AX 43:  Motorola's hearsay objection is sustained. This Android power point presentation is not a "record" within the definition of the term under Fed. R. Evid. 803(6)(b). It may not be offered for the truth of its contents.

AX 44:     Motorola's hearsay objection is sustained. Apple, having failed to respond
to Motorola's hearsay objection, may not offer this exhibit for the truth of
its assertions.

AX 45–46:  Motorola's hearsay objection is sustained. These email chains are not "re-
cords" within the definition of the term under Fed. R. Evid. 803(6)(b), and
may not be offered for the truth of their assertions.

AX 91:     Motorola's relevance objection to this Motorola document is overruled.

AX 121:    Motorola's hearsay objection to this Verizon press release relating to the
Amazon Kindle application is overruled. The press release is admissible
under the business records hearsay exception. Fed. R. Evid. 803(6)(b).

AX 124:    Apple's 1997 study of the "data detectors" feature in Mac OS 8 is inad-
missible hearsay, and Apple hasn't provided sufficient justification to in-
voke the residual exception. The document contains third-party praise of
Data Detector 1.0, not the '647 invention itself, which is likely to confuse
the jury.

AX 131:    Motorola's relevance and prejudice objections to this Motorola power-
point document are overruled.

AX 135:    Motorola's hearsay objection is sustained. This email between Google
employees is not a "business record," and it may not be offered for the
truth of its contents.

AX 138:    I defer ruling on Motorola's hearsay objection to this NVIDIA document.
Should Apple provide foundation to establish that it is admissible as a
business record or adopted party admission I will allow it. Motorola is
free to raise this objection if and when the exhibit is admitted.

AX 143:    Motorola's incompleteness and relevance objections to its interrogatory
answer are overruled. Apple will submit an excerpted version containing
no legal argument.

AX 301:    Motorola's relevance and prejudice objections to the reexamination his-
tory of the '949 patent are overruled.

AX 321:    Motorola's hearsay objection is overruled. John Lynch's ('263 inventor)
lab notebook is admissible as a business record which Lynch testified that
he kept in the ordinary course of his job. Motorola's relevance objection is
also overruled.

AX 380:    Motorola's hearsay objection to this screenshot of Apple's LiveDoc soft-
ware is sustained. Apple may not offer the exhibit for the truth of its as-

sertions. Should Apple desire to submit it as a demonstrative to facilitate Mr. Bonura's testimony, it may do so.

AX 387:     Motorola's hearsay objection to this email to Mr. Bonura is sustained. Apple may not offer it for the truth of its assertions, though it may submit the email to corroborate Mr. Bonura's testimony if attacked by Motorola.

AX 403:     Motorola's relevancy objection to this exhibit is overruled.

AX 404:     Motorola's objection to this patent application as an unfair surprise outside the scope of Apple's expert reports is overruled.

### Objections to Motorola's Jury Binder Exhibits in the Apple Liability Trial

1. The parties have made several objections to exhibits based on foundation. Fed. R. Evid. 901. I cannot rule on these objections prior to trial, and they are preserved to the extent discussed in the joint memorandum documenting the parties objections submitted May 21.

2. I denied Apple's motion in limine no. 5 [dkt 881] to exclude all evidence concerning Jefferson Han and the Han demonstration. Apple objects to exhibits MX-87, 88, 113, and 117 solely on the basis of arguments it made in this motion in limine, and those objections are denied.

3. I granted Apple's motion in limine no. 6 [dkt 870] to exclude evidence of Apple's attempts to recruit Jefferson Han. All mention of Apple's recruitment of Han must be eliminated from MX-82, 89, 92, 93, 95–97, 99, 100–03, 105, 106, 108–11. Motorola exhibits MX-93, 95, 105, and 110 deal solely with Apple's recruitment of Han and must be dropped from the jury binder. MX-94 and MX- 98 are unaffected by this ruling.

4. Apple's other objections are disposed of as follows:

MX 11:          Apple's hearsay objection to this document is overruled.

MX 26:          Apple's hearsay objection to this document is overruled.

MX 40, 41, 45:  These documents are admissible over Apple's hearsay objections to support the dates of public availability of prior art, but limited to that purpose.

MX 50:          As discussed in my ruling on Apple's motion in limine no. 1 [dkt 866] above, the Sidekick Handbook is admissible to show the state of

Case 1:11-md-02293-DLC Document 296 Filed 03/01/13 Page 43 of 43

No. 1:11-cv-08540                                                                        16

|       | the technology at the time of the '647 invention to rebut Apple's expert Mowry. |
|-------|---------------------------------------------------------------------------------|
| MX 73: | Apple's objections to the translation of the Nomura patent application are overruled. |
| MX 82: | This blog post is inadmissible hearsay and cannot be admitted for the truth of its contents, as discussed in my ruling on Apple's motion in limine no. 9 [dkt 872]. |
| MX 94: | Apple's objection to this exhibit is overruled. |
| MX 98: | Apple's objection to this exhibit is overruled. |
| MX 329: | Apple's objection is moot based on the withdrawal of MX-63. |

United States Circuit Judge

May 31, 2012