# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

February 20, 2013

<u>VIA ELECTRONIC MAIL</u>

The Honorable Denise L. Cote
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007-1312

Re:   *In re Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC)

Dear Judge Cote,

On behalf of Apple and in advance of the February 22 teleconference, we respectfully submit this letter in response to Class Plaintiffs' February 13, 2013 letter seeking document discovery and testimony from Walter Isaacson. Apple hopes this letter will assist the Court in its determination of the issues presented.

As a preliminary matter, Apple categorically denies that it participated in any conspiracy and looks forward to the upcoming trial. Indeed, Apple will affirmatively prove at trial that in negotiating its agency agreements with the five publisher defendants, Apple acted in its own independent and lawful business interests, and not in furtherance of a conspiracy. The evidence will show that Apple's agency agreements in no way "forced" other retailers to adopt an agency model, as the government wrongly alleges, but rather, those agreements and Apple's entry had substantial procompetitive benefits for the nascent e-books industry.

Against this backdrop, Mr. Isaacson correctly argues that Class Plaintiffs cannot meet the standard for overcoming privilege with respect to his conversations with Mr. Jobs. Under *United States v. Treacy*, non-confidential information can be discovered from reporters only when that information is of "likely relevance to a significant issue in the case, and [is] not reasonably obtainable from other available sources." 639 F.3d 32, 42 (2d Cir. 2011). Class Plaintiffs cannot make this showing.

First, Mr. Jobs himself was not significantly involved in the negotiation of Apple's agency agreements. Rather, the record shows he communicated only with a single executive at one publisher's parent corporation, and at the very end of that publisher's negotiations with Apple. *See* Pls. Ltr., Attachment B. By contrast, Eddy Cue, a senior executive at Apple, shepherded the development of Apple's e-books business, and aided principally by two other

# GIBSON DUNN

The Honorable Denise L. Cote
February 20, 2013
Page 2

Apple executives, Keith Moerer and Kevin Saul, extensively negotiated each one of the agency agreements with the five publisher defendants on a near-daily basis in December 2009 and January 2010. Apple has not only produced thousands of documents from the files of Mr. Cue, Mr. Moerer, and Mr. Saul, but Mr. Moerer was deposed yesterday, Mr. Saul will be deposed Friday, and Mr. Cue will be deposed next month. Given Mr. Jobs' limited role in the agency negotiations, especially as compared to that of these other Apple witnesses, any musings Mr. Jobs may have shared with Mr. Isaacson outside of the context of the negotiations concerning Apple's larger strategy in entering the e-books business are of marginal relevance.

Second, even assuming that Mr. Jobs' characterization of the agency negotiations and agreements are relevant—which they are not—Class Plaintiffs erroneously contend that Mr. Isaacson's testimony and notes are necessary because Mr. Jobs' communications with Apple employees and others purportedly lack the "direct narrative" and "clear admissions" that supposedly appear in Mr. Isaacson's book. *Id.* at 2. This argument is factually incorrect. Apple has produced numerous e-mails reflecting Mr. Jobs's specific thoughts about the creation of the iBookstore and the agency negotiations—several of which are attached to Class Plaintiffs' letter. *See* Pls. Ltr., Attachments B, C & D. These e-mails, and not hand-plucked snippets from a biography written by a third person, are obviously a fertile source of information concerning the relevant issues in this case.

In addition to these e-mails, Mr. Cue's upcoming deposition offers another valuable source of information. Class Plaintiffs themselves acknowledge that Mr. Cue and Mr. Jobs communicated primarily by phone, essentially conceding that Mr. Cue likely has additional information about Mr. Jobs' involvement in Apple's adoption of an agency model and his expectations about the impact of Apple's entry on the larger market. Pls. Ltr. at 2 n. 8. Taken together, the e-mails and deposition testimony provide ample information about the topics at the heart of this litigation and illustrate why discovery from Mr. Isaacson is wholly unnecessary.

We thank the Court for its kind consideration of this letter and look forward to answering any questions the Court may have at the upcoming teleconference.

Respectfully submitted,

Orin Snyder

cc: All Counsel of Record