**KIPLING LAW GROUP**

5/16/13

MICHAEL E. KIPLING
DID: (206) 545-0346
*kipling@kiplinglawgroup.com*

May 14, 2013

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *In re: Electronic Books Antitrust Litigation*, No. 11-md-02293-DLC (S.D.N.Y)

also file in: 12-cv-3394 DLC

Dear Judge Cote:

      I am writing on behalf of non-party Amazon.com, Inc., regarding certain highly confidential information contained in one of Penguin's pretrial submissions (¶ 186, Penguin's proposed findings of fact). As we discussed in the May 8 hearing with the Court, the pretrial filings submitted by the parties to the Court on April 26 contain highly confidential, proprietary business information of Amazon, the public disclosure of which would significantly harm Amazon's competitive standing. *In re Parmalat Securities Lit.*, 258 F.R.D. 236, 244 (S.D.N.Y 2009); *GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011); Declaration of John Lange (attached). The Penguin paragraph at issue addressed the purported profitability of Amazon's Kindle devices and cites for that proposition certain charts and graphs contained in Penguin's expert report. These information contained in these charts is apparently derived from highly confidential and proprietary documents and data regarding the profitability of Amazon's Kindle and Amazon's strategy and plans regarding the Kindle. Under these circumstances, redaction is appropriate because the privacy interests of a non-party outweigh the presumption of public access. *GoSmile, supra*; *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990). We have met and conferred with counsel for Penguin on this proposed redaction but were unable to reach an agreement and so we seek the Court's ruling. Amazon requests that the Court redact the single paragraph from Penguin's pretrial filings that implicates this information.

      Amazon recognizes the strong presumption of access to judicial documents. *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006). However, public access to all documents, in their entirety, is not automatic merely because a party files the documents with the Court. The Court can and should redact certain information from the public record where "countervailing factors" and/or "higher values" so demand. *Id.* at 124. It is well established in this Circuit that "privacy interests" are such a countervailing factor, particularly where a non-party is involved. *Id.* at 120; *Gardner*, 895 F.2d at 79-80. Thus, the Court may seal records that are "sources of business

The Honorable Denise L. Cote   -2-   May 14, 2013

information that might harm [Amazon's] competitive standing." *In re Parmalat*, 258 F.R.D. at 244 (quoting *Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 598 (1978)).

 The presumption of access carries less weight here because, as the court concluded when it denied discovery on these matters, the information at issue is *not* material to a resolution of the issues by the Court. Indeed, the Court previously denied or severely limited discovery into the subject of the Kindle devices because of the highly sensitive nature of the information sought from a non-party and the conclusion that the information is not material to the resolution of the issues herein. *See* October 26, 2012 transcript.[1] Further, the confidential information at issue was taken from a document produced by Amazon *not in this litigation*, but rather in response to CIDs issued by the State of Texas and the Department of Justice during their pre-trial investigation.

On the other hand, the privacy interests are substantial. Amazon, of course, is a non-party to this litigation. "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Gardner*, 895 F.2d at 79-80 (quoting *In re New York Times*, 828 F.2d 110, 116 (2d Cir 1987)). Such interests are "a venerable common law exception to the presumption of access[.]" *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Amazon has *never* shared its confidential sales, costs, profitability and strategic information regarding the Kindle device with anyone outside the company. Lange Decl., ¶ 3. Penguin's argument that the data is "historical" ignores that the information "may be extrapolated and interpreted to reveal [Amazon's] current strategy, strengths, and weaknesses." *Zenith Radio Corp. v. Matsushita Electric Industr. Co.*, 529 F. Supp. 866, 891 (E.D. Pa. 1981.

 This information satisfies all six of the factors in the commonly-accepted test for trade secret protection. *In re Parmalat*, 258 F.R.D. at 245 (applying factors set forth in the Restatement (First) of Torts, Section 757, cmt. b); *see* Lange Decl. Public disclosure of this information would cause substantial competitive harm to Amazon. *Id.* Amazon's proposed redaction to Penguin's pretrial submission allows for the filing of non-confidential information in a way that is sufficient for the public to monitor the Court's handling of the case. The proposed redaction (attached as Appendix A) is narrowly tailored to preserve the privacy of a non-party. *Lugosch*, 435 F.3d at 119-20.

---

[1] *See, e.g.,* page 25:16 ("I do not understand that the subjective intent of third parties and competitors is really relevant ... the subjective intent, thus the planning and strategy of a competitor that is not publicly disclosed, I don't think is relevant, at least not sufficiently relevant when we're talking about third-party discovery here of a key competitor."; 26:25 – 27:2 ("I don't think Amazon's internal planning is very relevant here to whether or not the defendants violated the antitrust laws.").

The Honorable Denise L. Cote     -3-     May 14, 2013

        Sincerely,

        KIPLING LAW GROUP PLLC

        Michael E. Kipling
        Counsel for Non-Party Amazon.com, Inc.

cc:    Counsel for All Parties

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | No. 11-md-02293 (DLC) |
| This Document Relates to: ALL ACTIONS | |

## DECLARATION OF JOHN LANGE
## REGARDING AMAZON'S HIGHLY CONFIDENTIAL BUSINESS INFORMATION REFERENCED BY PENGUIN IN ITS PRETRIAL SUBMISSIONS

I, JOHN LANGE, do hereby declare:

1. I am Associate General Counsel for Kindle Content at Amazon.com. In this role, I have personal knowledge of the company's practices regarding the treatment of confidential business information, including the extent to which such information is known inside and outside the company and the measures taken by the company to guard the secrecy of that information.

2. I understand that Penguin has submitted to the Court in its proposed findings of fact (paragraph 186) information derived from data and documents that Amazon considers highly confidential, and that the Court is considering whether to make that information available to the public.

3. The paragraph at issue discusses the purported profitability of Amazon's Kindle device. Amazon has spent many years and a significant amount of money developing its Kindle platform. The information included by Penguin in paragraph 186 is purportedly derived from data and documents regarding the costs and sales of Amazon's dedicated e-ink reading devices and its tablet device, the Kindle Fire; this information is highly confidential. Amazon has *never*

1

shared its costs, revenues, sales figures, plans and strategies regarding the Kindle with anyone outside the company (the limited exception is supply forecasts as needed to acquire parts and materials, which are subject to strict nondisclosure agreements). In fact, access to much of this data and many of these documents is limited within the company on a need-to-know basis, enforced through secure servers and physical building security; this is true even for historical information. Amazon's ability to compete with other sellers of ereaders and tablets would be greatly diminished if the public were allowed access to data relating to costs, revenues and sales figures, our research and development documents, or our documents that reveal our forward-looking plans in the sale of ereaders. In short, a competitor with access to these documents could understand how Amazon has developed its Kindle platform and where it is going with that platform. This would be extremely damaging to Amazon.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Seattle, Washington on May 14, 2013.

_____
John Lange