

ATTORNEY GENERAL OF TEXAS
GREG ABBOTT

June 3, 2013

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

D♦F
6/6/13

Re: *The State of Texas et al. v. Penguin Group (USA) Inc. et al.*, No. 12-cv-03394 (DLC); *In re Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC)

Dear Judge Cote,

I write in response to Apple's letter of May 31, 2013 regarding Professor Baker's revised declaration. Apple argues that Professor Baker's opinion should be excluded because "'coordination' is *different from collusion*" (emphasis in original) and Professor Baker's opinion on coordination would mislead the court because it includes both lawful and unlawful conduct. (This argument is a renewal of Apple's argument in its Motion in Limine.) Apple's argument makes clear that, contrary to Apple's assertions, Professor Baker's revisions to his testimony comply with the Court's order of May 23, 2013. Professor Baker does not use the term "coordination" to offer an opinion that "defendants publishers conspired with each other." Rather, he uses the economic term "coordination" throughout his report to refer to "conduct by multiple firms that is profitable for each of them only as a result of the accommodating reactions of others." (Baker Rev. Decl. ¶ 67).

Professor Baker's opinion regarding the coordinated nature of the Defendant Publishers' conduct places a conspiracy squarely within the realm of economic possibility. Certainly, the Plaintiff States do not contend that Professor Baker's opinion is dispositive on the legal issue of agreement and respectfully submit that there is no danger of confusing the Court. The States respectfully offer that the trial record will be replete with non-expert evidence that the Defendant Publishers conspired to adopt the Agency Model to raise trade e-book prices and that Apple facilitated and joined in the conspiracy and shared in its spoils. In *Williamson Oil Co. vs. Philip Morris USA*, the expert whose testimony was excluded "defined 'collusion' to include conscious parallelism. Put differently, he did not differentiate between legal and illegal pricing behavior, and instead simply grouped both of these phenomena under the umbrella of illegal, collusive price fixing." 346 F.3d 1287, 1322 (11th Cir. 2003). Unlike the muddled opinion in *Williamson*, as his revised testimony makes clear, Professor Baker offers no opinion on illegal, collusive price fixing. His testimony is strictly confined to economic coordination.

Hon. Denise L. Cote
June 3, 2013
Page 2

Accordingly, the Court should admit Professor Baker's testimony regarding coordination in its entirety.

Respectfully submitted,

/s/ Gabriel R. Gervey

Gabriel R. Gervey
Assistant Attorney General
Antitrust Section
Consumer Protection Division
Texas Office of the Attorney General
(512) 463-1262
(512) 320-0975 (fax)
gabriel.gervey@texasattorneygeneral.gov