8/5/13

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

This Document Relates to:

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION ) ) ) | No. 11-md-02293 (DLC) ECF Case CLASS ACTION |
| ) THE STATE OF TEXAS, et al., ) ) Plaintiffs, ) ) v. ) ) PENGUIN GROUP (USA) INC., et al., ) ) Defendants. ) ) | Civil Action No.12-cv-03394 |

# [PROPPOSED] ORDER PRELIMINARILY APPROVING MACMILLAN AND PENGUIN SETTLEMENTS

Plaintiff States[1] and Settlement Class[2] ("Plaintiffs") and Holtzbrinck Publishers, LLC, d/b/a Macmillan ("Macmillan") entered into a Settlement Agreement dated April 25, 2013 ("Macmillan Settlement Agreement") and Plaintiffs and Penguin Group (USA), Inc. ("Penguin") entered into a Settlement Agreement dated May 20, 2013 ("Penguin Settlement Agreement") (collectively "Settlements" or "Settlement Agreements"). These Settlement Agreements have been presented to the Court for Preliminary Approval pursuant to Sections 4, 4C, 15 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 15c, 25 and 26. Upon review and consideration of these Settlement

---

1 "Plaintiff States" are the States and Commonwealths of Alabama, Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Missouri, Nebraska, New Mexico, New York, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, West Virginia, and Wisconsin.
2 "Settlement Class" includes all natural persons who have purchased eBooks published by the Named Publishers during the period from April 1, 2010 until May 21, 2012, who resided in one of the following states, territories or commonwealths at the time of their eBook purchase: American Samoa, California, Florida, Georgia, Guam, Hawaii, Kentucky, Maine, Minnesota, Mississippi, Montana, Nevada, New Hampshire, New Jersey, North Carolina, Northern Mariana Islands, Oklahoma, Oregon, Rhode Island, South Carolina, U.S. Virgin Islands, Washington, or Wyoming.

Agreements, the Plaintiffs' Motion and Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Settlements and Proposed Notice and Distribution Plans ("Plaintiffs' Memorandum in Support of Motion"), and the attachments thereto, all of which have been filed with the Court, and for good cause appearing therein;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

### GENERAL FINDINGS

1. The Court has jurisdiction over this action and each of the Parties.

2. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreements.

3. The Court, for purposes of this Order, finds that the Attorneys General are representatives of natural persons in Plaintiff States and have authority to settle and release the Claims of the natural persons who are eligible Consumers in Plaintiff States.

4. The Court, for purposes of this Order, finds a class consisting of

> all natural persons who have purchased eBooks published by the Named Publishers during the period from April 1, 2010 until May 21, 2012, who resided in one of the following states, territories or commonwealths at the time of their eBook purchase: American Samoa, California, Florida, Georgia, Guam, Hawaii, Kentucky, Maine, Minnesota, Mississippi, Montana, Nevada, New Hampshire, New Jersey, North Carolina, Northern Mariana Islands, Oklahoma, Oregon, Rhode Island, South Carolina, U.S. Virgin Islands, Washington, or Wyoming

is hereby conditionally certified pending final approval of the Settlement Agreement, and meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure.

5. The Court, for purposes relating to the Settlement Agreements, confirms the Attorneys General of the States of Texas, Connecticut and Ohio as Liaison Counsel for Plaintiff States.

6. The Court designates Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC as Counsel for the Settlement Class.

7. The Court designates Anthony Petru, Marcus Mathis, Christian Gilstrap, Cynthia J. Tyler, Thomas Friedman, Jeremy Sheppeck, Aloysius J. Brown, III, Anne M. Rinaldi, Laura J. Warner, Barbara Heath, Kathleen Linda Pitlock, Kathleen Weiss, Matthew A. Hosking, Diane Urbanec, Ed Macauley, Ronna Hamelin, James L. Nesmith, Lauren Albert, Sue Roberts, Shane S. Davis, Sue Ellen Gordon, Charles Leonard Pelton, Sr., Kimberly Whiteside Brooks, Steven D. Campbell, and Jessica Moyer as the Settlement Class Plaintiffs.

8. The Court confirms the appointment of Fifth Third Bank as Escrow Agent, and Kinsella Communications and Rust Consulting as the Notice and Claims Administrators for purposes of the implementation of the Settlement Agreements.

### PRELIMINARY APPROVAL OF SETTLEMENTS AND PROPOSED DISTRIBUTION PLAN

9. The Court finds that the Settlement Agreements appear to be the product of serious, informed, non-collusive negotiations, have no obvious deficiencies, and fall within the range of possible approval.

10. The Court finds that the settlements encompassed by the Settlement Agreements including the proposed methods of distribution and allocation of the monies paid in settlement of the actions against Macmillan and against Penguin ("Settlements), as outlined in the Settlement Agreements and in the Distribution Plan, attached as Exhibits A, B and G to Plaintiffs' Memorandum in Support of Motion, are entitled to preliminary approval.

11. The Court finds the Settlement Agreements satisfies the requirements of 15 U.S.C. 15, 15c and due process.

12.     The terms of the Settlement Agreements and the Distribution Plan are hereby preliminarily approved and notice of them shall be given as provided in this Order.

