

ATTORNEY GENERAL OF TEXAS
GREG ABBOTT

September 13, 2013

The Honorable Denise Cote                                                                Via ECF
United States District Judge, Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

    Re: *Texas, et al. v. Penguin Group (USA) Inc., et al.*, No. 12-cv-3394 (DLC); *In re: Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC)

Dear Judge Cote:

Despite repeated efforts, Apple has identified no legitimate basis for deposing Dr. Abraham L. Wickelgren or for the discovery of documents relied upon by Dr. Wickelgren. Dr. Wickelgren will not testify at trial. Pursuant to Federal Rule of Civil Procedure 26(b)(4)(D) (formerly 26(b)(4)(B)), a party is only entitled to discovery of a non-testifying expert when that party demonstrates "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."[1] Apple does not even attempt to meet that standard, for good reason. Exceptional circumstances are present in only two situations, neither of which applies here: (1) where an object or condition previously observed by a non-testifying expert can no longer be observed because of, for example, a deteriorating condition or (2) where no other expert is available on a particular topic or the costs of replicating a non-testifying expert's work would be prohibitive. *See Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 43 (S.D.N.Y. 1997). Apple cannot carry the "heavy burden" imposed on parties seeking non-testifying expert discovery. *See Hoover v. U.S. Dep't. of the Interior*, 611 F.2d 1132, 1142 n.13 (5th Cir. 1980).

Apple argues that the States have waived the protections of Rule 26(b)(4)(D) based on Dr. Wickelgren's submission of two declarations, in this and a related action, in connection with the Court's assessment of the fairness of settlements between Plaintiffs and the Publisher Defendants. Apple does not disclose that, while there is some lack of consensus among the courts that have considered the issue, "the general trend . . . has been to find that [the rule] is not" subject to waiver. *Eidos Display, LLC v. Chunghwa Picture Tubes, Ltd.*, __ F.R.D. __, 2013 WL 3835613 at *4 (D.D.C. July 25, 2013) (citing cases). Rather, courts have often applied the rule, and found exceptional circumstances lacking, where a non-testifying expert has been relied upon by a party for limited pre-trial purposes, where a party withdraws its designation of an expert prior to trial, or where a party seeking discovery has the opportunity to retain its own experts. *See, e.g., Hansen Beverage Co. v. Innovation Ventures, LLC*, 2010 WL 1204220 (S.D. Cal. Mar. 22, 2010) (discovery disallowed where party de-designated previously designated testifying expert whose affidavit was relied upon at preliminary injunction stage); *FMC Corp. v. Vendo*

---

[1] Though the rule refers to discovery by "interrogatories or deposition," it is equally applicable to document discovery. *See Plymovent Corp. v. Air Tech. Solutions, Inc.*, 243 F.R.D. 139, 143-44 (D.N.J. 2007).

Co., 196 F. Supp. 2d 1023, 1046-47 (E.D. Cal. 2002) (discovery of settling parties' experts disallowed). This makes sense, as the primary purpose of expert discovery, including depositions, is to enable an opposing party to effectively prepare to cross-examine an expert at trial. See, e.g., Hoover, 611 F.2d at 1142; Decena v. Am. Int'l Cos. (AIG), 2012 WL 1565258 at *2 (E.D. La. May 2, 2012).

Denying Apple's request for discovery of Dr. Wickelgren's work is in no way unfair. The work conducted and the opinions expressed by Dr. Wickelgren were limited to the issue of whether the settlements reached with the Publisher Defendants were fair, reasonable and adequate. Plaintiffs' testifying expert will address a different question in a different context, namely, the magnitude of the damages caused by the price-fixing conspiracy Apple facilitated and joined. Plaintiffs will provide Apple with the report of their testifying damages expert on October 11, pursuant to the Court's schedule. Plaintiffs will also provide materials relied upon by their testifying expert, as required by Rule 26 and paragraph 8 of the Joint Initial Report (ECF No. 193), and Apple will, in due course, have the opportunity to depose this expert. This expert, not Dr. Wickelgren, will testify before the jury, and Apple will have the requisite opportunity to confront and challenge Plaintiffs' damages claims, as presented by the testifying expert.

Apple's argument for discovery of Dr. Wickelgren appears to be premised on the assumption that Plaintiffs' testifying expert will rely, in his report or his trial testimony, on work conducted or data possessed by Dr. Wickelgren that has not previously been disclosed to Apple. That is simply not the case. Apple does not need any discovery from Dr. Wickelgren in order to effectively cross-examine Plaintiffs' testifying expert. And, in the absence of the testifying expert's reliance on Dr. Wickelgren's work, Apple is not entitled to discovery of the materials relied upon by Dr. Wickelgren. See, e.g., UAW v. Gen. Motors Corp., 235 F.R.D. 383, 387-388 (E.D. Mich. 2006) (distinguishing the purposes of trial from those of a settlement fairness hearing and holding Fed. R. Civ. P. 26 disclosure requirements inapplicable in fairness hearing context as "a *trial*-oriented discovery rule") (emphasis in original). To the extent anything in Dr. Wickelgren's publicly filed declarations is relevant to the issues to be determined at the damages trial,[2] Apple may use the declarations themselves in examining any testifying expert, but is not entitled to discovery of Dr. Wickelgren. See, e.g., Intervet, Inc. v. Merial Ltd., 2007 WL 1797643 (D. Neb. June 20, 2007).

Apple's expressed desire to take discovery of a non-testifying expert in hopes it will provide some fodder for its attempt to "test the opinions and conclusions offered by plaintiffs' testifying expert,"[3] does not justify an exception to Rule 26(b)(4)(D) in this case. The cases misleadingly cited by Apple in its September 11 letter either support the States' position or are inapposite.[4] Apple's application to take discovery of Dr. Wickelgren should be denied.

---

[2] The States reserve the right to object on evidentiary grounds to any use at trial of Dr. Wickelgren's statements.
[3] See ECF No. 401 at 2.
[4] See, e.g., Hartford Fire Ins. Co. v. Pure Air on the Lake LP, 154 F.R.D. 202 (N.D. Ind. 1993) (denying application for discovery of non-testifying experts where parties had retained their own experts and had access to necessary data); Pearl Brewing Co. v. Jos. Schlitz Brewing Co., 415 F. Supp. 1122, 1138 (S.D. Tex. 1976) (allowing discovery of computer experts upon whose work testifying economist relied, limited to "technical matters beyond the ken" of economist); S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv., 257 F.R.D. 607, 611 (E.D. Cal. 2009) (court "expressly refrain[ed] from deciding" whether expert disclosure obligations apply at preliminary injunction stage); United States v. Hooker Chem. & Plastics Corp., 112 F.R.D. 333, 340-41 (W.D.N.Y. 1986) (allowing deposition of expert in connection with pending summary judgment motion where party had "not yet decided" if expert would testify at trial).

Respectfully,

Eric Lipman
Assistant Attorney General
Antitrust Section
(512) 463-1579
(512) 320-0975 (fax)
eric.lipman@texasattorneygeneral.gov

cc: All counsel