# GIBSON DUNN

Theodore J. Boutrous Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

Client: 03290-00038

September 27, 2013

VIA ELECTRONIC MAIL

The Honorable Denise L. Cote
United States District Judge
United States District Court for the Southern District of New York

Re:   *In re Electronic Books Antitrust Litig.*, 11 MD 2293 (DLC); *Texas v. Penguin Group (USA) Inc.*, 12 Civ. 3394 (DLC)

Dear Judge Cote:

We write to report pursuant to the Court's September 10, 2013 Order regarding the issue of collateral estoppel. The parties have conferred, and differing views exist as to the scope of collateral estoppel in these actions.[1] Thus, no stipulation has yet been reached, but Apple has proposed continuing discussions in an effort to avoid or minimize related motion practice. As the Court has noted, "we'll have an opportunity for briefing to the extent that there is a good-faith disagreement about the parameters" of collateral estoppel. August 9, 2013 Tr. at 15; *see, e.g.*, *State of Nev. Emps. Assoc., Inc. v. Keating*, 903 F.2d 1223, 1225-26 (9th Cir. 1990) (reversing where court "did not allow the parties to submit . . . briefs on res judicata"). Apple sets forth below in summary form its view of the proper parameters.

The party asserting collateral estoppel bears the burden of demonstrating its entitlement to such relief. *See Bear, Stearns & Co., Inc. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 93 (2d Cir. 2005). Estoppel can apply only where "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the

---

[1] The States have asserted that principles of collateral estoppel have no bearing at all on their case and that the jury should be informed of all "relevant" contents of the Court's decision, whether or not they were necessary to the finding of an antitrust violation. Apple disagrees. First, on the States' overbroad approach, a separate jury trial would be required since the jury deciding the Class action case (if certified) can be instructed only in accord with principles of collateral estoppel. More fundamentally, the States' approach would be unfairly prejudicial and would deprive Apple of due process and its right to have a jury verdict on those matters reserved for the jury's determination. Apple agreed to a limited waiver of its 7th Amendment rights in this case, permitting the Court to decide only those issues necessary to rule on injunctive relief; it did not waive its jury trial right with respect to any issues unnecessary to the injunctive determination and it lacked fair notice that such issues would be conclusively resolved in the bench trial.

# GIBSON DUNN

The Honorable Denise L. Cote
September 27, 2013
Page 2

issue was necessary to support a valid and final judgment on the merits." *Id.* at 91 (internal quotation marks omitted). "In addition, a court must satisfy itself that application of the doctrine is fair." *Id.* Moreover, a "shift or change in the burden of proof can . . . make collateral estoppel inappropriate." *Cobb v. Pozzi*, 363 F.3d 89, 113 (2d Cir. 2004).

While Apple does not propose to relitigate the core issue of conspiracy in the jury trial phase, it appears that Plaintiffs will seek collateral estoppel effect for matters that were unnecessary to the Court's decision, that were subject to a different burden of proof in the prior trial[2] or that are otherwise unfair or inappropriate matters for estoppel. Courts have been loath to give broad collateral estoppel effect to findings in prior antitrust trials and have strictly scrutinized the specific estoppel claims made by follow-on plaintiffs out of concern that sweeping orders "risk[] the very unfairness" the Supreme Court has cautioned lower courts to avoid. *See, e.g., In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 328 (4th Cir. 2004) (citing *Parklane Hosiery Co. v. Shore*, 439 US 322, 330-31 (1979); rejecting lenient standard for necessity prong as "too broad to assure fairness in the application of the doctrine"); *Discover Fin. Servs. v. Visa U.S.A. Inc.*, 598 F. Supp. 2d 394, 398, 401 (S.D.N.Y. 2008) (rejecting "expansive . . . collateral estoppel grant" and instead issuing a "limited order" that "would promote judicial efficiency while remaining fair to Defendants"). Courts are particularly cautious where there is a risk that "the presentation to the jury" of an expansive list of pre-determined facts "in a vacuum and without context" would prejudice defendants. *Visa*, 598 F. Supp. 2d at 401. It is critical for Apple (and the Court) to see the exact list of facts that Plaintiffs assert Apple is estopped from contesting, and Apple has asked the Plaintiffs to identify these matters specifically.

Finally, the Plaintiffs have suggested that Apple should disclose the arguments it intends to raise at trial to help Plaintiffs to identify issues that Apple may be estopped from asserting. Apple is aware of no authority requiring such a disclosure, which would short-circuit the adversarial process and relieve Plaintiffs of their burden to identify "with clarity and certainty" those issues for which they seek preclusive effect. *Postlewaite v. McGraw-Hill, Inc.*, 333 F.3d 42, 49 (2d Cir. 2003).

---

[2] For example, the Court assigned Apple the burden "'to offer evidence of the pro-competitive effects'" of its conduct. Op. 106 (quoting *Geneva Pharm. Tech. Corp. v. Barr Labs., Inc.*, 386 F.3d 485, 507 (2d Cir. 2004); *see also* Op. 121 ("Apple has not shown that the execution of the agreements had any pro-competitive effects."). In contrast, Plaintiffs will bear the burden of proof at the upcoming jury trial, including the responsibility to offset benefits conferred on consumers by the conduct at issue. *See J. Truett Payne Co., Inc. v. Chrysler Motors Corp.*, 451 U.S. 557, 568 (1981) (recognizing plaintiff's "burden of proving antitrust injury and damages"); *Minpeco, S.A. v. Conticommodity Servs., Inc.*, 676 F. Supp. 486, 490 (S.D.N.Y. 1987) ("the plaintiff, because it bears the burden of proving its claim for damages, also bears the burden of proof with regard to the offset").

# GIBSON DUNN

The Honorable Denise L. Cote
September 27, 2013
Page 3

Sincerely,

*Ted Boutrous/amt*

Theodore J. Boutrous Jr.

TJB/irg