

**ATTORNEY GENERAL OF TEXAS**
**GREG ABBOTT**

September 27, 2013

The Honorable Denise Cote                                                          **Via ECF**
United States District Judge, Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

      Re: *Texas, et al. v. Penguin Group (USA) Inc., et al.*, No. 12-CV-3394 (DLC); *In re: Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC)

Dear Judge Cote:

The Plaintiff States have met and conferred with Apple regarding the preclusive effect of the findings set forth in the Court's July 10 opinion, but were unable to reach a stipulation. The States made clear to Apple that, despite the bifurcation of the States' case for trial, the liability and damages phases of the States' litigation against Apple relate to the same claims and the Court's findings arising from the liability trial are *res judicata* in the damages phase.[1] It remains unclear the extent to which Apple will concede any preclusive effect of the findings outside of the fact that it entered into a conspiracy.

The Court made numerous findings in support of its decision on the liability and injunctive relief aspects of the States' claims under Section 1 of the Sherman Act and congruent state laws. Apple should be precluded from asserting in the damages phase of this litigation any facts inconsistent with the Court's opinion. The Court should not permit Apple to deny the consequences of the liability trial and re-litigate issues already decided.[2] The States believe that the issues remaining to be determined in the damages trial are limited. However, the States cannot anticipate the analysis that Apple's experts will seek to offer and whether their opinions will be inconsistent with or contradict the Court's findings. Accordingly the States reserve their right to file motions *in limine* seeking to prevent the introduction into evidence of any such opinions premised on facts contrary to those already found by the Court. Moreover, the States intend to request that the Court instruct the jury on the Court's findings to the extent that they are relevant to the narrow issue to be litigated at the damages trial: the amount of the damages suffered by consumers.

---

[1] *See* ECF No. 237; *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327, n.5 (1979); *In re Laventhol & Horwath*, 139 B.R. 109, 113-14 (S.D.N.Y. 1992); *Aerogroup Intern., Inc. v. Shoe Show, Inc.*, 966 F.Supp. 175, 180 (W.D.N.Y. 1997) (citations omitted); *Washington v. State Street Bank & Trust Co.*, 14 Fed.Appx. 12, 16 (1st Cir. 2001) ("[A] federal court judgment has res judicata effect as soon as it is issued notwithstanding the possibility or even pendency of an appeal.").

[2] *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27(j) (1982); *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 45 (2nd Cir. 1986) ("[I]f a court decides a case on two grounds, each is a good estoppel ."), *cert. denied* 480 U.S. 948 (1987).

Hon. Denise Cote
September 27, 2013
Page 2

      The States are available to further address the above, or to address other issues related to the preclusive effect of the Court's liability findings, as the Court sees fit.

      Respectfully,

      David Ashton
      Assistant Attorney General
      Antitrust Section
      (512) 463-1579
      (512) 320-0975 (fax)
      david.ashton@texasattorneygeneral.gov

cc:    All counsel