

P 206.623.7292   F 206.623.0594

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA  98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

September 30, 2013

<u>*Via ECF*</u>

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl St., Room 1610
New York, NY 10007-1312

      Re:    <u>*In re: Electronic Books Antitrust Litig.*</u>, No. 11-md-02293 (DLC);
            <u>*The State of Texas v. Penguin Group (USA), Inc.*</u>, No. 12-cv- 3394 (DLC)

Dear Judge Cote:

      Class Plaintiffs write concerning a disagreement with Apple over the schedule, in particular whether the Class and States are entitled to a class certification and damages expert rebuttal report.  Apple's position is the Court's schedule does not allow the Class and the States with an opportunity to do so.  Class Plaintiffs believe that a rebuttal report was contemplated, and, if not, we respectfully request the Court allow Plaintiffs an opportunity for a rebuttal expert class certification and damages report on December 13, 2013.

      As the Court will recall, Class Plaintiffs and the States submitted proposed schedules on August 2, 2013, tracking each other, with limited exceptions.[1]  Exhibit A to Class Plaintiffs' letter proposed a schedule that the Class's and States' Expert Damages Reply Report would be due on December 13, 2013, the same day as Class Plaintiffs' reply was due for class certification.[2]  The Plaintiffs' proposed schedule, which the Court in large part adopted, was intended to efficiently address class certification and the exchange of expert "merits" damages reports.  This was mainly driven by the substantial overlap between economic issues relevant to class certification and damages that could be addressed by the Plaintiffs in the same initial expert report.

      And although in the liability phase the schedule provided for the mutual exchange of expert reports, followed by mutual exchange of rebuttal reports, the procedure here was designed to account for the fact that the Plaintiffs' initial expert report would serve a dual function - supporting class certification and a merits damages report under Fed. R. Civ. P. 26(a)(2)(B).  Apple would then have an opportunity to see Plaintiffs' report and serve its own

---

    [1]    Steve Berman Letter to Judge Denise L. Cote re Class Plaintiffs' Proposed Schedule, Aug. 2, 2013, ECF No. 375.

    [2]    *Id.*

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   MINNEAPOLIS   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

010260-11  643180 V1

September 30, 2013
The Hon. Denise L. Cote
Page 2

damages report in connection with Apple's opposition to class certification. Apple's report therefore would be able to rebut Class Plaintiffs' certification arguments and damages report.

      Under Apple's view, however, Plaintiffs should not have an opportunity to reply to Apple's economic arguments, and in particular Apple's expert, in opposition to class certification. And oddly, Apple appears not to want to be informed of Plaintiffs' expert's rebuttal to Apple's expert report on damages in advance of the damages trial. Apple's position seems nonsensical – unless it is a tactical gambit designed to preclude Plaintiffs' response to Apple's expert at trial.[3] If so, Apple's position certainly fails to aid the parties to fully and fairly present the issues to the Court and the jury. This is why we told Apple that we believed the Court's current schedule likely contemplated Plaintiffs could offer a rebuttal report on December 13, 2013. But if we are wrong, we respectfully ask the Court to allow the Class and the State Plaintiffs to present a rebuttal report on December 13, 2013, as we initially proposed.

                                              Respectfully,

                                              HAGENS BERMAN SOBOL SHAPIRO LLP

                                              s/ Steve W. Berman
                                              Steve W. Berman

Cc:    Eric Lipman
         Orin Snyder

---

[3] Apple's position opposing Plaintiffs from rebutting its economist(s)' opinions is particularly troubling here. Apple disavows any obligation to identify facts that this Court has already determined in its June 10, 2013 Opinion and Order and on which it intends to rely when hypothesizing a but-for world. So it appears Apple would like its expert(s) to construct a but-for world and reveal it without the opportunity for Plaintiffs' expert to respond.

010260-11 643180 V1