

P 206.623.7292   F 206.623.0594

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA  98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

October 23, 2013

*Via ECF*

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl St., Room 1610
New York, NY 10007-1312

    Re:    <u>*In re: Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC);</u>
           <u>*The State of Texas v. Penguin Group (USA), Inc.*, No. 12-cv- 3394 (DLC)</u>

Dear Judge Cote:

    On or about March 8, 2013, the parties agreed expert depositions would be limited to the same ***six hour*** rule for deposition record time allocated to the noticing party that applied to fact witnesses set forth in the Joint Initial Report, with one exception.  The agreement allowed each side to choose one expert witness for which the noticing party could use ***seven hours*** of record time instead of six.[1]  The agreement applied to all seven of the experts identified at the time and modified the Joint Initial Report.

    The parties concluded all expert depositions in approximately six hours, except one deposition that clocked in just short of seven hours.[2]  No party ever claimed this time was insufficient to fully explore the opinions and test the models offered by the experts.  Apple, on occasion, demanded with exactitude that the parties tightly limit their questions to the six hour deadline.  For example, during the deposition of Dr. Benjamin Klein, one of Apple's economists, Apple's counsel terminated plaintiffs' questioning at the six hour mark, allowing only a single question of latitude.[3]

    Against this backdrop, Apple recently instructed plaintiffs to make Dr. Noll available for two full days of questioning (14 hours), claiming that instead of following the rules it agreed to for all other experts, or even the presumptive seven hour rule under Fed. R. Civ. P. 30(d)(1), Dr. Noll's deposition required 14 hours, twice the amount of time.  Apple never explained to plaintiffs why Dr. Noll was not similarly situated to seven other experts who had gone before him.  Nor did Apple ever offer to limit the deposition length to less than 14 hours.  Instead, it

---

    [1]    *See* March 8, 2013, e-mail to parties' counsel from Daniel McCuaig, DOJ Counsel, regarding expert deposition protocol, attached as Exhibit 1 hereto.

    [2]    Orley Ashenfelter, 2:55 (by Apple); Jonathan Baker, 5:57 (by Apple); Michelle Burtis, 6:02 (by DOJ); Richard Gilbert, 6:56 (by Apple); Benjamin Klein, 6:03 (by DOJ); Kevin Murphy, 6:17 (by DOJ); Daniel Rubinfeld, 6:09 (by Class Plaintiffs and the States).

    [3]    Excerpt from March 26, 2013, Deposition Transcript of Benjamin Klein, attached as Exhibit 2 hereto.

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   MINNEAPOLIS   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

010260-11  648429 V1

October 23, 2013
The Hon. Denise L. Cote
Page 2

filed this motion.

    Apple now for the first time says it needs 10.5 hours, instead of 14, and offers a hand-wave in passing (rather than good cause) to justify 3.5 hours more time than the seven hour presumption under the federal rules.[4]  Apple's grounds boil down to:  plaintiffs' damages after trebling is higher than Apple expected, and the class's certification motion is "littered" with references to Dr. Noll's report.[5]  Neither of these two generalized statements justifies more than the seven hour ceiling the parties previously adhered to by agreement or the default seven hours under the federal rules.[6]

    Indeed, Dr. Noll's expert report is 30 pages, in line with each of the opening expert reports that all other testifying economists offered.[7]  All parties were able to complete depositions in less than seven hours, even though when combined with the rebuttal reports, the other expert reports' length in total exceeded Dr. Noll's opening report.  The substance of Dr. Noll's report is narrower than the previous experts' testimony as well, relying significantly on this Court's July 10, 2013 liability opinion.  Further, other than calculating damages, the expert economic issues in this case have been extensively vetted – repeatedly – with opening and reply reports, written direct testimony, cross-examination, re-direct examination and this Court's questions during trial. There can be no serious claim that Apple has not been allowed to fairly and exhaustively explore, present, and challenge the economics in the e-book marketplace. Apple did so repeatedly in seven hours or less of deposition time.  By way of comparison, one of Apple's experts, Dr. Michelle Burtis, did an extensive pricing analysis of the entire industry. And yet, Dr. Burtis's deposition took only 6:02.[8]

    In sum, in presenting its "compromise" position for the first time, Apple has failed to justify with any specificity its demand, given the factual context of this case, the previous expert depositions, and the limited scope of Dr. Noll's report.  Seven hours of questioning Dr. Noll is sufficient to fully explore and test his opinions and damages model.[9]

---

[4]   *See* the advisory committee notes to the 2000 Amendments to Fed. R. Civ. P. 30(d)(1) stating "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order").

[5]   The "littering" Apple references equal *six citations*.  *See* Memorandum of Law in Support of Class Plaintiffs' Motion for Class Certification and Appointment of Class Counsel, Oct. 11, 2013, ECF No. 423.

[6]   *Roberson v. Bair*, 242 F.R. D. 130, 138 (2007) (recognizing the seven hour presumption must be overcome by the party seeking to exceed the rule's limitation).

[7]   Orley Ashenfelter (16 pages); Jonathan Baker (25 pages); Michelle Burtis (29 pages); Richard Gilbert (75 pages); Benjamin Klein (24 pages); Kevin Murphy (34 pages); Daniel Rubinfeld (49 pages).

[8]   Plaintiffs detail these facts – rather than Apple's generalized conclusions – to provide context relative to other expert depositions in the case and illustrate Apple's failure to show why it needs the additional 3.5 hours of testimony it seeks.  *Forte Capital Parnters, LLC v. Harris Cramer, LLP*, No. C 07-1237, 2008 U.S. Dist. Lexis 95618, at *8 (N.D. Cal. Nov. 14, 2008) (observing that a fact-intensive inquiry is necessary to determine whether exceeding the seven-hour presumptive limit is justified).

[9]   Apple makes two other passing references that plaintiffs disagree with but reserve argument at this time. First, Apple indicates it may seek to "re-depose" Dr. Noll.  We intend to object.  Second, Apple miscasts the principle in footnote 4 of its Oct. 22, 2013 letter to the Court (ECF No. 429).  Plaintiffs asked for assurance that Apple would make its expert available at least fourteen days before the Class's reply brief is due, not that the deposition could not occur later if the noticing party elected to do so.

010260-11  648429 V1

October 23, 2013
The Hon. Denise L. Cote
Page 3

        Respectfully,

        HAGENS BERMAN SOBOL SHAPIRO LLP

        /s/ Steve W. Berman
        Steve W. Berman

010260-11 648429 V1