IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: ELECTRONIC BOOKS ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-md-02293 (DLC) |

**MEMORANDOM OF IN SUPPORT OF MOTION BY BOB KOHN
TO INTERVENE FOR PURPOSES OF APPEAL**

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

INTERESTS OF MOVANT\................................................................................................. 4

ARGUMENT ......................................................................................................................... 5

I. THIS COURT IS REQUIRED TO GRANT INTERVENTION "AS OF RIGHT" UNDER RULE 24(A)............................................................................................................ 5

    A. The Present Motion is Timely Made .............................................................. 6

    B. Kohn Has an Interest Relating to the Transaction which is the Subject of the Action. 6

    C. Denial of Intervention will Impair or Impede Kohn's Ability to Protect That Interest 7

    D. Kohn's Interest will Not Be Adequately Represented by Existing Parties................ 8

II. MOVANT ALSO FULLY MEETS THE PERMISSIVE INTERVENTION CRITERIA OF RULE 24(b) ................................................................................................................. 10

    A. Movant Has a Claim or Defense That Shares with the Main Action a Common Question of Law or Fact.................................................................................................... 10

    B. Intervention will not Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties ............................................................................................ 11

III. MOVANT FULLY SATISFIES THE REQUIREMENTS OF RULE 24(C) .................. 11

CONCLUSION............................................................................................................ 13

# TABLE OF AUTHORITIES

**CASES**

*Business Electronics Corp. v. Sharp Electronics Corp.*, 485 U.S.717 (1988) ................................................................3

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ...............................................................................2, 8

*Devlin v. Scardelletti*, 536 U.S. 1 (2002) ................................................................................................................4, 7

*Dimond v. District of Columbia*, 792 F.2d 179 (D.C. Cir. 1986) ................................................................................8

*Dow Jones & Co. v. United States Depart. of Justice*, 161 F.R.D. 247; 1995 U.S. Dist. LEXIS 2262 (1995) .............1

*Flying J Inc. v. Van Hollen*, 578 F.3d 569 (7th Cir. 2009) ..........................................................................................6

*Ford Motor Co. v. Bisanz Bros., Inc.*, 249 F.2d 22 (8th Cir. 1957) .............................................................................8

*FTC v. Indiana Fed'n of Dentists*, 476 U.S. 447 (1986) .............................................................................................3

*In Re Community Bank of Northern Virginia*, 418 F.3d 277 (3d Cir. 2005) ...............................................................7

*Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776 (D.C. Cir. 1997) .........................11, 12

*McCarthy v. Kleindienst*, 741 F.2d 1406 (D.C.Cir. 1984) ........................................................................................12

*New York Pub. Int. Res. Group, Inc. v. Regents of the Univ. of the State of New York*, 516 F.2d 350 (2d Cir. 1975)...8

*Red River Holdings, LLC v. United States*, No. 09-185 C (Fed. Cl. 2009 ..................................................................1

*United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977) ...........................................................................................7

*United States v. Thomson Corp.*, 1997-1 Trade Cas. (CCH) ¶71,735, 1997 U.S. Dist. LEXIS 1893 at *15 (D.C.C. February 27, 1997) ................................................................................................................................................4

*Wal-mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011) ..............................................................................................9

*Winbash v. Iowa by Glenwood State Hosp.*, 66 F.3d 1471 (8th Cir. 1995) .................................................................6

**RULES**

Federal Rule of Civil Procedure 23 ........................................................................................................................2, 4

Federal Rule of Civil Procedure 24 ..................................................................................................................passim

**COURT DOCUMENTS**

*Amicus Curiae* Brief of Bob Kohn (Proposed), 12-cv-2826, ECF#97, 97-1 ................................................................. 5

*Amicus Curiae* Brief of Bob Kohn on Penguin Settlement 12-cv-2826, ECF#214-2 .................................................. 5

*Amicus Curiae* Brief of Bob Kohn, 12-cv-2826, ECF#110 ............................................................................... 3, 5

Kohn Letter 10/28/13, 11-md-2293, ECF#438 ........................................................................................................ 1

Kohn Letter 11/7/13, 11-md-2293, ECF#439 .......................................................................................................... 1

Kohn Objection 10/18/13, ECF#426 ........................................................................................................................ 1

