UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

This Document Relates to:

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | No. 11-md-02293 (DLC) ECF Case |
| THE STATE OF TEXAS, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>PENGUIN GROUP (USA) INC., et al.,<br><br>                Defendants. | Civil Action No. 12-cv-03394 |

**OPPOSITION OF PLAINTIFFS TO**
**<u>MOTION BY BOB KOHN TO INTERVENE</u>**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................................1

II.   ARGUMENT ..................................................................................................................2

      A.    Mr. Kohn Has No Right of Intervention Under Rule 24(a) ....................................2

            1.    Mr. Kohn's Motion is Untimely ................................................................2

            2.    Mr. Kohn Has No Interest Relating to the Transaction That is
                  the Subject of the Action that Would be Impaired or Denied by
                  Disposition of the Action Against these Two Defendants.........................6

            3.    Kohn's Purported Interest is Adequately Represented by Apple ...............8

      B.    Mr. Kohn Does Not Meet the Standards for Permissive Intervention
            Under Rule 24(b) ...................................................................................................9

            1.    Mr. Kohn Has No Claim or Defense that Shares With the Main
                  Action a Common Question of Law or Fact.................................................9

            2.    Intervention will Unduly Delay the Adjudication of the Rights
                  of the Original Parties. ...........................................................................10

      C.    Mr. Kohn Has Failed to Provide the Requisite Pleading for
            Intervention .........................................................................................................10

      D.    Mr. Kohn Has No Standing to Object to the Settlement Class's
            Recovery ..............................................................................................................11

III.  CONCLUSION..............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abramson v. Pennwood Inv. Corp.*,
  392 F.2d 759, 761 (2d Cir. 1968)…………………………………………………… ........11

*Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*,
  96 CIV. 2717 (DLC), 1997 WL 83399 (S.D.N.Y. Feb. 27, 1997) ...........................................4

*Arakaki v. Cayetano*,
  324 F.3d 1078 (9th Cir. 2003) ...............................................................................................8

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
  250 F.3d 171 (2d Cir. 2001)...............................................................................................2, 8

*Diamond v. Charles*,
  476 U.S. 54 (1986)...........................................................................................................9, 10

*Great Atl. & Pac. Tea Co., Inc. v. Town of E. Hampton*,
  178 F.R.D. 39 (E.D.N.Y. 1998) ..............................................................................................8

*In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 199 (2d Cir. 2000)
  225 F.3d 191 (2d Cir. 2000)....................................................................................................5

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
  471 F.3d 377 (2d Cir. 2006)....................................................................................................6

*Natural Res. Def. Council, Inc. v. New York State Dep't of Envtl. Conservation*,
  834 F.2d 60 (2d Cir. 1987)......................................................................................................9

*New York News, Inc. v. Kheel*,
  972 F.2d 482 (2d Cir. 1992)....................................................................................................5

*Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Products, Inc.*,
  725 F.2d 871 (2d Cir. 1984)....................................................................................................6

*S.E.C. v. Euro Sec. Fund*,
  98 CIV.7347(DLC), 2006 WL 1461776 (S.D.N.Y. May 30, 2006).........................................5

*UNI Storebrand Ins. Co., UK Ltd. v. Star Terminal Corp.*,
  96 CIV. 9556 (DLC), 1997 WL 391125 (S.D.N.Y. July 11, 1997)..........................................6

*United States v. Pitney Bowes, Inc.*,
  25 F.3d 66 (2d Cir. 1994)....................................................................................................2, 4

# STATUTES

15 U.S.C. §§15c(b)(2) and (3) .................................................................................6

# FEDERAL RULES

Fed. R. Civ. P. 19 ...........................................................................................6, 8

Fed. R. Civ. P. 23 ...............................................................................................6

Fed. R. Civ. P. 24(a) ...................................................................................2, 6, 7, 8

Fed. R. Civ. P. 24(b) ......................................................................................9, 10

Fed. R. Civ. P. 24(c) ..........................................................................................10

Plaintiff States and Class oppose the Motion by Bob Kohn to Intervene in order that he may appeal 1) the November 13, 2013 Order (ECF No. 442) denying his letter application to compel the Department of Justice, Amazon.com Inc., and plaintiff and defense counsel to produce certain discovery and 2) the proposed Settlements[1] between the Plaintiffs and Defendants Penguin Group (USA) Inc. and Holtzbrinck Publishers, LLC, d/b/a Macmillan and Verlagsgruppe Georg von Holtzbrinck GmbH ("Settling Defendants").[2]

## I.      INTRODUCTION

Mr. Kohn contends that the injunctive relief contained in the Settlements will reverse the beneficial effects of what he has acknowledged was a horizontal price-fixing conspiracy to raise consumer E-book prices.  He further asserts that because the Court has declined to consider Amazon's E-book pricing prior to April 2010, it cannot properly assess the reasonableness of this injunctive relief.  Mr. Kohn alleges he has a right to intervene in this action for the sole purpose of raising these issues on appeal.

