UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | No. 11-md-02293 (DLC)<br>ECF Case |
| This Document Relates to:<br>ALL ACTIONS | CLASS ACTION |

[PROPOSED] **FINAL JUDGMENT AND FINAL APPROVAL OF MINNESOTA AND HARPERCOLLINS, HACHETTE AND SIMON & SCHUSTER <u>SETTLEMENT WITH MINNESOTA CLASS</u>**

This matter came for a duly-noticed hearing on December 6, 2013, upon unopposed motion by the Settlement Class for Final Approval of a Settlement with Class Plaintiffs and HarperCollins Publishers L.L.C. ("HarperCollins"), Hachette Book Group, Inc., Hachette Digital, Inc. and Hachette Livre SA ("Hachette") and Simon & Schuster, Inc. and Simon & Schuster Digital Sales, Inc. ("Simon & Schuster"). Due and adequate notice having been given of the Settlement as required in the Preliminary Approval Order,[1] and the Court having considered all papers filed and proceedings held herein, this Court finds as follows:

Pursuant to this Court's Preliminary Approval Order, notice of the Settlement Agreement was given and an opportunity to be heard was given to all persons requesting to be heard in accordance with this Court's orders. The Court has reviewed the terms of the Settlement Agreement, and the submissions of the Parties in support of it.

NOW, THEREFORE, without trial or adjudication of any issue of law or fact, before the taking of any testimony at trial, without the admission of liability or wrongdoing by HarperCollins, Hachette, or Simon & Schuster and upon the consent of the Parties hereto, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

## I. DEFINITIONS

All capitalized terms in this Final Judgment shall have the same meaning as defined in the Settlement Agreement.[2]

## II. JURISDICTION

This Court has jurisdiction over the subject matter of this action and over HarperCollins, Hachette, and Simon & Schuster. Plaintiffs have stated a claim upon which relief may be

---

[1]   Order Preliminarily Approving Class Plaintiffs' Settlement with HarperCollins, Hachette, and Simon & Schuster ("Preliminary Approval Order"), August 5, 2013, ECF No. 374.

[2]   *See* Settlement Agreement, June 21, 2013, ECF No. 362-1.

granted against HarperCollins, Hachette, or Simon & Schuster pursuant to 15 U.S.C. § 25. Jurisdiction lies in this Court pursuant to 28 U.S.C. § 15 and 28 U.S.C. § 1332(d).

### III.   APPLICABILITY

A.   This Final Judgment shall apply to HarperCollins, Hachette, or Simon & Schuster and Settlement Class members who did not file with the Court valid and timely requests for exclusion from the Settlement Agreement. The Court finds that the residents of the State of Minnesota listed on Exhibit E to the Declaration of Kim Schmidt Regarding Notice Provided by Rust Consulting Regarding Preliminarily Approved Settlements,[3] submitted valid and timely exclusion requests.

B.   Except with respect to HarperCollins, Hachette, or Simon & Schuster ("Releasees"), this Final Judgment does not constitute a release or otherwise affect any rights the Settlement Class has or may have against any other entity whatsoever, including Apple Inc., or its parents, affiliated entities, officers, directors, employees or attorneys.

### IV.   SETTLEMENT AGREEMENT APPROVAL

The Court has determined that the Settlement Agreement is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class, and that notice thereof comports in all respects with Federal Rule of Civil Procedure and due process. This Court further finds the Settlement as set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settlement Class and the defendants. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.

---

[3]   Nov. 21, 2013, ECF No. 452-4.

## V.  CLASS CERTIFICATION

A.  The Court finally certifies the following class, for purposes of settlement only: [A]ll natural persons who purchased E-books published by Named Publishers during the period from April 1, 2010 until May 21, 2012, and who resided in Minnesota at the time of their E-book purchase.

B.  This certification is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of HarperCollins, Hachette, or Simon & Schuster that this Action, or any other proposed or certified class action, is appropriate for any other purpose, including, without limitation, for trial class treatment.

