UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK


This Document Relates to:

| | | |
|---|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | ) ) ) ) | No. 11-md-02293 (DLC) ECF Case CLASS ACTION |
| | ) | |
| THE STATE OF TEXAS, et al., | ) ) | |
| Plaintiffs, | ) ) | Civil Action |
| v. | ) ) | No.12-cv-03394 |
| PENGUIN GROUP (USA) INC., et al., Defendants | ) ) ) ) ) ) | |

12/9/2013

## [PROPOSED] FINAL JUDGMENT

This matter came for a duly–noticed hearing on December 6, 2013, upon Motion by

Plaintiff States and Settlement Class ("Plaintiffs") for Final Approval of Settlements with

Holtzbrink Publishers, LLC d/b/a Macmillan ("Macmillan") and with Penguin Group (USA) Inc.,

("Penguin") in the above-captioned actions (collectively Plaintiffs, Macmillan and Penguin

hereafter referred to as "Parties"). Plaintiffs' Motion was consented to by Macmillan and

Penguin. Having reviewed the Motion and the Memorandum in Support filed therewith, any

objections filed thereto, and upon all pleadings and proceedings had herein, this Court finds as

follows:

Plaintiff States and Settlement Class filed separate complaints in this Court against E-book publishers Macmillan, Penguin, and others, alleging an unlawful agreement to inflate, fix, maintain or stabilize prices of E-books in violation of federal antitrust laws ("Complaints");

Plaintiff States seek damages and injunctive relief in their sovereign capacity and as *parens patriae* on behalf of Consumers residing in Plaintiff States who have purchased E-books from a Named Publisher;

Settlement Class seeks damages and injunctive relief on behalf of Consumers residing in Settlement Class States who have purchased E-books from a Named Publisher;

In order to resolve any and all disputes arising from the Complaints as to these defendants, Plaintiff States, Settlement Class and Macmillan executed a Settlement Agreement dated April 25, 2013, which is incorporated by reference herein, and Plaintiff States, Settlement Class and Penguin executed a Settlement Agreement dated May 20, 2013 which is incorporated by reference herein (collectively "Settlement Agreements" or "Settlements"); and

The Settlement Agreements do not constitute an admission of liability or of any issue of fact or law by Macmillan or Penguin;

In full and final settlement of the claims set forth in the Settlement Complaints, Macmillan and Penguin have paid compensatory damages, costs of notice and settlement administration, payments to Plaintiff States, service awards to Class Plaintiffs and attorneys' fees and costs to Class Counsel;

Neither Macmillan's nor Penguin's payments constitute nor will be treated as payments in lieu of treble damages, fines, penalties, punitive recoveries or forfeitures;

The settling parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11; and

Pursuant to this Court's Preliminary Approval Order, notice of the Settlement
Agreements was given and an opportunity to be heard was given to all persons requesting to be
heard in accordance with this Court's orders. The Court has reviewed the terms of the
Settlement Agreements, the submissions of the Parties in support of it, and the comments and
objections received in response to the notice.

NOW, THEREFORE, without trial or adjudication of any issue of law or fact, before the
taking of any testimony at trial, without the admission of liability or wrongdoing by Macmillan
or Penguin and upon the consent of the Parties hereto, IT IS HEREBY ORDERED, ADJUDGED
AND DECREED:

## I.   DEFINITIONS

All capitalized terms in this Final Judgment shall have the same meaning as defined in
the Settlement Agreements.

## II.   JURISDICTION

This Court has jurisdiction over the subject matter of this action and over Macmillan and
Penguin. The Complaints state a claim upon which relief may be granted against Macmillan and
Penguin pursuant to 15 U.S.C. §§15, 15c and 26. Jurisdiction lies in this Court pursuant to 28
U.S.C. § 15 and 28 U.S.C. § 1332(d).

