

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
Direct (206) 268-9320
steve@hbsslaw.com

T 206.623.7292   F 206.623.0594

March 19, 2014

<u>*Via ECF*</u>

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl St., Room 1610
New York, NY 10007-1312

    Re:    *In re: Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC);
             <u>*The State of Texas v. Penguin Group (USA), Inc.*, No. 12-cv- 3394 (DLC)</u>

Dear Judge Cote:

    Plaintiffs write to provide information for the Court's consideration in connection with the current schedule for trial and remaining pretrial filings. Consistent with the Court's August 13, 2013, scheduling order, the parties are preparing for a May 2014 trial date and are scheduled to file on April 11, 2014, a Proposed Joint Pretrial Order ("JPTO"), along with other required filings. Plaintiffs are aware of and sensitive to the Court's extremely busy docket, and write only to inform the Court how rulings on the motions pending in these cases might affect the schedule.

    While numerous motions are pending, the one that is potentially most impactful to the trial schedule is Class Plaintiffs' motion for class certification. Two significant variables relating to class certification should be considered that may be triggered from the date of this Court's class certification ruling, in the event a class is certified.

    First, with respect to notice, there will need to be some time built into the schedule for the Court to approve the form of notice and then for notice to be distributed. Plaintiffs have been readying both to be prepared in the event the Court grants class certification. But even after the Court rules and then approves the form of notice, some elements will still take additional time, such as printing post-card notice. Plaintiffs anticipate, based on information provided by the notice administrator, approximately three to four weeks to effectuate notice, from the date the Court approves the form and plan of notice.

    Second, class members will need to be provided a period within which to opt out of the class after notice is effectuated. In the most recent settlements in this matter, class members have been afforded forty-five days to opt out.

    The Clayton Act also provides that notice and an opportunity to opt out must be given to consumers in the Plaintiff States. To maximize efficiency and minimize confusion, Plaintiffs

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   MINNEAPOLIS   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

010260-11 672569V1

March 19, 2014
The Hon. Denise L. Cote
Page 2

contemplate sending a single, combined notice to both groups of consumers, utilizing the same process by which notice of the publisher settlements was provided.

Finally, as the Court knows from the parties' motion practice, Apple objects to the Court ruling on Class Plaintiffs' motion for summary judgment until the opt-out period expires, based on the one-way intervention rule. The Court may be considering waiting to rule on summary judgment until the opt-out period expires. While Plaintiffs do not believe a substantial amount of time needs to be built into the schedule between the Court's summary judgment ruling and trial, it would significantly assist in preparing the JPTO, as well as the trial presentation, to have the Court's summary judgment ruling sometime in advance of these two events. In the absence of ruling on some of the pending motions, particularly the summary judgment motion, the parties will likely have to include in the JPTO certain contingent or alternative information regarding the claims remaining to be tried, witnesses, exhibits, and the anticipated length of trial. Resolution of those pending motions will also likely provide for greater clarity and focus in connection with the submission of any proposed jury instructions, pretrial memoranda of law and motions in limine.

Thus, merely as a hypothetical guide (and not to suggest the Court's rulings are imminent): If (1) the Court were to rule on class certification on Friday, March 21, 2014, and approved notice by March 28; (2) notice was sent out by April 18; (3) the Court ordered a forty-five day opt-out period to expire on June 2; and (4) the Court published its summary judgment ruling shortly after June 2, then a trial date in the later part of June 2014 (with the JPTO and associated filings due in mid-June) would accommodate these variables.

Plaintiffs recognize the Court has a very busy docket and the parties have engaged in extensive motion practice in advance of the damages trial. We are not asking for expedited treatment of these motions. We also want to underscore we are not seeking any undue delay in the trial. Rather, we hope outlining some of the facts that bear on the schedule will help the Court in its consideration when it elects to set the specific trial date in this matter. We are available to discuss these matters at the Court's convenience.

Respectfully,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman