UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

This Document Relates to:

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | No. 11-md-02293 (DLC)<br>ECF Case |
| THE STATE OF TEXAS, et al.,<br><br>                    Plaintiffs,<br><br>   v.<br><br>PENGUIN GROUP (USA) INC., et al.,<br><br>                    Defendants. | Civil Action<br>No. 12-cv-03394 |
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | No. 11-md-02293 (DLC)<br>ECF Case |
| This Document Relates to:<br><br>ALL ACTIONS | <u>CLASS ACTION</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
<u>FOR APPROVAL OF PLAN FOR NOTICE</u>**

010260-11 681071V1

## I.     INTRODUCTION

Under Federal Rule of Civil Procedure 23(c)(2)(B), class notice is mandatory "[f]or any class certified under Rule 23(b)(3)." Thus, because the Court has granted class certification, the parties will be required to provide notice to the proposed Class, as well as to the eligible consumers in the states represented by the Attorneys General. Class Counsel and the State Attorneys General, therefore, jointly propose the Notice Plan outlined below, which would facilitate a trial date in July, for this Court's consideration.

## II.     PROCEDURAL HISTORY

On August 9, 2011, Anthony Petru filed the first class action against Apple, Inc. ("Apple"), and other defendants in the Northern District of California.[1] ("Class Plaintiffs") Additional class actions were filed in the Northern District of California, and in this venue ("SDNY Actions").

On December 9, 2011, the JPML transferred the California cases to this Court pursuant to 28 U.S.C. § 1407, and consolidated them with the SDNY Actions for coordinated or consolidated pretrial proceedings.[2]

On April 11, 2012, State Attorneys General from 16 states filed a *parens patriae* action against Apple and other defendants in the Western District of Texas ("States' Action").[3] Seventeen additional Attorneys General joined a Second Amended Complaint in the States'

---

[1] *Petru et al. v. Apple, Inc., et al.*, Case No. 3:11-cv-03892 (N.D. Cal.).

[2] MDL 2293, Dkt. 83 at 2-3 (Dec. 9. 2011).

[3] *State of Texas et al. v. Penguin Grp. (USA) Inc. et al.*, Case No. 1:12-cv-00324 (W.D. Tex. filed Apr. 11, 2012).

- 1 -

Action on May 11, 2012 (collectively "Plaintiff States"[4]). On April 11, 2012, the DOJ also filed a complaint against the same defendants in this venue.[5] On April 26, 2012, the JPML transferred the States' Action to this Court.[6] (Plaintiff States, together with Class Plaintiffs, shall be referred to collectively as "Plaintiffs").

The Court then presided over a three-week joint bench trial in the DOJ and Plaintiff State cases against Apple in June 2013.[7] At the conclusion of the trial, the Court published the July 10 Order, making detailed findings of fact and conclusions of law that supported its ultimate conclusion that Apple orchestrated a conspiracy to "eliminate retail price competition in order to raise e-book prices."[8]

This Court has granted Class Plaintiffs' Motion for Class Certification under Rule 23(b)(3), in which Class Plaintiffs have proposed a Class defined as:

> All persons in the Non-Litigating Jurisdictions who purchased e-books between April 1, 2010 and May 21, 2012, published by Hachette Book Group, Inc. ("Hachette"), HarperCollins Publishers L.L.C. ("HarperCollins"), Holtzbrinck Publishers, LLC d/b/a Macmillan ("Macmillan"), Penguin Group (USA) Inc. ("Penguin"), or Simon & Schuster, Inc. ("Simon & Schuster") directly from that publisher (including any of its imprints) after the adoption of the agency model by that publisher. The "Non-Litigating Jurisdictions" are American Samoa, California, Florida, Georgia, Guam, Hawaii, Kentucky, Maine, Minnesota, Mississippi, Montana, Nevada, New Hampshire, New Jersey,

---

[4] "Plaintiff States" are the States and Commonwealths of Alabama, Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Missouri, Nebraska, New Mexico, New York, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, West Virginia, and Wisconsin.

