UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | No. 11-md-02293 (DLC)<br>ECF Case |
| This Document Relates to:<br><br>ALL ACTIONS | Civil Action<br>No. 12-cv-03394<br><br>**DECLARATION OF KATHERINE KINSELLA** |

I, Katherine Kinsella, being duly sworn, hereby declare as follows:

1. I am President of Kinsella Media, LLC ("KM"), an advertising and legal notification firm in Washington, D.C. specializing in the design and implementation of notification programs to reach unidentified putative class members primarily in consumer and antitrust class actions and claimants in bankruptcy and mass tort litigation. My business address is 2120 L Street, NW, Suite 860, Washington, D.C. 20037. My telephone number is (202) 686-4111.

2. I submit this declaration at the request of Counsel for Plaintiffs in connection with the Class certification and *parens patriae* notice required in the *In re Electronic Books Antitrust Litigation*.

3. This declaration is based upon my personal knowledge and upon information provided by Counsel for Plaintiffs, my associates, and staff. The information is of a type reasonably relied upon in the fields of advertising, media, and communications.

4. I previously submitted two declarations regarding Previous Settlements in related cases, executed on August 29, 2012, and June 21, 2013, which outlined my firm's credentials.[1]

5. KM implemented the Notice Plan in the Previous Settlements reached between the Attorneys General of 49 states, the District of Columbia, and five U.S. territories and commonwealths, and the following publishers: Hachette Book Group, Inc. ("Hachette"), HarperCollins

---

[1] See Appendix G to Plaintiff States Memorandum in Support of Preliminary Approval of Settlements, *Texas et al. v. Hachette Book Group, et al*, Case No. 12-cv-6625 and Exhibit E to Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Macmillan and Penguin Settlemnts and Proposed Consumer Notice and Distribution Plans, *In re Electronic Books Antitrust Litigation*, Case No. 11-md-02293.

Publishers LLC ("HarperCollins"), Simon & Schuster, Inc. and Simon & Schuster Digital Sales, Inc. ("Simon & Schuster").

6. KM also implemented the Notice Program in the Previous Settlements reached between the Plaintiff States[2], the Settlement Class[3], and the publishers Holtzbrinck Publishers, LLC, d/b/a Macmillan and Penguin Group (USA), Inc.

7. KM, Rust Consulting, Inc. ("Rust") and counsel for Plaintiffs worked together to design a Notice Plan regarding Plaintiffs' pending litigation that comports with due process and effective notification standards. The Notice Plan was developed to provide notification to consumers who may be affected by two lawsuits filed against Apple, Inc. ("Lawsuits"):

   (1) The lawsuit filed by the Attorneys General of 33 jurisdictions ("AG Lawsuit") and

   (2) The private Class Action lawsuit filed by attorneys for the remaining 19 states and other four U.S. territories ("Private Lawsuit").

## Overview

8. The objective of the Notice Plan is to provide adequate notice of these pending Lawsuits to individuals who purchased eligible E-books from any of the Settling Publishers mentioned above between April 1, 2010 through May 21, 2012 ("Eligible Consumers").

9. In developing the Notice Plan, it was determined that it would be most practicable to implement an individual notification effort to reach Eligible Consumers through available email addresses ("Direct Notice"). Direct Notice will be delivered as a courtesy by E-book retailers, including Amazon, Barnes & Noble, Kobo, and Google, to their lists of Eligible Consumers. Rust or a contractor retained by Rust will deliver notices on behalf of Apple and Sony.

10. It has previously been determined that Amazon, Apple, Barnes and Noble, Google, Kobo, and Sony ("Retailers") accounted for approximately 99% share of the relevant E-books purchases during the claim period.

11. I have worked with the parties to draft the various forms of Notice as described below. All

---

[2] "Plaintiff States" are the States and Commonwealths of Alabama, Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Missouri, Nebraska, New Mexico, New York, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, West Virginia, and Wisconsin.
[3] "Settlement Class" includes all persons who purchased E-books published by the named Publishers during the period from April 1, 2010 until May 21, 2012, who resided in any U.S. State, Commonwealth or Territory, other than Plaintiff States, at the time of their purchase.

forms of Notice are noticeable, clear, concise, and in plain, easily understood language.

