# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Daniel G. Swanson
Direct: +1 213.229.7430
Fax: +1 213.229.6430
DSwanson@gibsondunn.com

Client: 03290-00038

April 1, 2014

VIA ECF FILING

The Honorable Denise Cote
United States District Judge
United States District Court for the Southern District of New York

Re:  *In re Electronic Books Antitrust Litigation*, 11-md-2293 (DLC);
     *State of Texas v. Penguin Group (USA) Inc.*, 12-cv-3394 (DLC)

Dear Judge Cote:

     Apple writes to provide the Court with a further update on the parties' discussions regarding the proposed class notices in the above-captioned matters. As instructed during the March 31, 2014 conference, the parties have met and conferred concerning the content of the proposed notices. They have yet to reach an agreement regarding all of the proposed revisions. Apple's proposed modifications to the detailed notice are attached as Exhibit A. Apple's proposed modifications to the short-form notice are attached as Exhibit B. By suggesting modifications, Apple is not in any manner agreeing that the class has been properly certified or that notice to the class should be disseminated. Apple will be filing a motion to stay all class action proceedings, including notice, on Friday, and on April 11 will file its Rule 23(f) petition seeking interlocutory review of the class certification order, which violates Rule 23, the Rules Enabling Act, and principles of due process.

     Regarding the detailed notice, Apple believes that the bulleted paragraph on the first page of the detailed notice that provides an estimate of total damages and a range of damages for each e-book is improper, fundamentally unfair and would deeply prejudice Apple's due process rights. Apple disputes that consumers were harmed at all. Further, this analysis is premature given that there has been no evidence presented to the jury relating to damages. While it is not uncommon to identify a range of potential monetary benefit to the class in a notice describing a class settlement, there is no settlement here and the fact and amount of damages, if any, are highly contested issues. Furthermore, Apple believes that Plaintiffs' estimate of a damages range on a per-e-book basis of $3.00 to $12.00, presumably based on Dr. Noll's calculations, is inaccurate and misleading. For example, plaintiff Thomas Friedman testified that he purchased multiple Publisher Defendant e-books for $1.99 each. Friedman Dep., Exhibit C, 104:3-22; 105:10-21; 107:7-19. It simply cannot be that he was harmed $3.00 for $1.99 e-book purchases. Apple believes that each book must be analyzed individually and therefore objects to these premature and inaccurate damage calculations.

## GIBSON DUNN

The Honorable Denise L. Cote
April 1, 2014
Page 2

Apple also believes that the short-form notice must be revised to include the names of the Settling Publishers. The short-form notice indicates that a consumer is included in the cases if he or she purchased an "E-book from April 1, 2010 through May 21, 2012 published by the Settling Publishers." Unless, the Settling Publishers are identified, there is no way to tell from the short-form notice whether a person is included in the lawsuits. While the detailed notice provides this information, there is no reason that the short-form notice should not also contain this essential information. Rule 23(c)(2)(B)(ii) states that the class notice should provide the class definition. The Federal Judicial Center's checklist for class action notices provides that even summary notices should endeavor to meet the requirements of Rule 23(c)(2)(B)(ii). Fed. Jud. Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010), p. 5. It is not clear to Apple why Plaintiffs are insisting on not including the Settling Publishers' names in the short-form notice because they initially agreed to add them, but then changed their minds and notified Apple's counsel of this change twenty minutes before this submission was due and without explanation.

These comments and revisions address matters left open by the Court's rulings yesterday. Apple is not waiving any of its objections to the proposed class notices (including those objections previously asserted but rejected by the Court) and preserves all rights to seek a stay of class notice. In addition to its objections regarding the substance of the notice, Apple believes that the pre-trial rulings with respect to Apple's experts were not simply erroneous, but premature and procedurally improper given that, according to the Court itself, they were not necessary for the class certification determination and the class had not been given an opportunity to decide whether to opt out. These rulings present a problem of one-way intervention because consumers now know through the Court's order, before having to decide whether to opt out of the class, that Apple's experts will be unable to provide the vast majority of their opinions in connection with Plaintiffs' summary judgment motion and at trial, but Plaintiffs' expert's testimony will not be limited.

Apple looks forward to discussing these issues with the Court at its convenience.

Respectfully submitted,

*Daniel G. Swanson*

Daniel G. Swanson
Attachment