```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :    11 MD 2293 (DLC)
IN RE: ELECTRONIC BOOKS ANTITRUST        :
LITIGATION                               :    Related to all
                                         :       matters
---------------------------------------- X
                                         :
THE STATE OF TEXAS, et al.,              :    12 Civ. 3394 (DLC)
                                         :
                          Plaintiffs,    :
                 -v-                     :       ORDER
                                         :
PENGUIN GROUP (USA) INC., et al.,        :
                                         :
                          Defendants.    :
                                         :
---------------------------------------- X
```



APPEARANCES:

For class plaintiffs:

Steve W. Berman
George W. Sampson
1918 Eighth Ave., Ste. 3300
Seattle, WA 98101

Jeff D. Friedman
Shana Scarlett
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave., Ste. 202
Berkeley, CA 94710

Kit A. Pierson
Jeffrey Dubner
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave., N.W.
South Tower, Ste. 500
Washington, D.C. 20005

Douglas Richards
Cohen Milstein Sellers & Toll PLLC
88 Pine St., 14th Fl.
New York, NY 10005

For plaintiff States:

For State of Texas, Liaison Counsel for Plaintiff States

Eric Lipman
Gabriel Gervey
David Ashton
Kayna Stavast-Piper
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711

For State of Connecticut, Liaison Counsel for Plaintiff States:

W. Joseph Nielsen
Gary M. Becker
Office of the Attorney General of Connecticut
55 Elm St.
Hartford, CT 06106

For State of New York, Liaison Counsel for Plaintiff States:

Robert L. Hubbard
Office of the Attorney General of New York
120 Broadway, 26th Fl.
New York, NY 10271

For defendant Apple Inc.:

Theodore J. Boutrous, Jr.
Daniel G. Swanson
Gibson, Dunn & Crutcher LLP
333 South Grand Ave.
Los Angeles, CA 90071

Cynthia Richman
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036


DENISE COTE, District Judge:

    This Order concerns two of four related antitrust actions alleging that Apple Inc. ("Apple") and five book publishing

companies (the "Publisher Defendants") conspired to raise and fix e-book prices in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 ("Sherman Act"). The above-captioned two actions allege price-fixing on behalf of thirty-three states and U.S. territories, as well as a class of persons in non-litigation states and territories who purchased an e-book from one of the Publisher Defendants during the class period. State of Texas v. Penguin Grp. (USA) Inc., 12 Civ. 3394 (DLC) (S.D.N.Y.) ("States' Action"); In re: Electronic Books Antitrust Litigation, 11 MD 2293 (DLC) (S.D.N.Y.) ("Class Action"). The United States Department of Justice ("DOJ") brought a related action. United States v. Apple Inc., 12 Civ. 2826 (DLC) (S.D.N.Y.) ("DOJ Action"). After a jointly conducted trial on liability in the DOJ Action and the States' Action in June of 2013, it was determined that Apple violated the Sherman Act.

A joint damages trial is scheduled in the States' and Class Actions for July 14, 2014. This trial has already been delayed from May 2014, to allow adequate time for class notice and certain pre-trial filings. And class certification occurred at this late date at the parties' -- and, in particular, Apple's -- own election. At a lengthy conference held on October 26, 2012 addressed to pre-trial scheduling and discovery matters in the DOJ, States' and Class Actions, the Court inquired why Apple wished to delay class certification motion practice until after

3

the liability trial.  Apple stated that "[w]e think it makes sense to have [class certification] handled after [the liability trial]."  Accordingly, the Court agreed to postpone class certification until after the liability trial.

On March 28, 2014, class certification was granted.  <u>In re: Electronic Books Antitrust Litig.</u>, 11 MD 2293 (DLC), 2014 WL 1282293 (S.D.N.Y. Mar. 28, 2014).  The form of notice was approved on April 1 and the notice plan itself was approved on April 2.  The automated process for disseminating notice may not be halted after April 28.

Apple petitioned the Court of Appeals for interlocutory review of the class certification decision on April 11 (the "Rule 23(f) Petition").  A week earlier, Apple moved this Court for a stay of the Class and States' Actions pending Apple's submission and the Court of Appeals's review of the Rule 23(f) Petition, as well as for a stay pending Apple's appeal from the Opinion finding Apple liable.  Apple also moved for an administrative stay pending this Court's decision on its stay motion.  The parties agreed upon a briefing schedule for the stay motion, which was fully submitted on April 15.

By letter of April 22, Apple requests a ruling on its stay motion by close of business today, or, in the alternative, a grant of Apple's request for an administrative stay.  Also on April 22, Class Plaintiffs advised that any stay, including an

administrative stay, of these proceedings will "almost assuredly delay the July 14 trial." They oppose a stay. Today, the Attorney General of the State of Texas, writing on behalf of the States, opposes any stay. The Attorney General notes that, "[d]espite Apple's repeated characterization of the notice as 'class notice,' the notice approved by the Court is also addressed to consumers in the Plaintiff States, who are . . . represented by the States in their parens patriae capacity." Because "these consumers are statutorily entitled to notice of this litigation," he writes that notice to those in the States "will proceed regardless of the outcome of Apple's Rule 23(f) petition in the Court of Appeals."

For reasons set out in an Opinion to follow, the Court denies Apple's motion for stay pending appeal and denies Apple's request for an administrative stay.

SO ORDERED:

Dated:   New York, New York
         April 23, 2014

_____
DENISE COTE
United States District Judge

5