

## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

June 2, 2014

The Honorable Denise Cote                                  Via ECF
United States District Judge, Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

    Re: *Texas, et al. v. Penguin Group (USA) Inc., et al.*, No. 12-cv-3394 (DLC); *In re: Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC)

Dear Judge Cote:

Pursuant to the Court's May 29 Order, the parties have conferred regarding an appropriate schedule for these actions in light of the Second Circuit's denial of Apple's motions for a stay pending appeal and for interlocutory review of the Court's class certification order.

Because of the need to disseminate notice to eligible consumers and allow for an opt-out period, all parties agree that the current schedule, as set forth in the Court's April 14 Scheduling Order, is no longer feasible. Based on discussions with the notice administrator, Plaintiff States and Class Plaintiffs (collectively, "Plaintiffs") believe that notice can be disseminated on June 16. If notice goes out on that date, the 45-day opt-out period would expire on July 31.

With this information in mind, Plaintiffs propose the following schedule, subject to the Court's availability:

- Plaintiffs to disseminate notice of litigation to eligible consumers by: June 16, 2014
- Parties to exchange witness lists, exhibit lists, deposition designations and proposed stipulations by: June 24, 2014
- Opt-out period for eligible consumers ends: July 31, 2014
- Joint Pretrial Order ("JPTO") and associated documents to be filed/submitted: August 1, 2014
- Responsive papers to August 1 filings due: August 8, 2014
- Replies to August 8 responses due: August 12, 2014
- Final Pretrial Conference: August 20, 2014
- Trial to begin: August 25, 2014

Plaintiffs believe this schedule provides for a trial date as soon as practicable in light of the need to accommodate the opt-out period and remaining pretrial proceedings. Apple's counsel has indicated that Apple is in "substantial agreement" with Plaintiffs' proposal, including the trial date. Apple opposes the proposed date for initial exchange among the parties of witness lists, exhibit lists, deposition designations, and stipulations. Plaintiffs have proposed that this exchange take place on June 24, while

Apple has proposed July 11. In connection with the parties' scheduling submissions preceding the Court's April 14 Scheduling Order, Plaintiffs proposed a two week window between these disclosures and the filing of the JPTO, while Apple proposed one week. See ECF No. 486.

Since that time, however, Apple's counsel, Mr. Boutrous, revealed – during oral argument at the Second Circuit on Apple's motions to stay and for interlocutory appeal – that Apple anticipates the damages trial will last "a couple weeks." Considering the narrow issues remaining to be tried, Plaintiffs believe a trial limited to the presentation of relevant and admissible evidence should last no longer than 2-3 days. Apple's counsel, however, has informed Plaintiffs that it cannot commit to a trial of that length, especially in advance of the Court's ruling on the Class Plaintiffs' motion for summary judgment and the collateral estoppel effect on Class Plaintiffs' claims of the liability findings in the States' and United States' cases.

Plaintiffs believe that early exchange of witness and exhibit lists, deposition designations, and proposed stipulations will allow the parties sufficient time to meet and confer, and to present to the Court, through motions *in limine* or otherwise, disputes about the proper scope of the evidence to be presented to the jury at the damages trial. Apple has indicated that it will submit a letter to the Court elaborating on its position.

Plaintiffs' proposal is motivated by the desire to minimize further delay and disruption, and have the issue of damages resolved by a jury as soon as possible. We respectfully request that the Court enter an Order establishing a schedule for remaining pretrial proceedings and trial as set forth above.

Respectfully,

Eric Lipman
Assistant Attorney General
Antitrust Section
(512) 463-1579
(512) 320-0975 (fax)
eric.lipman@texasattorneygeneral.gov