# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Daniel G. Swanson
Direct: +1 213.229.7430
Fax: +1 213.229.6430
DSwanson@gibsondunn.com

June 2, 2014

<u>VIA ECF FILING</u>

The Honorable Denise Cote
United States District Judge
United States District Court for the Southern District of New York

Re:   *In re Electronic Books Antitrust Litigation*, 11-md-2293 (DLC);
      *State of Texas v. Penguin Group (USA) Inc.*, 12-cv-3394 (DLC)

Dear Judge Cote:

      Pursuant to the Court's May 29 order (11-md-2293, Dkt. 630), Apple has conferred with the Plaintiffs and agrees with Plaintiffs' proposed modifications to the April 14 scheduling order (Dkt. 612) with one exception: Apple believes that it is appropriate for the parties to exchange witness lists, exhibit lists, deposition designations, and proposed stipulations on July 11th, rather than on June 24th, as Plaintiffs propose.

      The current schedule anticipates two weeks between this exchange and the filing of the JPTO (twice as long as the comparable period in advance of the first trial). Plaintiffs' proposal expands this period to almost six weeks, which Apple believes is unnecessarily protracted. Apple's suggested exchange date of July 11th is reasonable and provides the parties with three weeks to prepare the JPTO after the parties have made the required disclosures. Plaintiffs have suggested that they would agree to a July 11 exchange date if Apple limits its case to 1-2 days but Apple cannot make such a commitment, particularly given that the Court has not ruled on the scope of collateral estoppel, Plaintiffs' pending motion for summary judgment, or Apple's pending motion for reconsideration.

      Apple further notes that in their earlier discussions with the Court regarding scheduling Plaintiffs stated that "it would significantly assist in preparing the JPTO, as well as the trial presentation, to have the Court's summary judgment ruling sometime in advance of these two events"—a position with which Apple agrees. Dkt. 582 at 2, Ltr. from S. Berman to J. Cote (Mar. 19, 2014). For example, "[i]n the absence of ruling on . . . the summary judgment motion, the parties will likely have to include in the JPTO certain contingent or alternative information regarding the claims remaining to be tried, witnesses, exhibits, and the anticipated length of trial." *Id*. Plaintiffs represented earlier today that they intend to disseminate notice no later than June 16. Assuming that notice is not distributed until June 16, the 45-day opt-out period will expire on July 31, after which time the Court

**GIBSON DUNN**

The Honorable Denise Cote
June 2, 2014
Page 2

could issue its summary judgment decision. Although Plaintiffs' proposal provides that the JPTO would be due the following day, August 1, Apple suggests that, depending on the actual date notice is disseminated, the Court may need to briefly extend the deadline for submission of the JPTO (and the subsequent briefing) in order to allow the Court to rule on summary judgment prior to the parties' submission of the JPTO.

Apple is available to discuss these matters at the Court's convenience.

Sincerely,

*Daniel Swanson /ctf*

Daniel G. Swanson