```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------  X
                                          :    11 MD 2293 (DLC)
IN RE: ELECTRONIC BOOKS ANTITRUST         :
LITIGATION                                :    Related to all
                                          :       matters
----------------------------------------  X
                                          :
THE STATE OF TEXAS, et al.,               :    12 Civ. 3394 (DLC)
                                          :
                    Plaintiffs,           :
           -v-                            :    SCHEDULING ORDER
                                          :
PENGUIN GROUP (USA) INC., et al.,         :
                                          :
                    Defendants.           :
                                          :
----------------------------------------  X
```

DENISE COTE, District Judge:

On June 2, plaintiffs and defendant Apple Inc. ("Apple") in the above-captioned actions filed proposed revisions to the current schedule in light of the administrative stay entered by the Court of Appeals that ran from April 25 to May 29. The parties have proposed a trial date of August 25, 2014, and largely agreed on other revisions, with the exception of the date the parties will exchange witness lists, deposition designations, and proposed stipulations. Plaintiffs propose June 24; Apple, July 11. Under the current schedule, the parties are to exchange these documents on June 6. It is hereby

ORDERED that plaintiffs shall disseminate notice of litigation to consumers as expeditiously as possible.

IT IS FURTHER ORDERED that the parties shall exchange witness lists, exhibit lists, deposition designations, and stipulations on **June 24, 2014**.  The parties shall consult with each other about whether the parties should exchange two sets of these documents, one that assumes class plaintiffs' motion for summary judgment is denied and a second that assumes it is granted except as to the amount of damages.

IT IS FURTHER ORDERED that the opt-out period for eligible consumers shall end on **July 31**.

IT IS FURTHER ORDERED that the Joint Pretrial Order shall be filed by **August 1**.  As described in greater detail in this Court's Individual Practices in Civil Cases, the following documents must be filed with the Pretrial Order: motions addressing any evidentiary issues or other matters which should be resolved in limine, a pretrial memorandum of law addressing all questions of law expected to arise at trial, requests to charge, and proposed voir dire questions.  Any responsive papers are due on **August 8**.  Any replies shall be no longer than five pages and are to be filed by **August 12**.

IT IS FURTHER ORDERED that the final pretrial conference shall be held on **August 20, 2014** at **10 a.m.** in Courtroom 15B.

IT IS FURTHER ORDERED that the trial will begin at **9:30 a.m.** on **August 25, 2014**.

IT IS FURTHER ORDERED that the following procedures shall govern the conduct of the trial:

1. All exhibits must be pre-marked.

2. At the start of the trial each party will present the Court with the following documents:

    (a) Three copies of a complete exhibit list.

    (b) A set of pre-marked exhibits assembled sequentially i) in a looseleaf binder, or ii) in separate manila folders labelled with the exhibit numbers and placed in a suitable container or box for ready reference.

    (c) The exhibits should include copies of the sections of any depositions that are intended to be offered into evidence and any charts or summaries of evidence.

3. Counsel should be available every day at 9:00 a.m. (except for the first day of trial) in order to discuss with the Court any legal or evidentiary issues expected to arise during the day.

4. Testimony will generally be taken between 9:30 and 5:00 from Monday through Thursday. There will be a mid-morning, a mid-afternoon and a lunch break from 12:45 p.m. to 2 p.m.

5. There should be no sidebars during jury trials. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court in advance of the time that the jury will be hearing the evidence.

6. If counsel intend to distribute copies of documentary exhibits to the jury, make a separate copy for each juror.

7. Counsel should make certain that they have custody of all original exhibits. The Court does not retain them and the Clerk is not responsible for them.

Dated:   New York, New York
         June 3, 2014

_____
DENISE COTE
United States District Judge