*RE ELECTRONIC BOOKS ANTITRUST LITIGATION, Case No. 11-md-02293*
and
*Texas, et al. v. Penguin Group, et. al, Case No. 12-cv-03394*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF APPLE SETTLEMENT AGREEMENT**

# EXHIBIT C

# PROPOSED ORDER PRELIMINARILY APPROVING APPLE SETTLEMENT

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

This Document Relates to:

| | |
|---|---|
| **IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION** | No. 11-md-02293 (DLC)<br>ECF Case<br><br>**CLASS ACTION** |
| **THE STATE OF TEXAS, et al.,**<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>**PENGUIN GROUP (USA) INC., et al.,**<br><br>　　　Defendants | Civil Action<br>No. 12-cv-03394 |

## [PROPOSED] ORDER PRELIMINARILY APPROVING APPLE SETTLEMENT

Plaintiff States[1] and Settlement Class ("Plaintiffs") and Apple Inc. ("Apple") entered into a Settlement Agreement dated July 10, 2014 ("Apple Settlement Agreement"). This Apple Settlement Agreement has been presented to the Court for Preliminary Approval pursuant to Sections 4, 4C, 15 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 15c, 25 and 26. Upon review and consideration of the Apple Settlement Agreement, Plaintiffs' Motion and Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Settlements, and the attachments thereto, all of which have been filed with the Court, and for good cause appearing therein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## I.   GENERAL FINDINGS

1. The Court has jurisdiction over this action and each of the Parties.

2. The Court, for purposes of this Order, adopts the definitions set forth in the Apple Settlement Agreement.

3. The Court, for purposes of this Order, finds that the Attorneys General are representatives of natural persons in Plaintiff States and have authority to settle and release the Claims of the natural persons who are Eligible Consumers in Plaintiff States.

4. The Court, for purposes of this Order, conditionally certifies the following class pending final approval of the Apple Settlement Agreement, and finds that it meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure:

---

[1] "Plaintiff States" means the following States, Commonwealths and Territories of the United States, by and through their Attorneys General, in their sovereign capacity and as parens patriae on behalf of Consumers in such Plaintiff States: Alabama, Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Missouri, Nebraska, New Mexico, New York, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, West Virginia, and Wisconsin.

> All persons in the Non-Litigating Jurisdictions who purchased eBooks between April 1, 2010 and May 21, 2012, published by Hachette Book Group, Inc. ("Hachette"), HarperCollins Publishers L.L.C. ("HarperCollins"), Holtzbrinck Publishers, LLC d/b/a Macmillan ("Macmillan"), Penguin Group (USA) Inc. ("Penguin"), or Simon & Schuster, Inc. ("Simon & Schuster") directly from that publisher (including any of its imprints) after the adoption of the agency model by that publisher. The "Non-Litigating Jurisdictions" are American Samoa, California, Florida, Georgia, Guam, Hawaii, Kentucky, Maine, Minnesota, Mississippi, Montana, Nevada, New Hampshire, New Jersey, North Carolina, Northern Mariana Islands, Oklahoma, Oregon, Rhode Island, South Carolina, U.S. Virgin Islands, Washington, and Wyoming. Excluded from the Class are Defendants, their employees, co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries of affiliated companies, as well as the Honorable Denise L. Cote and persons described in 28 U.S.C. § 455(b)(4)-(5).

5. The Court, for purposes relating to the Apple Settlement Agreement, confirms the Attorneys General of the States of Texas, Connecticut and Ohio as Liaison Counsel for Plaintiff States.

6. The Court designates Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC as Counsel for the Settlement Class.

7. The Court designates Anthony Petru, Thomas Friedman, and Shane S. Davis as the Class Plaintiffs.

8. The Court confirms the appointment of Fifth Third Bank as Escrow Agent, and Kinsella Communications and Rust Consulting as the Notice and Claims Administrators for purposes of the implementation of the Apple Settlement Agreement.

## II. PRELIMINARY APPROVAL OF SETTLEMENT

9. The Court finds that the Apple Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations, have no obvious deficiencies, and fall within the range of possible approval.

10. The Court finds that the settlement encompassed by the Apple Settlement Agreement is entitled to preliminary approval.

11. The Court finds the Apple Settlement Agreement satisfies the requirements of 15 U.S.C. 15, 15c and due process.

12. The terms of the Apple Settlement Agreement are hereby preliminarily approved.

### III. NOTICE OF SETTLEMENT

13. The Parties have requested that notice to Eligible Consumers be deferred until after the Final Liability Decision has been issued. The Court finds that delaying notice of this settlement is within the discretion of this Court and finds that Eligible Consumers will be best informed if notice is deferred. The Court approves the Parties' request.

14. Accordingly, this Court orders that within thirty (30) days of the Final Liability Decision, Plaintiffs shall submit to this Court:

   a) A proposed notice plan;

   b) Proposed forms of notice;

   c) A distribution plan for settlement monies which shall address both: (1) the distribution of the settlement funds to be paid by Apple, if any, to consumers; and (2) distribution of any remaining settlement funds paid by the Publisher Defendants (Hachette, HarperCollins, Macmillan, Penguin and Simon & Schuster) to consumers which were unable to be paid to consumers in the initial distribution; and

   d) A proposed schedule for all events up to and including the fairness hearing.

## IV.  REQUESTS FOR EXCLUSION

15.  All Eligible Consumers who submit valid and timely requests for exclusion from the Apple Settlement during the Notice Period pursuant to, and complying with, instructions contained in the Notice, shall not have any rights under the Apple Settlement Agreement and shall not be bound by the Apple Settlement Agreement or the final judgment as it relates to the Apple Settlement.

16.  All eligible Consumers who do not submit valid and timely requests for exclusion from the Apple Settlement during the Notice Period pursuant to, and complying with, instructions contained in the Notice shall be bound by the Apple Settlement and by the final judgment, in the event that the Apple Settlement Agreement is finally approved by the Court.

## V.  CONFIDENTIALITY

17.  No information received by the Notice and Claims Administrator in connection with the Apple Settlement that pertains to a particular Eligible Consumer, other than information contained in a request for exclusion or in an objection, shall be disclosed to any person or entity other than as directed by the Court.

## VI.  OTHER PROVISIONS

18.  The Apple Settlement Agreement, subject to this Court's final approval, fully and finally compromise, settle and resolve Plaintiffs' Claims subject to the terms and conditions set forth in the Apple Settlement Agreement.

19.  If the Apple Settlement Agreement is terminated or otherwise does not become effective in accordance with the provisions of the Apple Settlement Agreement, the Apple Settlement and all proceedings had in connection therewith shall be null and void, except insofar

as expressly provided to the contrary in the Apple Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs and Apple.

20. Neither this Order nor the Apple Settlement Agreement shall constitute any evidence or admission of liability by Apple nor shall it be offered in evidence in this or any other proceeding except to consummate or enforce the Apple Settlement Agreement or the terms of this Order, or by Apple in connection with any action asserting claims that are released by the terms of the Apple Settlement Agreement.

**SO ORDERED.**

DATED: _____, 2014

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT COURT JUDGE