*RE ELECTRONIC BOOKS ANTITRUST LITIGATION, Case No. 11-md-02293*
and
*Texas, et al. v. Penguin Group, et al., Case No. 12-cv-03394*

# EXHIBIT B

# PROPOSED AMENDED DETAILED NOTICE

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If You Bought an E-book
## You Could Get a Payment from a Settlement with Apple

- A Settlement ("Apple Settlement") has been reached with Apple Inc. ("Apple") in two antitrust lawsuits filed by State Attorneys General in 33 jurisdictions and by private attorneys on behalf of individual consumers in 23 other jurisdictions ("Class Plaintiffs") about the price of electronic books ("E-books").

- A Court has found that there was a conspiracy among five top U.S. publishers (Hachette, HarperCollins, Macmillan, Penguin and Simon & Schuster) and Apple to fix and raise the retail prices of E-books.

- The five publishers ("Settling Publishers") previously settled these claims resulting in payments to consumers ("Prior Settlements").

- A trial in the Attorney General lawsuit against Apple was held in June 2013. The Court decided Apple violated antitrust laws. Apple denies that it did anything wrong and is appealing the Court's decision. Apple's appeal is currently pending before the Second Circuit.

- If you purchased one or more E-books from April 1, 2010 through May 21, 2012 that were published by any of the Settling Publishers, you may receive payment from the Apple Settlement. (*See* Question 5.)

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

- Hablas espanol? Para una notificación en Español, llamar o visitar nuestro website: www.EbookLawsuits.com

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **DO NOTHING UNLESS YOUR CONTACT INFORMATION CHANGES** | If you received a credit or check from the Prior Settlements, you do not need to do anything to get payment in the Apple Settlement, unless you change your contact information. (*See* Question 17.) You will automatically receive a payment if Apple's appeal is unsuccessful in whole or in part. |
| **FILE A CLAIM** | If you did not receive a credit or a check in the Prior Settlements, you may have to file a claim or take other action to receive any payment from the Apple Settlement. (*See* Questions 14 and 15.) |
| **OBJECT** | Write to the Court if you do not like the Apple Settlement. (*See* Question 21.) |
| **GO TO THE HEARING** | Ask to speak in Court about your opinions. (*See* Question 23.) |
| **EXCLUDE YOURSELF** | You can exclude yourself from the Apple Settlement. If you do that, you will receive no payment, if Apple is required to make one. But you keep any rights to sue Apple on your own based on the same legal claims made in the Lawsuits. (*See* Question 17.) |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of these cases has preliminarily approved the Apple Settlement but still has to decide whether to finally approve the Apple Settlement. If the Court gives final approval to the Settlement, there may be consumer payments depending on the final outcome of the pending appeal. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**      Page 3
1. What are these lawsuits about?
2. Who brought these lawsuits?
3. Why is there an Apple Settlement?
4. Who are the Settling Publishers?

**WHO IS INCLUDED IN THE APPLE SETTLEMENT?**      Page 4
5. How do I know if I am part of the Apple Settlement?
6. How can I tell if my E-book purchases are included in the Apple Settlement?
7. What if I'm still not sure if the Apple Settlement includes my E-book purchase(s)?
8. What is a qualifying E-book?
9. What is an imprint?
10. Who is an Eligible Consumer in the AG Lawsuit?
11. Who is an Eligible Consumer in the Private Lawsuit?

**THE SETTLEMENT'S BENEFITS**      Page 6
12. What does the Apple Settlement provide?
13. How much will my payment be?
14. What do I have to do to get my payment?
15. Do I have to file a Claim Form or Check Request if I submitted one as part of the Prior Settlements?
16. When will I get a payment?
17. What should I do if my contact information changes?

**EXCLUDING YOURSELF FROM THE APPLE SETTLEMENT**      Page 9
18. How do I exclude myself from the Apple Settlement?
19. If I exclude myself from the Apple Settlement, can I still get benefits from the Settlement?
20. If I exclude myself from the Apple Settlement, can I sue Apple separately?

**OBJECTING TO THE SETTLEMENT**      Page 10
21. How do I object?
22. What's the difference between objecting and excluding myself?

