**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Gail Lees
Direct: +1 213.229.7163
Fax: +1 213.229.6163
GLees@gibsondunn.com

July 30, 2014

VIA ECF

The Honorable Denise Cote
United States District Judge
United States District Court for the Southern District of New York

Re:   *In re Electronic Books Antitrust Litig.*, 11-md-2293 (DLC); *State of Texas v. Penguin Group (USA) Inc.*, 12-cv-3394 (DLC)

Dear Judge Cote:

At the July 24, 2014 telephonic conference with the Court regarding the settlement agreement reached among Apple, the Class Plaintiffs and the States, I cited to the Court *County of Suffolk v. Long Island Lighting*, 907 F.2d 1295 (2d Cir. 1990), a RICO case holding that a court evaluating the fairness of a settlement should compare the settlement amount to the amount of any potential damages *before trebling*. 7/24 Hrg. Tr. at 19:12-21. I write to bring to the Court's attention *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 452 (2d Cir. 1974) (attached hereto),[1] in which the Second Circuit reached the same conclusion in the context of a private antitrust class action that followed a successful Department of Justice suit for injunctive relief. The Second Circuit's holdings in *City of Detroit* and *County of Suffolk* serve the Court's stated policy goal of encouraging negotiated resolutions.

District courts in the Second Circuit follow the rule in *City of Detroit* in antitrust cases, as well as in other contexts where treble damages are available. *See Blessing v. Sirius XM Radio, Inc.*, 2011 WL 3739024, at *3 n.4 (S.D.N.Y. Aug. 24, 2011) (approving settlement in antitrust case and stating that "courts assess the value of the settlement as it compares to single, not treble, damages"); *In re Western Union Money Transfer Litig.*, 2004 WL 3709932, at *11 n. 11 (E.D.N.Y. Oct. 19, 2004) ("In accordance with established law, I do not take into account the possibility of treble damages under RICO when considering the reasonableness of a proposed class action settlement."); *see also In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 376 n.12 (D.D.C. 2002) ("the standard for evaluating settlement involves a comparison of the settlement amount with the estimated single damages"). Given the law of the Circuit, Apple believes that the fairness and

---

[1] *City of Detroit* was abrogated in part, on other grounds, by *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000).

GIBSON DUNN

The Honorable Denise Cote
July 30, 2014
Page 2

adequacy of the compensation component of the settlement in this case should be determined by reference to Plaintiffs' proffered single damages calculation.

Sincerely,

*Gail E. Lees*

Gail Lees

Enclosure