

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA  98101
www.hbsslaw.com
**Direct (206) 268-9320**
steve@hbsslaw.com

July 30, 2014

*Via ECF*

The Honorable Denise Cote
United States District Court Judge
Southern District of New York
500 Pearl St., Room 1610
New York, NY 10007-1312

    Re:    *In re: Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC);
              *The State of Texas v. Penguin Group (USA), Inc.*, No. 12-cv- 3394 (DLC)

Dear Judge Cote:

    The parties discussed the Court's comments after the July 24 hearing, but did not reach agreement to include interest or modify the settlement agreement in other respects. The Class and Plaintiff States ("Plaintiffs") believe that the settlement is fair, reasonable, and adequate without modification and submit this letter to provide additional information to the Court.

    The parties previously could not reach agreement to include interest on a potential settlement fund during Apple's appeal. The currently applicable statutory interest rate is .11%, as provided in 28 U.S.C. § 1961.[1] Applied to the $400 million scenario, interest would accrue at a rate of $440,000 per year. Because there are 146 million potentially covered transactions, any delay between final approval and payment by Apple would need to exceed 3.3 years before consumers could receive one cent per book due to interest ($440,000 divided by 146 million equals approximately 3/10 of one cent). And applied to the $50 million scenario, it would take more than 25 years of interest (at the present rate) before equaling one cent per book.

    Also during the July 24 hearing, the Court compared the percentage reduction in consumer relief to the percentage reduction in attorneys' fees, costs, and payments for the release of state civil penalties claims ("state and class payments") in the first and second scenarios.[2] Plaintiffs structured the proposed settlement with Apple so that the percentage of state and class payments decreases as the consumer award increases. This structure is intended to benefit

---

[1] Pursuant to 28 U.S.C. § 1961,"[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." (For rates see http://www.federalreserve.gov/releases/h15/current/).

[2] Hr'g Tr. 6:16-19, July 24, 2014.

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   MINNEAPOLIS   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

010260-11 706197V1

consumers, particularly here where we firmly believe the Court's judgment should, and will, be affirmed.

      Along these lines, we respectfully ask the Court to consider the total payments potentially provided to consumers in the entire litigation when it ultimately assesses the reasonableness of the state and class payments. Here, the same consumers are receiving the total relief provided by all defendants. Moreover, relative to the other defendants, Apple disproportionately increased the litigation resources Plaintiffs expended in the case. Thus, viewing the total state and class payments from the perspective of the litigation as a whole provides a meaningful measure of the relationship between consumer relief and the state and class payments. The total amount of state and class payments as a percentage of the total payments by all defendants would equal 12.2% under the first scenario and 18.4% under the second scenario.[3]

      Finally, the Plaintiff States believe that Apple's payment to the states is reasonable in light of the states' actual attorney time spent on the matter, costs, and the potential value of the states' civil penalty claims (the latter could exceed $8 million if litigated to judgment). As with the publisher settlements, the states negotiated this payment in the proposed Apple settlement based on the states' actual attorney time, costs and civil penalty claims, discounted as appropriate for settlement.

      We are available at the Court's convenience to discuss any issues.

                                        Respectfully,

                                        HAGENS BERMAN SOBOL SHAPIRO LLP

                                        /s/ Steve W. Berman

                                        Steve W. Berman

---

[3] The denominator used to calculate these percentages adds together the total class and state payments to the total consumer relief under the two scenarios. *See, e.g.*, Manual for Complex Litigation § 21.7, at 335 (4th ed. Fed. Jud. Center 2004) ("If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees and expenses . . . the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class . . . . The total fund could be used to measure whether the portion allocated to the class and to attorney fees is reasonable."). If the denominator is calculated by only using the consumer relief, scenario one equals 13.9% and scenario two equals 22.6%.

010260-11 706197V1