```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
 IN RE ELECTRONIC BOOKS ANTITRUST        :   11md2293 (DLC)
 LITIGATION                              :
                                         :   Related to all
                                         :        matters
---------------------------------------- X
                                         :
 THE STATE OF TEXAS, et al.,             :   12cv3394 (DLC)
                                         :
                      Plaintiffs,        :
               -v-                       :   MEMORANDUM OPINION
                                         :        & ORDER
 PENGUIN GROUP (USA) INC., et al.,       :
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On July 16, 2014, plaintiffs in this certified class action and this parens patriae action moved for preliminary approval of a settlement (the "Settlement") with Apple Inc. ("Apple") (the "Motion for Preliminary Approval") pursuant to Federal Rule of Civil Procedure 23(e) and Sections 4, 4C, 15, and 16 of the Clayton Antitrust Act of 1914 (the "Clayton Act"), 15 U.S.C. §§ 15, 15c, 25, 26.  These actions were filed on August 9, 2011,[1] and April 11, 2012, respectively.  A liability trial was held in June of 2013, in which the States and the United States as the

---

[1] The first of the putative class actions now consolidated here was filed on August 9, 2011.  See Petru v. Apple Inc., 11cv3892 (N.D. Cal.).  Actions filed outside the Southern District of New York were transferred here by the United States Judicial Panel on Multidistrict Litigation.

1

plaintiff in related litigation succeeded in proving that Apple had conspired with five book publishers (the "Publisher Defendants") to raise e-book prices, whether examined as a <u>per se</u> violation of the antitrust laws or under the rule of reason. <u>See</u> <u>United States v. Apple Inc.</u>, 952 F. Supp. 2d 639, 694 (S.D.N.Y. 2013) (the "Liability Finding"). Apple's appeal of that liability decision is pending before the Court of Appeals.

On June 3, 2014, a damages trial was scheduled to be held in the class action and <u>parens patriae</u> action for August 25, 2014. On June 16, the Court was advised that the parties had executed a binding agreement in principle to resolve damages issues. With their July 16 motion seeking preliminary approval of the Settlement, the parties sought to delay notice to consumers of the Settlement until after the final resolution of Apple's appeal. A July 17 Order required the parties to assume immediate distribution of the notice.

On July 23, the parties jointly submitted notice and distribution plans, which the parties amended through submissions on July 30. For the reasons that follow, preliminary approval is granted and the notice plan, as revised on July 30, is approved.

**I.   Preliminary Approval**

Based upon all proceedings in this coordinated litigation; review of plaintiffs' July 16 memorandum of law in support of

their motion ("July 16 Memorandum"); the Settlement Agreement By and Among Apple Inc., Plaintiff States and Class Plaintiffs (the "Settlement Agreement"); the parties' submissions of July 16, July 23, and 30; the parties' representations during the July 24 telephone conference; and all other papers submitted in connection with the Motion for Preliminary Approval, the Court grants preliminary approval to the Settlement memorialized in the Settlement Agreement, attached to the July 16 Memorandum as Exhibit A.

Plaintiffs' damages expert opined that consumers suffered $280 million in damages. After trebling, and after discounting by the $166 million already paid by the Publisher Defendants, plaintiffs' maximum recovery at trial would be $674 million.

The amount provided to eligible consumers under the Settlement Agreement is contingent upon whether this Court's Liability Finding against Apple is ultimately affirmed on appeal. If it is, Apple is to pay $400 million to eligible consumers and $50 million in attorneys' fees to plaintiffs' counsel. If the Liability Finding is vacated or reversed and remanded for reconsideration or retrial on the merits (the "Remand Scenario"), Apple will pay $50 million to consumers and $20 million in attorneys' fees. If the Liability Finding is reversed, Apple will pay nothing.

During a July 24 telephone conference, plaintiffs' counsel addressed, inter alia, the reduction from $400 million to $50 million in the event of a remand for further proceedings. Plaintiffs emphasize that they "strongly believe" that the Remand Scenario is unlikely to occur. Class counsel repeated this justification in a letter of July 30.

During the July 24 telephone conference, plaintiffs noted two further protections for consumers related to the Remand Scenario. First, the Settlement Agreement defines "Final Liability Decision" as a "final decision . . . on the merits of the Liability Finding." (Settlement Agreement § I(M).) A remand not "on the merits" of the Liability Finding would not trigger the Remand Scenario. Second, the Agreement provides that the Remand Scenario will not apply "in the event of a remand to the District Court on administrative or non-substantive grounds that do not, or could not, affect the Liability Finding." (Id. at § III(C).) These provisions further reduce the likelihood of the Remand Scenario, as well as the likelihood of confusion (and future litigation) concerning whether the Remand Scenario has been triggered.

