STEVE A. MILLER (CA Bar No. 171815)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

JOHN C. KRESS (53396MO)
The Kress Law Firm, LLC
P.O. Box 6525
St. Louis, MO  63125
Ph.#:  (314) 631-3883
Fax:  (314) 332-1534
Email:  jckress@thekresslawfirm.com

JONATHAN E. FORTMAN (40319MO)
Law Office of Jonathan E. Fortman, LLC
250 St. Catherine Street
Florissant, MO 63031
Ph# (314) 522-2312
Fax:  (314) 524-1519
Email:  jef@fortmanlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION, | ) Case No. 11-md-02293 DLC <br> ) <br> ) <br> ) <br> ) JOHN BRADLEY'S <br> ) OBJECTIONS TO CLASS <br> ) ACTION SETTLEMENT <br> ) AND ATTORNEYS' FEES |
| This Document Relates to: <br><br> ALL ACTIONS | ) <br> ) Date: November 21, 2014 <br> ) Time: 2:00 p.m. |

COMES NOW, Objector John Bradley of Norman, Oklahoma and hereby files his Objections in *State of Texas, et al. v. Penguin Group* (USA) *Inc., et al.,* Case No.12-cv-3394 and *In re: Electronic Books Antitrust Litigation,* Case No. 11-MD 2293; who purchased an e-book through amazon.com on or about July 27, 2011 titled "Ghost Story: A Novel of the Dresden Files", sold by Penguin Publishing, Order No. D01-7685127-3773462 and who has standing to bring this Objection[1] and also provides his attached signature and set forth the following:

**I.     The Proposed Settlement Is Not Fair nor Reasonable to the Class Members who hail from the states represented by Class Counsel.**

Under Rule 23(3)(2) of the Federal Rules of Civil Procedure, a proposed class action settlement may only be approved if it is shown to be "fair, adequate and reasonable." "The [C]ourt must review the negotiating process leading up to the settlement for procedural fairness, to ensure that the settlement resulted from an arm's-length, good faith negotiation between experienced and skilled litigators." *Charron v. Weiner, 731 F.3d 241, 247 (2d Cir. 2013).* "In class-action settlements, the adversarial process-or what the parties here refer to as their 'hard-fought' negotiations extends only to the amount the defendant will pay, not the manner in which that amount is allocated between the class representatives, class counsel, and unnamed class members. For the economic reality [is] that a settling defendant is concerned only with its total liability, and thus a settlement's allocation between the class payment and the attorneys' fees is of little

---

[1] Objector withholds his telephone number and address pursuant to this Court's redaction Rules, and offer to provide such information after an appropriate order is entered by this Court, and Objects to the settlement proposed by class counsel and their fees, but does not lodge any specific objections against the settlements involving the attorney generals or their fees.

or no interest to the defense .... And that means the courts must carefully scrutinize whether [class counsel's and the named representatives'] fiduciary obligations have been met." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 717-18 (6th Cir. 2013).

The Court must also analyze substantive fairness considering the following nine factors ("Grinnell factors"): (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). While satisfying Grinnell-type factors is necessary, doing so is not sufficient by itself to demonstrate settlement fairness. "In reviewing a proposed settlement, a court should not apply any presumption that the settlement is fair and reasonable." Am. Law Institute, Principles of the Law of Aggregate Litig. § 3.05(c) (2010). "The burden of proving the fairness of the settlement is on the proponents." *Pampers*, 724 F.3d at 718 (compiling cases and authorities). An actual demonstration is required, beyond a court's "complete confidence in the ability and integrity of counsel." *Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1315 (11th Cir. 2013).  Class Counsel has failed to show that this settlement is fair to the class they purport to represent.

Instead, Class Counsel hedges their bets, believing that a remand of the matter from the Court of Appeals is unlikely to occur, but this event and its ultimate occurrence gives this proposed settlement a crack in the proverbial veneer of fairness that Class Counsel claims

this settlement is wrapped within.  If remand occurs under the proposed settlement, the class members receive 50 Million Dollars and Class Counsel receives 10 Million Dollars.  But without such a settlement, the Class Members could very likely recover the same 674 Million Dollars. With such a strong claim for liability alone, it appears on its face that Class Counsel has exchanged the claims of the class members for a stiff paycheck.

