

**MEMO ENDORSED**

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
steve@hbsslaw.com

October 31, 2014

<u>*Via ECF*</u>

The Honorable Denise Cote
United States District Court Judge
Southern District of New York
500 Pearl St., Room 1610
New York, NY 10007-1312

11/3/2014

Re: <u>*In re: Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC)</u>

Dear Judge Cote:

  Counsel for class plaintiffs write concerning a recent objection filed by Chris Bandas (ECF No. 669), counsel for Mrs. Erwin, and respectfully request leave to proceed with a deposition. Mr. Bandas previously purported to represent Christopher Batman in connection with another putative objection relating to the Penguin and MacMillan settlements.[1] That purported objection was withdrawn, but Class Counsel received information calling into question the circumstances surrounding Mr. Bandas's representation of the purported objector.  On December 4, 2013, this Court issued an order requiring the objectors to respond to the plaintiffs' request for a bond covering certain costs.[2] After serving this order on Mr. Batman on the same day, December 4, Mr. Batman responded to a Senior Assistant Attorney General for the State of Texas that he "was under the impression this matter was resolved" and stated that he would not be posting a bond.[3] Despite this statement from Mr. Batman on December 4, the Bandas Law Firm on the same day signed and mailed a lengthy opposition to plaintiffs' motion for an appeal bond signed by an Amber Pederson – who appeared to be associated with the Bandas Law Firm on behalf of Mr. Batman.[4] On December 6, 2013, an employee of the Bandas Law Firm (Donna Lopez) then emailed class counsel with a note purportedly on behalf of Mr. Batman that he voluntarily withdrew his objection.[5] This sequence of events raised concern whether the statements filed by the Bandas Law Firm were knowingly presented and subscribed to by the purported objector – given his belief that the "matter was resolved."

---

[1] ECF No. 453 (Nov. 22, 2013).

[2] Order, Dec. 4, 2013, ECF No. 461.

[3] ECF No. 465 at 3 (Dec. 4, 2013).

[4] Opposition to Plaintiffs' Motion for Appeal Bond, Dec. 6, 2013, ECF No. 479.

[5] ECF No. 468 at 2 (Dec. 6, 2013).

SEATTLE  BOSTON  CHICAGO  COLORADO SPRINGS  LOS ANGELES  NEW YORK  PHOENIX  SAN FRANCISCO  WASHINGTON, D.C.

010260-11  729071 V1

The Honorable Judge Cote
October 31, 2014
Page 2

In addition, Mr. Bandas has a record of filing serial and baseless objections.[6] Accordingly, class counsel sought to serve a subpoena for documents and a deposition to discover the circumstances of Mr. Bandas's client's objection.

Given Mr. Bandas's history as lodging serial objections generally, and in this case specifically, class counsel served a subpoena for a deposition and documents to be produced by Mr. Bandas's client. Mr. Bandas responded to our discovery by conditioning any compliance on reciprocal discovery of the three named class representatives in this case. (*See* Attachment A.) As the Court knows, all three class representatives produced information in this litigation, and Apple deposed each one as to their adequacy to serve as class representatives during the contested class certification part of the litigation. Thus, re-deposing and seeking additional discovery from the class representatives is unwarranted, especially where Apple had the opportunity to test these class representatives in contested litigation. Moreover, the Court found these three class representatives adequate to represent the class under Rule 23 in the previous settlements. We also note, Mr. Bandas's client is objecting to a settlement that was negotiated and agreed to jointly by the private class and thirty-three State Attorneys Generals. This is an additional reason that further discovery from the class representatives (one party to a multi-party joint agreement) in this context is unwarranted.

Accordingly, we ask the court order Mr. Bandas to produce his client for deposition at a date agreeable to the parties. And if a date cannot be agreed to, we ask the Court to order Mrs. Erwin to appear on November 10, 2014, at the Texas Attorney's General's Office in Austin, Texas (Mrs. Erwin's objection lists her residence in Austin, Texas).[7] Finally, we ask permission from the court to conduct the deposition by remote means, pursuant to Fed. R. Civ. P. 30(b)(4).

*Granted.*
*/s/ Denise Cote*
*Nov. 3, 2014*

---

[6] *In re : Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (finding "Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct."); *Conroy v. 3M Corp.*, No. C 00-2810, 2006 U.S. Dist. LEXIS 96169, at *10-*11 (N.D. Cal. Aug. 10, 2006) (ordering Bandas Law Firm to post $431,167 appellate costs bond to pursue "unfounded" and "patently frivolous" objections to proposed class settlement).

[7] *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-cv- 1088, 2013 U.S. Dist. LEXIS 61674 (S.D. Cal. Apr. 29, 2013) (granting discovery of objector represented by serial objector counsel of issues relating to standing, previous objections to other class action within five years, and monetary compensation received by the objector in connection with any objection in other class proceeding in the past five years); *In re TFT-LCD Flat Panel Antitrust Litig.*, 289 F.R.D. 548 (N.D. Cal. 2013) (ordering civil contempt on attorney who filed serial objections to class cases and failed to produce objector witness for deposition pursuant to court order).

010260-11 729071 V1

The Honorable Judge Cote
October 31, 2014
Page 3

        Sincerely,

        HAGENS BERMAN SOBOL SHAPIRO LLP

        /s/ Steve W. Berman

        Steve W. Berman
        Class Counsel

SWB:ss