UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | No. 11-md-02293 (DLC)<br>ECF Case |
| This Document Relates to:<br><br>ALL ACTIONS | |
| THE STATE OF TEXAS, et al.,<br><br>                   Plaintiffs,<br>v.<br>PENGUIN GROUP (USA) INC., et al.,<br>                   Defendants. | No. 12-cv-3394 (DLC)<br>ECF Case<br><br>11/21/2014 |

## [CORRECTED PROPOSED] FINAL JUDGMENT

This matter came for a duly-noticed hearing on November 21, 2014, upon Motion by Plaintiff States and Settlement Class ("Plaintiffs") for Final Approval of Settlement with Apple Inc. ("Apple") in the above-captioned actions (Plaintiffs and Apple are hereafter referred to collectively as "Parties"). Plaintiffs' Motion was consented to by Apple. Having reviewed the Motion and the Memorandum in Support filed therewith, any objections filed thereto, and upon all pleadings and proceedings had herein, this Court finds as follows:

Plaintiff States and Settlement Class filed separate complaints in this Court against Apple and others, alleging an unlawful agreement to inflate, fix, maintain or stabilize the prices of E-books in violation of federal antitrust laws ("Complaints");

Plaintiff States seek damages and injunctive relief in their sovereign capacity and as *parens patriae* on behalf of Eligible Consumers residing in Plaintiff States who have purchased eligible E-books from a Named Publisher;

Class Plaintiffs seek damages and injunctive relief on behalf of Eligible Consumers in the Settlement Class (as defined below) who have purchased eligible E-books from a Named Publisher;

In order to resolve any and all disputes arising from the Complaints as to Apple (except for Plaintiff States' claims for injunctive relief against Apple, which are currently under appeal in the Liability Appeal) the parties executed a Settlement Agreement by and among Apple Inc., Plaintiff States and Class Plaintiffs ("Settlement Agreement") dated July 10, 2014, which is incorporated by reference herein;

The Settlement Agreement does not constitute an admission of liability or of any issue of fact or law by Apple;

In full and final settlement of the claims set forth in the Complaints, Apple will pay compensatory damages, costs of notice and settlement administration, payments to Plaintiff States, and attorneys' fees and costs to Class Counsel as outlined in the Settlement Agreement and as awarded by the Court;

Any payments made by Apple for Eligible Consumer compensation pursuant to Section III.A.1 of the Settlement Agreement do not constitute, nor shall they be treated as, payments in lieu of fines, penalties, punitive recoveries or forfeitures. Any payments made by Apple for Eligible Consumer compensation pursuant to Section III.B.1 of the Settlement Agreement do not constitute, nor shall they be treated as, payments in lieu of treble damages, fines, penalties, punitive recoveries or forfeitures;

The Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11; and

Pursuant to this Court's Preliminary Approval Order, notice of the Settlement Agreement was given and an opportunity to be heard was given to all persons requesting to be heard in accordance with this Court's orders. The Court has reviewed the terms of the Settlement Agreement, the submissions of the Parties in support of it, and the comments and objections received in response to the notice.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

## I.   DEFINITIONS

All capitalized terms in this Final Judgment shall have the same meaning as defined in the Settlement Agreement.

## II.   JURISDICTION

This Court has jurisdiction over the subject matter of this action and over Apple. The Complaints state a claim upon which relief may be granted against Apple pursuant to 15 U.S.C. §§15, 15c and 26. Jurisdiction lies in this Court pursuant to 28 U.S.C. § 15 and 28 U.S.C. § 1332(d).

## III.   APPLICABILITY

A.   This Final Judgment shall apply to Plaintiff States, Settlement Class, Apple and Consumers who did not file with the Court valid and timely requests for exclusion from the Settlement Agreement. The Court finds that the persons listed on Attachment A to this Final Judgment submitted valid and timely exclusion requests.

## IV.   SETTLEMENT AGREEMENT APPROVAL

The Court has determined that the Settlement Agreement is, in all respects, fair, reasonable, and adequate and in the best interests of Consumers, and that notice thereof comports

in all respects with 15 U.S.C. §§ 15 and 15c, Federal Rule of Civil Procedure 23 and due process. This Court further finds the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Consumers and Apple. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with their terms and provisions. Any and all objections thereto are overruled.

## V.   CLASS CERTIFICATION

A.   The Court finally certifies the following Settlement Class:

> [a]ll persons in the Non-Litigating Jurisdictions who purchased E-books between April 1, 2010 and May 21, 2012, published by Hachette Book Group, Inc. ("Hachette"), HarperCollins Publishers L.L.C. ("HarperCollins"), Holtzbrinck Publishers, LLC d/b/a Macmillan ("Macmillan"), Penguin Group (USA) Inc. ("Penguin"), or Simon & Schuster, Inc. ("Simon & Schuster") directly from that publisher (including any of its imprints) after the adoption of the agency model by that publisher. The "Non-Litigating Jurisdictions" are American Samoa, California, Florida, Georgia, Guam, Hawaii, Kentucky, Maine, Minnesota, Mississippi, Montana, Nevada, New Hampshire, New Jersey, North Carolina, Northern Mariana Islands, Oklahoma, Oregon, Rhode Island, South Carolina, U.S. Virgin Islands, Washington, and Wyoming. Excluded from the Class are Defendants, their employees, co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries of affiliated companies, as well as the Honorable Denise L. Cote and persons described in 28 U.S.C. § 455(b)(4)-(5).

