UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11/21/2014

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | No. 11-md-02293 (DLC)<br>ECF Case |
| This Document Relates to:<br>ALL ACTIONS | CLASS ACTION |

# [PROPOSED] ORDER GRANTING CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES RELATED TO APPLE SETTLEMENT

010260-11 712851 V1

This matter came before the Court for hearing on November 21, 2014, pursuant to Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses Related to Apple Settlement. Having considered all papers filed and proceedings held herein, including the objections to the proposed fee application, and otherwise being fully informed in the premises, it is HEREBY ORDERED, ADJUDGED AND DECREED as follows:

    A.    The Court hereby awards to Counsel for the Settlement Class attorneys' fees, as provided for in Section III of the Settlement Agreement by and Among Apple Inc., Plaintiff States and Class Plaintiffs ("Settlement Agreement").[1]

    B.    In making this award of attorneys' fees and reimbursement of expenses in the amounts described, the Court has considered and finds as follows:

    a)    Notice of the settlement was sent to over 23 million consumers nationwide identified by retailers as eligible consumers. Only 76 consumers requested exclusion from the settlement, not all of whom were members of the Settlement Class.

    b)    The time and labor expended by Class Counsel supports the requested fee. Counsel for the Settlement Class have submitted declarations supporting a cumulative lodestar of 20,254 hours and $9,532,321.75, as well as $607,091.56 in expenses unreimbursed by the prior settlements with the Publisher Defendants. This lodestar reflects the significant time and attention undertaken to get the results in this case.

    c)    The magnitude and complexity of this litigation is evident, particularly in the result. As outlined in Counsel for the Settlement Class's motion for attorney's fees and in the accompanying declarations, the volume of the pleadings filed in this case, the number of

---

[1] All capitalized terms in this Order shall have the same meaning as defined in the Apple Settlement Agreement, July 16, 2014, ECF No. 642-1.

010260-11 712851 V1

depositions, the breadth of document productions, and the complexity of the transactional database all confirm that this was extraordinarily complex litigation.

      d)    ~~Counsel for the Settlement Class undertook significant risk when they filed this litigation, more than an ordinary piece of litigation.~~ The risks Class Counsel undertook in this case are consistent with the litigation's scope and complexity, and justify a substantial award. *dlc*

      e)    Counsel for the Settlement Class have conducted the action and achieved the settlement with skill, perseverance and diligent advocacy on behalf of the Class Plaintiffs and the Settlement Class as a whole.

      f)    The total amount to be paid, collectively, to Counsel for the Settlement Class and Plaintiff States for attorneys' fees, costs relating to the investigation, litigation and appeal of the litigation and for release of civil penalties claims, as a percentage of the total payments by all defendants to consumers nationwide, would equal 0, 7 or 17 percent, depending on the outcome of the Final Liability decision. This Court finds such an award of fees to be consistent with the settlement's size and scope.

      g)    Public policy considerations also support the requested fee, as only a small number of firms have the expertise, resources, and inclination to lead the prosecution of cases such as this one.

      h)    The amount of attorneys' fees and reimbursable expenses awarded to Class Counsel is fair and reasonable given the number of attorney hours expended to achieve the settlement on behalf of plaintiffs and the Settlement Class as a whole, and the estimated value of the settlement benefits obtained for the Settlement Class, and the amount awarded is consistent with awards for similar work in similar cases.

C. This Court has considered the five objections filed in this case, only three of which relate to Class Counsel's application for fees and expenses and finds the following:

a) Mr. Ritchie Lipson (ECF No. 674), as resident of Arizona, is not a member of the Settlement Class and does not have standing to object to the award of fees and expenses to Class Counsel. Regardless, his objections regarding attorneys' fees and expenses are duplicative of those made by other objectors and are addressed below.

b) Ms. Dianne Erwin (ECF No. 670) and John Bradley (ECF No. 671) challenge the parties' decision to negotiate class members' recovery separately from fees and costs. This court finds that, particularly given the involvement of multiple parties here (the litigating Plaintiffs States, Class Counsel and Apple), this separate negotiation of fees and costs was protective of consumers' interests. Moreover, the settlement process was overseen by an experienced mediator (Mr. Antonia Piazza), which gives the Court added confidence in the integrity of the settlement process. The Court finds the negotiation of attorneys' fees and expenses separate from consumer recovery does not render the settlement or the request for attorneys' fees unfair or unreasonable.

c) Ms. Erwin and Mr. Bradley also suggest that Apple's agreement to pay a certain amount in attorneys' fees and expenses renders the settlement *per se* unreasonable. The Second Circuit, however, has explained, "an agreement 'not to oppose' an application for fees up to a point is essential to [the] completion of the settlement, because the defendants want to know their total maximum exposure and the plaintiffs do not want to be sandbagged." *Malchman v. Davis*, 761 F.2d 893, 905 n.5 (2d Cir. 1985). Indeed, even the courts to whom the objectors cite do not hold clear-sailing provisions to be sufficient in and of themselves to undermine a settlement; rather, the question is whether the settlement is fair and reasonable on the whole, not

whether it has one specific form. *See, e.g., Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 426 (6th Cir. 2012) ("[N]ot every 'clear sailing' provision demonstrates collusion."); *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 520 (1st Cir. 1991) (where settlement includes a clear-sailing provision, "the court should scrutinize it to ensure that the fees awarded are fair and reasonable"). The Court finds that the provision requiring Apple to pay attorneys' fees and expenses separate from consumer compensation does not render the fees unfair or unreasonable. Moreover, the Court finds that the range of fees requested by Class Counsel falls within or below the ranges approved by courts in previous cases with recoveries of similar size.

        d)      Both Ms. Erwin and Mr. Bradley argue that the Court cannot award fees without detailed billing records. Steve Berman, the managing partner of Hagens Berman Sobol Shapiro LLP and Kit Pierson, the co-chair of the Antitrust Practice Group at Cohen Milstein Sellers & Toll PLLC, have both attested to the detailed work undertaken by Class Counsel in this case, as well as that the requested lodestar reflects detailed and contemporaneously prepared time. And the Second Circuit has stated that "where used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court," that "the practice of requiring documentation of hours as a 'cross-check'" is only "encourage[d]," and that "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case (as well as encouraged by the strictures of Rule 11)." *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *accord, e.g., Cassese v. Williams*, 503 Fed. App'x 55, 59 (2d Cir. 2012), *cert. denied, Komar v. Cassese*, 133 S. Ct. 2013 (2013) (describing identical argument by Mr. Bradley's counsel as "meritless"). The Court finds, given its familiarity with the record and the detail submitted by Class Counsel, that the fees requested by Class Counsel are reasonable, *entirely in line with what the Court anticipated,* [dlc] and the submission of detailed time records is not necessary.

So ordered.

[signature]

Nov. 21, 2014

SO ORDERED.

DATED: _____

                                                              _____
                                                              HON. DENISE L. COTE
                                                              UNITED STATES DISTRICT COURT JUDGE