### NOTICE OF SETTLEMENT

13.     The Court finds that the form and content of the proposed Notice Plan (the "Notice"), attached to this Order as Attachment A, are in full compliance with the requirements of 15 U.S.C. §15 and §15c, Federal Rule of Civil Procedure 23, constitutes the best notice practicable under the circumstances and satisfies due process.  The Court further finds that the Notice provides to the eligible Consumers sufficient information to make informed and meaningful decisions regarding their options in this litigation and the effect of the Settlement Agreements on their rights and is the best practicable method of notice under the circumstances.  The Court approves the Notice Plan and approves the distribution of the various emails, and publication notices, in substantially the same form as included in the Notice Plan.

14.     The Court finds that the proposed forty-five (45) day Notice Period is adequate for eligible Consumers to exercise their right to object to the proposed Settlement or to exclude themselves from the proposed Settlements.  The Notice Period shall begin no later than thirty (30) days after the entry of this Preliminary Approval Order, and end forty-five (45) days thereafter.  The Court further finds that a seventy-five (75) day period after the entry of this Preliminary Order for consumers to submit electronic or paper claims, elect whether to select a check instead of a credit, and submit requests for exclusions or objections, is fair and adequate.

15.     As soon as practicable after entry of this Order, but no later than 30 days after the date of entry hereof, Liaison Counsel and Class Counsel shall cause notice to be disseminated to the eligible Consumers in accordance with the Notice Plan and the terms of this Order.  Prior to

the Fairness Hearing, Liaison Counsel and Class Counsel shall cause to be served and filed sworn statements attesting to compliance with the Notice Plan.

16. The Court approves the expenditure of actual notice and administrative costs reasonably incurred in the amount and manner and to the extent provided for in Paragraphs IV, V and VI of the Settlement Agreements, for the purpose of providing Notices to eligible Consumers in accordance with the Notice Plan and to administer the Distribution Plan. The Escrow Agent is directed to pay such costs as they have been or are hereafter reasonably incurred upon Written Direction, as provided in the Settlement Agreements and Escrow Agreement, as amended.

### REQUESTS FOR EXCLUSION

17. All eligible Consumers who submit valid and timely requests for exclusion from either of the Settlements during the Notice Period pursuant to, and complying with, instructions contained in the Notice, shall not have any rights under that Settlement Agreement and shall not be bound by that Settlement Agreement or the final judgment as it relates to that Settlement.

18. All eligible Consumers who do not submit valid and timely requests for exclusion from the Settlements during the Notice Period pursuant to, and complying with, instructions contained in the Notice shall be bound by the Settlements and by the final judgment, in the event that the Settlement Agreements are finally approved by the Court.

### THE FAIRNESS HEARING

19. A hearing on final settlement approval (the "Fairness Hearing") is hereby scheduled to be held before the undersigned on December 6, 2013 at 3:00 p.m. Eastern Standard Time in Courtroom No. 15B, United States Courthouse, 500 Pearl Street, New York, NY, 10007-1312 to consider the fairness, reasonableness and adequacy of the Settlement, the dismissal

with prejudice of this action as to both Macmillan and Penguin, and the entry of final judgment in this action.

20. Any eligible Consumer who has not previously filed a request for exclusion from the Settlements may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of this action as to both Macmillan and Penguin and/or the entry of final judgment.  Provided, however, no person shall be heard in opposition to the Settlements, dismissal and/or entry of final judgment and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before October 21, 2013 such person: (a) files with the Clerk of Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlements, the dismissal of claims and/or the entry of final judgment and any documentation in support of such opposition, and (b) serves a copy of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon the Claims Administrator at: E-books AG Settlements Objections, P.O. Box 2825, Faribault, MN 55021-8630.

21. Any eligible Consumer who does not file, and serve as required, an objection within the Notice Period in the manner provided in the Notice and this Order shall be deemed to have waived any such objection by appeal, collateral attack or otherwise.

22. The date and time of the Fairness Hearing shall be set forth in the Notices, but shall be subject to adjournment by the Court without further notice to eligible Consumers other than that which may be posted by the Court.

23.     The Parties shall file with the Court any pleadings or memoranda in support of the Settlements and Settlement Agreements at least ten (10) calendar days before the Fairness Hearing.

## CONFIDENTIALITY

24.     No information received by the Notice and Claims Administrator in connection with the Settlements that pertains to a particular eligible Consumer, other than information contained in a request for exclusion or in an objection, shall be disclosed to any person or entity other than as directed by the Court.

## OTHER PROVISIONS

25.     The Settlement Agreements, subject to this Court's final approval, fully and finally compromise, settle and resolve Plaintiffs' claims subject to the terms and conditions set forth in the Settlement Agreements.

26.     If either of the Settlement Agreements is terminated or otherwise does not become effective in accordance with the provisions of that Settlement Agreement, that Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in that Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Macmillan and Penguin.

27.     Neither this Order nor the Settlement Agreements shall constitute any evidence or admission of liability by Macmillan or Penguin nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreements or the terms of this

Order, or by Macmillan or Penguin in connection with any action asserting claims that are released by the terms of the Settlement Agreements.

**SO ORDERED:**

    Dated:   New York, New York

                  _August 5_, 2013.

                                                             Hon. Denise Cote
                                                             United States District Judge