Opinion & Order 7/10/13, 12-cv-2826, ECF#326 .................................................................................................... 2

Order 11/13/13, 11-md-2293, ECF#442 ................................................................................................................... 1

Plaintiff States' Letter, 11/8/13, 11-md-02293, ECF#440 .............................................................................. 1, 4, 7, 9

**PUBLIC COMMENTS**

Kohn Comments on Tunney Act Settlement with Hachette/HarperCollins/Simon & Schuster, ATC-0143 (May 30, 2012) ........................................................................................................................................................ 5

Kohn Comments on Tunney Act Settlement with Macmillan 12-cv-2826, ECF#261-1 ............................................ 5

Kohn Comments on Tunney Act Settlement with Penguin 12-cv-2826 ECF#201-1 ................................................. 5

**INTRODUCTION**

"[A]ppellate review is central to our judicial system."

-- *Dow Jones & Co. v. United States Depart. of Justice*, 161 F.R.D. 247, 253; 1995 U.S. Dist. LEXIS 2262 (1995) (quoted in *Red River Holdings, LLC v. United States*, No. 09-185 C (Fed. Cl. 2009) (opinion by District Judge Sotomayor, allowing intervention for purposes of appeal).

Bob Kohn, on his own behalf and through his pro bono attorneys, pursuant to Rule 24 of the Federal Rules of Civil Procedure, respectfully submits this memorandum in support of his motion to intervene for purposes of appeal.

Kohn is a member of the class in the above-captioned action who has filed an Objection to the recent proposed Settlement of claims (11-md-2293, ECF#373, 373-1) in that action. Kohn Objection 10/18/13, ECF#426. By letters dated October 28 (ECF#438) and November 7, 2013 (ECF#439), Kohn requested that the District Court compel the Department of Justice, Amazon.com, Inc. and plaintiff and defense counsel in this action to produce certain materials for purposes of discovery. Such materials were limited to those concerning Amazon's below marginal cost pricing of e-books prior to April, 2010. This Court denied such request (without explanation) by Order dated November 13, 2013 (ECF#442), even though neither the Plaintiffs for the individual members of the class nor Amazon objected to such request.[1]

As this Court knows, the reason for Kohn's discovery request was to complete a factual record that Amazon engaged in below marginal cost pricing of e-books prior to April, 2010 such that when e-book prices increased after April 1, 2010 consumers were not harmed *ispo facto*. On

---

[1] The Assistant Attorney General for the State of Connecticut filed an objection to Kohn's request for discovery, but only on behalf of the Plaintiff States. Plaintiff States' Letter of 11/8/13, 11-md-02293, ECF#440

1

the contrary, such increase had efficient-enhancing, procompetitive effects on the market for e-books that benefited consumers, including all members of the class in the present action, and the public generally. It was efficiency-enhancing, because the agency contracts prevented Amazon from continuing its below marginal cost selling of e-books—something which this Court has ruled was "not intrinsically unlawful." Opinion & Order, 09/6/12, 12-cv-2828, ECF#113 at 17. It was procompetitive, because after its acceptance of the agency contracts, Amazon's market share dropped from 90% to 60%, a factual finding by this Court. Opinion & Order, 12-cv-0286, ECF 113 at 34-35. The Settlement, by reversing such beneficial effects, would be detrimental to all members of the class.

Kohn hereby seeks to intervene for the purpose of challenging on appeal this Court's refusal to consider Amazon's e-book pricing practices prior to April, 2010 as relevant to the Court's inquiry under Rule 23(e) as to the Settlement. Such refusal has now been clearly evidenced by this Court's summary denial of Kohn's discovery request in this action—discovery which was narrowly focused on such pricing practices by Amazon.[2] It is also evidenced by this Court's repeated rulings in the related action. *See, e.g.*, Opinion & Order 7/10/13, 12-cv-2826 ECF#326 at 157 (declaring that this litigation was not "the occasion" to decide whether Amazon's below marginal cost pricing practices "may be a defense to the claims litigated").