Mr. Kohn has repeatedly offered these arguments to the Court, via Tunney Act comments, an *amicus* brief and a motion to intervene in the parallel Department of Justice ("DOJ") case[3] concerning injunctions against settling publisher defendants. His motion to intervene in the DOJ case (on virtually identical grounds to those presented in this matter) was denied by this Court and such denial was summarily affirmed by the Second Circuit.  Mr. Kohn's current motion to intervene is equally meritless.

---

[1] Terms not otherwise defined herein shall have the same meaning as those defined in the Memorandum in Support of Plaintiffs' Motion for Final Approval of Macmillan and Penguin Settlements and Distribution Plan dated November 21, 2013 (ECF No.347).

[2] In his Motion, Mr. Kohn only makes reference to an undefined "Settlement in this action".  Although there are multiple settlements in this action, the pending Settlements with Penguin and Macmillan are the only non-final settlements to which Mr. Kohn could be referring.

[3] *United States v. Apple, et al.*, Case No. 12 Civ. 2826 (S.D.N.Y.). ("*U.S. v. Apple*").

## II.      ARGUMENT

### A.      Mr. Kohn Has No Right of Intervention Under Rule 24(a)

#### 1.      Mr. Kohn's Motion is Untimely

Mr. Kohn claims intervention as of right under Fed. R. Civ. P. 24(a)(2).  However, he fails the first requirement for such intervention – that the motion be timely made. As the Second Circuit noted in *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994):

> [w]hether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances. Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.

*Id.*  The court further commented in *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001) that:

> the length of delay is an important factor for timeliness and [movant]'s failure to act promptly weighs against it in the timeliness calculus. See *Catanzano*, 103 F.3d at 232-33 (denying intervention after motion was filed 18 months after applicant knew of interest in litigation); see also *In re Holocaust Litig.*, 225 F.3d at 199 (eight month delay before motion to intervene); *Pitney Bowes*, 25 F.3d at 71 (constructive knowledge of interest 15 months prior to motion to intervene and actual knowledge for eight months); *New York*, 820 F.2d at 557 (15 month delay after applicant knew or should have known of interest).

*Id.*  Mr. Kohn had specific knowledge of the claims and how they were to be settled, as well as his specific objection to that settlement for 1 ½ years prior to his motion to intervene.

This case was filed initially on April 11, 2012.  At the same time, it was announced that the Plaintiff States were settling identical claims with HarperCollins and Hachettte.[4]  That same day, the DOJ filed its case against all publishers and Apple (No. 1:12-CV-02686) based on the same facts and legal theories. Also on April 11, 2012, the DOJ filed its stipulated final judgments against HarperCollins, Hachette and Simon & Schuster ("DOJ Injunctions"), which settled its case as against these three defendants.[5]

On August 29, 2012, Plaintiff States filed a separate settlement complaint against HarperCollins, Hachette and Simon & Schuster, under the same facts and theories, and simultaneously filed a motion for preliminary approval of settlements with the three defendants. The motion included copies of the proposed injunctions to be entered in connection with the settlements – injunctions identical in all material respects to the DOJ Injunctions and to those in the Macmillan and Penguin Settlements at issue here.  On May 22, 2012, Apple filed its answer to the DOJ complaint.  Among other things, Apple claimed that prior to its entry, the E-book market was dominated by Amazon and was not competitive.  It asserted that "Apple's entry spurred tremendous growth in eBook titles, range and variety of offerings, sales, and improved quality of the eBook reading experience. This is evidence of a dynamic, competitive market." (Answer dated May 22, 2012, No. 1:12-CV-02686, ECF No.54, at 2).  On June 22, 2012, Apple filed its answer in the instant case.  In that answer, Apple asserted that Amazon was selling E-books below cost and that Apple's market entry "had the effect of promoting, encouraging and increasing competition."  (*See* Answer dated June 22, 2012, ECF No. 105, at ¶ 59 and Fourth Separate and Additional Defense).