C.  The Court appoints the following as the Class Plaintiffs for this Settlement Class: Anthony Petru, Marcus Mathis, Christian Gilstrap, Cynthia J. Tyler, Thomas Friedman, Jeremy Sheppeck, Aloysius J. Brown, III, Anne M. Rinaldi, Laura J. Warner, Barbara Heath, Kathleen Linda Pitlock, Kathleen Weiss, Matthew A. Hosking, Diane Urbanec, Ed Macauley, Ronna Hamelin, James L. Nesmith, Lauren Albert, Sue Roberts, Shane S. Davis, Sue Ellen Gordon, Charles Leonard Pelton, Sr., Kimberly Whiteside Brooks, Steven D. Campbell, and Jessica Moyer.

D.  The Court designates Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC as Class Counsel for the Settlement Class.

E.  This Court finds and concludes that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and Settlements, and specifically, that: (a) the number of members of the Settlement Class are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) named plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) named plaintiffs and Class Counsel have fairly and adequately

represented and protected the interests of the Settlement Class and will continue to do so; and (e) common questions of law and fact predominate over individual questions with respect to the Settlement Class and Settlements.

  F. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and are in the best interests of, the named plaintiffs, the Settlement Class and each of the Settlement Class Members.

## VI. CONSUMER DISTRIBUTION PLAN

The Consumer Distribution Plan ("Distribution Plan") set forth as Exhibit K to the Memorandum in Support of Plaintiffs' Motion for Final Approval of Macmillan and Penguin Settlements and Distribution Plan[4] is fair, reasonable and adequate and is hereby approved. Plaintiffs are directed to cause the Consumer Compensation funds to be distributed in accordance with said Distribution Plan as soon as practicable after this Final Judgment becomes final.

## VII. NO ADMISSION OF LIABILITY

Neither this Final Judgment nor the Settlement Agreement shall be used or construed by any person as an admission of liability by HarperCollins, Hachette, or Simon & Schuster to any party or person, or be deemed evidence of any violation of any statute or law or admission of any liability or wrongdoing by HarperCollins, Hachette, or Simon & Schuster or of the truth of any of the claims or allegations contained in the Complaints. Neither this Final Judgment nor the Settlement Agreement shall be offered in evidence or used for any other purpose in this or any other matter or proceeding other than as may be necessary to consummate or enforce the

---

[4] Nov. 21, 2013, ECF No. 452-11.

Settlement Agreement or the terms of this Final Judgment or by HarperCollins, Hachette, or Simon & Schuster in connection with any action asserting Released Claims.

## VIII.   DISMISSAL OF ACTIONS AND RELEASE

A.   Upon the Effective Date, and subject to the provisions of Section X of this Final Judgment, Settlement Class's complaints are dismissed as against HarperCollins, Hachette, or Simon & Schuster with prejudice.  Class members who did not file with the Court valid and timely requests for exclusion from the Settlement Agreement are barred from further prosecution of the Released Claims, and Releasees are released and forever discharged from liability for the Released Claims.

B.   This Court finds, and the parties agree, that the settling parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

## IX.   FINALITY OF JUDGMENT

The Court finds that this Final Judgment adjudicates all the claims, rights and liabilities of the Parties, and is final and shall be immediately appealable.

## X.   RETENTION OF JURISDICTION

Without affecting the finality of this Final Judgment, the Court retains jurisdiction for the purpose of enforcing the terms of the Settlement Agreement and enabling any party hereto to apply for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, the modification of any of the provisions hereto to the extent such modification is permitted, and to remedy of a violation of any of the provisions contained herein.  This Court shall have the authority to specifically enforce the provisions of this Final Judgment.

010260-11 649032 V1

## XI.   ENTRY OF FINAL JUDGMENT

There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(a) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

DATED: _November 6,_ 2013

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT COURT JUDGE

010260-11 649032 V1