## III.   APPLICABILITY

A.     This Final Judgment shall apply to Plaintiff States, Settlement Class, Macmillan,
Penguin and Consumers who did not file with the Court valid and timely requests for exclusion
from the Settlement Agreements. The Court finds that the persons listed on Attachment 1 to this
Final Judgment submitted valid and timely exclusion requests.

B.     Except with respect to Macmillan and Penguin ("Releasees"), this Final Judgment does not constitute a release or otherwise affect any rights Plaintiff States, Settlement Class and Consumers have or may have against any other entity whatsoever, including Apple Inc., or its parents, affiliated entities, officers, directors, employees or attorneys.

## IV.     SETTLEMENT AGREEMENT APPROVAL

The Court has determined that the Settlement Agreements are, in all respects, fair, reasonable, and adequate and in the best interests of Consumers, and that notice thereof comports in all respects with 15 U.S.C. §§ 15 and 15c,  Fed. R. Civ. Proc. 23 and due process. This Court further finds the Settlements set forth in the Settlement Agreements are the result of arm's-length negotiations between experienced counsel representing the interests of Consumers and the defendants. Accordingly, the Settlements embodied in the Settlement Agreements are hereby approved in all respects and shall be consummated in accordance with their terms and provisions.  Any and all objections thereto are overruled.

## V.     CLASS CERTIFICATION

A.     The Court finally certifies the following Class, for purposes of settlement only: [A]ll natural persons who have purchased E-books published by the Named Publishers during the period from April 1, 2010 until May 21, 2012, who resided in one of the following states, territories or commonwealths at the time of their E-book purchase: American Samoa, California, Florida, Georgia, Guam, Hawaii, Kentucky, Maine, Minnesota, Mississippi, Montana, Nevada, New Hampshire, New Jersey, North Carolina, Northern Mariana Islands, Oklahoma, Oregon, Rhode Island, South Carolina, U.S. Virgin Islands, Washington, or Wyoming.

B.     This certification is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Macmillan or Penguin that this Action, or any other

4

proposed or certified class action, is appropriate for any other purpose, including, without limitation, for trial class treatment.

C.    The Court appoints the following as the named plaintiffs for this Settlement Class: Anthony Petru, Marcus Mathis, Christian Gilstrap, Cynthia J. Tyler, Thomas Friedman, Jeremy Sheppeck, Aloysius J. Brown, III, Anne M. Rinaldi, Laura J. Warner, Barbara Heath, Kathleen Linda Pitlock, Kathleen Weiss, Matthew A. Hosking, Diane Urbanec, Ed Macauley, Ronna Hamelin, James L. Nesmith, Lauren Albert, Sue Roberts, Shane S. Davis, Sue Ellen Gordon, Charles Leonard Pelton, Sr., Kimberly Whiteside Brooks, Steven D. Campbell, and Jessica Moyer.

D.    The Court designates Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC as Class Counsel for the Settlement Class.

E.    This Court finds and concludes that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and Settlements, and specifically, that: (a) the number of members of the Settlement Class are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) named plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) named plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class and will continue to do so; and (e) common questions of law and fact predominate over individual questions with respect to the Settlement Class and Settlements.

F.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlements set forth in the Settlement Agreements and finds that said Settlements

are, in all respects, fair, reasonable and adequate to, and are in the best interests of, the named

plaintiffs, the Settlement Class and each of the Settlement Class Members.

## VI.   CONSUMER DISTRIBUTION PLAN

A.     The Consumer Distribution Plan ("Distribution Plan"), set forth as Exhibit K in

Plaintiffs' Memorandum in Support of Motion for Final Approval, is fair, reasonable and

adequate and is hereby approved.  Plaintiffs are directed to cause the Consumer Compensation

funds to be distributed in accordance with said Distribution Plan as soon as practicable after this

Final Judgment becomes final.