[5] *United States of America v. Apple, Inc., et al.*, No. 12 CV 2826 (S.D.N.Y. filed Apr. 11, 2012).

[6] Conditional Transfer Order, ECF No. 64, No. 12-cv-00324 (Apr. 26, 2012).

[7] Penguin and Macmillan settled with all parties prior to the trial.

[8] July 10, 2013, Opinion and Order in *United States v. Apple*, No. 12-cv-2826 (S.D.N.Y.).

North Carolina, Northern Mariana Islands, Oklahoma, Oregon, Rhode Island, South Carolina, U.S. Virgin Islands, Washington, and Wyoming. Excluded from the Class are Defendants, their employees, co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries of affiliated companies, as well as the Honorable Denise L. Cote and persons described in 28 U.S.C. § 455(b)(4)-(5).

Thus, because the Court has granted certification, it is necessary to advise the Class members, as well as those eligible consumers in the Plaintiff States (collectively "Eligible Consumers"), of the status of the proceedings and to provide notice to Eligible Consumers of their right to opt out to pursue individual actions against Apple, should they so wish.

### III.   ARGUMENT

#### A.   Class Notice Should Be Given Promptly

Under Federal Rule of Civil Procedure 23(c)(2)(B), class notice is mandatory "[f]or any class certified under Rule 23(b)(3)."[9] And it has long been settled that "notice should ordinarily be given promptly after the certification order is issued."[10]

The settled practice of giving notice promptly is derived from the purpose, language and history of Rule 23, which directs courts, consistent with fundamental considerations of due process and judicial efficiency, to determine whether to certify a class action early in the litigation and to notify class members of the pendency of the action.[11] Similarly, courts have

---

[9] It is discretionary for classes certified under Rules 23(b)(1) or 23(b)(2). Fed. R. Civ. P. 23(c)(2)(A).

[10] *See* MANUAL FOR COMPLEX LITIGATION § 30.211 (3rd ed. 1995) *accord Wright, Miller & Kane*, 7B FEDERAL PRACTICE & PROCEDURE § 1788 (3d ed. 1997) ("Notice must be sent long before the merits of the case are adjudicated. *Indeed it should be sent as soon as practicable after the court determines that the class action is proper under subdivision (c)(1).*") (Emphasis supplied).

[11] *See In re Franklin Nat'l Bank Sec. Litig.*, 574 F.2d 662, 671 n.6 (2d Cir. 1978) (noting that delaying class notice is inconsistent "with the requirement that certification as a class action be determined 'as soon as practicable after the commencement of the action' and the implication that the initial class notice should follow promptly after the certification"). *Franklin* was decided prior to the 2003 amendments to Rule 23, when Rule 23(c) mandated that class certification be

- 3 -

held that notice should be promptly given to provide class members the opportunity to utilize the benefits derived from Rule 23(c), including the "opportunity for class members to participate in the litigation, to opt-out of the litigation, to monitor the performance of class representatives and class counsel, and to ensure that predictions of adequate representation are fulfilled."[12] And given the length of time this case has been pending, Class members should be given notice in order to be fully apprised of the status of the litigation so that they can fully participate in the litigation should they choose to do so.

Furthermore, Class notice must be served expeditiously to ensure that Class members have an adequate opportunity to exercise their rights in advance of a contemplated July 2014 trial. As class action treatise author Herbert Newberg advises: "it seems obvious that if notice is to be effective – if class members are to have a meaningful opportunity to request exclusion, appear in an action, object to the representation, etc. – the invitation must go out as promptly as the circumstance will permit."[13] Because a Class has been certified under Fed. R. Civ. P. 23(b)(3), notice to the members of the Class is mandatory under Rule 23(c)(2)(B) and, pursuant to the authority cited above, should not be delayed.