12. In this case, the Notice Plan was designed to reach the greatest practicable number of Eligible Consumers ensuring that they will be exposed to the Notice, to see, review and understand it—and all of their options, including the right to exclude themselves from the Lawsuits, if they so choose.  The Notice Plan provides emailed notice to all reasonably identifiable Eligible Consumers.  This effort is further supported by a case website.

13. The details of the Notice Plan and the basis for my opinion on its adequacy, as well as on the adequacy of the Notices, are outlined below.

## *Direct Notice*

14. Using the comprehensive mailing list compiled in the Previous Settlements, individual notice by email will be the principle method of providing Eligible Consumers with opportunities to see, read and understand their rights, and act if they so choose.

15. Upon Court approval, Direct Notice will consist of the following:

    (1) An email from Amazon, Barnes and Noble, Google, and Kobo to inform Eligible Consumers of their rights and how they may participate in the Lawsuits.

    (2) An email from Rust, or a vendor contracted by Rust, on behalf of Apple and Sony to inform Eligible Consumers of their rights and how they may participate in the Lawsuits.  Postcards will be sent to Eligible Consumers for whom a correct email address could not be discovered in the Previous Settlements.

16. Email and Postcard Notices will describe the basics of the Lawsuits, give notice of the Eligible Consumer's rights and important deadlines, and identify the website and toll-free number to receive the more comprehensive Detailed Notice.

17. Given the fact that we will email or mail notice to all reasonably identifiable Eligible Consumers and considering the extensive list development and address updating that has previously been done, I expect Direct Notice to reach at least 88% of Eligible Consumers. Many courts have found that an 80% reach is reasonable and adequate in money damages cases.

## *Notice By Request*

18. The Detailed Notice will include the general information contained in the Email and Postcard Notices and will provide additional information, including answers to commonly asked

questions and more details about the Lawsuits.

19. The Detailed Notice will be mailed to those who request it by calling, writing, or emailing the Settlement Administrator.

20. The Detailed Notice will be available for download in PDF format from the case website.

### *Online Media*

21. An informational, interactive website is a critical component of the Notice Plan.  A website is a constant information source instantly accessible to millions.  The website will utilize the Internet's ability to serve as a key distribution channel and customer service bureau.

22. A neutral website will be established so that Eligible Consumers can obtain additional information and documents about the Lawsuits, including the Detailed Notice.

### *Other*

23. A toll-free phone number will be established allowing Eligible Consumers to call and request that a Detailed Notice be mailed to them or listen to frequently asked questions.

24. A post office box will be established to allow Eligible Consumers to contact the Settlement Administrator and Class Counsel by mail with any specific requests or questions.

## NOTICE FORM AND CONTENT

25. The Notices effectively communicate information about the Lawsuits.

26. Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language."  KM applies the plain language requirement in drafting notices in federal and state class actions.  The firm maintains a strong commitment to adhering to the plain language requirement, while drawing on its experience and expertise to draft notices that effectively convey the necessary information to Eligible Consumers.

27. Attached as **Exhibit 1** is a copy of the Postcard and Email Notice and the Detailed Notice.

28. The Detailed Notice is designed to get the readers attention.  It provides substantial information, including all specific instructions Eligible Consumers need to follow to properly

exercise their rights, and background on the issues in the case. It is designed to encourage readership and understanding, in a well-organized and reader-friendly format. The Notice refers readers to the website and toll-free number for more information.

29. The Email Notice, Detailed Notice, and Postcard Notice include a bold headline to quickly inform readers whether they are included, provide an overview of the Lawsuits, and summarize Eligible Consumers' rights and options in simple and clear terms.

### Conclusion

30. It is my opinion that the Notices and Notice Plan comport with federal law and also the guidance for effected notice as articulated in the FJC's Manual for Complex Litigation, 4th.

31. In my opinion, the proposed Notices and Notice Plan will effectively reach Eligible Consumers as described herein, deliver Notices that will capture Eligible Consumers' attention, and provide them with the information necessary to understand their rights and options.