**THE COURT'S FINAL APPROVAL HEARING**      Page 10
23. When and where will the Court decide whether to approve the Apple Settlement?
24. Do I have to come to the hearing?
25. May I speak at the hearing?

**IF YOU DO NOTHING**      Page 12
26. What happens if I do nothing at all?

**ADDITIONAL INFORMATION**      Page 12
27. How do I get more information?
28. What happens to any funds remaining after the distribution to Eligible Consumers?

## BASIC INFORMATION

### 1. What are these lawsuits about?

Antitrust lawsuits were filed by Class Plaintiffs and 33 Attorneys General ("Plaintiffs"). These lawsuits claim there was a conspiracy involving Apple and the Settling Publishers to fix and raise retail prices of E-books. The cases are known as *In re Electronic Books Antitrust Litigation*, No. 11-md-02293 and *The State of Texas, et al., v. Penguin Group (USA) Inc., et al.*, No. 12-Civ-03394. These lawsuits were brought on behalf of consumers who purchased one or more qualifying E-books published by the Settling Publishers from April 1, 2010 through May 21, 2012 ("Eligible Consumers"). Apple denies that it did anything wrong.

The five Settling Publishers settled these claims before trial, resulting in $166 million in payments being made available to consumers (*see* Question 4).

A trial in the Attorney General lawsuit against Apple was held in June 2013. The District Court found Apple liable for violating antitrust laws, and set a date for a second trial to determine the amount of damages, if any, Apple should pay (the "damages trial"). Apple denies that it did anything wrong and is appealing the Court's finding of liability.

Apple, the Attorneys General and Class Plaintiffs have agreed to settle these lawsuits, subject to the final outcome of Apple's appeal.

### 2. Who brought these lawsuits?

One lawsuit was brought by the Attorneys General of 33 jurisdictions listed below (*see* Question 10) against Apple and the Settling Publishers on behalf of the Eligible Consumers who lived in their jurisdictions at the time of their E-book purchases from April 1, 2010 through May 21, 2012 ("AG Lawsuit"). The Attorneys General brought the lawsuit based on their authority to bring lawsuits on behalf of their citizens.

The other lawsuit is a consolidated class action against Apple and the Settling Publishers on behalf of Eligible Consumers who lived in 19 other states and four other U.S. territories (*see* Question 8) at the time of their E-book purchases from April 1, 2010 through May 21, 2012 ("Private Lawsuit"). In a class action, one or more people called class representatives sue on behalf of people who have similar claims. The Class Representatives are Anthony Petru, Thomas Friedman, and Shane S. Davis.

### 3. Why is there an Apple Settlement?

The Attorneys General and Class Plaintiffs who brought the lawsuits think the Apple Settlement is best for everyone who is affected, as it eliminates the risks and uncertainty of the amount of money, if any, a jury would award in a damages trial. It also avoids risks from the legal arguments Apple could make on appeal from a damages trial, which could negatively affect the amount of money consumers would get.

Under the Apple Settlement, the amount paid to consumers will be decided based on the outcome of Apple's current appeal of the finding that Apple violated the antitrust laws. Plaintiffs believe this

benefits consumers because it eliminates the litigation risks and the delay that would occur if Apple were to also appeal from the results of a damages trial. This could speed up the payment to Eligible Consumers by several years.

- Apple will pay consumers $400 million if Apple loses its appeal of the finding that it violated antitrust laws, resulting in a total of $566 million recovered from all defendants. This equals about 200% of the maximum damages Plaintiffs' expert had determined consumers suffered.
- Apple will pay consumers $50 million if the appeals court sends the case back for reconsideration or a new trial, which could affect the Court's liability finding and the amount of maximum damages that could be awarded. If Apple pays $50 million, the total recovery from all settlements would be $216 million which equals about 77% of the maximum damages Plaintiffs' expert had determined consumers suffered.
- Finally, if Apple wins a complete dismissal on appeal, Eligible Consumers will receive no payment under the Apple Settlement.