Three other issues discussed in the July 24 conference were the explanation of the terms and reasons for the Settlement given in a proposed Detailed Notice for consumers, the failure to require Apple to pay interest, and the problems of delivering

4

payments to consumers who change e-mail addresses.  The plaintiffs' submissions of July 30 address each of those issues.  The Detailed Notice has been amended to include a more fulsome discussion of the Settlement terms.  Plaintiffs' counsel has presented a calculation showing that an interest award per consumer would be de minimis.  Finally, the plaintiffs have developed procedures for distributing compensation to consumers who have and who will change the e-mail addresses held in the records of the retailers through which they purchased e-books, and have drafted notices to consumers regarding steps they may take to ensure payment reaches them.

The Court concludes that there is probable cause to find that the proposed Settlement Agreement is within the range of those that may be approved as fair and reasonable, such that notice to the class is appropriate.  See In re Traffic Exec. Ass'n-E. R.R., 627 F.2d 631, 634 (2d Cir. 1980); New York v. Salton, Inc., 265 F. Supp. 2d 310, 313 (S.D.N.Y. 2003) (applying Fed. R. Civ. P. 23(e) standard to approval of settlement of parens patriae action under Section 15c of the Clayton Act).

The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in antitrust litigation and the particulars of this case.  The assistance of a well-known mediator, Antonio Piazza, reinforces the conclusion that the Settlement Agreement is non-collusive.

**II.  Settlement Class**

The proposed settlement class is identical to the class certified on March 28, 2014.  For the reasons set forth in that Opinion, the settlement class meets all of the requirements for certification under Federal Rule of Civil Procedure 23(a) and (b)(3).  See In re Electronic Books Antitrust Litig., 2014 WL 1282293 (S.D.N.Y. Mar. 28, 2014).  Similarly, for the reasons given in that Opinion, the Court's choice of lead plaintiffs Anthony Petru, Thomas Friedman, and Shane S. Davis, and class counsel Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PPLC are confirmed.

**III. Class Notice**

The Court approves Plaintiffs' Proposed Settlement Notice Plan, attached as Exhibit A to the parties' Joint Submission Regarding the Notice and Distribution Plans Relating to the Parties' Settlement Agreement of July 23, 2014, as amended by the parties' July 30 submission with the Proposed Amended Direct Notice, Proposed Amended Detailed Notice, and Proposed Amended Publication Notice, attached as Exhibits A, B, and C, respectively (together, the "Notices").

The content of the Notices complies with due process, Federal Rule of Civil Procedure 23, and Section 15c of the Clayton Act.  Pursuant to Rule 23(c)(2)(B), a notice must provide

the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); see also 15 U.S.C. § 15c(c) (requiring "notice of any proposed dismissal or compromise" of a parens patriae action brought under Section 15c of the Clayton Act "in such manner as the court directs").

The Notices satisfy each of these requirements and adequately put class members on notice of the Settlement. The Notices describe the terms of the Settlement, inform the class about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing.

**IV. Class Action Settlement Procedure**

It is hereby

ORDERED that each piece of the Proposed Settlement Notice Plan shall be in place by September 15, 2014, and the Proposed Amended Direct Notice shall be sent out on or before September 15, 2014.

IT IS FURTHER ORDERED that Kinsella Communications and Rust Consulting shall serve as the Notice and Claims Administrators for purposes of implementing the Settlement Agreement.

IT IS FURTHER ORDERED that no information received by the Notice and Claims Administrators in connection with the Settlement that pertains to a particular consumer, other than information contained in a request for exclusion or in an objection, shall be disclosed to any person or entity other than as directed by the Court.

IT IS FURTHER ORDERED that eligible consumers shall have until October 31, 2014 to opt out of the Settlement or object to it.  Consumers who submit valid and timely requests for exclusion from the Settlement shall not be bound by the Settlement Agreement and final judgment in these actions.  All other eligible consumers shall be bound by the Settlement Agreement and by final judgment in these actions, should the Agreement receive final approval from this Court.

IT IS FURTHER ORDERED that plaintiffs shall file a Motion for Final Approval of Settlement on or before November 14, 2014.

IT IS FURTHER ORDERED that the Court will hold a final fairness hearing on November 21, 2014 at 2 p.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 15B.

SO ORDERED:

Dated:   New York, New York
         August 1, 2014

_____
DENISE COTE
United States District Judge