**II.     The proposed Settlement fails to adequately protect the interests of the Class Members represented by Class Counsel.**

Rule 23(a)(4) requires that class representatives protect the unnamed members of the class from the possibly competing interests of class counsel. *See In re Monster Worldwide, Inc. Sees. Litig*., 251 F.R.D. 132, 135-36 (S.D.N.Y. July 14, 2008) (a "willing pawn of counsel" is not an adequate class representative); see also *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014); *Redman v. RadioShack Corp.,*-- F.3d --, 2014 WL 4654477 (7th Cir. Sep. 19, 2014).

As to the Settlement Agreement, it appears that the class representatives were not participants in approving it, having not signed such document.  Nor does it appear that such persons were even contemplated as necessary parties to the settlement discussions. None of the documents produced on the website show any indication that the class representatives approved this settlement.   The named class representatives, by not signing any of the settlement documents, demonstrate that they are inadequate to protect the interests of the class members they purport to represent.

**III.     The proposed Settlement contains a "Clear Sailing Provision" and should be denied on such basis, and because the fees sought cannot be justified by Class Counsel.**

This proposed settlement contains a clear sailing provision, which stipulates that

attorneys' fee awards up to a certain amount will not be contested by Apple. "Such a clause by its very nature deprives the court of the advantages of the adversary process." *Weinberger v. Great N Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991). A clear sailing clause lays the groundwork for class counsel to "urge a class settlement . . . on a less-than-optimal basis in exchange for red-carpet treatment on fees." *Id.* at 524; accord *Bluetooth*, 654 F.3d at 947. This proposed settlement also contains a "kicker arrangement," which stipulates that any reverting attorneys' fees goes to Apple and not the consumers. *See Bluetooth*, 654 F.3d at 949. "The clear sailing provision reveals the defendant's willingness to pay, but the kicker deprives the class of that full potential benefit if class counsel negotiates too much for its fees." *Id.* The kicker, like the clear-sailing agreement, is a sign "that class counsel have allowed pursuit of their own self interests... to infect the negotiations." *Id at 947.* In an ordinary common fund settlement with unsegregated fees, the District Court can correct any allocation issues because any fees not paid to class counsel simply reverts to the plaintiffs. See, e.g., *In re Citigroup Sec. Litig.*, 965 F. Supp. 2d 369 (S.D.N.Y. 2013) (reducing excessive fee request by $26.7M for benefit of shareholders). This is not the case here, where fees are delineated based upon various scenarios purportedly to benefit the class members.

The percentages sought are not justified under the scenarios entertained by the parties, which each propose megafund settlements and cannot be fairly compared to settlements of lesser value with similar percentages. In short, the millions of dollars that Defendants are agreeing to pay out do not justify the windfall of fees that Class Counsel is preparing to reap for work engaged by the attorney generals throughout the United States.

A District Court's personal review, or opinion of an attorney's work is never a substitute for the required contemporaneous time records submitted and reviewed by the trial court. *Scott v. City of New York*, 643 F.3d 56, 58 (2d Cir. 2011). The burden is on the attorney requesting fees to provide sufficient evidence, including production of contemporaneous time records or sufficient explanation for their absence. *Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986). The Court should apply this standard to the lodestar cross-check and require this proof to the extent Class Counsel did not provide such records.

## CONCLUSION

WHEREFORE, for the foregoing reasons, this Court should not approve the settlement.

Respectfully submitted,

/s/ Steve A. Miller

STEVE A. MILLER (CA Bar No. 171815)

Steve A. Miller, PC
 1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

JOHN C. KRESS (53396MO)
The Kress Law Firm, LLC
P.O. Box 6525
St. Louis, MO  63125
Ph.#:  (314) 631-3883
Fax:  (314) 332-1534
Email:  jckress@thekresslawfirm.com

JONATHAN E. FORTMAN (40319MO)
Law Office of Jonathan E. Fortman, LLC
250 St. Catherine Street
Florissant, MO 63031
Ph# (314) 522-2312
Fax: (314) 524-1519
Email:  jef@fortmanlaw.com

**CERTIFICATE OF SERVICE**

A true and accurate copy of the foregoing has been served upon all parties by operation of the court's electronic filing system.


_____/s/ Steve A. Miller