B.   This certification is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Apple that this Action, or any other proposed or certified class action, is appropriate for any other purpose, including, without limitation, for trial class treatment.

C.   The Court appoints the following as the named plaintiffs for this Settlement Class: Anthony Petru, Thomas Friedman, and Shane S. Davis.

D.  The Court designates Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC as Counsel for the Settlement Class.

E.  This Court finds and concludes that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and Settlement, and specifically, that: (a) the number of members of the Settlement Class are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) named plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) named plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class and will continue to do so; and (e) common questions of law and fact predominate over individual questions with respect to the Settlement Class and Settlement.

F.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and are in the best interests of, the named plaintiffs, the Settlement Class and each of the Settlement Class Members.

## VI.   CONSUMER DISTRIBUTION PLAN

Plaintiffs' Consumer Distribution Plan ("Distribution Plan"), as set forth in Exhibit J to the Memorandum in Support of Plaintiffs' Motion for Final Approval of Apple Settlement and Distribution Plan, is fair, reasonable and adequate and is hereby approved. Plaintiffs are directed to cause the Consumer Compensation funds, if any, be distributed in accordance with said Distribution Plan as soon as practicable after the Effective Date of this Settlement.

## VII.   STATE PAYMENTS

The Court hereby approves the distribution to Plaintiff States of the State Compensation funds, if any, provided by Section V.B of the Settlement Agreement. Plaintiff States may allocate

and distribute these funds at their discretion as set out in Section V.B of the Settlement Agreement any time after the Effective Date, and without further order of this Court.[1]

### VIII.   NO ADMISSION OF LIABILITY

Neither this Final Judgment nor the Settlement Agreement shall be used or construed by any person as an admission of liability by Apple to any party or person, or be deemed evidence of any violation of any statute or law or admission of any liability or wrongdoing by Apple or of the truth of any of the claims or allegations contained in the Complaints. Neither this Final Judgment nor the Settlement Agreement shall be offered in evidence or used for any other purpose in this or any other matter or proceeding other than as may be necessary to consummate or enforce the Settlement Agreement or the terms of this Final Judgment or by Apple in connection with any action asserting Released Claims.

### IX.   DISMISSAL OF ACTIONS AND RELEASE

Upon the Effective Date, and subject to the provisions of Section XI of this Final Judgment, Plaintiff States' and Settlement Class's Complaints are dismissed as against Apple with prejudice, except for Plaintiff States' claims for injunctive relief against Apple, which are currently under appeal in the Liability Appeal. Plaintiffs and Consumers who did not file with the Court valid and timely requests for exclusion from the Settlement Agreement are barred from further prosecution of the Released Claims, and Releasees are released and forever discharged from liability for the Released Claims.

### X.   FINALITY OF JUDGMENT

Except for the Order addressing Class Plaintiffs Motion for Award of Attorneys' Fees and Reimbursement of Expenses Related to the Apple Settlement, and except for Plaintiff States'

---

[1] With respect to the State of Colorado, its apportionment shall be used first for reimbursement of Colorado's actual costs and attorneys' fees, second, to be held, along with any interest thereon, in trust by the Attorney General for future consumer education, consumer fraud, or antitrust enforcement efforts.

claims for injunctive relief against Apple, which are currently under appeal in the Liability Appeal, the Court finds that this Final Judgment adjudicates all the claims, rights and liabilities of the Parties, and is final and shall be immediately appealable.

## XI.   RETENTION OF JURISDICTION

Without affecting the finality of this Final Judgment, the Court retains jurisdiction for the purpose of enforcing the terms of the Settlement Agreement and enabling any party hereto to apply for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, the modification of any of the provisions hereto to the extent such modification is permitted, and to remedy a violation of any of the provisions contained herein. This Court shall have the authority to specifically enforce the provisions of this Final Judgment.

**SO ORDERED:**

Dated: New York, New York
    November 21, 2014.