The consideration of Amazon's e-book pricing practices prior to April, 2010 is *pivotal* to the question of whether the Settlement is fair, reasonable, and adequate. Millions of consumers, including the class of consumers of which Kohn is a member, have a vital interest in competitive

---

[2] Facts about Amazon's below marginal cost pricing of e-books prior to April, 2010 is "vital material" for the District Court to consider in ruling upon this Settlement. *See, City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 464 (2d Cir. 1974).

markets for e-books. That vital interest concerns, not *low* prices, which the District Court mistakenly contends, but rather *efficient* prices for e-books. As Kohn has pointed out repeatedly, the Court's position on this point is contrary to the law as established by the United States Supreme Court, the Second Circuit, and most other federal jurisdictions. It also defies common sense.[3] Antitrust cases are to be resolved in accordance with the *economic consequences* of the alleged conduct rather than by mere allegations or evidence of collusive conduct or prices changes resulting from such conduct. *See, Business Electronics Corp. v. Sharp Electronics Corp.*, 485 U.S.717, 731 (1988); *see, also, FTC v. Indiana Fed'n of Dentists*, 476 U.S. 447, 459 (1986) (collusive conduct will be sustained under the rule of reason where there is a "countervailing procompetitive virtue—such as for example, the creation of efficiencies in the operation of a market or the provision of goods and services."). Should the Settlement terms result in lowering e-book prices to below marginal cost—clearly its intent—millions of consumers, including every member of this class, will be harmed.

---

[3] As *amicus curiae*, Kohn even hired a graphic artist to help illustrate the point. See, *Amicus Curiae* Brief of Bob Kohn, 12-cv-2826, ECF#110 at 4, filed on September 4, 2012:





Since the parties have settled and agreed not to appeal, and since no other objector or intervener has come forward to challenge the District Court's error of law on this pivotal issue, it is unlikely that any one other than Kohn, a member of the class, will raise these vital issues for consideration by the Court of Appeals. For these reasons, this intervention will be essential to "ensure that the Final Judgment is properly tested in the appellate crucible" *United States v. Thomson Corp.*, 1997-1 Trade Cas. (CCH) ¶71,735, 1997 U.S. Dist. LEXIS 1893 at *15 (D.C.C. February 27, 1997).[4]

## INTERESTS OF MOVANT

Kohn is an eligible Consumer under the Settlement, having received on August 31, 2012 a notice of the Settlement from Amazon.com, a copy of which is attached as Exhibit A hereto, indicating that he is a member of the class set forth in the Order (11-md-2293, ECF#373, 373-1). Kohn has not previously filed a request for exclusion from the Settlement. He filed a timely notice of intention to appear in opposition to the Settlement and in favor of dismissal of this action pursuant to ¶20 of such Order. Kohn also has an extensive record of participation in each of the

---

[4] Writing on behalf of Kohn's class representative, the State of New York, in opposition to Kohn's discovery request, the Assistant Attorney General for the State of Connecticut suggested that Kohn *as an objector* has "*no standing*" to challenge the Plaintiff States in bringing or settling this class action. Plaintiff States' Letter of 11/8/13 (ECF#440). He also suggested in the same latter that Kohn's objection is not legitimate in that he can only object to the *adequacy* of the Settlement, not to object to its *reasonableness*. In effect, the Attorney General would thus have this Court strike the word "reasonable" from Rule 23(e)(2). Indeed, if unreasonableness were not a legitimate objection to a Settlement, then class members would have no legal means to object to becoming involuntarily bound to a Settlement that can be proven harmful to the class. *See, Devlin v. Scardelletti*, 536 U.S. 1 (2002). Accordingly, Kohn rejects the Plaintiff States' contention. This motion to intervene is filed, in part, in anticipation of the Plaintiff States making good on their apparent threat to challenge Kohn's standing *as an objector* to oppose the Court's approval of the Settlement on appeal. Kohn thus files this motion to ensure against the possibility that "no party will be in a position to present these issues to the Court of Appeals." *See, Thomson, supra.*

Tunney Act proceedings in the related action by the United States.[5] Kohn has presented substantial argument supporting his view that the District Court has made a fundamental error of law when it strayed from explicit U.S. Supreme Court mandate to resolve antitrust cases in accordance with the *economic consequences* of the Defendants' alleged conduct rather than by mere allegations or evidence of collusive conduct or prices changes resulting from such conduct. If the consequence of Defendants' conduct was to increase economic efficiency in the market for e-books, then a Settlement that reverses the consequence of such conduct will harm members of the class and cannot be reasonable. Kohn is acting in the interests *all class members,* who would be harmed by the District Court's error of law if the Court approves the injunctive relief set forth in the Settlement.