---

[4] Simon & Schuster reached agreement to settle with the Plaintiff States on May 10, 2012 and the Complaint herein was amended to remove it as a defendant.

[5] The essential difference between the parallel Plaintiff States and the DOJ complaints is that the DOJ sought only injunctive relief, where the Plaintiff States sought both injunctive relief and money damages.

Thus, Mr. Kohn has had knowledge of nature of the claims made in this case, the defenses that had been asserted and the scope of the injunctions that would be entered to settle the claims before May 30, 2012, when he filed public comments pursuant to the Tunney Act proceeding in the DOJ case.[6]  And yet, he has made absolutely no attempt to intervene in this case in the 18 months since.  As the Court is well aware, much has transpired over that time. Most importantly, a three week trial on liability was conducted in June 2013, at which Apple vigorously asserted the very position that Mr. Kohn wishes to argue now – that the Court should consider Amazon's alleged below cost pricing and the pro-competitive effects of the agency model. The trial renders this motion untimely.  *Cf. Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, 96 CIV. 2717 (DLC), 1997 WL 83399 (S.D.N.Y. Feb. 27, 1997) ("the motion is untimely because trial on the merits on many of the issues occurred prior to the filing of this motion").

Further, the prejudice to the existing parties caused by the requested intervention would be severe.  As the Court noted in denying Mr. Kohn's similar motion to intervene in the DOJ case, settling defendants "are entitled to litigation peace".  Should Mr. Kohn be permitted to intervene and appeal, it is very likely that distribution to the over 23 million consumers who received notice but did not object to the settlement will be held up pending resolution of that appeal.  These people have been awaiting a recovery of their overpayments for almost two years. At the very least, a delay occasioned by this proposed intervention will entail supplemental notice to consumers at a cost of hundreds of thousands of dollars. *Cf. Pitney Bowes,* 25 F.3d at 72; *In re Holocaust Victim Assets Litig*., 225 F.3d 191, 199 (2d Cir. 2000) ("We have affirmed a denial of a motion to intervene where granting intervention would have jeopardized a settlement . . . . intervention at this late stage would prejudice the existing parties by destroying their

---

[6] *U.S. v. Apple*, Public Comment ATC-0413.

Settlement"); *S.E.C. v. Euro Sec. Fund*, 98 CIV.7347(DLC), 2006 WL 1461776 (S.D.N.Y. May 30, 2006) ("delay in intervening has also prejudiced the public by delaying distribution of funds under the Plan").

By contrast, Mr. Kohn and the consumer interest he purports to represent will not be affected in the least should intervention be denied. As explained above, the injunctions to be entered in connection with these Settlements are identical in all material respects to those contained in the approved DOJ Injunctions. They have precisely the same restrictions on the types of contracts that the defendants may negotiate and the restrictions run for precisely the same time period. Penguin and Macmillan will behave no differently if these injunctions are approved than they would if they are not. The approval of the injunctions will grant Plaintiff States the same authority to monitor and police those actions that the DOJ currently possesses, enhancing enforcement. But such approval will not change the way the E-book market currently functions.

Finally, the fact that a trial has occurred and that the remaining defendant has steadfastly advocated the position sought by the putative intervenor and has indicated an intention to make the same arguments on appeal,[7] surely constitute "unusual circumstances" militating against a finding of timeliness as contemplated by the court in *Pitney Bowes*. For all these reasons, Mr. Kohn's motion should be denied.

---

[7] In an August 8, 2013 letter to the Court (ECF No.255), Apple's counsel cited the Court's exclusion of "testimony from Dr. Burtis regarding agency's procompetitive effects, including its linkage to declining prices in the relevant market, and its effect on entry by independent and self-publishers, and regarding the losses in Amazon's e-books business" as one of the bases for reversal that Apple expected to assert on appeal. *Id.* at 2, item 5.

2. **Mr. Kohn Has No Interest Relating to the Transaction That is the Subject of the Action that Would be Impaired or Denied by Disposition of the Action Against these Two Defendants**