*If any appeal is filed in this matter, there shall be no delay in the*

B.     ~~If, as a result of an appeal in this matter,~~ distribution of any or all of the Consumer

Compensation funds is ~~delayed, the appellant(s) are hereby ordered to pay all costs related to the~~ *or any other funds paid in settlement.*

~~preparation and distribution of supplemental notice explaining why full distribution has been~~

~~delayed.  Such notice will be sent to all impacted, eligible consumers.~~

## VII.   INJUNCTION

The Court approves the injunctive relief as set forth in the Order and Stipulated

Injunctions which are Attachment A to both Settlement Agreements, and incorporated herein by

reference.

## VIII.   STATE PAYMENTS

The Court hereby approves the distribution to Plaintiff States of the State Compensation

funds provided by Macmillan and Penguin pursuant to Section IV.B of the Settlement

Agreements.  Plaintiff States may allocate and distribute these funds at their discretion as set out

in Section VI.B of the Settlement Agreements any time after this Final Judgment becomes final, and without further order of this Court.[1]

## IX.   CLASS PLAINTIFFS' PAYMENTS

The Court hereby approves service awards as outlined below to the named plaintiffs for the Settlement Class, and finds that such awards are fair and reasonable:

| Class Representative Name (State) | Award Requested |
|---|---|
| Albert, Lauren (NY) | $2000.00 |
| Brooks, Kimberly (TN) | $396.75 |
| Brown, Aloysius J. (IL) | $2000.00 |
| Campbell, Steven (UT) | $1447.72 |
| Davis, Shane (OR) | $1400.00 |
| Friedman, Thomas (FL) | $754.25 |
| Gilstrap, Christian (AZ) | $2000.00 |
| Gordon, Sue Ellen (SC) | $792.00 |
| Hamelin, Ronna (NH) | $428.00 |
| Hosking, Matthew (MT) | $1064.25 |
| Mathis, Marcus (MS) | $1744.96 |
| Moyer, Jessica (WI) | $1080.00 |
| Nesmith, James (NM) | $2000.00 |
| Pelton Sr., Charles (SD) | $2000.00 |
| Petru, Anthony (CA) | $2000.00 |

---

[1] With respect to the State of Colorado, its apportionment shall be used first for reimbursement of Colorado's actual costs and attorneys' fees, second, to be held, along with any interest thereon, in trust by the Attorney General for future consumer education, consumer fraud, or antitrust enforcement efforts.

| Class Representative Name (State) | Award Requested |
|---|---|
| Rinaldi, Anne (IA) | $338.00 |
| Roberts, Sue (NC) | $1238.75 |
| Tyler, Cynthia (CA) | $1201.28 |
| Urbanec, Diane (NE) | $2000.00 |
| Warner, Laura (KS) | $800.00 |

## XI.   NO ADMISSION OF LIABILITY

Neither this Final Judgment nor the Settlement Agreements shall be used or construed by any person as an admission of liability by Macmillan or Penguin to any party or person, or be deemed evidence of any violation of any statute or law or admission of any liability or wrongdoing by Macmillan or Penguin or of the truth of any of the claims or allegations contained in the Complaints.  Neither this Final Judgment nor the Settlement Agreements shall be offered in evidence or used for any other purpose in this or any other matter or proceeding other than as may be necessary to consummate or enforce the Settlement Agreements or the terms of this Final Judgment or by Macmillan or Penguin in connection with any action asserting Released Claims.

## XII.   DISMISSAL OF ACTIONS AND RELEASE

Upon the Effective Date, and subject to the provisions of Section XIII of this Final Judgment, Plaintiff States' and Settlement Class's Complaints are dismissed as against Macmillan and Penguin with prejudice.  Plaintiffs and Consumers who did not file with the Court valid and timely requests for exclusion from the Settlement Agreements are barred from

further prosecution of the Released Claims, and Releasees are released and forever discharged from liability for the Released Claims.

## XIII.   FINALITY OF JUDGMENT

The Court finds that this Final Judgment adjudicates all the claims, rights and liabilities of the Parties, and is final and shall be immediately appealable.