---

decided "as soon as practicable." However, the 2003 amendments, which changed the Rule to provide that class certification be decided at "an early practicable time," do not otherwise change *Franklin*'s holding. According to the Advisory Committee notes from that year, the 2003 amendments were primarily designed to permit "discovery in aid of the certification decision" and were not designed to delay the time between certification and notice.

[12] *In re FedEx Ground Packaging Sys., Inc. Emp't Practices Litig.*, 2008 WL 927654, at *3-4 (N.D. Ind. Apr. 4, 2008) (declining to delay class notice and citing MANUAL FOR COMPLEX LITIGATION, § 21.13 (4th ed. 2004)); *see also In re Sugar Indus. Antitrust Litig.*, 73 F.R.D. 322, 359 (E.D. Pa. 1976) (discussing reasons for promptly notifying class members and declining to postpone notice to potential class members because "it would be derelict in its duties to delay its decision concerning proper notification to the class just defined.").

[13] NEWBERG ON CLASS ACTIONS § 8.9 (4th ed. 2002) (quoting Frankel, SOME PRELIMINARY OBSERVATIONS CONCERNING CIVIL RULE 23, 43 F.R.D. 39, 40-41 (E.D. Pa. 1967)).

**B.     Pursuant to the Clayton Act, 15 U.S.C. §15c(b)(1), Attorneys General Pursuing a *Parens Patriae* Action Must Give Notice to Consumers**

Eligible Consumers in Plaintiff States are also entitled to notice of the pending litigation against Apple, and their rights thereunder, including the right to exclude themselves and the opportunity to be heard.[14]  The mechanics of the notice process, however, "are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process."[15]  As detailed below, the Notice Plan fully comports with the requirements of due process.

Plaintiff States and Class Plaintiffs believe that a combined notice to all Eligible Consumers will be most effective and efficient.  A combined notice will best serve the requirements of due process as it will be done via the same channels and using the same procedures that were already approved by this Court  to provide notice of prior settlements in this matter to this same audience.

**C.     Plaintiffs' Proposed Notices Are Written in Plain English and the Notice Plan Satisfies the Requirements of the Federal Rules and Due Process**

To be approved, notice for classes certified under Rule 23(b)(3) must "clearly and concisely state in plain, easily understood language:  (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule

---

[14] *See* 15 U.S.C. § 15c(b)-(c); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

[15] *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir.), *cert. denied*, 423 U.S. 864 (1975).

23(c)(3)."[16]  These requirements are designed to ensure that class members receive proper due process.[17]

Consistent with these requirements, the proposed Notices[18] are in clear, plain and concise language, are appropriate for the target audience, and are informative.  Specifically, the Detailed Notice describes the nature of the Class Action and the States' Action (§§2-3), it defines the members of the certified Class and the eligible consumers whose interests are represented by Plaintiff States (§§4-8), it describes the claims of the Class and the State Attorneys General and the defenses asserted by Apple (§2), it provides that an Eligible Consumer may enter an appearance through his or her own attorney (§11), it provides that the Court will exclude any Eligible Consumer who so requests and describes how a Eligible Consumer may do so (§14); and describes the binding nature of any subsequently-entered judgment should an Eligible Consumer choose not to opt-out (§13).  Such straight-forward notices, in conjunction with the comprehensive distribution plan, satisfy the requirements of Rule 23 and due process.[19]

### 1. Direct Notice is the Best Notice Practicable

Rule 23(c)(3) requires that the Court direct "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."[20]

---

[16] Fed. R. Civ. P. 23(c)(2)(B).

[17] *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974).

[18] The proposed Email, Postcard and Detailed Notices are attached to the Declaration of Katherine Kinsella in Support of Plaintiffs' Motion for Approval of Plan for Class Notice ("Kinsella Decl."), filed concurrently herewith.

[19] *Id.* at ¶¶ 21-29.

[20] Fed. R. Civ. P. 23(c)(2)(B).