32. In my opinion, the Notice Plan is comprehensive, well suited to Eligible Consumers, and more than adequate to satisfy due process.

33. The Notice Plan will provide Eligible Consumers the best notice practicable under the circumstances.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 28, 2014.

_Katherine Kinsella_
Katherine Kinsella

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2014, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                                                              /s/ Steve W. Berman  
                                                            STEVE W. BERMAN

# EXHIBIT 1

(Back)

# Legal Notice
# If You Purchased an E-book You Could Be Included in a Lawsuit
*Para una notificación en Español, llamar o visitar nuestro website.*

Records indicate that you could be affected by two lawsuits against Apple Inc. ("Apple") about the price of electronic books ("E-books"). The Court ordered this notice and decided that these cases should proceed on behalf of two groups of people that could include you. The case is scheduled to go to trial to determine if Apple must pay any money.

**What is this case about?** The Attorneys General of 33 jurisdictions filed a lawsuit and private attorneys filed a class action in the remaining 19 states and other four U.S. territories ("Private Lawsuit"). The lawsuits claim there was a conspiracy involving five U.S. publishers and Apple to fix and raise retail prices of E-books. The five publishers (Hachette Book Group, HarperCollins Publishers, Holtzbrinck Publishers, LLC d/b/a Macmillan, Penguin Group, and/or Simon & Schuster) have already agreed to settle in related lawsuits ("Settling Publishers"). The lawyers for Eligible Consumers will have to prove their claims in Court against Apple. Apple denies the claims and the requested damages.

**Are you included?** Generally, you are included as an Eligible Consumer in one or both of the lawsuits if you purchased an E-book from April 1, 2010 through May 21, 2012 published by the Settling Publishers.

**Who represents Eligible Consumers?** The Court has appointed two law firms to represent members of the Private Lawsuit ("Class Counsel"). As an Eligible Consumer, your interests are being represented by either your Attorney General or by Class Counsel. You don't have to pay Class Counsel or the Attorneys General to participate. Instead, they will ask the Court to award fees and costs, to be paid separately by Apple or out of a fund created for Eligible Consumers, if one becomes available. You may hire your own lawyer to appear in Court for you, but if you do, you have to pay that lawyer.

**What are your options?** To participate in the lawsuits, you do not have to do anything and you will be bound by the Court's judgment. If benefits are obtained, you will be notified about how to make an individual claim for money or benefits. If you do not want to participate in this lawsuit or want to keep your rights to sue Apple on your own over the claims in these lawsuits, you need to exclude yourself. If you exclude yourself, you cannot get money or benefits, if any are awarded, from these lawsuits. Your Exclusion Form must be submitted online or postmarked by <<**Date**>>. (See Apple Lawsuits link on the Settlement website.)

**Where to get more information?** This notice is only a summary. For more information visit the Apple Lawsuits link or call the toll-free number. Please do not contact Apple or the Court.

**For more information:**     1- XXX-XXX-XXXX          **www.Website.com (Select "Apple Lawsuits" Link)**

(front)

Court-Ordered Legal Notice
Apple E-Books Antitrust Litigation
P.O. Box 0000
City, ST 00000

**Important Notice About Apple E-Book Lawsuits**
**Consumer ID Number <<XXXXXX>>**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

A FEDERAL COURT AUTHORIZED THIS NOTICE.  THIS IS NOT A SOLICITATION FROM A LAWYER.

# If You Bought an E-book
## You Could Be Included in a Lawsuit

- You could be affected by two lawsuits against Apple Inc. ("Apple") about the price of electronic books ("E-books").

- The lawsuits claim there was a conspiracy involving five top U.S. publishers and Apple to fix and raise retail prices of E-books.  The five publishers ("Settling Publishers." *See* Question 2) have agreed to settle these claims.  Apple denies the claims and the amount of money Plaintiffs are requesting.

- The Attorneys General of 33 jurisdictions filed a lawsuit against Apple ("AG Lawsuit") and private attorneys filed a lawsuit on behalf of consumers in 19 other states and four other U.S. territories ("Private Lawsuit"). The lawsuits both relate to the same claims.