Apple denies that it did anything wrong and denies that its conduct harmed consumers but has agreed to the Settlement to avoid the time, expense, and uncertainty associated with further litigation in the District Court.

| 4. Who are the Settling Publishers? |
|---|

The Settling Publishers include the following companies:

      a) Hachette Book Group, Inc.,
      b) HarperCollins Publishers L.L.C.,
      c) Holtzbrinck Publishers, LLC known as Macmillan,
      d) Penguin Group (USA) Inc., and
      e) Simon & Schuster, Inc. & Simon &Schuster Digital Sales, Inc.

## WHO IS INCLUDED IN THE APPLE SETTLEMENT?

| 5. How do I know if I am part of the Apple Settlement? |
|---|

You are included in the Apple Settlement if:

1. You purchased a qualifying E-book that was published by one of the five Publishers (all of the Publishers publish books under many different names, called imprints, (*See* Question 9), **and**
2. Your purchase was made from April 1, 2010 through May 21, 2012, **and**
3. You were a resident of a) a U.S. state or commonwealth, b) the District of Columbia, or c) one of the five U.S. Territories at the time of purchase. The billing address of the credit card you used to buy the included E-book(s) will be used to determine your residency.

The following people or entities are not included in the Apple Settlement:

1. Residents of countries other than the United States and its territories and commonwealths are not included in the Apple Settlement.

2. Only individuals are included. Business, governments, libraries, non-profits, and other entities are not included.

3. People who obtained rental E-books, free E-books, and E-books received as gifts are not included. (Only purchasers are included in the Apple Settlement. If you received an E-book as a gift, you are not included. The person who purchased it for you may be included.)

**6.  How can I tell if my E-book purchases are included in the Apple Settlement?**

If you received a notice by email or postcard, you purchased at least one qualifying E-book and are included in the Apple Settlement. Your qualifying E-book purchases will be determined based on the records of the retailer(s) through which you bought your E-book(s). (*See* Question 14 for how to get a payment.)

If you did not receive a notice, but think you may be included, you can research your purchases and the publishers of those E-books to determine whether you should file a Claim Form. More information on how to do so is available at www.EbookLawsuits.com.

**7.  What if I'm still not sure the Apple Settlement includes my E-book purchase(s)?**

If you are still unsure if the Apple Settlement includes your E-book purchase(s), please visit www.EbookLawsuits.com, email info@EbookLawsuits.com, or call 1-866-686-9333.

**8.  What is a qualifying E-book?**

In the Apple Settlement, a qualifying E-book is an electronically formatted book designed to be read on a computer, a handheld device (including an e-reader or tablet), or other electronic device capable of visually displaying books. In this Settlement, audio books, "apps" sold through the app store, and textbooks are not considered to be E-books and do not qualify for a distribution. Qualifying E-books include all E-books sold under agency contracts by any of the Settling Publishers during the period from April 1, 2010 through May 21, 2012.

**9.  What is an imprint?**

Many of the Settling Publishers have imprints or divisions within their companies that publish E-books that are included in the Apple Settlement. For example, Simon & Schuster has the imprint Wall Street Journal Books. So if you purchased one or more E-books from April 1, 2010 through May 21, 2012 that were published by any of the Publishers (including their divisions), you may be eligible for a payment or account credit. For a full list of all Publishers and their imprints, and instructions on how to determine which E-books you have purchased and which company published a particular E-book, please visit www.EbookLawsuits.com.

**10. Who is an Eligible Consumer in the AG Lawsuit?**

You are included in the AG Lawsuit if, at the time of your qualifying E-book purchases, you lived in any of the following jurisdictions:

- District of Columbia
- Puerto Rico
- Indiana
- Iowa
- North Dakota
- Ohio

- Alabama
- Alaska
- Arizona
- Arkansas
- Colorado
- Connecticut
- Delaware
- Idaho
- Illinois
- Kansas
- Louisiana
- Maryland
- Massachusetts
- Michigan
- Missouri
- Nebraska
- New Mexico
- New York
- Pennsylvania
- South Dakota
- Tennessee
- Texas
- Utah
- Vermont
- Virginia
- West Virginia
- Wisconsin

It is possible to be an Eligible Consumer in both the AG Lawsuit and the Private Lawsuit if you moved residences.