_____
Hon. DENISE COTE
United States District Judge

# Attachment G A

## Requests for Exclusion

## Requests For Exclusion

| | Claimant Name | Postmark Date |
|---|---|---|
| 1 | ANN C EVANGELISTA | 9/10/2014 |
| 2 | JEFFERY LITTELL | 9/10/2014 |
| 3 | JOSEPH SMITHWICK | 9/10/2014 |
| 4 | RIZ RASHOI | 9/10/2014 |
| 5 | SUSAN RUTHERFORD | 9/10/2014 |
| 6 | ANDREW WAHL | 9/11/2014 |
| 7 | BRADLEY MOHR | 9/11/2014 |
| 8 | DAVID ENDAHL | 9/11/2014 |
| 9 | EDWARD DEVLIN | 9/11/2014 |
| 10 | FINNUALA KELLEHER TESSIER | 9/11/2014 |
| 11 | JAMES SHELDON | 9/11/2014 |
| 12 | JEFF BOLES | 9/11/2014 |
| 13 | KARL GIBSON | 9/11/2014 |
| 14 | KEVIN HOANG | 9/11/2014 |
| 15 | KRISTINE ENDERLE | 9/11/2014 |
| 16 | MEREDITH WORLEY | 9/11/2014 |
| 17 | RYAN DIONNE | 9/11/2014 |
| 18 | AMY LAMBES | 9/12/2014 |
| 19 | GENE GAREZ | 9/12/2014 |
| 20 | PAOLA MORENO | 9/12/2014 |
| 21 | ROBERTO WAGNER FERRIRA MALTA | 9/12/2014 |
| 22 | RUSSELL MADSEN | 9/12/2014 |
| 23 | THE MARTIN FAMILY | 9/12/2014 |
| 24 | BONNIE FOWLER | 9/13/2014 |
| 25 | KEVIN PAULI | 9/13/2014 |
| 26 | WOODY DEAN COOK | 9/13/2014 |
| 27 | CARL GALLOZZI | 9/15/2014 |
| 28 | CHRISTOPHER J CASEBOLT | 9/15/2014 |
| 29 | DENISE COTE | 9/15/2014 |
| 30 | JOSEPH CILLUFFO | 9/15/2014 |
| 31 | JOYCE WEINER | 9/15/2014 |
| 32 | MARGARET JONES | 9/15/2014 |
| 33 | MICHAEL SANJONGCO | 9/15/2014 |
| 34 | NANCY A HUGHES | 9/15/2014 |
| 35 | DAVID SUTTON | 9/16/2014 |
| 36 | FIONA SCOTT MORTON | 9/16/2014 |
| 37 | JODIE A REHA | 9/16/2014 |
| 38 | KENNETH M FUSARO | 9/16/2014 |
| 39 | KURT RUSSELL BURNUM | 9/16/2014 |
| 40 | MELINDA MARTIN | 9/16/2014 |
| 41 | PATRICK BROOKS | 9/16/2014 |
| 42 | ANN W PARKER | 9/18/2014 |
| 43 | SCOTT FLOYD | 9/18/2014 |
| 44 | WADE TREGASKIS | 9/18/2014 |
| 45 | BONNIE A CRIST | 9/17/2014 |
| 46 | DAN KLEIN | 9/17/2014 |
| 47 | ROGER HICKMAN | 9/19/2014 |

## Requests For Exclusion

|    | Claimant Name | Postmark Date |
|----|---------------|---------------|
| 48 | DENISE JONES | 9/20/2014 |
| 49 | DAVID BARNES | 9/21/2014 |
| 50 | JOSH SCHOENWALD | 9/25/2014 |
| 51 | CARRIE SYME | 9/25/2014 |
| 52 | SASHA VIZCARRONDO | 9/26/2014 |
| 53 | PARTICIA SIERER | 9/26/2014 |
| 54 | JONATHAN GREASLEY | 9/30/2014 |
| 55 | AWVAN BREEN | 9/30/2014 |
| 56 | LESLIE GNANT | 10/1/2014 |
| 57 | ALTHEA LOGAN | 10/2/2014 |
| 58 | ELLYN BROWN | 10/3/2014 |
| 59 | PATRICIA HAGEN | 10/8/2014 |
| 60 | GWENDOLYN F BOLE | 10/11/2014 |
| 61 | ROBERT J WIGGERS | 10/11/2014 |
| 62 | DAVID SEIDMAN | 10/13/2014 |
| 63 | NICOLE VALLONE | 10/15/2014 |
| 64 | NICOLE BLAIR | 10/17/2014 |
| 65 | DAVID KULLY | 10/20/2014 |
| 66 | ETHAN GLASS | 10/20/2014 |
| 67 | JOHN READ | 10/20/2014 |
| 68 | JOHN ROBERT KRAMER II | 10/20/2014 |
| 69 | KTHERINE LEONG SUTTON | 10/20/2014 |
| 70 | MARY BETH MCGEE | 10/20/2014 |
| 71 | NATHAN P SUTTON | 10/20/2014 |
| 72 | SALLY M MARKS | 10/20/2014 |
| 73 | PATRIS TONEY | 10/22/2014 |
| 74 | ADAM SPEEGLE | 10/27/2014 |
| 75 | MICHAEL COLLARD | 10/27/2014 |
| 76 | WILLIAM D HETZEL | 10/27/2014 |