## ARGUMENT

### I.  THIS COURT IS REQUIRED TO GRANT INTERVENTION "AS OF RIGHT" UNDER RULE 24(A)

Rule 24(a) provides that, on a timely motion, the Court must permit "anyone to intervene who … claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

---

[5] Kohn Comments on Tunney Act Settlement with Hachette/HarperCollins/Simon & Schuster (May 30, 2012) (http://www.justice.gov/atr/cases/apple/comments/atc-0143.pdf); *Amicus Curiae* Brief of Bob Kohn (Proposed), 12-cv-2826, ECF#97, 97-1; *Amicus Curiae* Brief of Bob Kohn, 12-cv-2826, ECF#110; Kohn Comments on Tunney Act Settlement with Penguin 12-cv-2826 ECF#201-1; *Amicus Curiae* Brief of Bob Kohn on Penguin Settlement  12-cv-2826, ECF#214-2; Kohn Comments on Tunney Act Settlement with Macmillan 12-cv-2826, ECF#261-1.

### A. The Present Motion is Timely Made

A motion to intervene not filed until the district court has entered final judgment is not untimely where all the applicant wants to do is take an appeal. *Flying J Inc. v. Van Hollen*, 578 F.3d 569, 572 (7th Cir. 2009) (Posner, J.); *see also*, *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 396 (1977) (a motion to intervene is timely filed when filed "within the time period in which the plaintiff could have taken an appeal"); *Winbash v. Iowa by Glenwood State Hosp.*, 66 F.3d 1471 (8th Cir. 1995) (class member objectors permitted to intervene ten years after the complaint was filed and after trial on the merits). Kohn is seeking to intervene for the purpose of seeking appellate review of the District Court's failure to take Amazon's below marginal cost pricing into account in determining the adequacy of the settlement. This failure was evidenced by the Court's denial last week of Kohn's request for discovery of vital materials necessary to such determination.

Accordingly, the present motion is timely because it was filed well within the time set forth in the Federal Rules of Appellate Procedure for appeal from a district court's final judgment. If anything, this motion might be considered premature, because such judgment has not yet been entered. Nevertheless, that this motion was filed prior to the Rule 23 hearing (scheduled for December 6, 2013) gives the Court the opportunity to consider the present motion in connection with its Rule 23 determination and question Kohn about it at the hearing. (If adjudged premature, however, Kohn would simply refile it after entry of judgment approving the Settlement).

### B. Kohn Has an Interest Relating to the Transaction which is the Subject of the Action

In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry—that the applicant has (ii) an interest in the action which (iii) may be impaired or impeded by its disposition—are satisfied by the very nature of Rule 23 representative action. See, *In Re Community Bank of Northern Virginia*, 418 F.3d 277, 314 (3d Cir. 2005). Thus, as a member of

the class, Kohn clearly has a direct and immediate interest in the terms of the Settlement. *See also*, *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002) (as a member of the class, the objector had "an interest in the settlement that created a 'case or controversy' sufficient to satisfy the constitutional requirements of injury, causation, and redressability… There is no question that he satisfies these three requirements"). In addition, "nonnamed class members are parties to the proceedings in the sense they are bound by the settlement." *Id*. at 10. Accordingly, objectors who have objected in a timely manner to a class settlement may challenge the settlement on appeal "to preserve *their own interests in a settlement* that will ultimately bind them" *Id* [emphasis added]; *see also, United Airlines, Inc. v. McDonald*, 432 U.S. 385, 396 (1977).

**C. Denial of Intervention will Impair or Impede Kohn's Ability to Protect That Interest**

Again, that Kohn has an interest which may be impaired or impeded by the disposition of the proposed Settlement is satisfied by the very nature of Rule 23 representative action. By their letter dated November 8, 2013 (11-md-02293, ECF#440), the Plaintiff States specifically acknowledged Kohn's claim that the injunctive contemplated by the Settlement may harm consumers, including Kohn and all other members of the class. Moreover, by such letter, Plaintiff States told this Court that they believe Kohn has "*no standing*" to challenge the Plaintiff States in *bringing or settling* this class action, questioning the even the *legitimacy* of Kohn's objection. Should Plaintiff States make good on their apparent threat to challenge Kohn's standing *as an objector*, this intervention may become Kohn's only path to appeal the District Court's ruling. Rule 24(a) speaks to *impairing* or *impeding* an applicant's ability to protect his interest—not *precluding* or *preventing*. It also says, *may* impair or impede; not shall. Under circumstances where his own representatives are threatening his very standing to object and the legitimacy of those

7

objections, there should be no question that Kohn is so situated that disposing of this intervention *may* "as a practical matter" *impair or impede* his ability to protect his interest.