"In order to intervene as of right, a movant must possess an interest relating to the property or transaction which is the subject of the action. This interest must be direct, substantial, and legally protectable." *New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992). Such an interest must not be "remote or contingent." *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Products, Inc.,* 725 F.2d 871, 874 (2d Cir. 1984). Mr. Kohn lacks such an interest. This requirement is, and was intended to be, the same as that for determining necessary parties under Federal Rule of Civil Procedure 19(a). As the Second Circuit noted in *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006), if a party is not "necessary" under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2). *Cf. UNI Storebrand Ins. Co., UK Ltd. v. Star Terminal Corp.,* 96 CIV. 9556 (DLC), 1997 WL 391125 (S.D.N.Y. July 11, 1997). A party is necessary under Rule 19(a)(1)(A) only if in that party's absence "complete relief cannot be accorded *among those already parties.*" *MasterCard*, 471 F.3d at 385 (emphasis in original). By its very terms, Section 4C of the Clayton Act permits individuals to exclude themselves from their share of the monetary damages recovered and thereby avoid the *res judicata* effect of the monetary judgment against the defendant. 15 U.S.C. §§15c(b)(2) and (3). Accordingly, it was clearly contemplated in the Clayton Act that certain individuals may be absent from the action, but that complete relief could still be accorded among the parties who chose to participate and, therefore, that no specific eligible consumer would be a necessary party under Federal Rule of Civil Procedure 19(a)(1). The alternative test of Rule 19(a)(1)(B)(ii) – risk of multiple or inconsistent obligations – clearly does not apply here, where an absent consumer could only sue for his portion of the damages that would be withheld by his opting-out. The test of Rule 19(a)(1)(B)(i) is addressed below.

- 6 -

Mr. Kohn is quite incorrect in his facile assertion that simply because he is a consumer who will receive a distribution under the proposed Settlements[8], he automatically has an interest within the meaning of Federal Rule of Civil Procedure 24(a)(2). In this context, it is crucial to examine precisely what interest Mr. Kohn seeks to vindicate should he intervene. As he has made manifestly clear in his myriad pleadings, Mr. Kohn's consistent position has been that the injunctive relief "may result in consumers paying less 'efficient' prices for ebooks and that it may stifle competition". Oct. 2, 2012 *Memorandum Opinion and Order* (Case No. 12-2628, ECF No. 136) at 5. Even if Mr. Kohn were correct (and we believe he is not), this is a common interest shared by all people who may wish to purchase an E-book before the injunctions expire.[9] It has no connection with being among the group of eligible consumers under the Settlements, which is defined as those people who purchased a qualifying E-book between April 1, 2010 and May 11, 2012. The only interest in the transaction that those people have <u>as eligible consumers</u> is in the amount of distribution they will receive and the scope of the release of claims. But these are not the interests of Mr. Kohn's concern. The interest that he seeks to "protect" is neither more nor less than that held by any member of the public and should be evaluated accordingly. His status as a "member of the class" is irrelevant.

As noted, even in the event that Mr. Kohn has an "interest" in the transaction, it will not be impaired or impeded should the Court approve these Settlements. The DOJ Injunctions will continue to control the behavior of Penguin and Macmillan and Mr. Kohn's "interest," such as it is, remains alive and well in the context of the Apple appeal of the Court's Final Order and Judgment.

---

[8] Mr. Kohn asserts that he is a "member of the class." That is not accurate, as he is a resident of a Plaintiff State (New York) that is proceeding *parens patriae* under Section 4C of the Clayton Act. Federal Rule of Civil Procedure 23 simply does not apply to the Plaintiff States' Clayton Act proceeding or to Mr. Kohn, and cases interpreting Rule 23 class standing are inapposite.

[9] Kohn does not assert that he intends to purchase an E-book.

### 3.      Mr. Kohn's Purported Interest is Adequately Represented by Apple

Even if, *arguendo*, Mr. Kohn's stated concerns rise to the level of an "interest" for

purposes of Fed. R. Civ. P. 24(a)(2), the court must then decide whether that interest is already

being adequately represented.  Courts consider three factors in determining the adequacy of

representation in this context:

> (1) whether the interest of a present party is such that it will
> undoubtedly make all of a proposed intervenor's arguments;
> (2) whether the present party is capable and willing to make such
> arguments; and (3) whether a proposed intervenor would offer any
> necessary elements to the proceeding that other parties would
> neglect.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  As noted earlier, Apple has already

indicated that it intends to raise on appeal the precise issue raised by Mr. Kohn here.  Apple is

and has been represented in this action by two of the nation's preeminent law firms.  There is no

reason to doubt that it has vigorously and fully asserted any and all possible arguments that Mr.

Kohn would make, nor that it will neglect to pursue them on appeal.  And Mr. Kohn provides

nothing to suggest otherwise.  *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171,

179-80 (2d Cir. 2001) ("Where there is an identity of interest, as here, the movant to intervene

must rebut the presumption of adequate representation by the party already in the action"); *Great

Atl. & Pac. Tea Co., Inc. v. Town of E. Hampton*, 178 F.R.D. 39, 42-43 (E.D.N.Y. 1998) ("To

overcome the presumption of adequate representation in the face of shared objectives, the would-

be intervenor must demonstrate collusion, nonfeasance, adversity of interest, or incompetence on

the part of the named party that shares the same interest").