## XIV.   RETENTION OF JURISDICTION

Without affecting the finality of this Final Judgment, the Court retains jurisdiction for the purpose of enforcing the terms of the Settlement Agreements and enabling any party hereto to apply for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, the modification of any of the provisions hereto to the extent such modification is permitted, and to remedy of a violation of any of the provisions contained herein.  This Court shall have the authority to specifically enforce the provisions of this Final Judgment.

**SO ORDERED:**

Dated:  New York, New York
_____ _____ , 2013.

_____
Hon. DENISE COTE
United States District Judge

*RE ELECTRONIC BOOKS ANTITRUST LITIGATION, Case No. 11-md-02293*
and
*Texas, et al. v. Penguin Group, et al, Case No. 12-cv-03394*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR FINAL
APPROVAL OF MACMILLAN AND PENGUIN SETTLEMENT AGREEMENTS
AND DISTRIBUTION PLAN**

# Attachment A
# To Proposed Final Judgment

# LIST OF PEOPLE WHO REQUESTED TO BE
# EXCLUDED FROM THE SETTLEMENTS

## Requests For Exclusion

| | Claimant Name | Postmark Date | Category |
|---|---|---|---|
| 1 | JOHN W URSU | 9/9/2013 | Minnesota Only |
| 2 | JASON HOLMERS | 8/30/2013 | Minnesota and Non-Minnesota |
| 3 | CHERYL STEPHENSON | 10/14/2013 | Minnesota and Non-Minnesota |
| 4 | LARRY HITE | 8/31/2013 | Non-Minnesota |
| 5 | JULIA OSBORNE | 9/2/2013 | Non-Minnesota |
| 6 | JOHN DOWNING | 9/3/2013 | Non-Minnesota |
| 7 | NATHAN MCDANIEL | 9/3/2013 | Non-Minnesota |
| 8 | RODOLFO SORONDO JR | 9/3/2013 | Non-Minnesota |
| 9 | RUSTY ROSS | 9/3/2013 | Non-Minnesota |
| 10 | BRENNA E GUARNEROS | 9/4/2013 | Non-Minnesota |
| 11 | DONNA R FRY | 9/4/2013 | Non-Minnesota |
| 12 | GWENDOLYN SIMOS | 9/4/2013 | Non-Minnesota |
| 13 | KIMBERLY WILLIAMS | 9/4/2013 | Non-Minnesota |
| 14 | RYAN HAINLEN | 9/4/2013 | Non-Minnesota |
| 15 | JOEL THOMASON | 9/5/2013 | Non-Minnesota |
| 16 | WILLIAM R HURDLOW | 9/5/2013 | Non-Minnesota |
| 17 | ADAM SPEEGLE | 9/6/2013 | Non-Minnesota |
| 18 | LAURA COLLINS | 9/6/2013 | Non-Minnesota |
| 19 | STEPHANIE FLEMING | 9/6/2013 | Non-Minnesota |
| 20 | KRISTINE ENDERLE | 9/7/2013 | Non-Minnesota |
| 21 | ARI ARMSTRONG | 9/9/2013 | Non-Minnesota |
| 22 | GENE LAVERGNE | 9/9/2013 | Non-Minnesota |
| 23 | HARRY GOAR | 9/9/2013 | Non-Minnesota |
| 24 | JILL STEINER | 9/9/2013 | Non-Minnesota |
| 25 | GEORGE PAUL SKENTZOS | 9/10/2013 | Non-Minnesota |
| 26 | PATRICK BLACK | 9/10/2013 | Non-Minnesota |
| 27 | SHELLY MARTIN | 9/10/2013 | Non-Minnesota |
| 28 | JANE KRIER | 9/11/2013 | Non-Minnesota |
| 29 | BRIAN ANTEZANA | 9/12/2013 | Non-Minnesota |
| 30 | JIM ALLARD | 9/12/2013 | Non-Minnesota |
| 31 | PAULA SUE TISCHLER | 9/13/2013 | Non-Minnesota |
| 32 | CAITLIN DEPTULA | 9/13/2013 | Non-Minnesota |
| 33 | JONATHAN TOWNLEY | 9/14/2013 | Non-Minnesota |
| 34 | LYNN VIRNOCHE | 9/16/2013 | Non-Minnesota |
| 35 | CARL GALLOZZI | 9/17/2013 | Non-Minnesota |
| 36 | DAVID GOODENOUGH | 9/17/2013 | Non-Minnesota |
| 37 | DUSTIN SHAFFER | 9/17/2013 | Non-Minnesota |
| 38 | WILLIAM HETZEL | 9/17/2013 | Non-Minnesota |
| 39 | KARI DELL | 9/18/2013 | Non-Minnesota |