Here, Plaintiffs have retained an experienced Notice Administrator (Kinsella Media, LLC ("KM")) to administer notice, have carefully crafted a detailed Notice Plan and have taken all necessary steps to ensure that the proposed Notice Plan meets the requisite due process requirements. *See* Kinsella Decl.

As explained more fully in the Kinsella Declaration, KM implemented the Notice Plan in the Previous Settlements reached between the Attorneys General of 49 states, the District of Columbia, and five U.S. territories and commonwealths, and the following publishers: Hachette Book Group, Inc. ("Hachette"), HarperCollins Publishers LLC ("HarperCollins"), Simon & Schuster, Inc. and Simon & Schuster Digital Sales, Inc. ("Simon & Schuster").[21]

KM also implemented the Notice Plan in the Previous Settlements reached between the Plaintiff States, the Settlement Class[22], and the publishers Holtzbrinck Publishers, LLC, d/b/a Macmillan and Penguin Group (USA), Inc.[23]

KM, Rust Consulting, Inc. ("Rust") and counsel for Plaintiffs worked together to design a Notice Plan that comports with due process and effective notification standards. The Notice Plan was developed to provide notification to Eligible Consumers who may be affected by Plaintiffs' lawsuits ("Lawsuits[24]

The Notice Plan provides that the Notice Administrator will distribute Direct Notice (by

---

[21] Kinsella Decl. at ¶ 5.

[22] "Settlement Class" includes all persons who purchased E-books published by the named Publishers during the period from April 1, 2010 until May 21, 2012, who resided in any U.S. State, Commonwealth or Territory, other than Plaintiff States, at the time of their purchase.

[23] Kinsella Decl. at ¶ 6.

[24] *Id.* at ¶ 7.

email[25] or regular mail) to all known Eligible Consumers.  Specifically, using the comprehensive mailing list compiled in the Previous Settlements, individual notice by email will be the principle method of providing Eligible Consumers with opportunities to see, read and understand their rights, and act if they so choose.[26]

    Direct Notice will consist of the following:

    (a) An email from Amazon, Barnes and Noble, Google, and Kobo to inform Eligible Consumers of their rights and how they may participate in the Lawsuits.

    (b) An email from Rust, or a vendor contracted by Rust, on behalf of Apple and Sony to inform Eligible Consumers of their rights and how they may participate in the Lawsuits.  Postcards will be sent to Eligible Consumers for whom a correct email address could not be discovered in the Previous Settlements.[27]

Given the fact that notice will be mailed to all reasonably identifiable Eligible Consumers and considering the extensive list development and address updating that has previously been done, KM expects the notice to reach at least 88% of Eligible Consumers.[28]  An 88% reach more than satisfies due process, and requiring anything more would read the requirement that notice be the best "practicable under the circumstances" out of existence.

The proposed direct mail notice plan is suitable because, as the Manual for Complex Litigation ("Manual") states, even where it is impossible to identify the name or address of *all* of the class members, direct notice is the generally preferred method of providing notice of the pendency of a class action.  MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.311 (2004)

---

[25] Notice by electronic media is efficient and effective.  Moreover, the Notice Plan ensures that the emails returned as undeliverable, where possible, receive notice via the U.S. mail.

[26] Kinsella Decl. at ¶¶ 9-12.

[27] *Id.* at ¶ 15.

[28] *Id.* at ¶ 16.

("When the names and addresses *of most* class members are known, notice by mail usually is preferred.") (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 n.22 (1978)) (emphasis added).

### 2. Direct Notice Will Be Supplemented

Supplementing direct notice with publication notice in this case would be a waste of resources and would serve no purpose.[29] However, in addition to direct mail notice, a website will be created where the notice forms and other important Court documents will be posted and available to download, and a toll-free information number will be established where consumers can call the Administrator, request Notices and listen to answers of frequently asked questions.[30]

## IV. CONCLUSION

Because a Class has been certified it is important that Class members and Eligible Consumers in the Plaintiff States be promptly advised of their rights. Plaintiffs therefore respectfully request that the Court approve Plaintiffs' proposed Notice Plan.