- If you purchased one or more E-books from April 1, 2010 through May 21, 2012 that were published by any of the Settling Publishers, you may be included in these lawsuits.

- Depending upon where you lived when you purchased the affected E-books you may be a part of one or both of the lawsuits.  (*See* Questions 7 and 8 for listing of the states in each lawsuit.)

- Your legal rights are affected whether you act or don't act.  Read this notice carefully.  Many frequently asked questions are answered below.  Still have questions? Get more information at www.[INSERT].com, by calling toll free at 1-XXX-XXX-XXXX, or writing to Apple E-Books Antitrust Litigation, P.O. Box XXX, City, State, XXXXX.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE LAWSUITS | |
|---|---|
| **EXCLUDE YOURSELF** | **Get out of one or both of the lawsuits. Get no benefits. Keep your rights.** |
| | If you exclude yourself from a lawsuit, and money or benefits later become available from the lawsuit, you won't be eligible to share in those benefits. But you keep any rights to sue Apple on your own based on the same legal claims. |
| **DO NOTHING** | **Stay in one or both of the lawsuits. Await the outcome. Possibly share in benefits, if any become available. Give up certain rights.** |
| | By doing nothing, you keep the possibility of recovering money or other benefits that may result from a trial or settlement. But you give up any rights to ever sue Apple on your own based on the same legal claims. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- **This notice is separate from and does not alter any previous notices you may have already received regarding the settlements with the Settling Publishers.**

1

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**                                                              **Page 3**
    1. Why did I receive this notice?
    2. What are these lawsuits about?
    3. Who brought these lawsuits?

**WHO IS INCLUDED IN THE LAWSUITS**                                                **Page 4**
    4. What E-book purchases are included in these lawsuits?
    5. What is an E-book?
    6. What is an imprint?
    7. Who is an Eligible Consumer in the AG Lawsuit?
    8. Who is an Eligible Consumer in the Private Lawsuit?
    9. Who is excluded from the lawsuits?
    10. What is the effect of being an Eligible Consumer?

**YOUR RIGHTS AND OPTIONS**                                                        **Page 5**
    11. Who represents Eligible Consumers?
    12. How will the lawyers be paid?
    13. What happens if I do nothing?
    14. What if I don't want to be part of the lawsuits?

**A TRIAL**                                                                        **Page 6**
    15. When and where will the trial take place?

**GETTING MORE INFORMATION**                                                       **Page 7**
    16. How do I get more information?

## BASIC INFORMATION

### 1. Why did I receive this notice?

If you received a notice in the mail or by email, you purchased at least one qualifying E-book and could be affected by the Private Lawsuit, the AG Lawsuit, or both. Your purchases are based on the records of the retailer(s) through which you bought your E-book(s). You have legal rights and options to consider and act upon. This notice explains all of these things.

### 2. What are these lawsuits about?

Judge Denise Cote, of the United States District Court for the Southern District of New York, is currently overseeing these cases. The cases are known as *In re Electronic Books Antitrust Litigation*, No. 11-md-02293 and *The State of Texas, et al. v. Penguin Group (USA) Inc., et al.*, No. 12-Civ.-03394. The people who sued are called the Plaintiffs. Apple and the Settling Publishers are the Defendants.

These lawsuits have been brought on behalf of consumers ("Eligible Consumers") who purchased one or more E-books published by the Settling Publishers from April 1, 2010 through May 21, 2012. The lawsuits claim that: 1) there was a conspiracy involving Apple and the Settling Publishers to fix and raise the retail prices of E-books and 2) this conspiracy led to a price increase for E-books published by the Settling Publishers. The two lawsuits are seeking $280 million combined. Any award by the jury would then be tripled under applicable law and reduced by the amount of the previous settlements.

The Settling Publishers include the following companies:

- Hachette Book Group, Inc.,
- HarperCollins Publishers L.L.C.,
- Holtzbrinck Publishers, LLC d/b/a Macmillan,
- Penguin Group (USA) Inc., and
- Simon & Schuster, Inc.

Apple is the only remaining Defendant.