**11. Who is an Eligible Consumer in the Private Lawsuit?**

You are included in the Private Lawsuit if, at the time of your qualifying E-book purchases, you lived in the following jurisdictions:

- American Samoa
- California
- Florida
- Georgia
- Guam
- Hawaii
- Kentucky
- Maine
- Minnesota
- Mississippi
- Montana
- Nevada
- New Hampshire
- New Jersey
- North Carolina
- Northern Mariana Islands
- Oklahoma
- Oregon
- Rhode Island
- South Carolina
- U.S. Virgin Islands
- Washington
- Wyoming

It is possible to be an Eligible Consumer in both the AG Lawsuit and the Private Lawsuit if you moved residences.

## THE SETTLEMENT'S BENEFITS

**12. What does the Apple Settlement provide?**

The Apple Settlement, if approved, provides for three possible outcomes, depending on what happens in Apple's appeal of the Court's July 10, 2013 decision that Apple violated the antitrust laws ("Liability Finding").

- First, if the Liability Finding is upheld on appeal, Apple will pay $400 million to Eligible Consumers.
- Second, if the Liability Finding is sent back to the District Court for a new trial or for reconsideration of whether Apple violated the antitrust laws, Apple will pay $50 million to Eligible Consumers.
- Third, if the Liability Finding is reversed and the case dismissed, Apple will make no payments to Eligible Consumers.

| Payments from Settlement | | | | |
|---|---|---|---|---|
| *Possible Appeal Outcomes* | *Possible Payment From Apple* | *Total Amount Paid by All Defendants* | *Percentage of Single Damages* | *Percentage of Treble Damages* |
| If the Liability Finding is upheld on appeal | $400 million | $566 million | 200% | 67% |
| If the Liability Finding is sent back to the District Court for a new trial or for reconsideration of whether Apple violated the antitrust laws | $50 million | $216 million | 77% | 25% |
| If the Liability Finding is reversed and the case dismissed | No Payment | | | |

Plaintiffs' experts estimated that the maximum amount of damages caused by the entire conspiracy is $280 million. If there were no Settlement, a jury at the damages trial could decide that consumers had been harmed this amount or something less than this amount, depending on the evidence that was presented. This amount would be the "single damages" of the case. Under the antitrust laws, the Court would triple whatever amount of damages the jury decided and that would be the amount that would be paid by all defendants. This amount is known as "treble damages." In this case, if there was no Settlement and the jury decided that consumers had been damaged the maximum amount, Apple would have to pay $674 million. ($280 million x 3 minus the amount the other defendants have already paid, which is $166 million).

| Possible Damages from Trial | | |
|---|---|---|
| Single Damages | $280 million | Plaintiffs' experts estimated maximum amount of damages caused by the entire conspiracy. |
| Treble Damages | $840 million | Single damages multiplied by three, and what the Court could award consumers if the case goes to trial. |
| Damages Apple would pay | $674 million | This is Treble Damages minus the $166 million already paid by other defendants. |

Under the Apple Settlement, the possible $400 million payment from Apple, when combined with the $166 million already paid under the Prior Settlements, will provide consumers a total of $566 million in compensation. This amount is slightly more than 200% of the maximum single damages estimated by Plaintiffs' experts and is 67% of the maximum treble damages.

If the Liability Finding is sent back to the District Court for a new trial or for reconsideration of whether Apple violated the antitrust laws, Apple will pay $50 million to Eligible Consumers. This payment, when combined with monies already received from Prior Settlements would provide Eligible Consumers with slightly more than 77% of maximum single damages and approximately 25% of treble damages.

The Apple Settlement also provides for payment to Class Counsel for attorneys' fees and expenses and payment to the Attorneys General for attorney fees, expenses and payment for release of enforcement claims. Payments to Plaintiff States and to Class Counsel are also subject to three possible outcomes, depending what happens in the appeal of the Liability Finding.