**D. Kohn's Interest Will Not Be Adequately Represented by Existing Parties**

The burden of showing inadequate representation rests on the applicant for intervention. *Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986) (opinion by Judge Wald). "This burden, however, is not onerous." *Id.* at 92. The applicant need only show that representation of his interest "may be" inadequate, not that the representation will in fact be inadequate. *Id*. The inadequacy of representation may become apparent only at the appellate stage. *Id*.

Because the parties have agreed to the terms of the Settlement, there remains no parties that will further the interests of the class in an appellate review of the District Court's pivotal decision not to consider materials evidencing Amazon's below marginal cost pricing prior to April, 2010 in determining the fairness, reasonableness, and adequacy of the Settlement. Kohn has asserted that such materials are "vital" for the Court to determine whether the Settlement passes muster under Rule 23. *See*, *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 464 (2d Cir. 1974) (an objector to a class action lawsuit is entitled to discovery where "the objectors have made a clear and specific showing that vital material was ignored by the District Court"). Representation is inadequate where it could not be said with certainty that a party would adequately present all of the evidence and all of the applicable law in the movant's behalf. *Ford Motor Co. v. Bisanz Bros., Inc.*, 249 F.2d 22, 28 (8th Cir. 1957). Representation is also inadequate where there is a likelihood that the movant will make a more vigorous presentation of the economic side of the argument than would the plaintiffs. *New York Pub. Int. Res. Group, Inc. v. Regents of the Univ. of the State of New York*, 516 F.2d 350, 352 (2d Cir. 1975).

The Attorney General for the State of New York, the state in which Kohn resides, through the mouthpiece of a neighboring state, has specifically opposed Kohn's request for discovery on the material regarding Amazon's below marginal cost pricing which directly concerns the pivotal question raised by Kohn: the effect of such pricing on consumers and how the entire class would be harmed by the Settlement. Plaintiff States' Letter of 11/8/13 (ECF#440). It has become clear that none of the parties to the Settlement, other than Kohn, has or will pursue—on appeal or otherwise—this pivotal question.

The Plaintiff States, and apparently the other Plaintiffs, seem focused on the monetary side of the Settlement, saying about Kohn: "if he objects to receiving money from the settlement in this case, he should opt-out." *Id*. The State of New York is well aware that Kohn's objection is directed primarily to the Settlement's injunctive relief and that opting out would be worthless to him and the class. The very structure of Rule 23 recognizes that class actions where solely injunctive relief is sought, don't have a notice and opt-out requirement. That's because opt-out would be worthless in such cases. *See*, *Wal-mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011). For Kohn to opt-out would damage the very class that requires protection from the Settlement. It should be clear that the adequacy of representation has parted ways with the interests of the class and that the Plaintiffs cannot adequately represent Kohn or any other member of the class in with respect to adjudicating the pivotal issue, particularly at the appellate stage.

As the Attorneys General also confirmed in their letter to the Court, this is not a disagreement as to whether the proposed Settlement provides "too little" to the class. *Id*. Kohn believes the decree is *affirmatively harmful* to the class. The Plaintiffs purporting to represent Kohn's and the other member's interests, do not. The District Court has clearly sided with the Plaintiffs on the merits of whether Amazon's below marginal cost pricing is a consideration in

9

determining the reasonableness of the Settlement. But in a post-judgment environment, the Plaintiffs—including the Attorney General of the State of New York who ostensibly represents Kohn on this—cannot, by definition, "adequately" represent Kohn. As Judge Wall suggested, the inadequacy of representation may become apparent only at the appellate stage. See, *Dimond* at 192-93. And an appeal is the only stage of this litigation regarding which Kohn is seeking to intervene.