Mr. Kohn makes much of the fact that he is "represented" by the Attorney General of

New York, who supports the settlement.  Yet such formal representation is not the test of

adequacy.  Rather, any existing party in the litigation who shares an interest with the putative

intervenor, regardless of whether there is any formal relationship, may be an adequate

representative for purposes of Fed. R. Civ. P. 24(a)(2).  Just as the Court under Rule 19 may

assign a newly joined party to be either a defendant or a plaintiff, depending on the interests of

the new party, so may the Court consider the interest expressed by the putative intervenor in

determining whether an existing party is an adequate representative. As noted, Apple is quite

adequate for the task, without the "assistance" of Mr. Kohn. The fact that Mr. Kohn may have a

slightly different motive than Apple for litigating is irrelevant:

> A putative intervenor does not have an interest not adequately
> represented by a party to a lawsuit simply because it has a motive
> to litigate that is different from the motive of an existing party. So
> long as the party has demonstrated sufficient motivation to litigate
> vigorously and to present all colorable contentions, a district judge
> does not exceed the bounds of discretion by concluding that the
> interests of the intervenor are adequately represented.

*Natural Res. Def. Council, Inc. v. New York State Dep't of Envtl. Conservation*, 834 F.2d 60, 61-

62 (2d Cir. 1987).

**B.     Mr. Kohn Does Not Meet the Standards for Permissive Intervention Under Rule 24(b)**

Federal Rule of Civil Procedure 24(b) provides that a court may allow intervention if a

person has "a claim or defense that shares with the main action a common question of law or

fact" if such intervention will not unduly delay or prejudice the adjudication of the original

parties' rights.  Fed. R. Civ. P. 24(b)(1) and (3). Mr. Kohn's current request for permissive

intervention, just as his earlier intervention request, must be denied as he has failed to meet any

of the requirements for Rule 24(b).

**1.     Mr. Kohn Has No Claim or Defense that Shares With the Main Action a Common Question of Law or Fact**

In the context of Rule 24(b), "[t]he words 'claim or defense' manifestly refer to the kinds

of claims or defenses that can be raised in courts of law as part of an actual or impending law

suit." *Diamond v. Charles*, 476 U.S. 54, 76 (1986) (O'Conner, J., concurring). Although Mr.

Kohn professes he is asserting claims on behalf of "all class members",[10] he asserts none of the

claims of consumers raised in this action by Plaintiff States and Class.  To the contrary, his

arguments are completely anathema to Plaintiffs' claims:  he disagrees with the Plaintiffs'

decision to bring and prosecute the case, he disagrees with the Court's application of the law and

the Court's ruling in favor of the DOJ and Plaintiff States for the prior injunctive relief, and he is

in favor of dismissal of this action.[11] Mr. Kohn's assertions, theories, and arguments have no

common questions of law or fact with any claim asserted by Plaintiffs on behalf of all eligible

consumers.

As noted, Mr. Kohn's arguments certainly support the position of Apple.  However,

neither Mr. Kohn nor any consumer has any possible liability under the claims of this case so he

has no possible defenses to assert.  Because Mr. Kohn "asserts no actual, present interest that

would permit him to . . . be sued by [the parties to this case], or anyone else, in an action sharing

common questions of law or fact with those at issue in this litigation," *Diamond*, 476 U.S. at 77,

his intervention is not authorized under Rule 24(b), and should be denied.

> **2.      Intervention will unduly Delay the Adjudication of the Rights of the Original Parties.**

As detailed above, intervention will cause undue and unnecessary delay to the settling

parties for no benefit.

**C.      Mr. Kohn Has Failed to Provide the Requisite Pleading for Intervention**

In order to be considered, a motion for intervention (whether by right or permissive)

"must be accompanied by a pleading that sets out the claim or defense for which intervention is

---

[10]      *See* Memorandum in Support of Motion by Bob Kohn to Intervene for Purposes of Appeal, ECF No. 459-1, Nov. 27, 2013 ("Kohn Memo") at 5.