| | Claimant Name | Postmark Date | Category |
|---|---|---|---|
| 40 | TRAVIS R HORESH | 9/23/2013 | Non-Minnesota |
| 41 | GLENN FRIEDMAN | 9/25/2013 | Non-Minnesota |
| 42 | MARJORIE ROSENBERG | 9/30/2013 | Non-Minnesota |
| 43 | ROSS NEVIN ENGLAND | 9/30/2013 | Non-Minnesota |
| 44 | STEPHEN L VENUTO | 10/1/2013 | Non-Minnesota |
| 45 | CARRIE HIGO | 10/2/2013 | Non-Minnesota |
| 46 | ALAN C PENDLETON | 10/3/2013 | Non-Minnesota |
| 47 | KENNETH A MORRISON | 10/7/2013 | Non-Minnesota |
| 48 | TRISHA HERPEL | 10/10/2013 | Non-Minnesota |
| 49 | WADE TREGASKIS | 10/10/2013 | Non-Minnesota |
| 50 | SHARON RICH | 10/14/2013 | Non-Minnesota |
| 51 | ERIN FRIIS | 10/15/2013 | Non-Minnesota |
| 52 | JOHN D LAUGHREY | 10/15/2013 | Non-Minnesota |
| 53 | JUDITH DARBO | 10/15/2013 | Non-Minnesota |
| 54 | LISA M SKILES | 10/15/2013 | Non-Minnesota |
| 55 | MELVIN MCGUIRE | 10/15/2013 | Non-Minnesota |
| 56 | SUZANNE MICKIEWICZ | 10/15/2013 | Non-Minnesota |
| 57 | SUZANNE SIVEK | 10/15/2013 | Non-Minnesota |
| 58 | DAVID BARNES | 10/16/2013 | Non-Minnesota |
| 59 | JAMES MIODWSKI | 10/16/2013 | Non-Minnesota |
| 60 | KIMBERLY LIGHTSEY | 10/16/2013 | Non-Minnesota |
| 61 | MRS FRITZ FREESE | 10/16/2013 | Non-Minnesota |
| 62 | TAMARA HOWARD | 10/16/2013 | Non-Minnesota |
| 63 | DIANE HYSLER | 10/17/2013 | Non-Minnesota |
| 64 | JAMIE LYN LATIMER | 10/18/2013 | Non-Minnesota |
| 65 | KAREN SURE BIEBER | 10/18/2013 | Non-Minnesota |
| 66 | LORA CARLSON | 10/18/2013 | Non-Minnesota |
| 67 | ELLEN GREENE | 10/21/2013 | Non-Minnesota |
| 68 | ERIK BALKAN | 10/21/2013 | Non-Minnesota |
| 69 | JOSHUA D BLONKSI | 10/21/2013 | Non-Minnesota |
| 70 | SO RA LEE | 10/21/2013 | Non-Minnesota |
| 71 | KIMBERLY MASON | 10/24/2013 | Non-Minnesota |
| 72 | LYDYA B MCCAFFERTY | 11/5/2013 | Non-Minnesota |