DATED: March 28, 2014                    HAGENS BERMAN SOBOL SHAPIRO LLP


                                         By _____/s/ Steve W. Berman_____
                                              STEVE W. BERMAN (*Pro Hac Vice*)

---

[29] *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950) ("Exceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties. Where the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.").

[30] Kinsella Decl. at ¶¶ 17-19.

- 9 -

George W. Sampson (GS-8973)
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
george@hbsslaw.com

Jeff D. Friedman (*Pro Hac Vice*)
Shana Scarlett (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Kit A. Pierson (*Pro Hac Vice)*
Jeffrey Dubner (JD4545)
COHEN, MILSTEIN, SELLERS & TOLL, PLLC
1100 New York Avenue, N.W.
South Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
kpierson@cohenmilstein.com
elevens@cohenmilstein.com
jdubner@cohenmilstein.com

Douglas Richards (JR6038)
COHEN, MILSTEIN, SELLERS & TOLL, PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-774
DRichards@cohenmilstein.com

*CO-LEAD COUNSEL FOR THE CLASS*

**STATE OF NEW YORK**
ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

By:      /s/ Robert L. Hubbard
           ROBERT L. HUBBARD

Linda J. Gargiulo
Assistant Attorney General
Antitrust Bureau
120 Broadway, 26th Floor
New York, NY 10271-0332
(212) 416-8274
robert.hubbard@ag.ny.gov
linda.gargiulo@ag.ny.gov

*ATTORNEYS FOR THE STATE OF NEW YORK*
*LOCAL COUNSEL*

**STATE OF TEXAS**
GREG ABBOTT, ATTORNEY GENERAL

DANIEL HODGE
First Assistant Attorney General
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
JOHN T. PRUD'HOMME
Chief, Consumer Protection Division
KIM VAN WINKLE
Chief, Antitrust Section

By:      /s/ Rebecca Fisher
           REBECCA FISHER *(Pro Hac Vice)*

Eric Lipman (EL-6300)
Assistant Attorneys General
P.O. Box 12548
Austin, TX 78711-2548
Phone:  512-463-1265
Rebecca.Fisher@texasattorneygeneral.gov
Eric.Lipman@texasattorneygeneral.gov

*ATTORNEYS FOR THE STATE OF TEXAS AND*
*ON BEHALF OF THE PLAINTIFF STATES*

**STATE OF CONNECTICUT**
GEORGE JEPSEN, ATTORNEY GENERAL

MICHAEL E. COLE
Chief, Antitrust Department
W. Joseph Nielsen


By          /s/ Gary M. Becker
       GARY M. BECKER (GB 8259)

Assistant Attorney General
55 Elm Street
Hartford, CT 06106
PH: (860) 808-5040
Gary.Becker@ct.gov

*ATTORNEYS FOR THE STATE OF CONNECTICUT AND
ON BEHALF OF PLAINTIFF STATES*


**STATE OF OHIO**
R. MICHAEL DEWINE,
ATTORNEY GENERAL


By          /s/ Edward Olszewski
       EDWARD OLSZEWSKI (*Pro Hac Vice*)

Assistant Attorney General, Antitrust Section
Office of the Ohio Attorney General
150 E. Gay St. – 23rd Floor
Columbus, OH 43215
Tel: (614) 466-4328
edward.olszewski@ohioattorneygeneral.gov

*ATTORNEYS FOR THE STATE OF OHIO AND
ON BEHALF OF PLAINTIFF STATES*

- 13 -

**ATTESTATION**

Pursuant to Electronic Case Filing Rules & Instructions Section 8.5(b), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatories above.

/s/ Steve W. Berman
STEVE W. BERMAN (*Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2014, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                                                /s/ Steve W. Berman  
                                              STEVE W. BERMAN