Apple denies all the claims in these lawsuits.

### 3. Who brought these lawsuits?

The AG Lawsuit is brought by the Attorneys General of 33 jurisdictions listed below (*see* Question 7) against the Defendants on behalf of the Eligible Consumers who lived in their jurisdictions at the time of their E-book purchases from April 1, 2010 through May 21, 2012 ("AG Lawsuit").

Residents of 19 other states and four other U.S. territories are part of the Private Lawsuit (*see* Question 8). The Private Lawsuit is a class action against the Defendants. In a class action, one or more people called class representatives sue on behalf of people who have similar claims. The class representatives are Anthony Petru, Thomas Friedman, and Shane S. Davis.

The Private Lawsuit has been "certified," which means that the court has determined that it meets the requirements for class actions.

**WHO IS INCLUDED IN THE LAWSUITS**

| 4. | What E-book purchases are included in these lawsuits? |

E-books published by the Settling Publishers (including their imprints) that were purchased from April 1, 2010 through May 21, 2012 are included in these lawsuits.

| 5. | What is an E-book? |

In these lawsuits, an E-book is an electronically formatted book read on a computer, a handheld device (including an e-reader or tablet), or other electronic device capable of visually displaying books. In these lawsuits, an audio book is not an E-book.

| 6. | What is an imprint? |

The Settling Publishers have imprints or divisions within their companies that publish E-books included in the lawsuits. For example, Simon & Schuster has the imprint Wall Street Journal Books. For a full list of all Settling Publishers and their imprints, and instructions on how to determine which E-books you have purchased and which company published a particular E-book, please select the "Apple Lawsuits" link at www.INSERT.com.

| 7. | Who is an Eligible Consumer in the AG Lawsuit? |

You are included in the AG Lawsuit if, at the time of your eligible E-book purchases, you lived in any of the following jurisdictions:

- District of Columbia
- Puerto Rico
- Alabama
- Alaska
- Arizona
- Arkansas
- Colorado
- Connecticut
- Delaware
- Idaho
- Illinois
- Indiana
- Iowa
- Kansas
- Louisiana
- Maryland
- Massachusetts
- Michigan
- Missouri
- Nebraska
- New Mexico
- New York
- North Dakota
- Ohio
- Pennsylvania
- South Dakota
- Tennessee
- Texas
- Utah
- Vermont
- Virginia
- West Virginia
- Wisconsin

It is possible to be an Eligible Consumer in both the AG Lawsuit and the Private Lawsuit if you moved residences.

| 8. | Who is an Eligible Consumer in the Private Lawsuit? |

You are included in the Private Lawsuit if, at the time of your eligible E-book purchases, you lived in the following jurisdictions:

- American Samoa
- California
- Florida
- Minnesota
- Mississippi
- Montana
- Oklahoma
- Oregon
- Rhode Island

4

- Georgia
- Guam
- Hawaii
- Kentucky
- Maine
- Nevada
- New Hampshire
- New Jersey
- North Carolina
- Northern Mariana Islands
- South Carolina
- U.S. Virgin Islands
- Washington
- Wyoming

It is possible to be an Eligible Consumer in both the AG Lawsuit and the Private Lawsuit if you moved residences.

| 9. | Who is excluded from the lawsuits? |
|---|---|

The lawsuits exclude Apple and the Settling Publishers, their employees, alleged co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies, as well as the Honorable Denise L. Cote.

People who obtained rental E-books, free E-books, and E-books received as gifts only are not included. (Only E-book purchasers are included in the lawsuits. If you purchased an E-book with a gift card, you are a purchaser.)

Business, governments, libraries, non-profits, and other entities are also excluded from the lawsuits.

## YOUR RIGHTS AND OPTIONS

| 10. | What is the effect of being an Eligible Consumer. |
|---|---|

Eligible Consumers have a choice to participate in the lawsuits or to exclude themselves. Either choice will have consequences, which you should understand before making your decision.

People who are Eligible Consumers in either the AG Lawsuit or the Private Lawsuit who do not exclude themselves will be bound by the Court's decisions and may remain eligible to participate in any benefits that may be obtained for Eligible Consumers as a result of this litigation.