- First, if the Liability Finding is upheld on appeal, Apple will pay $20 million to Plaintiff States and $30 million to Class Counsel for attorneys' fees and expenses.
- Second, if the Liability Finding is sent back to the District Court for a new trial or for reconsideration of whether Apple violated the antitrust laws, Apple will pay $10 million to Plaintiff States and $10 million to Class Counsel for attorneys' fees and expenses.
- Third, if the Liability finding is reversed and the case is dismissed, Apple will make no payments to Plaintiff States or to Class Counsel. Funds to pay these amounts do not come out of the money that will be used to pay Eligible Consumers.

| Possible Payments to Plaintiff States and Class Counsel | | |
|---|---|---|
| *Possible Appeal Outcomes* | *Payment to Plaintiff States* | *Payment to Class Counsel* |
| If the Liability Finding is upheld on appeal | $20 million | $30 million |
| If the Liability Finding is sent back to the District Court for a new trial or for reconsideration of whether Apple violated the antitrust laws | $10 million | $10 million |
| If the Liability Finding is reversed and the case dismissed | No Payment | No Payment |

**13. How much will my payment be?**

At this time, it is currently unknown whether Apple will be required to pay Eligible Consumers at all and, if so, how much. The amount of any consumer compensation to be paid by Apple will not be known until after the appeal on the Liability Finding is completed and only if the Court grants final approval of the Apple Settlement. Plaintiffs have submitted a plan to divide the Settlement Fund among consumers ("Plan of Distribution"). The Court will determine whether to approve this Plan when considering final approval of the Apple Settlement. If the Court approves the Plan of Distribution, it will be posted on the Settlement Website.

If Apple is required to pay consumer compensation, the amount of your credit or check will be affected by how many qualifying E-books you purchased, how many people have opted out of the Apple Settlement and whether there is any money left from Prior Settlements still to be distributed. If Apple is required to pay Eligible Consumers, there will be two levels of payments, based on categories of E-books. The best estimates of payments for each E-book you purchased are as follows:

1) **If Apple is required to pay $400 million for consumer compensation**:

    - *New York Times* **bestsellers**: Between $6.05 and $6.54 per E-book. These E-books include Adult Fiction, Non-Fiction and Advice titles that were *New York Times* bestsellers at any time during the period from April 1, 2010 to May 21, 2012.

    - **Non- bestsellers:** Between $1.39 and $1.50 per E-book. These E-books include any titles that were not *New York Times* bestsellers; or

**2) If Apple is required to pay $50 million for consumer compensation:**

    - *New York Times* **bestsellers**: Between $0.32 and $0.81 per E-book. These E-books include Adult Fiction, Non-Fiction and Advice titles that were *New York Times* bestsellers at any time during the period from April 1, 2010 to May 21, 2012.

- **Non-bestsellers:** Between $0.07 and $0.19 per E-book.  These E-books include any titles that were not *New York Times* bestsellers.

**14. What do I have to do to get my payment?**

If Apple is required to make a payment to Eligible Consumers, and if the Court approves the Apple Settlement, Eligible Consumers will receive payments sometime after the appeal of the Liability Finding is complete.  What you must do to get a payment depends on the retailer(s) through which you bought qualifying E-books.

**If you received an email notice from a retailer or the Settlement Claims Administrator:**

- E-book purchases through **Amazon, Apple, Barnes & Noble or Kobo:** You will receive a credit in your account automatically, or you may be required to activate the credit using instructions provided by the retailer. You have the option of receiving a check if you do not want to receive an automatic credit in your account.  Customers who submitted a check request in the Prior Settlements do not have to submit another check request in the Apple Settlement.  Customers who were issued a check in the Prior Settlements will automatically receive a check in the Apple Settlement.

- E-book purchases through **Sony**:  You will receive a check automatically.

- E-book purchases through **Google**:
    - If you already filed a valid Claim Form and received a check in the Prior Settlements, you do not need to file a Claim Form in the Apple Settlement.  Your previously filed Claim Form will be included in the Apple Settlement and you will receive a check automatically.
    - If you have not previously filed a Claim Form, you must file a Claim Form, and on the Claim Form you must enter your Settlement ID number from the Google email notice in order to receive a payment.   Your payment amount will be calculated and a check will be mailed to you. You can complete a Claim Form online at www.EbookLawsuits.com. Or, you may complete and mail a hard copy Claim Form. You may download the hard copy Claim Form at www.EbookLawsuits.com or request it by emailing info@EbookLawsuits.com or calling 1-866-686-9333.