## II. MOVANT ALSO FULLY MEETS THE PERMISSIVE INTERVENTION CRITERIA OF RULE 24(b)

Kohn alternatively requests that this Court authorize intervention under Rule 24(b). Under such rule, permissive intervention is authorized by a District Court: "On a timely motion, the court may permit anyone to intervene who: … has a claim or defense that shares with the main action a common question of law or fact … and will not unduly delay or prejudice the adjudication of the original parties' rights."

All of these criteria are satisfied by Kohn. For the same reasons set forth above, Kohn contends that this motion is timely made.

### A. Movant Has a Claim or Defense That Shares with the Main Action a Common Question of Law or Fact

As an eligible consumer and member of the class, Kohn clearly has a "claim or defense that shares with the main action a common question of law or fact." Under *Devlin*, the Supreme Court made it clear that non-named members of a class are parties to the proceedings in the sense of being bound by the settlement. Devlin, 536 U.S. 1, 10. "The legal rights he seeks to raise are his own." *Id.* at 7.

### B. Intervention will not Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties

Under Rule 24(b)(2), the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." If Kohn shows adequate grounds for upsetting the proposed Settlement upon appeal, then delay will be entailed (a remand for further proceedings, possibly including trial), but it would be hard to say that this delay is *undue*. *See*, *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997) (Judge Wald, concurring); *see also*, *Massachusetts v. Microsoft Corp.,* 373 F.3d 1199, 1235-36 (D.C. Cir. 2004) (allowing the intervenors to appeal a settlement of an antitrust suit would not unduly delay or prejudice the adjudication of the rights of the original parties, because intervener submitted extensive public comments to the Justice Department and filed an amicus brief with the district court). "Because the district court already confronted [the intervenors'] arguments in rendering its decision, there is no reason to fear 'issue proliferation,' 'confusion,' 'extra cost,' or 'an increased risk of error'." *Id.* at 1236 (quoting *MSL*, 118 F.3d at 782). Accordingly, this motion to intervene for purposes of appeal would not unduly delay or prejudice the adjudication of the rights of the parties to this case.

### III. MOVANT FULLY SATISFIES THE REQUIREMENTS OF RULE 24(C)

Under Rule 24(c), "A motion to intervene must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The grounds for Kohn's motion to intervene are fully set forth in this Memorandum. Kohn is well-situated to aid the courts in making its public interest determination and has presented serious issues regarding the propriety of the proposed Settlement. Moreover, as more fully set forth in this Memorandum, Kohn has a direct and immediate interest in the outcome of this case and that, absent Kohn's participation, appellate review of the Court's entry of judgment and "fairness,

11

reasonableness, and adequacy" determination with reference to the issues raised by Kohn may be foreclosed.

Rule 24(c) also requires that a "motion to intervene must…be accompanied by a pleading that sets out the claim or defense for which intervention is sought," (emphasis added). Such a pleading has already been filed on behalf of Kohn by the Attorney General for the State of New York. Be that as it may, the courts "have not be[en] hypertechnical, actually, in making sure that …potential intervenors do file a pleading." *Massachusetts v. Microsoft,* 373 F.3d 1199, 1250 at fn 19. Accordingly, "procedural defects in connection with intervention motions should be excused by a court." *McCarthy v. Kleindienst*, 741 F.2d 1406, 1416 (D.C.Cir. 1984). Under these "atypical" circumstances, Rule 24 requires "other than literal application." *MSL*, 118 F.3d at 785. (Nevertheless, Kohn is prepared to file a pleading setting forth potential claims and/or defenses for which intervention is sought, should the Court so require).

## CONCLUSION

For all these reasons, the Court should grant this motion and permit Kohn to intervene in this action.

Dated: November 27, 2013

Respectfully submitted,

_____
Bob Kohn
California Bar No. 100793
140 E. 28th St.
New York, NY 10016
Tel. +1.408.602.5646;
Fax. +1.831.309.7222
eMail: bob@bobkohn.com

By: /s/ Steven Brower
Steven Brower [Pro Hac]
California Bar No. 93568
Buchalter Nemer
18400 Von Karman Ave., Suite 800
Irvine, California 92612-0514
Tel: +1.714.549.5150
Fax: +1.949.224.6410
Email: sbrower@buchalter.com

Pro Bono Counsel to Bob Kohn