[11]      *Id.* at 4.

sought." Fed. R. Civ. P. 24(c).  Mr. Kohn, alternatively, states that such pleading has already been filed on his behalf by the State of New York, that courts have not been hypertechnical in requiring such a pleading and, finally, that he will file such a pleading if the Court so requires.[12] While some courts have shown leniency on this requirement, the Second Circuit has held that failure to file a pleading along with motion papers seeking intervention is proper grounds to deny a motion to intervene when failure to do so was not merely a technical lack of compliance with the rules.  *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 761 (2d Cir. 1968).

From his repeated arguments, it is clear that Mr. Kohn is not adopting the pleadings filed by the State of New York and that he could not file a proper pleading of his own.  As noted, he could not file a complaint on behalf of himself or anyone else, asserting a proper claim against any defendant in this action. Rather, Mr. Kohn wants to take Apple's side in this fight and assert a defense. But neither he nor other consumers have been accused of any violations in this action so he could not file an answer asserting any proper defense.  Mr. Kohn, both under the current motion and under his earlier, denied motion to intervene in the DOJ case, has had ample opportunity to present the required pleading and has failed to do so.  This does not represent just a technical lack of compliance with the rules: it underscores Plaintiffs' earlier arguments that Mr. Kohn has no interests to be protected through intervention.

**D.    Mr. Kohn Has No Standing to Object to the Settlement Class's Recovery**

As the Class Plaintiffs argued in the motion for final approval of the Penguin and Macmillan settlements, Mr. Kohn is a New York resident, and not a part of the Settlement Class.

---

[12]    Kohn Memo at 12.

He is not represented by Class Counsel, has no standing to object to the recovery of funds by

Settlement Class members.[13]

### III.    CONCLUSION

For all the reasons set forth above, Mr. Kohn fails to satisfy the Federal Rule of Civil

Procedure 24 requirements for interventions, either as of right or permissively. Accordingly, his

motion to intervene should be denied.

---

[13]    Memorandum in Support of Plaintiffs' Motion for Final Approval of Macmillan and Penguin Settlements and Distribution Plan, ECF No. 452, Nov. 21, 2013 at 26.

DATED: *December 5, 2013*

Respectfully submitted,

**STATE OF TEXAS**
GREG ABBOTT, ATTORNEY GENERAL

DANIEL HODGE
First Assistant Attorney General
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
JOHN T. PRUD'HOMME
Chief, Consumer Protection Division
KIM VAN WINKLE
Section Chief, Antitrust Section
Consumer Protection Division

By *Rebecca Fisher*

REBECCA FISHER (*Pro Hac Vice*)

Senior Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Phone (512) 463-1265
Rebecca.Fisher@texasattorneygeneral.gov

*Attorneys For The State of Texas*
*Liaison Counsel For Plaintiff States*

- 13 -

**STATE OF CONNECTICUT**
GEORGE JEPSEN, ATTORNEY GENERAL

MICHAEL E. COLE
Chief, Antitrust Department
W. Joseph Nielsen

By _____
GARY M. BECKER (GB 8259)

Assistant Attorney General
55 Elm Street
Hartford, CT 06106
PH: (860) 808-5040
Gary.Becker@ct.gov

*Attorneys For The State of Connecticut*
*Liaison Counsel For Plaintiff States*

**STATE OF OHIO**
R. MICHAEL DEWINE,
ATTORNEY GENERAL

By _____
EDWARD OLSZEWSKI (*Pro Hac Vice*)

Assistant Attorney General, Antitrust Section
Office of the Ohio Attorney General
150 E. Gay St. – 23rd Floor
Columbus, OH 43215
Tel: (614) 466-4328
edward.olszewski@ohioattorneygeneral.gov

*Attorneys For The State of Ohio*
*Liaison Counsel For Plaintiff States*

- 14 -

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN
SHANA E. SCARLETT

By ___Jeff Friedman___ by sld___
JEFF D. FRIEDMAN (*Pro Hac Vice*)
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
steve@hbsslaw.com
jefff@hbsslaw.com
shanas@hbsslaw.com

Kit A. Pierson (*Pro Hac Vice*)
Jeffrey Dubner (4974341)
COHEN, MILSTEIN, SELLERS & TOLL, PLLC
1100 New York Avenue, N.W.
South Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
KPierson@cohenmilstein.com
jdubner@cohenmilstein.com

*Attorneys For Settlement Class*

- 15 -

## CERTIFICATE OF SERVICE

I, W. Joseph Nielsen, hereby certify that on December 6, 2013, I caused a copy of the

Plaintiffs' Opposition to the Motion by Bob Kohn to Intervene to be served by the Electronic

Case Filing System on all parties to this action.

_____