If you wish to remain an Eligible Consumer, you do not need to do anything at this time. If you remain an Eligible Consumer in either of the lawsuits, you will be bound by any judgment in those lawsuits, whether it is favorable or unfavorable. If any benefits are awarded, you may be entitled to share in the proceeds, minus whatever costs, expenses, and attorney's fees the Court may approve. If Apple wins, you may not pursue a lawsuit on your own about any of the issues decided in these lawsuits.

If you choose not to participate in the lawsuits, you must exclude yourself. If you exclude yourself:

- You will not receive any benefit that may result from the lawsuits.
- You may choose to sue Apple on your own or you may choose to do nothing.
- You will not be bound by any Court orders and you keep your right to sue Apple on your own regarding the issues in this case.

See Question 14 for additional information.

| **11.** | **Who represents Eligible Consumers?** |

The Court appointed the firms of Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC to represent members of the Private Lawsuit ("Class Counsel").  As an Eligible Consumer, your interests are being represented by either your jurisdiction's Attorney General or by Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

| **12.** | **How will the lawyers be paid?** |

You do not have to pay Class Counsel or the Attorneys General.  Class Counsel and the Attorneys General will ask for an award of fees and costs from the Court, to be paid separately by Apple or out of the recoveries made, if any.

| **13.** | **What happens if I do nothing?** |

If you do nothing you will automatically remain part of one or both of the lawsuits.  You will be legally bound by all Court orders (including any judgments entered or any future settlement), which means you won't be able to sue, or continue to sue, Apple based on the same legal claims.

| **14.** | **What if I don't want to be part of the lawsuits?** |

If you choose not to participate in the lawsuits, you must exclude yourself.  If you exclude yourself, you may choose to take no further action regarding the issues in these lawsuits, or you may file an individual claim against Apple in a separate proceeding, but you will not receive any benefit that may result from the lawsuits.  You will not be bound by any Court orders and you keep your right to sue Apple on your own regarding the issues in this case.

***If you are an Eligible Consumer, but you want* to *exclude yourself from these lawsuits, you must follow each of these steps:***

    A. Download and complete the Exclusion Form available at the "Apple Lawsuits" link on the website www.EbookAGSettlements.com or by calling 1-xxx-xxx-xxxx.

    B. Submit the completed Exclusion Form online at [INSERT WEBSITE] or by mailing it by First Class U.S. Mail, postage paid, to the following address:

        [Apple E-Books Exclusions at Rust Consulting PO Box]

    C. Submit your Exclusion Form no later than [date].

## A TRIAL

| **15.** | **When and where will the trial take place?** |

If the case is not dismissed or settled, Plaintiffs will have to prove their claims and damages at a trial that will take place at the United States District Court, 500 Pearl Street, New York, NY 10007-1312. The trial is currently scheduled to take place in [ ] 2014, but that schedule is subject to change.  The trial date and time will be posted on the "Apple Lawsuits" link at www.[INSERT].com when available. During the

6

trial, a jury will hear all of the evidence, so that a decision can be reached about whether the Plaintiffs or Apple are right about the claims in the lawsuit.  There is no guarantee that the Plaintiffs will win at trial.

## GETTING MORE INFORMATION

| 16. | How do I get more information? |

If you have any questions concerning the matters contained in this notice, you can get more information on the "Apple Lawsuits" link at www.[INSERT].com, by calling toll free at 1-XXX-XXX-XXXX, or writing to Apple E-Books Antitrust Litigation, P.O. Box XXX, City, State, XXXXX.

You may also contact Class Counsel using the following contact information:

> Jeff D. Friedman
> Shana E. Scarlett
> Hagens Berman Sobol Shapiro LLP
> 715 Hearst Avenue, Suite 202
> Berkeley, CA 94710

Additional information about these lawsuits may also be obtained from the website of Class Counsel at www.hbsslaw.com

If you think you may be an Eligible Consumer and did not receive a notice by email or mail, please visit the website to determine your eligibility.

Please do not contact the Court for information about these lawsuits.