**If you did not receive an email notice from a retailer or the Settlement Claims Administrator and you bought qualifying E-books through Amazon, Barnes & Noble, Kobo, Apple, Sony, or Google, please call 1-866-686-9333 or email info@EBookLawsuits.com.**


**If you bought E-books through any other retailer not listed above**:
- If you already filed a valid Claim Form in the Prior Settlements and received a check, you do not need to file a Claim Form for the Apple Settlement.  Your previously filed Claim Form will be included in the Apple Settlement and you will receive a check automatically.
- If you did not file a Claim Form, you must file one detailing your purchases in order to receive a check.  You can complete a Claim Form online at www.EbookLawsuits.com.  Or, you may complete and mail a hard copy Claim Form.  You may download the hard copy Claim Form at www.EbookLawsuits.com or request it by emailing info@EBookLawsuits.com or calling 1-866-686-9333.

Amazon, Barnes & Noble, Kobo, Sony, and Google are providing notice and providing account credits voluntarily for your convenience.  None of these retailers have been sued in this case.

Please remember that no matter who your E-book retailer is, if your home or email address changes before you receive your payment, you should make sure that you update your contact information with your E-book retailers.  (*See* Question 17).

**15. Do I have to file a Claim Form or Check Request if I submitted one as part of the Prior Settlements?**

No, you do not have to file a new Claim Form or Check Request for the Apple Settlement if you already submitted one and received a check or account credit in the Prior Settlements.  Your Claim Form or Check Request will apply to all Settlements.

**16. When will I get a payment?**

If any payments are to be distributed, they will be available only if the Court grants final approval to the Apple Settlement after a hearing on _____ and only after the appeal of the Liability Finding is completed.  We don't know how much time it could take for that to occur or for any additional appeals to be completed.

**17. What should I do if my contact information changes?**

If your home or email address changes before you receive your payment, you should make sure that you update your contact information with your E-book retailers.  For details on how to update your contact information, please call 1-866-686-9333, or visit www.EbookLawsuits.com and click on the link named "Update Your Contact Information."

## EXCLUDING YOURSELF FROM THE APPLE SETTLEMENT

If you don't want money from the Apple Settlement, then you must take steps to get out of the Settlement.  This is called excluding yourself or "opting out."

**18. How do I exclude myself from the Apple Settlement?**

To exclude yourself from the Apple Settlement, you **must** complete an Exclusion Form, which is available at www.EbookLawsuits.com or by calling 1-866-686-9333.  Your exclusion request will only apply to the Apple Settlement.  The deadline to file an Exclusion Form from the Prior Settlements has passed. You must complete, print, sign, and mail the completed Exclusion Form, postmarked no later than _____ to the Settlement Administrator at the following address:

Apple E-Books Antitrust Litigation Exclusions
P.O. Box 1851
Faribault, MN 55021-1899

**19. If I exclude myself from the Apple Settlement, can I still get benefits from the settlement?**

11

No.  You will not get any benefits from the Apple Settlement if you exclude yourself from the settlement.

**20. If I exclude myself from the Apple Settlement, can I sue Apple separately?**

If you exclude yourself, you may be able to sue Apple about the issues related to this case.  If you do not exclude yourself, you give up your right to sue Apple about the issues related to this case.

## OBJECTING TO THE SETTLEMENT

**21. How do I object?**

If you have not excluded yourself from the Apple Settlement, you may object to any aspect of the settlement, including the Plan of Distribution.  To object, you must submit a letter that includes the following:

- Your name, address, and telephone number;
- A statement saying that you object to the Apple Settlement in *State of Texas, et al. v. Penguin Group* (USA) *Inc., et al*., Case No.12-cv-3394 and *In Re: Electronic Books Antitrust Litigation*, Case No. 11-MD 2293;
- The reasons you object to the Apple Settlement (along with any supporting materials);
- Proof that you are an Eligible E-book Purchaser by providing a) your unique ID number found in your email or postcard notice of the Apple Settlement, or b) names of books purchased, purchase date, and retailer; and
- Your signature.

You must submit your objection, postmarked no later than _____, to these two addresses:

| Clerk of Court<br>U.S. District Court for the Southern District of New York<br>500 Pearl Street,<br>New York, New York 10007-1312 | Apple E-Books Antitrust Litigation<br>P.O. Box 1851<br>Faribault, MN 55021-1899 |
|---|---|

**22. What's the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you don't like something about the Apple Settlement.  You can object to the Apple Settlement only if you do not exclude yourself. Excluding yourself from the Apple Settlement is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Apple Settlement, you have no basis to object to the Settlement because it no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Apple Settlement, including the potential payments to Eligible Consumers and to Plaintiff States and Class Counsel. You may attend, but you don't have to do so.

**23. When and where will the Court decide whether to approve the Apple Settlement?**

The Court will hold a final approval hearing at _____ p.m. on _____, at the U.S. District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website at www.EbookLawsuits.com.

At this hearing the Court will consider whether the Apple Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Apple Settlement. The Court's decision may be appealed. We do not know how long these decisions will take. Please be patient.

**24. Do I have to come to the hearing?**

No. The Attorneys General and Class Counsel will answer questions the Court may have. But you may come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you submitted your written objection on time, to the proper address, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**25. May I speak at the hearing?**

Yes, if you have not excluded yourself from the Settlement. You may appear at the hearing, either on your own, or through an attorney you hire, to present any evidence or argument that the Court decides is proper and relevant. To appear, you must file a Notice of Appearance. Your Notice of Appearance must include:

- Your name, address, and telephone number;
- A statement saying that you are filing a Notice of Appearance to speak at the Final Approval Hearing in *State of Texas, et al. v. Penguin Group (USA) Inc., et al*., Case No.12-cv-3394 and *In Re: Electronic Books Antitrust Litigation*, Case No. 11-MD 2293,
- An explanation of what you want to speak about;
- An attachment with any supporting documentation; and
- Your signature.

You must mail your Notice of Appearance, postmarked no later than _____, to these two addresses:

| Clerk of Court | |
|---|---|

| | |
|---|---|
| U.S. District Court for the Southern District of New York 500 Pearl Street, New York, New York 10007-1312 | Apple E-Books Antitrust Litigation P.O. Box 1851 Faribault, MN 55021-1899 |

## IF YOU DO NOTHING

**26. What happens if I do nothing at all?**

If the Court gives final approval to the Apple Settlement, and if Apple is required to pay Eligible Consumers, you will receive a payment from the Apple Settlement if you received a credit or a check in the Prior Settlements.  How you receive such payment from the Apple Settlement depends on the retailer(s) through which you bought E-books.

- If you bought qualifying E-books through **Amazon, Barnes & Noble Apple, or Kobo**: You will receive a credit in your account automatically or receive credit activation information;
- If you bought qualifying E-books through **Sony**: You will receive a check automatically; and
- If you bought qualifying E-books through **any other retailer not listed above**: You will receive a check automatically if you filed a valid Claim Form in the Prior Settlements.

If you do nothing at all, you might not receive your payment automatically if your mailing address and/or e-mail address has changed. Please be sure to update your contact information.  (*See* Question 17.)

## ADDITIONAL INFORMATION

**27. How do I get more information?**

The notice summarizes the proposed Apple Settlement.  More details are in the Settlement Agreement.  You can get copies of the Apple Settlement Agreement at www.EbookLawsuits.com.  You may also write with questions to Apple E-Books Antitrust Litigation Administrator, P.O. Box 1851, Faribault, MN 55021-1899 or call 1-866-686-9333.

**28. What happens to any funds remaining after the distribution to Eligible Consumers?**

If Apple is required to pay any Eligible Consumers and if the Court approves the Apple Settlement, all such funds will be distributed pursuant to a Court-approved Distribution Plan. If Eligible Consumer funds remain after the initial distribution, these funds may be added to any remaining funds from the Prior Settlements for additional distributions to Eligible Consumers.

If there are still funds remaining after all practical efforts have been made to distribute the funds to Eligible Consumers, any such remaining funds that can be attributed to purchases made by Eligible Consumers represented by Class Plaintiffs will be given to Reading is Fundamental, a non-profit organization dedicated to motivating children to become lifelong readers.

Any such remaining funds that can be attributed to Eligible Consumers represented by the Attorneys General will be given to one or charitable organization(s) whose purposes relate to reading, literacy or access by the public to electronic books, which may include Reading is Fundamental.

These are called *cy pres* distributions. All *cy pres* distributions must be reviewed and approved by the Court.